# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| RESOLUTE FOREST PRODUCTS, INC., ) <br> RESOLUTE FP US , INC., RESOLUTE FP ) <br> AUGUSTA, LLC, FIBREK GENERAL ) <br> PARTNERSHIP, FIBREK U.S., INC., FIBREK ) <br> INTERNATIONAL INC., AND RESOLUTE FP ) <br> CANADA, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> GREENPEACE INTERNATIONAL (aka ) <br> "GREENPEACE STICHTING COUNCIL"), ) <br> GREENPEACE, INC., GREENPEACE FUND, ) <br> INC., FORESTETHICS, DANIEL BRINDIS, ) <br> AMY MOAS, MATTHEW DAGGETT, ROLF ) <br> SKAR, TODD PAGLIA, AND JOHN AND ) <br> JANE DOES 1-20, ) <br> ) <br> Defendants. ) | CIVIL ACTION FILE <br> NO. CV116-071 |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STAY DISCOVERY**

As set forth in the parties' Consent Motion seeking extension of time to respond to the complaint, ECF No. 32, all defendants intend to move for dismissal of the complaint for, among other grounds, failure to state a claim, and to strike the complaint pursuant to the Georgia anti-SLAPP statute, O.C.G.A. § 9-11-11.1.  Pursuant to this Court's Order, Doc. No. 33, defendants have through and including September 1, 2016, to move in response to the Complaint.  The Court's Amended Rule 26 Instruction Order, Doc. No. 34, requires the parties to engage in discovery before briefing or resolution of defendants' dispositive motions.  However, and as the Court's Rule 26 Order indicated, discovery deadlines may be excepted "in unusually protracted or complex cases" such as this one.  For this reason, and because defendants' dispositive motions could result in dismissal or significant narrowing of plaintiffs' claims, this Court should stay discovery pending resolution of defendants' motions to dismiss and to strike the Complaint.

If this Court grants defendants' respective motions, there will be no need for initial disclosures or discovery of any type. If the Court denies their motions in whole or in part, initial disclosures and other discovery will proceed. In the interest of judicial economy and to avoid unnecessary time and expense to the parties, all defendants respectfully request this Court, as set forth in their motion, to stay initial disclosures and discovery pending the Court's ruling on their respective motions to dismiss. As the Eleventh Circuit has noted, "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F. 3d 1353, 1367 (11th Cir. 1997). "If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary cost to the litigants and to the court system can be avoided." *Id.* at 1368. This rule is all the more necessary in cases such as this, where the complaint is unusually lengthy and presents numerous and complex claims.

The Complaint in this action is 124 pages long, contains 318 paragraphs and 11 causes of action, including claims under the federal and state racketeering statutes, as well as for defamation, tortious interference, trademark dilution and civil conspiracy. In addition, the Complaint incorporates 36 pages of appendices, which set forth 204 alleged misrepresentations that plaintiffs argue also support their numerous claims. Courts in this circuit have stayed discovery where the "resolution on the pending motion to dismiss may extinguish some or all of the claims ... potentially restricting the scope of discovery significantly." *White v. Georgia*, 2007 WL 3170105, *2 (N.D. Ga. Oct. 25, 2007). Accordingly, where, as here, a lengthy Complaint asserts complex claims, it is eminently appropriate for a Court to stay initial disclosures and discovery pending resolution of dispositive motions that may extinguish the case, or significantly narrow the claims before the parties expend unnecessary and costly resources engaging in discovery.

All defendants respectfully submit that plaintiffs' complaint fails to state a claim; that all defendants' anticipated motions to dismiss and to strike will be meritorious; and that the proceedings in this action should be stayed, pursuant to Fed. R. Civ. P. 26, until this Court has ruled upon their dispositive motions.[1]

This 29th day of July, 2016.

        /s/   Thomas W. Tucker
        THOMAS W. TUCKER
        Georgia Bar No. 717975
        Attorney for Defendants Greenpeace International, Greenpeace, Inc., Greenpeace Fund, Inc., Daniel Brindis, Amy Moas, Matthew Daggett, and Rolf Skar

OF COUNSEL:

Davis Wright Tremaine, LLP
1919 Pennsylvania Avenue, NW
Washington, D.C.  20006-2401
(202) 973-4280 (telephone)
lisazycherman@dwt.com

        /s/   Shaun M. Daugherty
        SHAUN M. DAUGHERTY
        Georgia Bar No. 205877
        Attorney for Defendants ForestEthics and Todd Paglia

COLES BARTON LLP
150 South Perry Street, Suite 100
Lawrenceville, Georgia 30046
(770) 995-5570
sdaughtery@colesbarton.com

---

[1] The Georgia Anti-SLAPP statute provides for an automatic stay of "[a]ll discovery" upon the filing of a motion to dismiss or a motion to strike made pursuant to the statute "until a final decision on the motion." Ga. Code Ann. § 9-11-11.1.

## CERTIFICATE OF SERVICE

This is to certify that on the 29th day of July, 2016, I have served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

    /s/ Thomas W. Tucker
THOMAS W. TUCKER
GA Bar No. 717975
Attorney for Defendants Greenpeace, Inc., Greenpeace Fund, Inc., Greenpeace International, Daniel Brindis, Amy Moas, Matthew Daggett, and Rolf Skar