## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| RESOLUTE FOREST PRODUCTS, INC., RESOLUTE FP US, INC., RESOLUTE FP AUGUSTA, LLC, FIBREK GENERAL PARTNERSHIP, FIBREK U.S., INC., FIBREK INTERNATIONAL INC., AND RESOLUTE FP CANADA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GREENPEACE INTERNATIONAL (aka "GREENPEACE STICHTING COUNCIL"), GREENPEACE, INC., GREENPEACE FUND, INC., FORESTETHICS, DANIEL BRINDIS, AMY MOAS, MATTHEW DAGGETT, ROLF SKAR, TODD PAGLIA, AND JOHN AND JANE DOES 1-20, <br><br> Defendants. | CIVIL ACTION FILE <br> NO. CV 116-071 |

## PLAINTIFFS' RESPONSE IN OPPOSITION
## TO DEFENDANTS' MOTION TO STAY DISCOVERY

Plaintiffs Resolute Forest Products, Inc., Resolute FP US, Inc., Resolute FP Augusta, LLC, Fibrek General Partnership, Fibrek US, Inc., Fibrek International Inc., and Resolute FP Canada, Inc. (the "Plaintiffs" or "Resolute") hereby submit this Response In Opposition to the Motion of Greenpeace International (aka Greenpeace Stichting Council), Greenpeace, Inc., Greenpeace Fund, Inc., ForestEthics, Daniel Brindis, Amy Moas, Matthew Daggett, Rolf Skar and Todd Paglia (collectively, "Defendants") to stay discovery.

# INTRODUCTION

This action arises from Defendants' false, malicious and misleading campaigns against Resolute and its subsidiaries. As set forth in detail in Plaintiffs' complaint, since 2012, Defendants have engaged in an ongoing, self-described "radical" campaign to falsely designate Resolute as the Canadian Boreal "Forest Destroyer" and interfere with Resolute's customers and critical market constituents through extortive threats, crippling boycotts, and other illegal conduct. The complaint does not only allege historical misconduct, but ongoing misconduct as the campaign continues today. Moreover, the complaint alleges cyber-hacking and surreptitious theft of propriety information, as well as John Doe defendants, for which the passage of time makes obtaining all relevant information more difficult and costly.

Nevertheless, Defendants have moved to stay discovery pending resolutions of their yet-to-be filed motions to dismiss. However, as set forth herein, the relief Defendants seek is contrary to the federal and local rules and the Amended Rule 26 Order entered by this Court, and Defendants have failed to set forth any basis to justify the delay that they seek. Indeed, a stay is particularly inappropriate here, where Defendants have yet to even file the motions to dismiss which they purport will result in dismissal of this case and render the discovery they seek to stay wholly unnecessary.

Accordingly, for the reasons set forth herein, the Court should deny Defendants' request to stay discovery in this action.

# ARGUMENT

**I.   The Presumptive Rule Is That Discovery Shall Proceed Notwithstanding The Filing Of A Motion To Dismiss.**

Under Federal Rule of Civil Procedure Rule 26, Local Rule 26, and this Court's Amended Rule 26 Order, the presumption is that discovery shall proceed notwithstanding the filing of a

motion to dismiss.  *See* Fed. R. Civ. P. 26 (no automatic stay imposed upon a filing of motion to dismiss; rather, the parties are directed to confer on a discovery schedule "as soon as practicable"); L.R. 26 (same).  As Defendants themselves point out, the "[t]he Court's Amended Rule 26 Instruction Order [Doc. No. 34] requires the parties to engage in discovery **before** briefing or resolution of defendants' dispositive motions."  Doc. No. 35-1.  Consistent with these well-settled principles, "[g]enerally, motions to stay discovery are disfavored."  *U.S. ex rel. Smith v. Serenity Hospice Care, LLC*, No. CV 313-001, 2014 WL 4269063, at *3 (S.D. Ga. Aug. 28, 2014); *see also Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)) (motions to stay discovery "are not favored" and "rarely appropriate").  Such motions "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems."  *Ave Maria Univ. v. Sebelius*, No. 2:12-cv-88-FtM-99SPC, 2012 WL 3128015, at *1 (M.D. Fla. July 31, 2012).

Given the strong presumption that discovery should proceed in accordance with the federal and local rules, courts in this Circuit have held that a "stay should be granted only where the motion to dismiss appears, upon preliminary review, to be *clearly meritorious* and truly case dispositive . . . rendering discovery a mere futile exercise."  *S. Motors Chevrolet, Inc. v. Gen. Motors, LLC*, No. CV 414-152, 2014 WL 5644089, at *1 (S.D. Ga. Nov. 4, 2014) (citing *Alexander v. Allen*, No. 2:13-cv-885-FtM-29CM, 2014 WL 3887476 at *2 (M.D. Fla. Aug. 7, 2014)) (motion to dismiss not so "clearly meritorious" as to warrant stay of discovery).  Applying these principles, after a brief analysis of the merits of the pending dismissal motion, the court in *S. Motors Chevrolet* held that "while not wholly insubstantial," defendant's motion was "no slam-dunk, nor so likely

to be granted that it warrants the requested discovery stay per *Chudasama* and the cases applying that decision." 2014 WL 5644089, at *2-3.[1]

Defendants fail to meet their threshold burden to show an overwhelming likelihood of success on the merits. To the contrary, Defendants have not even filed their motions to dismiss at this stage of the proceeding. Their conjectures that their future motions will be case dispositive and render discovery in this action futile are wholly speculative and do not satisfy the high standards Defendants must meet to justify the unique relief they seek. Indeed, Defendants do not – because they cannot – cite to any case in which a stay of discovery was granted absent a pending motion to dismiss.[2]

Faced with a burden they cannot meet, Defendants ignore the body of case law to the contrary, and rest their request for a stay of discovery on the Eleventh Circuit decision in *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997). This reliance is misplaced. As this Court has recognized, "*Chudasama* does not stand for the proposition that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss." *S. Motors Chevrolet*, 2014 WL 5644089, at *2. The Eleventh Circuit is in accord.

---

[1] *See also Koock v. Sugar & Felsenthal, LLP*, 8:09-cv-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) ("A preliminary review of the case reveals that [defendant's] motion to dismiss is not so clear on its face that there is an immediate and clear possibility that it will be granted."); *Ray v. Spirit Airlines, Inc.*, No. 12-61528-civ, 2012 WL 5471793, at *2 (S.D. Fla. Nov. 9, 2012) (denying defendant's motion to stay where "the Court cannot say that this case is surely destined for dismissal").

[2] Additionally, courts have routinely declined to issue discovery stays where a defendant's motion to dismiss was filed against an original complaint. For example, in *Renuen Corp. v. Lameira*, No. 6:14-cv-1754-Orl-41TBS, 2015 WL 1138462, at *2 (M.D. Fla. Mar. 13, 2015), the court refused to issue a stay in a RICO case, in part, because the motion to dismiss was not "truly case dispositive" as it was directed at an original complaint and thus leave to amend in case of dismissal was likely. "Even if the Court assumes [defendant's] motion to dismiss the RICO count will be granted the likelihood that Plaintiffs will not be given leave to amend is slim and none. Therefore, regardless of their merit, the motions to dismiss are not truly case dispositive." *Id.; see also Feldman*, 176 F.R.D. at 653 (stay rejected where "even a decision granting the motion to dismiss would not necessarily dispose of the case because plaintiffs could seek leave to file an amended complaint"); *Sprint Solutions, Inc. v. Cell Xchange, Inc.*, 49 F.Supp. 3d 1074, 1077 (M.D. Fla. Oct.1, 2014) (stay of discovery not warranted when it is unclear whether motion to dismiss will dispose of the entire case).

In *Zow v. Regions Fin. Corp.*, the Eleventh Circuit made clear that it "only found an abuse of discretion [in *Chudasama*] because the district court ordered the parties to engage in substantive discovery despite failing to rule on the defendants' motion to dismiss for over eighteen months." 595 Fed. Appx. 887, 889 (11th Cir. 2014). Numerous courts in this District (and others) have echoed this reasoning. *See, e.g.*, *Jones v. Bank of Am. Corp.*, No. 08-CV-152, 2013 WL 5657700, at *2 (M.D. Ga. Oct. 15, 2013) ("nothing in *Chudasama* . . . means discovery should be stayed as a matter of course whenever a defendant files a motion to dismiss."); *Reilley v. Amy's Kitchen, Inc.*, No. 13-CV-21525, 2013 WL 3929709 at *1 (S.D. Fla. July 31, 2013) ("there is no general rule that discovery be stayed while a pending motion to dismiss is resolved.").[3]

## II. Defendants Have Not Met Their Burden To Justify A Departure From The Presumptive Rule.

To the extent courts in the Eleventh Circuit have exercised their discretion to consider an exception to the ordinary course of discovery, courts have placed the burden on the moving party to demonstrate "good cause and reasonableness." *Jones*, 2013 WL 5657700, at *2; *see also Spirit Airlines*, 2012 WL 5471793, at *1-2 ("the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness" and "the moving party must show a particular and specific need for it, as opposed to making stereotyped or conclusory statements"). To determine whether "good cause and reasonableness" exists, courts "weigh the harm produced by a delay in discovery against the likely costs and burdens of proceeding with discovery." *Spirit Airlines*, 2012 WL 5471793, at *1.

---

[3] Defendants' citation to *White v. Georgia*, No. 07-CV-01739, 2007 WL 3170105 (N.D. Ga. Oct. 25, 2007) is equally unavailing. (Def. Mot. at 2.) In that case, defendants' stay motion was *unopposed*. The court held that the particular constitutional issues raised by defendant's motion to dismiss required "protecting sovereign entities from the burdens of discovery which may be unnecessary." *Id.* at *1-2.

Applying these standards, courts in this Circuit have repeatedly rejected Defendants' primary argument that discovery should be halted simply because a case is purportedly "unusually protracted or complex." (Def. Mot. at 1.) By way of example, in *Spirit Airlines,* 2012 WL 5471793, the court rejected defendant's "insinuat[ion] that discovery should be stayed simply because this is a complex RICO case, as cases of this kind always involve burdensome and costly discovery," finding that defendants' "arguments . . . are premature and speculative," without a "specific showing of prejudice or burdensomeness." *Id*. at *3. The *Spirit* court held that, like here, the defendants had "not identified in any specific and tangible way the unreasonable discovery burdens it will face absent a stay" and rejected defendants' "bland generalizations" such as that "the scope and breadth of Plaintiffs' RICO allegations would require a substantial amount of discovery, nearly all of which would be borne by [defendant] and its outside vendors." *Id*. The reasoning in *Spirit* is particularly applicable here, where Plaintiffs have not yet served discovery in this action.[4]

### III. The Harm In Delay Further Militates In Favor Of Proceeding With Discovery.

By contrast, the potential harm to Plaintiffs from delay militates in favor of proceeding with discovery. The racketeering, conspiracy, defamation, and tortious interference allegations set forth in Plaintiffs' complaint (Doc. No. 1) are predicated on internet publications and cyber-activity, which may be easily deleted, destroyed, or otherwise simply lost to time. The

---

[4] To the extent Defendants deem any future not-yet-served discovery request to be overbroad or unduly burdensome, the appropriate course of action would be to meet and confer with Plaintiffs to reach a resolution and, if necessary, petition the Court for appropriate relief. *See Renueun Corp. v. Lameira*, No. 14-CV-1754, 2015 WL 1138462, at *2 (M.D. Fla. Mar. 13, 2015) (denying motion to stay discovery in RICO action pending motion to dismiss and directing defendants to file for a protective order to the extent they deemed plaintiffs' 108 document requests to be objectionable); *see also Chamber of Commerce of U.S. v. Servin,* No. 09-CV-2014, 2011 WL 871735, at *1 (D.D.C. Mar. 11, 2011) (denying request for stay as premature as parties had not yet met and conferred regarding scope of discovery).

potential destruction of this evidence (whether willful or otherwise) necessitates timely discovery consistent with the rules. *See, e.g.*, *Gordon v. Mortg. Elec. Registration Sys., Inc.*, No. 10-CV-228, 2010 WL 5463165 *1 (S.D. Ga. Dec. 29, 2010) (denying motion to stay and noting that discovery should proceed before relevant evidence becomes unavailable); *SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, No. 11-CV-1468, 2011 WL 4018207, at *3-4 (D. Colo. Sept. 8, 2011) (rejecting stay request in part because "the longer this case is delayed, the greater the likelihood that evidence will be inadvertently destroyed or lost"). This is particularly true here, where the Complaint names John Doe Defendants and Enterprise Members involved in the racketeering scheme whose identity is not ascertainable to Plaintiffs absent discovery and who should be joined as soon as practicable. Accordingly, Plaintiffs should be allowed to proceed with discovery expeditiously to ensure that the documents and communications necessary to identify the John Doe Defendants and additional Enterprise Members remain available to Plaintiffs.[5]

---

[5] Contrary to Defendants' assertion, the filing of a motion to strike under the Georgia Anti-SLAPP statute does not automatically stay discovery in this action pending a decision on the motion. (Def. Mot. at 3, n.2.) As an initial matter, the automatic stay imposed by motions filed pursuant to the Georgia Anti-SLAPP statute does not apply to claims brought in federal court. *See Henderson v. von Loewenfeldt*, No. CV 414-187, 2015 WL 409656, at *2, n.7 (S.D. Ga. Jan. 29, 2015) (declining to impose the Georgia Anti-SLAPP statute's automatic stay upon filing motion to dismiss since a stay is inconsistent with the Federal Rules of Civil Procedure and the Anti-SLAPP statute's automatic stay is therefore "inapplicable"); *see also Ginx, Inc. v. Soho Alliance*, 720 F.Supp.2d 342, 366 (S.D.N.Y. 2010) ("In every other case this Court has located, federal courts have declined to apply Anti–SLAPP statutes to federal claims."). Moreover, the Georgia Anti-SLAPP statute in force at the time this action was initiated applies only to statements made in official proceedings or in connection with an issue under consideration or review by the legislature, executive, or judicial branches, and thus would have no application here. *Berryhill v. Georgia Cmty. Support & Solutions., Inc.*, 281 Ga. 439, 441-43 (2006); *Emory Univ. v. Metro Atlanta Task Force for the Homeless, Inc.*, 320 Ga. App. 442, 445 (Ga. Ct. App. 2013) (holding that the Georgia Anti-SLAPP statute did not apply to the statements at issue because the "pleadings do not indicate that such statements were made in relation to a particular official proceeding or in connection with an issue under or about to be under consideration or review by such a proceeding"). While the statute was recently amended (O.C.G.A. § 9-11-11.1, effective July 1, 2016), the amendments do not apply retroactively to this action filed prior to the effective date of the statute. *See Hargis v. Dep't of Human Res.*, 272 Ga. 617, 617 (2000).

## CONCLUSION

For all the reasons stated above, Defendants' Motion to Stay Discovery should be denied and discovery should be permitted to proceed in compliance with the applicable federal and local rules.

This 15th day of August, 2016.

Respectfully submitted,

/s/ James B. Ellington
James B. Ellington
Georgia Bar No. 243858
Hull Barrett, PC
P. O. Box 1564
Augusta, Georgia 30903
(706) 722-4481 (telephone)
(706) 722-9779 (facsimile)
jellington@hullbarrett.com

Michael J. Bowe (admitted *pro hac vice*)
Lauren Tabaksblat (admitted *pro hac vice*)
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019
(212) 506-1700 (telephone)
mbowe@kasowitz.com
ltabaksblat@kasowitz.com

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed the foregoing Plaintiffs' Response in Opposition to Defendants' Motion To Stay Discovery with the Clerk of Court using the CM/ECF system and served upon counsel of record by electronic filing, as follows:

Michael J. Bowe
Lauren Tabaksblat
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019

James S. Murray
Warlick, Stebbins, Murray, Chew LLP
P.O. Box 1495
Augusta, GA 30903

Lisa Zycherman
Davis Wright Tremaine, LLP
1919 Pennsylvania Avenue, NW
Washington, DC 20006-2401

Thomas M. Barton
Shaun M. Daughtery
Coles Barton, LLP
150 South Perry Street, Suite 100
Lawrenceville, GA 30046

Thomas W. Tucker
Tucker Long
P. O. Box 2426
Augusta, GA 30903

This 15th day of August, 2016.

/s/ James B. Ellington
James B. Ellington