UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| RESOLUTE FOREST PRODUCTS, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION FILE |
| ) | NO. CV116-071 |
| v. ) | |
| ) | |
| GREENPEACE INTERNATIONAL, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO STAY DISCOVERY**

In response to Defendants' motion for a stay of discovery, Plaintiffs Resolute Forest Products, Inc., Resolute FP US, Inc., Resolute FP Augusta, LLC, Fibrek General Partnership, Fibrek U.S., Inc., Fibrek International Inc., and Resolute FP Canada, Inc. (collectively, "RFP") begin by stating that RFP's Complaint alleges that Defendants have mounted a campaign to "falsely designate Resolute as the Canadian Boreal 'Forest Destroyer' and interfere with Resolute's customers and critical market constituents through extortive threats, crippling boycotts, and other illegal conduct," including "cyber-hacking and surreptitious theft of propriety information." For all the excessive length of its 160 page Complaint, however, and as Defendants will further set forth in their motions to dismiss, RFP does not allege *any* facts supporting this litany of bad acts other than statements criticizing RFP's policies, which constitute protected First Amendment speech in every instance. As the vast majority of the alleged statements were made by non-parties, and are beyond the defamation statute of limitations, RFP improperly attempts to extend the RICO law to suppress the type of public campaigns that have been employed by advocacy groups for centuries when raising issues of public importance.

The instant motion is simple: as described in Defendants' initial memorandum, the parties have mutually agreed to a schedule pursuant to which Defendants will move against the Complaint by September 8, 2016, RFP will have two months for an opposition, and Defendants will have a month for any reply. The Court has approved this schedule. *See* ECF Nos. 16 & 46. Defendants will be moving against all of the claims in the 160 page Complaint, and should the Court dismiss those claims even in part, it may dramatically narrow the scope of this wide-ranging litigation. In these circumstances, it makes no logical sense for the parties to pursue full-blown discovery during the time period in which the dispositive motions are pending.

As explained by the Eleventh Circuit, "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *see also Moore v. Potter*, 141 F. App'x 803, 807-08 (11th Cir. 2005) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs,' . . . . "[A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible."); *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (finding no abuse of discretion in staying discovery pending resolution of motion for judgment on the pleadings in defamation action). The *Chudasama* rationale has been followed in several recent cases in this District. *See Massey v. Fed. Natl. Mortg. Ass'n*, No. CV 412-102, 2012 WL 3685959, at *2 (S.D. Ga. Aug. 24, 2012) (finding that the pending motion to dismiss "pack[ed] considerable heft" and "may dispose of this case in its entirety, obviating the need for further discovery"); *Judson v. OneBeacon Am. Ins. Co.*, No. CV 411-081, 2011 WL 1557889, at *1-2 (S.D. Ga. Apr. 25, 2011) (granting the defendant's motion to stay discovery because the plaintiff had not "suggested that he

2

will be prejudiced by a stay of discovery" and because the defendant's motion to compel arbitration "does not appear to be meritless on its face.").

Here, Defendants will be advancing exceedingly strong motions to dismiss, in particular against RFP's defamation claims and RFP's novel attempt to recast the defamation claim and extend the RICO laws in wholly untenable ways. Defendants are confident that even a superficial perusal of Defendants' motions by the Court will readily demonstrate the strength of Defendants' arguments. Indeed, to allow the Court time to make this assessment, the Court already has issued a temporary stay of discovery pending submission of Defendants' motions for early dismissal. ECF No. 40.

In opposition, RFP argues for a standard that would require the Court to only grant a stay if a motion to dismiss is a "slam dunk."[1] As set forth above, this plainly is not the governing standard in this District, and the handful of cases that RFP cites in this Circuit are fully distinguishable on their facts. *See Zow v. Regions Fin. Corp.*, 595 Fed. Appx. 887, 889 (11th Cir. 2014) (upholding denial of stay where defendant refused to engage in Rule 26(f) conference even after lower court twice ordered it to do so); *see also U.S. ex rel. Smith v. Serenity Hospice Care, LLC*, No. CV 313-001, 2014 WL 4269063, at *3 (S.D. Ga. Aug. 28, 2014) (denying motion to stay discovery where government delayed by putting off its decision to intervene and court previously found that complaint likely would survive a motion to dismiss); *Southern Motors Chevrolet, Inc. v. General Motors, LLC*, No. CV 414-152, 2014 WL 5644089, at *2-3 (S.D. Ga. Nov. 4, 2014)

---

[1] *See* Opp. 3-4. RFP's reliance on cases from the Southern District of Florida is especially misplaced because in that district there is a local rule expressly stating that a stay of discovery pending the determination of a motion to dismiss is the exception rather than the rule. *See Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012) (citing S.D. Fla. Local Rules, App. A., Discovery Practices Handbook I.D(5)); *Reilly v. Amy's Kitchen, Inc.*, No. 13-21525-CIV, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013) (same).

(denying motion to dismiss where complaint cited extensive circumstantial facts supporting discrimination claim and); *Gordon v. Mortgage Electronic Registration Systems, Inc.*, No. 10-CV-228, 2010 WL 5463165, at *1 (S.D. Ga. Dec. 29, 2010) (denying motion to stay discovery because plaintiff specified discrete evidence needed that would be difficult to obtain later, but delaying start of discovery to give Court time to rule on pending motion to dismiss).

Tellingly, RFP's opposition does not explain *why* Plaintiffs need to pursue discovery during pendency of the motions to dismiss, other than a vague reference to the "potential destruction" of evidence by purported additional John Doe defendants yet to be named.[2] ECF No. 38, Pls.' Resp. Opp. Mot. Stay Discovery ("Opp.") 6-7. Having waited in some cases three years to bring suit on various statements, and having participated in the submission to the Court of an extended briefing schedule, RFP's claimed need for discovery now rings particularly hollow. What is offered is pure speculation, and certainly does not justify invasive and expensive discovery of the defendants that *have* been named, and who are subject to document retention obligations under the Federal Rules of Civil Procedure. Indeed, RFP's insistence on pursuing discovery now appears to be little more than a very calculated fishing expedition to open up Greenpeace and its donors to discovery.

Balanced against any minimal harm to RFP is the real and serious harm caused by engaging in discovery now. First, there is harm to Defendants and to nonparties. RFP seeks to have discovery proceed simultaneously with the motion schedule and conclude 140 days after the last defendant answers. Although some defamation actions do not entail large amounts of discovery, this is not such a case. As the voluminous Complaint and related appendices make plain, there are

---

[2] Although Plaintiffs cite to allegations in the Complaint about "cyber-hacking" and "surreptitious theft of propriety [sic] information," the Complaint provides no facts whatsoever to support those outlandish allegations.

4

dozens of potential witnesses and persons likely to have discoverable information, and many of these persons reside in different states and even different countries. Most are nonparties, and certain of them will need to be subpoenaed and deposed, some by issuance of letters rogatory. In short, properly engaging in the required discovery in the timeframe proposed will undoubtedly be complicated and costly, and may be wholly unnecessary if the Court rules in Defendants' favor. *Cf. S.K.Y. Mgmt. LLC v. Greenshoe, Ltd.*, 2007 WL 201258, at *1 (S.D. Fla. Jan. 24, 2007) (denying motion to stay discovery where "the issues in the case [we]re in the nature of run-of-the-mill commercial dispute that would not require a massive amount of discovery").

Second, there is the harm to the First Amendment to the U.S. Constitution. Meritless defamation actions like this one chill freedom of speech. Thus, courts have recognized the importance of speedy pre-trial dispositions in libel actions, particularly ones as here involving public figures who have to plausibly plead actual malice. "[W]hen examining public figure defamation suits . . . there is a powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation . . . . Forcing publishers to defend inappropriate suits through expensive discovery in all cases would constrict the breathing space in exactly the manner the actual malice efforts required to defend a lawsuit through that stage of litigation could chill free speech nearly as effectively as the absence of the actual malice standard altogether." *Michel v. NYP Holdings*, Inc., 816 F.3d 686, 702 (11th Cir. 2016) (citing *New York Times Co. v. Sullivan*, 376 U.S. 254, 271-72 (1964)) (rejecting defamation plaintiff's claim that defamation suits involving public figures should not be dismissed without first conducting discovery as "completely out of line with the current state of the law" post-*Iqbal/Twombly*). *See also Herbert v. Lando*, 441 U.S. 153, 178 (1979) (Powell, J., concurring) ("I write to emphasize the additional point that, in supervising discovery in a libel suit by a public

figure, a district court has a duty to consider First Amendment interests as well as the private interests of the plaintiff."); *Farah v. Esquire Magazine*, 736 F.3d 528, 534 (D.C. Cir. 2013) ("summary proceedings are essential in the First Amendment area because if a suit entails long and expensive litigation, then the protective purpose of the First Amendment is thwarted even if the defendant ultimately prevails") (internal quotations omitted).

For this reason, many jurisdictions, including Georgia, have enacted legislation – namely, Anti-SLAPP laws – that impose stays of discovery in defamation actions pending resolution of motions to dismiss. Ga. Code Ann. § 9-11-11.1 (providing for automatic stay of "[a]ll discovery" upon filing of a motion to dismiss or a motion to strike made pursuant to the statute "until a final decision on the motion."). Regardless of whether that automatic stay would apply in this Action (something that Defendants do not argue on this motion[3]), the fact that Georgia imposes an automatic stay in SLAPP cases underscores the appropriateness of a stay here, particularly where the defendants are non-profit advocacy groups that communicate exactly the kind of speech that is at the core of the anti-SLAPP law's protection. *See* O.C.G.A. § 9–11–11.1(a) (stating purpose of Georgia Anti-SLAPP statute is to address "chill[ing]" of "the valid exercise of the constitutional rights of freedom of speech and the right to petition government for a redress of grievances ... through abuse of the judicial process").

---

[3] Defendants noted the automatic stay in a footnote in their opening memorandum, but do not base their motion for a discretionary stay on that provision. RFP argues that the current version of the Anti-SLAPP statute, which went into effect July 1, 2016, does not apply to the Anti-SLAPP motions being filed by Defendants on September 8, 2016. Opp. 7 n.5. This is incorrect, as Defendants will demonstrate in their motions. RFP also argues that the automatic stay provision of the amended statute does not apply, based on a footnote in a case decided under the prior version of the statute, but this issue has not been addressed under the new statute, and in any event it is not presented on this motion.

A stay of discovery pending resolution of Defendants' motions to dismiss is warranted. Defendants thus respectfully request that the Court grant the Motion to Stay.

This 1st day of September, 2016.

          Respectfully submitted,

          /s/   Thomas W. Tucker
          Thomas W. Tucker
          Georgia Bar No. 717975
          TUCKER LONG, PC
          453 Greene Street
          Augusta, Georgia 30901
          (706) 722-0771
          ttucker@tuckerlong.com

          Laura Handman (admitted *pro hac vice*)
          Lisa Zycherman (admitted *pro hac vice*)
          DAVIS WRIGHT TREMAINE, LLP
          1919 Pennsylvania Avenue, NW
          Washington, DC 20006-2401
          (202) 973-4200
          laurahandman@dwt.com
          lisazycherman@dwt.com

          Lance Koonce (admitted *pro hac vice*)
          DAVIS WRIGHT TREMAINE, LLP
          1251 Avenue of the Americas
          21st Floor
          New York, NY 10020-1104
          212-603-6467
          lancekoonce@dwt.com

          *Attorneys for Defendants Greenpeace International, Greenpeace, Inc., Daniel Brindis, Amy Moas, Matthew Daggett, and Rolf Skar*

          /s/   James S. Murray
          JAMES S. MURRAY
          Georgia Bar No. 531801
          WARLICK, STEBBINS, MURRAY & CHEW, LLP
          Post Office Box 1495

Augusta, Georgia 30903-1495
(706) 722-7543
jmurry@wsmclaw.com

*Attorneys for Defendant Greenpeace Fund, Inc.*


/s/   Shaun M. Daugherty
SHAUN M. DAUGHERTY
Georgia Bar No. 205877
COLES BARTON LLP
150 South Perry Street, Suite 100
Lawrenceville, Georgia 30046
(770) 995-5570
sdaughtery@colesbarton.com

*Attorneys for Defendants ForestEthics and Todd Paglia*

## CERTIFICATE OF SERVICE

      This is to certify that on the 1st day of September, 2016, I have served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

      /s/ Thomas W. Tucker
THOMAS W. TUCKER
GA Bar No. 717975
Attorney for Defendants Greenpeace, Inc., Greenpeace International, Daniel Brindis, Amy Moas, Matthew Daggett, and Rolf Skar