IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RESOLUTE FOREST PRODUCTS, INC.; RESOLUTE FP US, INC.; RESOLUTE FP AUGUSTA, LLC; FIBREK GENERAL PARTNERSHIP; FIBREK U.S., INC.; FIBREK INTERNATIONAL INC.; and RESOLUTE FP CANADA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GREENPEACE INTERNATIONAL (aka "GREENPEACE STICHTING COUNCIL"); GREENPEACE, INC.; GREENPEACE FUND, INC.; FORESTETHICS; DANIEL BRINDIS; AMY MOAS; MATTHEW DAGGETT; ROLF SKAR, TODD PAGLIA; and JOHN AND JANE DOES 1-20, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CV 116-071 |

_____

**O R D E R**
_____

Defendants move to stay discovery pending resolution of their motions to transfer, strike, or dismiss filed on September 8, 2016. (Doc. no. 35.) The Court "has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with

discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id.

Based on a preliminary peek at the defense motions, the Court finds an immediate and clear possibility of rulings that would dismiss some or all of the claims and/or Defendants. It makes little sense to forge ahead with full discovery in this context because of the substantial risk that much time and money could be wasted. This is especially true here in light of the complaint's grand scope of factual allegations, claims, and defendants. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. . . . [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'".)

Plaintiffs primarily contend that a stay could result in the destruction of evidence. Of course, however, all parties have a continuing legal obligation to preserve evidence, and a mere stay of discovery for the pendency of the defense motions does not relieve the parties of this obligation.

The Court **GRANTS** Defendants' motion (doc. no. 35) and **STAYS** all discovery pending resolution of the motions to transfer, strike, or dismiss filed on September 8, 2016. Should any portion of the case remain in this Court after resolution of these motions, the

remaining parties shall confer and submit an amended Rule 26(f) report within seven days of the District Court's rulings.

SO ORDERED this 22nd day of September, 2016, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA