


Case 3:17-cv-02824-JST   Document 100   Filed 03/07/17   Page 1 of 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| RESOLUTE FOREST PRODUCTS, INC., RESOLUTE FP US, INC., RESOLUTE FP AUGUSTA, LLC, FIBREK GENERAL PARTNERSHIP, FIBREK U.S., INC., FIBREK INTERNATIONAL INC., AND RESOLUTE FP CANADA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GREENPEACE INTERNATIONAL (aka "GREENPEACE STICHTING COUNCIL"), GREENPEACE, INC., GREENPEACE FUND, INC., FORESTETHICS, DANIEL BRINDIS, AMY MOAS, MATTHEW DAGGETT, ROLF SKAR, TODD PAGLIA, AND JOHN AND JANE DOES 1-20, <br><br> Defendants. | CIVIL ACTION FILE <br> NO. CV 116-071 |

**PLAINTIFFS' RESPONSE TO GREENPEACE
DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Resolute Forest Products, Inc., Resolute FP US, Inc., Resolute FP Augusta, LLC, Fibrek General Partnership, Fibrek US, Inc., Fibrek International Inc., and Resolute FP Canada, Inc. (the "Plaintiffs" or "Resolute") hereby submit this Response to the Notice of Supplemental Authority submitted by Defendants Greenpeace International, Greenpeace, Inc., Daniel Brindis, Amy Moas, Matthew Daggett and Rolf Skar (collectively, the "Greenpeace Defendants"). (Doc. 99.)

The Greenpeace Defendants assert that the recent Eleventh Circuit decision in Tobinick v. Novella, -- F.3d --, 2017 WL 603832 (11th Cir. Feb. 15, 2017), "demonstrat[es] why Georgia's anti-SLAPP statute is applicable in this federal proceeding." (Doc. 99 at 1.) As an initial matter,

as set forth in Plaintiffs' Response To Defendants' Motions To Strike, Dismiss, and Transfer Forum, the Greenpeace Defendants have conceded that Georgia anti-SLAPP statute in force at the time this action was commenced does not apply to state law claims asserted in federal court. (See Doc. 75 at 31.)

However, to the extent this Court determines that Georgia's amended anti-SLAPP statute (the "Amended Statute") -- which became effective after this action was filed -- applies retroactively (which it does not), the Eleventh Circuit's application of *California's* anti-SLAPP statute to state law claims governed by *California* law does not mandate the application of *Georgia's* Amended Statute in federal court.[1] To the contrary, in applying California's anti-SLAPP statute, the Eleventh Circuit explicitly stated that it was following California precedent which has applied the California anti-SLAPP statute to state law claims asserted in federal diversity actions. See Tobinick, 2017 WL 603832 at *5 ("[T]he [California] anti-SLAPP statute at issue has previously been allowed in federal court.").[2]

In Carbone v. Cable News Network, Inc., Case No. 1:16-cv-01720-ODE, Order, ECF No. 28 (N.D. Ga. Feb. 15, 2017), a case of first impression concerning the applicability of the Amended Statute to state claims brought in federal court, the District Court for the Northern District of Georgia held that the Amended Statute directly conflicts with Rule 12(b)(6) of the Federal Rules

---

[1] To the extent the Greenpeace Defendants suggest that the Tobinick decision mandates dismissal for failure to allege actual malice, this argument is also flawed. In Tobinick, the Eleventh Circuit ruled that the plaintiff had failed to show actual malice *after* the parties had an opportunity to take discovery, an opportunity that Resolute has not yet had in this action. See 2017 WL 603832 at *5. Critically, Georgia's Amended Statute mandates that a plaintiff be permitted discovery on the issue of actual malice. See O.C.G.A. § 9-11-11.1(b)(2) (2016) ("[T]he nonmoving party shall be entitled to discovery on the sole issue of actual malice whenever actual malice is relevant to the court's determination under [the anti-SLAPP statute].").

[2] Even if the Court extends the holding in Tobinick to apply Georgia's anti-SLAPP statute to Resolute's state law claims, as set forth in Plaintiffs' Response to Defendants' Motion to Strike, Dismiss, or Transfer Forum, there is no basis to apply Georgia's – or any state's – anti-SLAPP statute to Resolute's federal RICO claims. (See Doc. 75 at 28-30.)

2

of Civil Procedure, and thus cannot be applied to *any* claims brought in federal court.  Id. at 9 (holding Georgia's Amended Statute and Rule 12(b)(6) "are in conflict and cannot co-exist" and thus a "federal court exercising diversity jurisdiction . . . must apply the federal rule on dismissal and *not the special anti-SLAPP motion to strike provision*.") (emphasis added) (citations and quotations omitted).  In so ruling, the Northern District of Georgia explicitly rejected the same argument advanced by the Greenpeace Defendants here, namely that the First, Fifth and Ninth Circuits' application of the comparable California, Maine, Oregon and Louisiana statutes to state law claims asserted in federal court warrants the application of the Amended Statute to Resolute's state law claims asserted in this federal proceeding.  Id. at 7-8.

Applying the holding in Carbone, Georgia's Amended Statute has no application to Plaintiffs' claims asserted in this action.  Accordingly, for the reasons set forth above, as well as the reasons set forth in Plaintiffs' Response To Defendants' Motions To Strike, Dismiss and Transfer Forum, defendants' motions to strike should be denied in their entirety.

This 7th day of March, 2017.

Respectfully Submitted,

| | |
|---|---|
| James B. Ellington | /s/ Lauren Tabaksblat |
| Georgia Bar No. 243858 | Michael J. Bowe (*admitted pro hac vice*) |
| Hull Barrett, PC; P.O. Box 1564 | Lauren Tabaksblat (*admitted pro hac vice*) |
| Augusta, Georgia 30903 | Kasowitz, Benson, Torres & Friedman, LLP |
| (706) 722-4481 (telephone) | 1633 Broadway |
| jellington@hullbarrett.com | New York, NY 10019 |
| | (212) 506-1700 (telephone) |
| | mbowe@kasowitz.com |
| | ltabaksblat@kasowitz.com |

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing Plaintiffs' Response to Greenpeace Defendants' Notice of Supplemental Authority with the Clerk of Court using the CM/ECF system and served upon counsel of record by electronic filing, as follows:

James B. Ellington
Hull Barrett, PC
P.O. Box 1564
Augusta, Georgia 30903

James S. Murray
Warlick, Stebbins, Murray, Chew LLP
P.O. Box 1495
Augusta, GA 30903

Lisa Zycherman
Laura R. Handman
Lance L. Koonce
Davis Wright Tremaine, LLP
1919 Pennsylvania Avenue, NW
Washington, DC 20006-2401

Thomas M. Barton
Aaron P.M. Tady
Coles Barton, LLP
150 South Perry Street, Suite 100
Lawrenceville, GA 30046

Thomas W. Tucker
Tucker Long, PC
P. O. Box 2426
Augusta, GA 30903

This 7th day of March, 2017.

/s/ Lauren Tabaksblat
Lauren Tabaksblat

4