KARL OLSON (SBN 104760)
AARON R. FIELD (SBN 310648)
CANNATA, O'TOOLE, FICKES & ALMAZAN LLP
100 Pine Street, Suite 350
San Francisco, California 94111
Telephone:   (415) 409-8900
Facsimile:   (415) 409-8904
Email:       kolson@cofalaw.com
             afield@cofalaw.com

Attorneys for Defendant
GREENPEACE FUND, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RESOLUTE FOREST PRODUCTS, INC., RESOLUTE FP US, INC., RESOLUTE FP AUGUSTA, LLC, FIBREK GENERAL PARTNERSHIP, FIBREK U.S., INC., FIBREK INTERNATIONAL INC., and RESOLUTE FP CANADA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>GREENPEACE INTERNATIONAL (aka "GREENPEACE STICHTING COUNCIL"), GREENPEACE, INC., GREENPEACE FUND, INC., FORESTETHICS, DANIEL BRINDIS, AMY MOAS, MATTHEW DAGGETT, ROLF SKAR, TODD PAGLIA, and JOHN AND JANE DOES 1-20,<br><br>Defendants. | CASE NO. 3:17-CV-02824-JST<br><br>**STIPULATION AND [PROPOSED] ORDER TO SUPPLEMENT BRIEFING ON GREENPEACE FUND, INC.'S PENDING MOTIONS TO DISMISS AND STRIKE**<br><br>Date:         October 10, 2017<br>Time:         2:00 p.m.<br>Department:   Ctrm. 9, 19th Floor |

| | |
|---|---|
| 1 | This stipulation is entered into by and among defendant Greenpeace Fund, Inc., on the |
| 2 | one hand, and plaintiffs Resolute Forest Products, Inc., Resolute FP US, Inc., Resolute FP |
| 3 | Augusta LLC, Fibrek General Partnership, Fibrek US, Inc., Fibrek International Inc., and |
| 4 | Resolute FP Canada, Inc. (collectively, "plaintiffs"), on the other hand, by and through their |
| 5 | respective counsel. |
| 6 | WHEREAS, on May 31, 2016, plaintiffs filed the instant action in the United States |
| 7 | District Court for the Southern District of Georgia; |
| 8 | WHEREAS, on September 8, 2016, Greenpeace Fund, Inc. moved to dismiss |
| 9 | plaintiffs' complaint under Rule 12(b)(6) (ECF No. 61) and to strike the plaintiffs' complaint |
| 10 | under the anti-SLAPP statute (ECF No. 60); |
| 11 | WHEREAS, on May 16, 2017, the Honorable Judge Randal Hall, Chief Judge of the |
| 12 | United States District Court for the Southern District of Georgia, issued an Order granting the |
| 13 | Greenpeace Defendants' motion to transfer for improper venue pursuant to 28 U.S.C. § |
| 14 | 1406(a), and transferred the instant action to the Northern District of California (ECF No. |
| 15 | 104). The Order did not address the substantive arguments set forth in Greenpeace Fund, |
| 16 | Inc.'s pending motion to dismiss (ECF No. 61) or the motion of defendants, including |
| 17 | Greenpeace Fund, Inc., to strike under the anti-SLAPP statute (ECF No. 60) (collectively, the |
| 18 | "Pending Motions"); |
| 19 | WHEREAS, on July 10, 2017, plaintiffs and defendants Greenpeace International, |
| 20 | Greenpeace, Inc., Daniel Brindis, Amy Moas, Matthew Daggett, and Rolf Skar stipulated to a |
| 21 | briefing schedule whereby they would supplement the briefing on their pending motions to |
| 22 | provide the Court with guidance on how to resolve them under California and Ninth Circuit |
| 23 | law (ECF No. 129); |
| 24 | WHEREAS, on July 12, 2017, the Court entered an Order pursuant to the stipulation of |
| 25 | the parties authorizing plaintiffs and defendants Greenpeace International, Greenpeace, Inc., |
| 26 | Daniel Brindis, Amy Moas, Matthew Daggett, and Rolf Skar to supplement the briefing |
| 27 | pursuant to a schedule proposed by those parties (ECF No. 131); |
| 28 | |

1       WHEREAS, on July 21, 2017, present counsel for Greenpeace Fund, Inc. requested leave to appear as substitute counsel in this matter (ECF No. 135), and on July 25, 2017, the Court granted the request (ECF No. 137);

      WHEREAS, plaintiffs and Greenpeace Fund, Inc. have met and conferred and agreed that Greenpeace Fund, Inc. should be allowed, in the interest of justice and fairness, to join in the supplemental brief of the other defendants and file its own supplemental brief, which is attached hereto as **Exhibit 1**, on the impact of California and Ninth Circuit precedent on plaintiffs' claims against Greenpeace Fund, Inc.;

      **NOW, THEREFORE**, plaintiffs and Greenpeace Fund, Inc. stipulate and agree as follows:

1. Greenpeace Fund, Inc. may file the supplemental brief in support of its pending motions to dismiss and to strike that is attached hereto as **Exhibit 1**;
2. The plaintiffs may respond to Greenpeace Fund, Inc.'s supplemental brief in a supplemental brief in further opposition to the Pending Motions on or before September 12, 2017;
3. Greenpeace Fund, Inc. may file a supplemental reply brief in further support of the Pending Motions on or before September 26, 2017; and
4. Oral argument on the Pending Motions will be held on October 10, 2017, at 2:00 p.m.

**IT IS SO STIPULATED.**

//
//
//
//
//
//
//

| | | |
|---|---|---|
| DATED: August 7, 2017 | | CANNATA, O'TOOLE, FICKES & ALMAZAN LLP |
| | By: | /s/ Karl Olson<br>KARL OLSON |
| | | Karl Olson<br>Aaron R. Field |
| | | Attorneys for Defendant<br>GREENPEACE FUND, INC. |
| DATED: August 7, 2017 | | KASOWITZ BENSON TORRES LLP |
| | By: | /s/ Lauren Tabaksblat<br>LAUREN TABAKSBLAT |
| | | Lyn R. Agre<br>Michael J. Bowe<br>Lauren Tabaksblat |
| | | Attorneys for Plaintiffs<br>RESOLUTE FOREST PRODUCTS, INC., RESOLUTE FP US, INC., RESOLUTE FP AUGUSTA, LLC, FIBREK GENERAL PARTNERSHIP, FIBREK U.S., INC., FIBREK INTERNATIONAL INC., and RESOLUTE FP CANADA, INC. |

**STIPULATION AND ORDER TO SUPPLEMENT BRIEFING ON GREENPEACE FUND, INC.'S PENDING MOTIONS TO DISMISS AND STRIKE**

# [~~PROPOSED~~] ORDER

Pursuant to stipulation and good cause appearing, it is hereby ORDERED that:

1. Greenpeace Fund, Inc. may file the supplemental brief in support of its pending motions to dismiss and to strike that is attached to its stipulation with the plaintiffs as **Exhibit 1**;

2. The plaintiffs may respond to Greenpeace Fund, Inc.'s supplemental brief in a supplemental brief in further opposition to the Pending Motions on or before September 12, 2017;

3. Greenpeace Fund, Inc. may file a supplemental reply brief in further support of the Pending Motions on or before September 26, 2017; and

4. Oral argument on the Pending Motions will take place on October 10, 2017 at 2:00 p.m.

Dated: August 9, 2017

_____
HON. JON S. TIGAR

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Karl Olson, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of August, 2017 at San Francisco, California.


                      /s/ Karl Olson
                      KARL OLSON

**STIPULATION AND ORDER TO SUPPLEMENT BRIEFING ON GREENPEACE FUND, INC.'S PENDING MOTIONS TO DISMISS AND STRIKE**

**EXHIBIT 1**

KARL OLSON (SBN 104760)
AARON R. FIELD (SBN 310648)
CANNATA, O'TOOLE, FICKES & ALMAZAN LLP
100 Pine Street, Suite 350
San Francisco, California 94111
Telephone: (415) 409-8900
Facsimile: (415) 409-8904
Email: kolson@cofalaw.com
afield@cofalaw.com

Attorneys for Defendant
GREENPEACE FUND, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RESOLUTE FOREST PRODUCTS, INC., RESOLUTE FP US, INC., RESOLUTE FP AUGUSTA, LLC, FIBREK GENERAL PARTNERSHIP, FIBREK U.S., INC., FIBREK INTERNATIONAL INC., and RESOLUTE FP CANADA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GREENPEACE INTERNATIONAL (aka "GREENPEACE STICHTING COUNCIL"), GREENPEACE, INC., GREENPEACE FUND, INC., FORESTETHICS, DANIEL BRINDIS, AMY MOAS, MATTHEW DAGGETT, ROLF SKAR, TODD PAGLIA, and JOHN AND JANE DOES 1-20, <br><br> Defendants. | CASE NO. 3:17-CV-02824-JST <br><br> **SUPPLEMENTAL BRIEF OF GREENPEACE FUND, INC. IN SUPPORT OF MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE; JOINDER IN SUPPLEMENTAL BRIEF OF OTHER GREENPEACE DEFENDANTS** <br><br> Date: October 10, 2017 <br> Time: 2:00 p.m. <br> Department: Ctrm. 9, 19th Floor |

Greenpeace Fund, Inc. filed a motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, ECF No. 61, and made a special motion to strike the complaint under the anti-SLAPP statute, ECF No. 60 at 1. Greenpeace Fund, Inc. hereby joins in the supplemental brief in support of both motions filed by Greenpeace International, Greenpeace, Inc., Daniel Brindis, Amy Moas, Matthew Daggett, and Rolf Skar, ECF No. 127-1. Greenpeace Fund, Inc. also files this supplemental brief to elaborate on several reasons for granting both motions under California and Ninth Circuit law that apply to it with special force.

## I. INTRODUCTION

The plaintiffs' litigation strategy in this case is a new spin on an old tactic that courts have long rejected as an impermissible end run around the First Amendment. The plaintiffs have recast their defamation claims as RICO claims and other state torts by supplementing them with conclusory and threadbare allegations. They now invite this Court to disregard the First Amendment limitations developed in defamation cases as a result. This Court should decline their invitation to embark on such a dangerous path. It should then hold that under California and Ninth Circuit law, the plaintiffs have failed to state a claim against Greenpeace Fund, Inc., and put this SLAPP suit out of its misery sooner rather than later.

## II. ARGUMENT

### A. THE PLAINTIFFS MUST PLAUSIBLY PLEAD ACTUAL MALICE TO SUPPORT ALL OF THEIR CAUSES OF ACTION.

The actual malice standard is a critical component of the First Amendment protections for participation in politics and public discourse. *New York Times Co. v. Sullivan*, 376 U.S. 254, 268-80 (1964). It precludes a public figure plaintiff from recovering "for a defamatory falsehood" absent clear and convincing evidence that the statement was made with knowledge of its falsity or reckless disregard for whether it was false or not, *id.* at 279-80, and that the statement was materially false, *Air Wisconsin Airlines Corp. v. Hoeper*, 134 S. Ct. 852, 861 (2014). To establish reckless disregard, the plaintiff must demonstrate that the publisher "in

1

**SUPPLEMENTAL BRIEF OF GREENPEACE FUND, INC. IN SUPPORT OF MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE; JOINDER IN SUPPLEMENTAL BRIEF OF OTHER GREENPEACE DEFENDANTS**

fact entertained serious doubts as to the truth of his publication," *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968), or acted with a "high degree of awareness of . . . probable falsity," *Garrison v. Louisiana*, 379 U.S. 64, 74 (1964). To establish material falsity, the plaintiff must demonstrate that the statement " 'would have a different effect on the mind of the reader from that which the pleaded truth would have produced.' " *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 517 (1991) (quoting Robert Sack, *Libel, Slander, and Related Problems* 138 (1980)); *see also Bustos v. A&E Television Networks*, 646 F.3d 762, 763-69 (10th Cir. 2011) (Gorsuch, J.) (discussing the material falsity requirement and holding that referring to a prisoner as a "member" of a gang when he was really an "affiliate" was not a material falsehood). The plaintiff must establish actual malice as to each defendant. *Cantrell v. Forest City Publ'g Co.*, 419 U.S. 245, 253 (1974); *Murray v. Bailey*, 613 F. Supp. 1276, 1281 (N.D. Cal. 1985).

The Supreme Court has long held that no cause of action can claim "talismanic immunity from constitutional limitations." *New York Times Co.*, 376 U.S. at 269; *see also id.* at 279-80 (holding that a public official may not recover "for a defamatory falsehood" without proving actual malice).

Accordingly, it has applied the actual malice standard to a broad spectrum of claims arising from alleged injurious falsehoods. *See Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 56 (1988) (intentional infliction of emotional distress); *Bose Corp. v. Consumers Union*, 466 U.S. 485, 513-14 (1985) (product disparagement); *Time, Inc. v. Hill*, 385 U.S. 374, 386-87 (1967) (false light invasion of privacy).

This State and this Circuit follow these precedents, and hold that whether a plaintiff must satisfy First Amendment requirements like the actual malice standard depends on the *substance* of a cause of action, not its form or label. *See, e.g., Blatty v. New York Times Co.*, 42 Cal. 3d 1033, 1042-43, 1045 (1986) (holding that "the various limitations rooted in the First Amendment are applicable to all injurious falsehood claims and not solely to those labeled 'defamation' " and plaintiffs cannot circumnavigate these limitations by "creative

**SUPPLEMENTAL BRIEF OF GREENPEACE FUND, INC. IN SUPPORT OF MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE; JOINDER IN SUPPLEMENTAL BRIEF OF OTHER GREENPEACE DEFENDANTS**

pleading" that "affix[es] labels other than defamation to injurious falsehood claims"); *Med. Lab Mgmt. Consultants v. ABC*, 306 F.3d 806, 821 (9th Cir. 2002) (holding that tortious interference causes of action based on injurious falsehoods were subject to traditional First Amendment requirements); *Hoffman v. Capital Cities/ABC, Inc.*, 255 F.3d 1180, 1183, 1187 (9th Cir. 2001) (holding that right of publicity, Unfair Competition Law, and Lanham Act causes of action based on injurious falsehoods were subject to "the full First Amendment protections afforded noncommercial speech," including the actual malice standard); *Unelko Corp. v. Rooney*, 912 F.2d 1049, 1057-58 (9th Cir. 1990) (holding that product disparagement and tortious interference causes of action based on injurious falsehoods were "subject to the same First Amendment requirements that govern actions for defamation").

Thus, under California and Ninth Circuit law, where a cause of action is founded on allegations that an injurious falsehood published to a third party has caused the plaintiff reputational harm (i.e. "a defamatory falsehood," *New York Times Co.*, 376 U.S. at 279-80) and the plaintiff is a public figure, the actual malice standard applies.[1]

Applying this rule, the actual malice standard applies to all of the plaintiffs' causes of action. As the defendants have explained before, the plaintiffs are public figures, *see* ECF Nos. 62 at 26-29, 98 at 19, 127-1 at 15-17, and the plaintiffs' causes of action are all based on a series of alleged statements about them to third parties concerning matters of public interest, *see, e.g.*, ECF No. 1 ¶¶ 84-99 & 88 n.1 (citing Appendix A, ECF No. 1-1 at 1-6), 100-04 & n.2 (citing Appendix B, ECF No. 1-1 at 7-8), 105-14 & n.3 (citing Appendix C, ECF No. 1-1 at 9-17), 115-24 & n.4 (citing Appendix D, ECF No. 1-1 at 18-23), 125-34 & n.5 (citing Appendix E, ECF No. 1-1 at 24-29), 135-42 & n.6 (citing Appendix F, ECF No. 1-1 at 30-36), 218 (incorporating prior allegations into 18 U.S.C. § 1962(c) cause of action), 226-27 (setting

---

[1] If the actual malice standard applied based on form rather than substance, plaintiffs could evade it by simply "affix[ing] labels other than defamation to injurious falsehood claims." *See Blatty*, 42 Cal. 3d at 1042-45; *see also Beverly Hills Foodland, Inc. v. United Food and Commercial Workers Union, Local 655*, 39 F.3d 191, 196 (8th Cir. 1994) ("[T]he malice standard required for actionable defamation claims during labor disputes must equally be met for a tortious interference claim based on the same conduct or statements. [Fn.] This is only logical as a plaintiff may not avoid the protection afforded by the Constitution and federal labor law merely by the use of creative pleading.").

**SUPPLEMENTAL BRIEF OF GREENPEACE FUND, INC. IN SUPPORT OF MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE; JOINDER IN SUPPLEMENTAL BRIEF OF OTHER GREENPEACE DEFENDANTS**

forth alleged fraudulent communications in table format), 237 (incorporating paragraphs 1-227 into 18 U.S.C. § 1962(a) cause of action), 245 (incorporating paragraphs 1-227 into 18 U.S.C. § 1962(d) cause of action), 254 (incorporating paragraphs 1-227 into O.C.G.A § 16-14-4(b) cause of action), 271 (incorporating paragraphs 1-227 into O.C.G.A §16-14-4(c) cause of action), 279 (incorporating paragraphs 1-227 into defamation cause of action), 288 (incorporating paragraphs 1-227 into tortious interference with prospective business relations cause of action), 297 (incorporating paragraphs 1-227 into tortious interference with contractual relations cause of action), 305 (incorporating paragraphs 1-227 into civil conspiracy cause of action), 310 (incorporating paragraphs 1-227 into trademark dilution cause of action). As a result, the actual malice standard applies to the plaintiffs' entire complaint.

### B. THE PLAINTIFFS' ALLEGATIONS OF ACTUAL MALICE AGAINST GREENPEACE FUND, INC. ARE CONCLUSORY AND THREADBARE, AND THUS LEGALLY INSUFFICIENT.

The plaintiffs' complaint must allege actual malice in a non-conclusory, plausible fashion to survive a Rule 12(b)(6)[2] motion to dismiss. In the wake of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Ninth Circuit uses a two-step process to determine whether a plaintiff has stated a sufficiently plausible claim:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). Applying similar processes, every federal appellate court that has considered the question post-*Iqbal* has dismissed complaints subject to the actual malice standard for failing to allege actual malice in a non-conclusory, plausible way. *Michel v. NYP Holdings, Inc.*, 816 F.3d

---
[2] All references to Rules in this brief are to the Federal Rules of Civil Procedure unless otherwise specified.

4

**SUPPLEMENTAL BRIEF OF GREENPEACE FUND, INC. IN SUPPORT OF MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE; JOINDER IN SUPPLEMENTAL BRIEF OF OTHER GREENPEACE DEFENDANTS**

686, 701-02 (11th Cir. 2016); *Biro v. Conde Nast*, 807 F.3d 541, 544-45 (2d Cir. 2015); *McDonald v. Wise*, 769 F.3d 1202, 1220 (10th Cir. 2014); *Pippen v. NBC Universal Media, LLC*, 734 F.3d 610, 614 (7th Cir. 2013); *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 377 (4th Cir. 2012); *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 58 (1st Cir. 2012).

This requirement is consistent with the Supreme Court's explicit holding in *Iqbal* that the plaintiff must plead the defendant's state of mind in a non-conclusory, plausible way even though Rule 9(b) permits a plaintiff to do so "generally" and despite the potential utility of discovery. *Iqbal*, 556 U.S. at 686-87.

It is also consistent with a long line of cases from the Ninth Circuit and this Court that have carefully scrutinized actual malice allegations where the complaint clearly implicated First Amendment values. *See Franchise Realty Interstate Corp. v. S.F. Local Joint Exec. Bd. of Culinary Workers*, 542 F.2d 1076, 1082-84 (9th Cir. 1976) (applying heightened pleading standard to dismiss complaint because it clearly implicated the First Amendment) (citing, inter alia, *Time, Inc.*, 385 U.S. at 387-91; *New York Times Co.*, 376 U.S. at 267-83); *Wynn v. Chanos*, 75 F. Supp. 3d 1228, 1238-40 (N.D. Cal. 2014) (dismissing defamation complaint with leave to amend under Rule 12(b)(6) due in part to deficient allegations of actual malice); *Wynn v. Chanos*, Case No. 14-cv-04329-WHO, 2015 WL 971360, at *3 (N.D. Cal. Mar. 3, 2015) (dismissing defamation complaint without leave to amend under Rule 12(b)(6) and granting anti-SLAPP motion due in part to deficient allegations of actual malice); *Nicosia v. De Rooy*, 72 F. Supp. 2d 1093, 1109 (N.D. Cal. 1999) (stating that "conclusory statements that [a defamation defendant] should have known the truth does not satisfy the heightened pleading standard" of actual malice); *Barry v. Time, Inc.*, 584 F. Supp. 1110, 1121-22 (N.D. Cal. 1984) (recognizing that actual malice should be tested at the pleading stage and concluding that complaint insufficiently alleged actual malice); *Barger v. Playboy Enterprises, Inc.*, 564 F. Supp. 1151, 1156-57 (N.D. Cal. 1983) (recognizing that actual malice should be tested at the pleading stage and dismissing complaint without leave to amend

due in part to deficient allegations of actual malice).[3]

The plaintiffs have not pled and cannot plausibly plead that Greenpeace Fund, Inc. published any injurious falsehood with actual malice. As the defendants have stated elsewhere, the plaintiffs have alleged almost nothing that is specific to Greenpeace Fund, Inc. *See* ECF Nos. 61 at 2-12, 18, 97 at 2-5. They have not plausibly alleged that Greenpeace Fund, Inc. is responsible for defaming them in the first instance. *See* ECF No. 61 at 11-12, 97 at 2-5; *see also* ECF No. 1 ¶¶ 33 (alleging in a conclusory fashion that Greenpeace Fund, Inc. was involved in planning "GP-Inc.'s forest campaign [sic]" in some unspecified way), 41(b) (conceding that Greenpeace Fund, Inc. is a "separate and distinct legal entit[y]" from the other Greenpeace entities, but nevertheless also alleging in a conclusory fashion that Greenpeace Fund, Inc. was somehow "intimately involved" in the other Greenpeace entities' campaigns), 42(l) and 45 (alleging in a conclusory fashion that Greenpeace Fund, Inc. published unspecified "disinformation" and was somehow "actively involved" in a campaign through its Executive Director); ECF No. 1-1 (setting forth numerous allegedly false publications, *but not attributing a single one of these publications to Greenpeace Fund, Inc.*). *A fortiori*, they have not plausibly alleged that Greenpeace Fund, Inc. is responsible for publishing anything materially false with knowledge of its falsity or subjective awareness that it was probably false. *See Wynn*, 75 F. Supp. 3d at 1139 (dismissing defamation cause of action for, among other things, failure to allege actual malice where "[t]he complaint's allegation that Chanos 'published [the statements] with reckless disregard for the truth' . . . is conclusory, as it merely recites an element of slander and does not present any potential supporting facts").

---

[3] *But cf. Flowers v. Carville*, 310 F.3d 1118, 1130-31 (9th Cir. 2002) (in a decision that predates *Iqbal*, 556 U.S. at 686-87, affirming trial court's decision not to decide actual malice issue on a motion to dismiss). In light of *Iqbal*, the unanimous chorus of appellate courts post-*Iqbal* that have applied the plausibility standard it endorsed to allegations of actual malice, and the fact that courts in this district have rigorously examined the plausibility of actual malice allegations on a motion to dismiss for years, including in a 2014 decision, *Wynn*, 75 F. Supp. 3d at 1238-40, this portion of *Flowers* appears "out of line with the current state of the law." *See Michel*, 816 F.3d at 702. Also, this portion of *Flowers* referred only to the fault element of the actual malice test, and said nothing of the falsity element, which is a "question of law for the court" on a motion to dismiss. *See Isuzu Motors Ltd. v. Consumers Union*, 12 F. Supp. 2d 1035, 1045-46 (C.D. Cal. 1998).

**SUPPLEMENTAL BRIEF OF GREENPEACE FUND, INC. IN SUPPORT OF MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE; JOINDER IN SUPPLEMENTAL BRIEF OF OTHER GREENPEACE DEFENDANTS**

1    In addition, even if the plaintiffs had alleged that Greenpeace Fund, Inc. was both
2    responsible for publishing alleged statements and motivated by economic interests or an
3    animus toward the plaintiffs in a non-conclusory, plausible way (and they have not), that
4    would not suffice to plead actual malice.

> Economic interests of the defendant and animus toward the plaintiff cannot serve as a basis for actual malice. *Harte–Hanks Comm. Inc. v. Connaughton*, 491 U.S. 657, 665 (1989) ("Motive in publishing a story . . . cannot provide a sufficient basis for finding actual malice.") "[T]he actual malice standard is not satisfied merely through a showing of ill will or 'malice' in the ordinary sense of the term." *Id.* at 666. "Nor can the fact that the defendant published the defamatory material in order to increase its profits suffice to prove actual malice." *Id.* at 667.

*Nicosia*, 72 F. Supp. 2d at 1109.

The plaintiffs' conclusory and threadbare allegations against Greenpeace Fund, Inc. would warrant granting its motions to dismiss and to strike in any context. Plaintiffs do not spell out any particular actions by Greenpeace Fund, Inc. in connection with the advocacy at issue. But granting Greenpeace Fund, Inc.'s motions to dismiss and to strike is particularly important here because the plaintiffs have alleged a vast and utterly implausible racketeering conspiracy that would require extensive discovery and be extremely expensive to litigate. Allowing this case to proceed against Greenpeace Fund, Inc. would leave intact the specter of ruinous liability for a defendant that has done little more than fund "a separate and distinct legal entit[y]," ECF No. 1 ¶ 41(b), that engaged in an advocacy campaign. If merely funding an entity made the funder liable for the entity's speech about a public figure on a matter of public concern, Harry Belafonte, Sidney Poitier, and Nat King Cole could all have been held liable for the advertisement at issue in *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964), since their names appeared on it, and arguably any advertiser in a publication (or even a shareholder in a publicly-held publisher) could be held liable.

In sum, under California and Ninth Circuit law, the actual malice standard applies to all of the plaintiffs' causes of action, and this Court should grant Greenpeace Fund, Inc's motions to dismiss and to strike because plaintiffs have failed to plead actual malice against

Greenpeace Fund, Inc. in a non-conclusory, plausible way.

### C. THE PLAINTIFFS' CIVIL RICO ALLEGATIONS AGAINST GREENPEACE FUND, INC. ARE AS THREADBARE – AND THUS AS LEGALLY INSUFFICIENT – AS THEIR ALLEGATIONS OF ACTUAL MALICE.

To state a legally sufficient civil RICO claim in the Ninth Circuit, the plaintiffs' civil RICO allegations must all satisfy Rule 9(b). *See Mostowfi v. i2 Telecom Intern., Inc.*, 269 Fed. Appx. 621, 623-25 (9th Cir. 2008). Rule 9(b) "applies to civil RICO fraud claims." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). Moreover, the Ninth Circuit has recognized that "Rule 9(b) may apply to claims – that although lacking fraud as an element – are 'grounded' or 'sound' in fraud." *See Mostowfi*, 269 Fed. Appx. at 623-25 (quoting *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103-04 (9th Cir. 2003)).

Where a plaintiff alleges a "unified course of fraudulent conduct" and "rel[ies] entirely on that course of conduct as the basis of a claim," the claim is " 'grounded in fraud' " and " 'sound[s] in fraud' " and "the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Vess*, 317 F.3d at 1103-04. In this latter context, the Ninth Circuit has dismissed civil RICO claims predicated on extortion for failing to meet the strictures of Rule 9(b). *Mostowfi*, 269 Fed. Appx. at 624. The plaintiffs' civil RICO causes of action are all based on an alleged unified course of fraudulent conduct, so all of them must be alleged in a manner that comports with Rule 9(b) to survive a motion to dismiss.

The plaintiffs' civil RICO causes of action cannot satisfy this exacting standard. Rule 9(b) provides, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." It "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, *plus the role of each defendant in each scheme*." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (emphasis added). In *Mostowfi*, the Ninth Circuit held that the plaintiffs had failed to satisfy these requirements where their civil RICO allegations were comprised largely of "general statements about actions committed by the defendants," they alleged multiple predicate acts but did not specify who committed what violation, and they "lump[ed] together

8

the defendants without identifying the particular acts or omissions that each defendant committed." 269 Fed. Appx. at 624.

These rules verify the insufficiency of the plaintiffs' civil RICO allegations against Greenpeace Fund, Inc. The plaintiffs' civil RICO allegations against Greenpeace Fund, Inc. consist of little more than conclusory generalities, *see* ECF No. 1 ¶¶ 218-78, and do almost nothing but "lump" Greenpeace Fund, Inc. in with the other defendants. That is not sufficient to give Greenpeace Fund, Inc. " 'notice of the particular misconduct which is alleged to constitute the fraud charged so [it] can defend against the charge and not just deny [it has] done anything wrong,' " therefore it is not sufficient to state a claim against Greenpeace Fund, Inc. *See Mostowfi*, 269 Fed. Appx. at 625 (quoting *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993)).

The parties have identified numerous other reasons why the plaintiffs' civil RICO allegations fail to state a claim, and all of them remain sound under Ninth Circuit precedent. Greenpeace Fund, Inc. joins in the arguments for dismissing the plaintiffs' civil RICO causes of action presented by the other parties in support of their separate motions to dismiss, ECF Nos. 55-1, 94, to the extent they support dismissing these causes of action against Greenpeace Fund, Inc.

### D. IF THE COURT GRANTS GREENPEACE FUND, INC.'S RULE 12(B)(6) MOTION TO DISMISS WITH PREJUDICE, IT MUST GRANT GREENPEACE FUND, INC.'S ANTI-SLAPP MOTION AS A MATTER OF LAW.

Because the plaintiffs cannot state a claim against Greenpeace Fund, Inc., the Court should grant Greenpeace Fund Inc.'s special motion to strike. *See Wynn*, 2015 WL 971360, at *4. "The standard applied for an anti-SLAPP motion – probability of prevailing on the merits – presents a higher burden than the plausibility standard applied for a motion to dismiss. If Plaintiffs cannot plead a plausible cause of action under the FRCP 12(b)(6) standard, then Plaintiffs as a matter of law cannot meet the probability of success on the merits standard." *Xu v. Yamanaka*, Case No. 13-CV-3240 YGR, 2014 WL 342271, at *4 (N.D. Cal. Jan. 30, 2014). Alternatively, if the Court grants Greenpeace Fund, Inc.'s motion to dismiss with

**SUPPLEMENTAL BRIEF OF GREENPEACE FUND, INC. IN SUPPORT OF MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE; JOINDER IN SUPPLEMENTAL BRIEF OF OTHER GREENPEACE DEFENDANTS**

leave to amend, it should permit Greenpeace Fund, Inc. to raise its anti-SLAPP motion again after the plaintiffs' time to respond has expired or in response to the amended complaint. *See Wynn*, 75 F. Supp. 3d at 1231 n.1.

## III. CONCLUSION

For the foregoing reasons, under California and Ninth Circuit law, the plaintiffs have failed to state a single legally sufficient cause of action against Greenpeace Fund, Inc. in their 124-page complaint. In addition to the many deficiencies in the complaint that the defendants have descibed elsewhere, all of the plaintiffs' causes of action fail to state a claim against Greenpeace Fund, Inc. because they inadequately allege actual malice. The plaintiffs' civil RICO causes of action also fail to state a claim against Greenpeace Fund, Inc. under Ninth Circuit law.

Respectfully submitted,

DATED: August 7, 2017        CANNATA, O'TOOLE, FICKES & ALMAZAN LLP

By:   /s/ Karl Olson
           KARL OLSON

Karl Olson
Aaron R. Field

Attorneys for Defendant
GREENPEACE FUND, INC.

10
**SUPPLEMENTAL BRIEF OF GREENPEACE FUND, INC. IN SUPPORT OF MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE; JOINDER IN SUPPLEMENTAL BRIEF OF OTHER GREENPEACE DEFENDANTS**