KASOWITZ BENSON TORRES LLP
LYN R. AGRE (State Bar No. 178218)
101 California Street, Suite 2300
San Francisco, CA 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030
Email: lagre@kasowitz.com

Michael J. Bowe (admitted *pro hac vice*)
Lauren Tabaksblat (admitted *pro hac vice*)
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800
Email: mbowe@kasowitz.com
         ltabaksblat@kasowitz.com

Counsel for Plaintiffs

DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE (State Bar No. 141930)
505 Montgomery Street, Suite 800
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (212) 276-6599
Email: thomasburke@dwt.com

LAURA HANDMAN (appearing *pro hac vice*)
LISA ZYCHERMAN (appearing *pro hac vice*)
1919 Pennsylvania Ave. NW, Suite 800
Washington, DC 20006
Telephone:    (202) 973-4200
Facsimile:    (202) 973-4499
Email: laurahandman@dwt.com
         lisazycherman@dwt.com

LACY H. KOONCE, III (appearing *pro hac vice*)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone:    (212) 489-8230xx
Facsimile:    (212) 489-8340
Email: lancekoonce@dwt.com

Counsel for Defendants
GREENPEACE INTERNATIONAL,
GREENPEACE, INC., DANIEL BRINDIS,
AMY MOAS, MATTHEW DAGGETT, and ROLF SKAR

CANNATA, O'TOOLE, FICKES & ALAMAZAN LLP
KARL OLSON (State Bar No. 104760)
100 Pine Street, Suite 350
San Francisco, CA 94111
Telephone: (415) 409-8900
Facsimile: (415) 409-8904
Email: kolson@cofalaw.com

Counsel for Defendant
GREENPEACE FUND, INC.

BRADLEY, CURLEY, BARRABEE & KOWALSKI
ARTHUR W. CURLEY (State Bar No. 60902)
1100 Larkspur Landing Circle, Suite 200
Larkspur, CA 94939
Telephone: (415) 464-8888
Facsimile: (415) 464-8887
Email: acurley@professionals-law.com

Counsel for Defendants
FORESTETHICS and TODD PAGLIA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

RESOLUTE FOREST PRODUCTS, INC., RESOLUTE FP US, INC., RESOLUTE FP AUGUSTA, LLC, FIBREK GENERAL PARTNERSHIP, FIBREK U.S., INC., FIBREK INTERNATIONAL INC., AND RESOLUTE FP CANADA, INC.,

    Plaintiffs,

vs.

GREENPEACE INTERNATIONAL (aka "GREENPEACE STICHTING COUNCIL"), GREENPEACE, INC., GREENPEACE FUND, INC., FORESTETHICS, DANIEL BRINDIS, AMY MOAS, MATTHEW DAGGETT, ROLF SKAR, TODD PAGLIA, AND JOHN AND JANE DOES 1-20,

    Defendants.

Case Number: 3:17-CV-02824-JST

**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

**Date:** August 23, 2017

**Time:** 2:00 p.m.

**Place:** Courtroom 9, 19th Floor

---

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated January 17, 2017 and Civil Local Rule 16-9.

**1.**     **Jurisdiction and Service**

This action, which was commenced on May 31, 2016, in the United States District Court for the Southern District of Georgia, alleges violations of The Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961-1968, and state statutes and common law. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332, and has supplemental jurisdiction over the pendent state-law claims under 28 U.S.C. § 1367. All defendants were timely served.

Upon Defendants' motions to dismiss or transfer forum, on May 16, 2017, the Southern District of Georgia transferred this case to the Northern District of California.  (ECF No. 104.)

**2.      Facts & Allegations**

**A.      Plaintiffs' Statement of Facts and Allegations**

Resolute Forest Products, Inc. and its operating subsidiaries (together, "Plaintiffs" or "Resolute") is engaged in the forest products industry, planting and harvesting trees, milling wood and wood fiber to create a diverse range of products, including market pulp, wood products, newsprint, tissue, and specialty papers as well as power generation in Canada and the United States.  Since no later than 2012, Resolute has been the target of a fraudulent and illegal scheme through which a network of environmental activist groups and those working in concert with them disseminated materially false and misleading accusations about Resolute, and engaged in other illegal conduct to devastate Resolute's business and fraudulently induce millions of dollars in donations to Greenpeace.  Defendants' scheme included, among other things, ubiquitous misrepresentations about the impact of Resolute's business operations on the boreal forest, its indigenous peoples and caribou populations, and climate change.  Defendants also fabricated evidence, issued extortive threats to Resolute's customers to terminate their business relationships with Resolute or risk become the target of a similar scheme, launched cyber-attacks, and organized crippling tortious boycotts, and engaged in other illegal conduct. As a direct result of their misconduct, the Defendants themselves have taken credit for inflicting not less than C$100M in damages on Resolute as a result of the conduct set forth above.

**B.      Defendants' Statement of Facts and Allegations**

**1.      Greenpeace Defendants' Position**

Each of Plaintiffs' claims is, at its root, based on the Greenpeace Defendants' protected speech about issues of public interest.  Although Plaintiffs try to reframe such speech as other "acts," their allegations concern speech-based advocacy.  All of the 304 challenged statements set forth in the Complaint cite to the public controversy over Plaintiffs' destruction of forest tracts and the sustainability of their logging practices.  Plaintiffs allege they were defamed by

the Greenpeace Defendants' advocacy that, *e.g.*, "logging in some of the last ancient forests in Canada …threatens wildlife like the woodland caribou," (Compl. Appendix C 4), "logging is … jeopardizing one of Earth's largest carbon sinks," Compl. 42 n.2, and that Plaintiffs engage in "unsustainable forestry operations" based on their violations of their Forest Stewardship Council certifications. The alleged defamatory statements, however, are largely either protected opinion, protected by the fair report privilege, or not plausibly alleged to have been made with actual malice, and are true statements. They constitute prototypical environmental advocacy on issues of public significance and, as such, this is a classic Strategic Lawsuit Against Public Participation ("SLAPP") brought by a large company to squelch criticism by a non-profit environmental advocate. Resolute brought a defamation suit in Canada against Greenpeace Canada focusing on speech related to the same controversy that is pending.

The Greenpeace Defendants have filed two dispositive motions to dismiss the Plaintiffs' claims in their entirety including a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 62), and a special motion to strike the Complaint under the applicable Anti-SLAPP statute (ECF No. 60), which are both set to be heard by the Court on October 10, 2017. The Greenpeace Defendants move to dismiss Plaintiffs' Complaint, in its entirety, pursuant to Rule 12(b)(6) on grounds that (1) Plaintiffs fail to plead a plausible claim for defamation because the allegedly defamatory statements are time-barred, made by non-defendants, or are fact-based opinions, and the Complaint fails to plausibly plead actual malice or any other applicable fault, ECF No. 62, Mot. Dismiss 17-29; (2) Plaintiffs fail to plead a plausible claim under RICO because, inter alia, they fail to plead RICO predicate acts (defamation is not a predicate act) and therefore Plaintiffs cannot plead mail or wire fraud or extortion, and have failed to plead proximate cause and direct and concrete injury, id. at 29-38; (3) the Complaint fails to plead trademark dilution because Plaintiffs do not allege registration or ownership of any trademark, that their alleged mark is distinctive, or any trademark use by Defendants of the complained-of term (as opposed to mere nominative use), or any factual averments of tarnishment other than conclusory ones, id. at 38-

39; and (4) the Complaint is silent as to any facts in support of Plaintiffs' tortious interference claims and Plaintiffs would be unable to plausibly plead such a claim, id. at 39-40.

The Greenpeace Defendants concurrently filed a motion to strike the Complaint pursuant to the Georgia anti-SLAPP statute, O.C.G.A. § 9-11-11.1, or alternatively, California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16. See ECF No. 60, Mot. Strike 3 n.2. This motion remains pending before the Court, which should strike Plaintiffs' Complaint in its entirety pursuant to the applicable anti-SLAPP statute because this suit arises from the Greenpeace Defendants' protected acts of free speech. Plaintiffs cannot establish a probability of prevailing on their claims because, inter alia, they cannot meet the daunting actual malice standard where the challenged statements expressly rely on previously published articles in reputable publications and statements in official court records, scientific reports, and government reports. Id. at 10-24.

### 2. Greenpeace Fund, Inc.'s Position

Greenpeace Fund, Inc. joins in what the other Greenpeace defendants have said, and adds that the plaintiffs' allegations against Greenpeace Fund (which is alleged only to have funded the commentary of which plaintiffs complain) are even more deficient than their allegations against the other Greenpeace defendants. Greenpeace Fund filed its own Motion to Dismiss (ECF 61), joined in the Greenpeace defendants' anti-SLAPP Special Motion to Strike, and recently filed its own Supplemental Brief, ECF 145.

### 3. Stand and Todd Paglia's Position

This is a simple defamation lawsuit that is, at its core, a strategic lawsuit against public participation (a SLAPP action) designed to discourage legitimate criticism of Resolute's forestry practice. Defendants Stand and Todd Paglia (collectively the "Stand Defendants") make a cameo appearance in Resolute's 124-page Complaint. Only 11 of the 267 purported statements expressing criticism of Resolute's forestry practices that are enumerated in the Complaint are claimed to have been made by the Stand Defendants. Ten of those statements are undisputedly barred by the one-year statute of limitations for defamation claims. California Code of Civil

1  Procedure § 340(c). All of the alleged statements attributed by Resolute to the Stand Defendants
2  consist of advocacy that is protected by the First Amendment and are facially non-defamatory.
3        Resolute couples those 11 alleged defamatory statements with its conclusory allegation
4  that the Stand Defendants' have a "close all[iance]" and "long history of collaborating on
5  campaigns" with the Greenpeace Defendants in a meek effort to extend the reach of this case to
6  claims for violations of federal and state RICO laws, tortuous interference with prospective
7  business relations/contractual relations, conspiracy, and trademark dilution. Resolute's
8  Complaint is wholly inadequate to do so.
9        Accordingly, the Stand Defendants have filed a Motion to Dismiss pursuant to Federal
10 Rule of Civil Procedure 12(b)(6) [Docket No. 55] and an anti-SLAPP Motion to Strike [Docket
11 No. 56]. Both Motions are set to be heard on October 10, 2017 at 2:00 p.m.

12     **3.**     **Legal Issues**

13       The Complaint alleges eleven causes of action, including causes of action for violations
14 of the federal RICO statute, as well as claims for defamation, tortious interference, civil
15 conspiracy and trademark dilution. As set forth below in item 4(A), defendants have moved to
16 strike or dismiss the Complaint in its entirety. Defendants' legal arguments in support of their
17 motions and Plaintiffs' arguments in opposition are set forth in the briefs identified in item 4(A).

18     **4.**     **Motions**
19        **A.**     **Dispositive Motions**

20       On September 8, 2016, defendants moved to strike the complaint pursuant to the anti-
21 SLAPP statute, dismiss all the claims pursuant to FRCP 12(b)(6), or transfer forum. (ECF Nos.
22 55-1, 56-1, 57, 60, 61-1, 62, 127-1.) The motions were fully briefed before the Southern District
23 of Georgia (ECF Nos. 75, 76, 77, 94, 95, 97, 98.) By order dated May 16, 2017, The Honorable
24 Judge James Randal Hall, of the Southern District of Georgia, granted Defendants' requests to
25 transfer this case to the Northern District of California pursuant to 28 U.S.C. § 1406(a). (ECF
26 No. 104.) The court determined that venue was improper in the Southern District of Georgia
27 because Plaintiffs failed to establish that a substantial part of the events giving rise to its claims
28

occurred in that district, *id*. at 4-7, and further concluded that venue was proper in the Northern District of California. *Id.* at 8. Defendants' motions to dismiss and strike remain pending.

Following the transfer, defendants Greenpeace International ("GPI"), Greenpeace, Inc. ("GP-Inc."), Daniel Brindis, Amy Moas, Matthew Daggett, and Rolf Skar (collectively, the "Greenpeace Defendants") filed a supplemental motion in further support of their motions to strike and dismiss. (ECF No. 127-1.) Plaintiffs filed an opposition to the Greenpeace Defendants' supplemental motion on August 8, 2017. (ECF No. 148.) Pursuant to the Stipulation entered by the Court on July 12, 2017, the Greenpeace Defendants may file a supplemental reply on August 25, 2017. (ECF No. 131.)

Defendant Greenpeace Fund filed a supplemental motion in further support of its motions to strike and dismiss on August 7, 2017. (ECF No. 145.) Pursuant to the So-Ordered Stipulation entered by the Court on August 9, 2017, Plaintiffs may file an opposition to Greenpeace Fund's supplemental brief on September 12, 2017 and Greenpeace Fund may file a supplemental reply on September 26, 2017. (ECF No. 149.) Defendants ForestEthics and Paglia (collectively, the "STAND Defendants") also intend to file a supplemental brief. A proposed stipulation consenting to the filing of the brief and the parties' proposed briefing schedule is forthcoming.

Oral argument on Defendants' motions to dismiss and strike is scheduled for October 10, 2017 at 2:00 p.m.

### B. Discovery-Related Motions

Following the commencement of this action, and prior to filing any dispositive motions, defendants moved to stay discovery pending resolution of their forthcoming motions. (ECF No. 35.) The Southern District of Georgia issued a temporary stay of discovery on August 17, 2016 (ECF No. 40), and subsequently granted defendants' motion on September 22, 2016. (ECF No. 66.) Thereafter, Plaintiffs moved to lift the discovery stay. (ECF No. 78.) By order dated January 17, 2017, the Southern District of Georgia denied Plaintiffs' motion. (ECF No. 91.)

Plaintiffs intend to address the proprietary of the discovery stay at the August 23, 2017 Case Management Conference and seek leave to move to lift the discovery stay in accordance with the Federal and local rules. Defendants intend to oppose any motion to reconsider or lift the stay of discovery.

No other motions are anticipated prior to a ruling on defendants' motions to strike and dismiss.

### C. Motions by Amici Curiae

The defendants' dispositive motions are supported by two briefs by Amici Curiae, including a brief filed by The Reporters Committee for Freedom of the Press and Eleven Media Companies, ECF No. 63 ("Media Amici"), and a brief filed by nine non-profit organizations that advocate for environmental awareness and protection, ECF No. 64. Plaintiffs oppose the Media Amici's motion for leave to appear as Amici Curiae. ECF No. 65; *see also* ECF No. 68. The Southern District of Georgia did not issue an order on Media Amici's motion for leave.

### 5. Amendment of Pleadings

No party presently intends to amend its pleadings. To the extent the Court grants, in whole or in part, Defendants' motions to dismiss or strike, plaintiffs may seek leave to re-plead certain claims.

### 6. Evidence Preservation

The parties hereby certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. Immediately following the commencement of this action, Plaintiffs served all defendants with document preservation notices. All parties are taking reasonable and proportionate steps to preserve relevant evidence.

### 7. Disclosures

The parties agree that all Rule 26(a)(1) disclosures be made 14 days after the Court lifts the stay of discovery entered on September 22, 2016.

### 8. Discovery

As set forth in item 4(B) above, all discovery has been stayed pursuant to Judge Hall's September 22, 2016 Order.

### 9. Class Certification Issues

Not Applicable.

### 10. Related Cases

Not applicable.

### 11. Relief

Plaintiffs seeks the following relief: (a) compensatory damages in amounts to be determined at trial, together with interest, attorneys' fees, costs, and disbursements; (b) punitive and exemplary damages in amounts to be determined at trial; (c) treble damages, costs of suit, attorneys' fees and costs of litigation under 18 U.S.C. § 1964(c), in amounts to be determined at trial; (d) injunctive relief preventing Defendants from engaging in continued wrongful activity and disgorgement in the form that the Court may determine is just and proper, and requires Defendants to disgorge all monies that they have improperly secured; and (e) prejudgment and post-judgment interest.

Defendants seek dismissal of Plaintiffs' claims in their entirety pursuant to motions to dismiss under Fed. R. Civ. P. 12(b)(6) and motions to strike under the applicable anti-SLAPP statute because this suit arises from Defendants' protected acts of free speech and Plaintiffs cannot establish a probability of prevailing on their claims. Should the Court grant their motions to strike, Defendants seek an award of attorney fees. *See* Cal. Civ. Proc. Code § 425.16(c)(1). Absent an interlocutory appeal of a denial of the Anti-SLAPP motion and continuation of the stay, Defendants' position is that the relief sought by Plaintiffs is impermissible because, among other reasons, the injunctive relief sought is an unconstitutional prior restraint, treble damages are unconstitutional, punitive damages are impermissible because no Defendant acted with actual malice, and the disgorgement of profits is impermissible as a matter of law.

**12.     Settlement & ADR**

No ADR efforts have occurred to date.  The parties have elected to pursue an early settlement conference before a magistrate judge.  All parties have filed the requisite ADR certifications, with the exception of Defendants Stand and Todd Paglia, who will file their certification by the date of the conference.

**13.     Consent to Magistrate Judge For All Purposes**

The parties do not consent to proceed before a magistrate judge.

**14.     Other References**

Not applicable.

**15.     Narrowing of Issues**

The parties are not aware of any issues that could be narrowed by agreement or by motion, aside from those implicated by Defendants' pending motions to dismiss and strike.

**16.     Expedited Trial Procedure**

The parties do not believe that this case is of a type that can be handled under the Expedited Trial Procedure of General Order 64.

**17.     Scheduling**

**A.     Plaintiffs' Proposed Schedule**

As set forth above, Plaintiffs propose that discovery proceed during the pendency of Defendants' motions to dismiss and strike in accordance with the Federal and Local rules.  The Complaint in this action sets forth 11 causes of action, including claims under the federal and state racketeering statutes, as well as for defamation, tortious interference, trademark dilution and civil conspiracy.  In addition, the Complaint incorporates detailed appendices, which set forth alleged misrepresentations that support the RICO, trademark dilution, and common law claims.  The allegations cover a multi-year time period, and cite activities that took place in person, online, by telephone and by mail, across a wide range of jurisdictions (both foreign and domestic), by a large number of actors.  In light of the complexity of the case, Plaintiffs propose the following schedule for discovery:

- Plaintiffs propose that the parties shall serve all written and document discovery and shall complete all depositions concerning fact discovery, including third party discovery, within 280 days following the lifting of the discovery stay in this action.

- Plaintiffs propose to furnish expert witness reports required by Federal Rule 26(a)(2) within 30 days of the close of fact discovery.

- Plaintiffs propose that Defendants furnish expert witness reports required by Federal Rule 26(a)(2) within 30 days of the service of Plaintiffs' expert witness reports.

- Plaintiffs propose to furnish rebuttal expert witness reports within 30 days of the service of Defendants' expert witness reports.

- Plaintiffs propose that all expert discovery, including the depositions of each of the parties' respective expert witnesses, shall be completed within 45 days of the service of rebuttal expert witness reports.

- Plaintiffs propose that all dispositive motions be filed within 60 days following the close of expert discovery.

### B.     Defendants Proposed Schedule

Defendants believe that it is premature to set a schedule for discovery in this case in light of Defendants' pending dispositive motions, which may eliminate or significantly narrow Plaintiffs' claims, and in light of the discovery stay that has been in place since September 2016. Should the case proceed on all or most of Plaintiffs' claims, given the complexity of the allegations Defendants agree with Plaintiffs that the parties will need at least twice the number of days provided in the local rules to complete discovery, or 280 days.  Defendants generally agree with Plaintiffs that fact and expert discovery should be bifurcated.  However, should the case proceed on all or most of Plaintiffs' claims, given the complexity of the allegations, Defendants anticipate that the parties will need longer than 30-day periods for furnishing or rebutting any expert reports, as proposed by Plaintiffs.  Generally, Defendants anticipate that the parties would need an additional 30 days longer than the time periods proposed by Plaintiffs.

### 18.    Trial

Plaintiffs have requested that this case be tried in front of a jury.  Plaintiffs anticipate that trial should last approximately 30 court days.

**19.     Disclosure of Non-Party Interested Entities or Persons**

All parties will file the Certification of Interested Entities or Persons required by Civil Local Rule 3-15 prior to the Case Management Conference.

**20.     Professional Conduct**

Counsel for all parties certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Date:   August 14, 2017          Signed:  /s/ Lyn R. Agre
                                          Attorney for Plaintiffs

Date:   August 14, 2017          Signed:  /s/ Karl Olson
                                          Attorney for Defendant Greenpeace
                                          Fund Inc.

Date:   August 14, 2017          Signed:  /s/ Arthur W. Curley
                                          Attorney for for Defendant STAND,
                                          f/k/a ForestEthics, and Todd Paglia

Date:   August 14, 2017          Signed:  /s/ Thomas R. Burke
                                          Attorney for Defendant Greenpeace
                                          International, Greenpeace, Inc. Daniel
                                          Brindis, Amy Moas, Matthew Daggett,
                                          and Rolf Skar

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated:

UNITED STATES DISTRICT JUDGE

Page **14** of **15**

Joint Case Management Statement & [Proposed] Order, Case No. 3:17-CV-02824-JST

**Certification of Compliance with N.D. Cal. L.R. 5-1(i)(3)**

I, Lyn R. Agre, hereby certify that pursuant to N.D. Cal. Civil L.R. 5-1(i)(3), I have obtained authorization from the above signatories to file the above-referenced document and that they have concurred in the filing's content.

Dated:  August 14, 2017    /s/ Lyn R. Agre