ARTHUR W. CURLEY, BAR NO. 60902
PETER F. FINN, BAR NO. 267810
BRADLEY, CURLEY, BARRABEE & KOWALSKI, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, California 94939
Telephone: (415) 464-8888
Facsimile: (415) 464-8887

Attorneys for Defendants
STAND (formerly known as FORESTETHICS);
TODD PAGLIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESOLUTE FOREST PRODUCTS, INC., RESOLUTE FP US, INC., RESOLUTE FP AUGUSTA, LLC, FIBREK GENERAL PARTNERSHIP, FIBREK U.S., INC., FIBREK INTERNATIONAL INC., and RESOLUTE FP CANADA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>GREENPEACE INTERNATIONAL (aka "GREENPEACE STICHTING COUNCIL"), GREENPEACE, INC., GREENPEACE FUND, INC., FORESTETHICS, DANIEL BRINDIS, AMY MOAS, MATTHEW DAGGETT, ROLF SKAR, TODD PAGLIA, and JOHN AND JANE DOES 1-20,<br><br>Defendants. | No. 3:17-CV-02824-JST<br><br>**SUPPLEMENTAL BRIEF OF DEFENDANTS STAND AND TODD PAGLIA IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS AND ANTI-SLAPP MOTION TO STRIKE; JOINDER IN SUPPLEMENTAL BRIEFS FILED BY ALL GREENPEACE DEFENDANTS**<br><br>Complaint Filed: May 31, 2016 |

## TABLE OF CONTENTS

I. INTRODUCTION....1
II. PROCEDURAL HISTORY....2
III. THE STAND DEFENDANTS' DISPOSITIVE MOTIONS....2
A. Motion to Dismiss Pursuant to Rule 12(b)(6)....2
B. Anti-SLAPP Motion to Strike....3
IV. CALIFORNIA AND NINTH CIRCUIT CHOICE OF LAW PRINCIPLES APPLY TO PLAINTIFFS' CLAIMS....3
A. General Principles....3
B. California's Gonvernmental Interest Approach....4
C. There is No Actual Conflict Between California and Georgia Law....4
1. Plaintiff's State Law Claims....4
2. The Anti-SLAPP Statutes....7
V. SPECIFIC CALIFORNIA AND NINTH CIRCUIT AUTHORITIES RELATING TO PLAINTIFFS' CLAIMS....8
A. RICO....8
B. Actualy Malice Standard....9
C. The failure of a Complaint to Survive a Rule 12(b)(6) Motion to Dismiss Requires the Granting of an Anti-SLAPP Motion to Strike....12
VI. JOINDER TO GREENPEACE DEFENDANTS' SUPPLEMENTAL BRIEFS....12
VII. CONCLUSION....12

BRADLEY, CURLEY, BARRABEE & KOWALSKI, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- ii -
SUPPLEMENTAL BRIEF OF DEFENDANTS STAND AND TODD PAGLIA IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS AND ANTI-SLAPP MOTION TO STRIKE;
JOINDER IN SUPPLEMENTAL BRIEFS FILED BY ALL GREENPEACE DEFENDANTS

## TABLE OF AUTHORITIES

*AREI II Cases* (2013) 216 Cal.App.4th 1004 . . . . . -6-

*Ashcroft v. Iqbal* (2009) 556 U.S. 662 . . . . . -8-

*Barger v. Playboy Enterprises, Inc.* (N.D. Cal. 1983) 564 F. Supp. 1151 . . . . . -11-

*Barry v. Time, Inc.* (N.D. Cal. 1984) 584 F.Supp. 1110 . . . . . -11-

*Bell-Atlantic Corporation v. Twombly* (2007) 550 U.S. 544 . . . . . -8-

*Blatty v. New York Times Company* (1986) 42 Cal.3d 1033 . . . . . -10-

*Brown Bark II, L.P. v. Dixie Mills, LLC* (N.D. Ga. 2010) 732 F.Supp.2d 1353 . . . . . -6-

*Choyce v. SF Bay Area Independent Media Center* (N.D. Cal. 2013) 2013 WL 6234628 . . . . . -8-

*Collins v. Cox Enterprises, Inc.* (1994) 215 Ga.App. 679 . . . . . -5-

*CRS Recovery, Inc. v. Laxton* (9th Cir. 2010) 600 F.3d 1138 . . . . . -4-

*Diaz v. Gates* (9th Cir. 2005) 420 F.3d 897 . . . . . -9-

*Dodds v. American Broadcasting Company* (9th Cir. 1998) 145 F.3d 1053 . . . . . -10-

*Eclectic Properties East, LLC v. Marcus & Millichap Company* (9th Cir. 2014) 751 F.3d 990 . -11-

*Edwards v. Marin Park, Inc.* (9th Cir. 2004) 356 F.3d 1058 . . . . . -8-

*Felauto v. Hamsher* (1999) 74 Cal.App.4th 1394 . . . . . -5-

*Franchise Realty Interstate Corporation v. San Francisco Local Joint Executive Board of Culinary Workers* (9th Cir. 1976) 542 F.2d 1076 . . . . . -11-

*Hoffman v. Capital Cities/ABC, Inc.* (9th Cir. 2001) 255 F.3d 1180 . . . . . -10-

*Homedics, Inc. v. Valley Forge Insurance Company* (9th Cir. 2003) 315 F.3d 1135 . . . . . -4-

*Horsley v. Rivera* (11th Cir. 2002) 292 F.3d 695 . . . . . -5-

*Hurtado v. Superior Court* (1974) 11 Cal.3d 574 . . . . . -4-

*Infinite Energy, Inc. v. Pardue* (2011) 310 Ga.App. 355 . . . . . -5-

*ITT Corporation v. Xylem Group, LLC* (N.D. Ga. 2013) 963 F.Supp.2d 1309 . . . . . -7-

*Jada Toys, Inc. v. Mattel, Inc.* (9th Cir. 2008) 518 F.3d 628 . . . . . -7-

*Lancaster Community Hospital v. Antelope Valley Hospital District* (9th Cir. 1991) 940 F.2d 397 . . . . . -9-

*Masson v New Yorker Magazine* (1991) 501 U.S. 496 . . . . . -5-

*Medical Laboratory Management Consultants v. American Broadcasting Companies, Inc.* (9th Cir. 2002) 306 F.3d 806 . . . . . -10-

BRADLEY, CURLEY, BARRABEE & KOWALSKI, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- iii -
SUPPLEMENTAL BRIEF OF DEFENDANTS STAND AND TODD PAGLIA IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS AND ANTI-SLAPP MOTION TO STRIKE; JOINDER IN SUPPLEMENTAL BRIEFS FILED BY ALL GREENPEACE DEFENDANTS

**TABLE OF AUTHORITIES (cont'd)**

*Michel v. NYP Holdings, Inc.* (11th Cir. 2016) 816 F.3d 686 . . . . . -5-

*Mostowfi v. i2 Telecom International, Inc.* (9th Cir. 2008) 269 Fed.Appx. 621 . . . . . -9-

*Murray v. Bailey* (N.D. Cal. 1985) 613 F.Supp. 1276 . . . . . -10-

*Nelson v. International Paint Company* (9th Cir. 1983) 716 F.2d 640, 643 . . . . . -3-

*New York Times Company v. Sullivan* (1964) 376 U.S. 254 . . . . . -10-

*Newton v. Thomason* (9th Cir. 1994) 22 F.3d 1455 . . . . . -4-

*Nicosia v. De Rooy* (N.D. Cal. 1999) 72 F.Supp.2d 1093 . . . . . -11-

*Okun v. Superior Court* (1981) 29 Cal.3d 442 . . . . . -6-,-7-

*Oscar v. University Students Co-operative Association* (9th Cir. 1992) 965 F.2d 783 . . . . . -9-

*Pacific Gas & Electric Company v. Bear Stearns & Company* (1990) 50 Cal.3d 1118 . . . . . -6-

*Paracor Finance, Inc. v. General Electric Capital Corporation* (9th Cir. 1996) 96 F.3d 1151 . . -4-

*Reich v. Purcell* (1967) 67 Cal.2d 551 . . . . . -4-

*Sarver v. Chartier* (9th Cir. 2016) 813 F.3d 891 . . . . . -8-

*Tyler v. Thompson* (2011) 308 Ga.App. 221 . . . . . -6-

*Unelko Corporation v. Rooney* (9th Cir. 1990) 912 F.2d 1049 . . . . . -10-

*United States ex rel. Newsham v. Lockheed Missiles & Space Company, Inc.* (9th Cir. 1999) 190 F.3d 963 . . . . . -8-

*United Tactical Systems, LLC v. Real Action Paintball, Inc.* (N.D. Cal. 2015) 143 F.Supp.3d 982 . . . . . -8-

*Washington Mutual Bank v. Superior Court* (2001) 24 Cal.4th 906 . . . . . -4-

*Williams General Corporation v. Stone* (2005) 279 Ga. 428 . . . . . -5-

*Witty v. McNeal Agency, Inc.* (1999) 239 Ga.App. 554 . . . . . -5-,-6-

*Wong v. Jing* (2010) 189 Cal.App.4th 1354 . . . . . -5-

*Wynn v. Chanos* (N.D. Cal. 2014) 75 F.Supp.3d 1228 . . . . . -11-

*Wynn v. Chanos* (N.D. Cal. 2015) 2015 WL 971360 . . . . . -12-

*Xu v. Yamanaka* (N.D. Cal. 2014) 2014 WL 342271 . . . . . -12-

*Youst v. Longo* (1987) 43 Cal.3d 64 . . . . . -6-

BRADLEY, CURLEY, BARRABEE & KOWALSKI, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- iv -
SUPPLEMENTAL BRIEF OF DEFENDANTS STAND AND TODD PAGLIA IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS AND ANTI-SLAPP MOTION TO STRIKE; JOINDER IN SUPPLEMENTAL BRIEFS FILED BY ALL GREENPEACE DEFENDANTS

## TABLE OF AUTHORITIES (cont'd)

### STATUTES

California Code of Civil Procedure § 340(c) . . . . . . . . -1-,-5-

California Code of Civil Procedure § 425.16 . . . . . . . . -3-,-7-

California Penal Code § 186 . . . . . . . . -4-

Federal Rule of Civil Procedure 12(b)(6) . . . . . . . . -1-,-2-,-12-

Federal Rule of Civil Procedure 9(b) . . . . . . . . -9-

O.C.G.A. § 9-3-33 . . . . . . . . -1-,-5-

O.C.G.A. § 9-11-11.1 . . . . . . . . -1-,-3-,-7-

O.C.G.A. § 10-1-450 . . . . . . . . -7-

O.C.G.A. §§ 16-14-1 . . . . . . . . -4-

18 U.S.C. § 1961 . . . . . . . . -5-

28 U.S.C. § 1406(a) . . . . . . . . -2-,-3-

### OTHER AUTHORITIES

CACI 1700 . . . . . . . . -5-

CACI 1707 . . . . . . . . -5-

CACI 2201 . . . . . . . . -6-

CACI 2202 . . . . . . . . -6-

CACI 3600 . . . . . . . . -6-

BRADLEY, CURLEY, BARRABEE & KOWALSKI, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- v -

SUPPLEMENTAL BRIEF OF DEFENDANTS STAND AND TODD PAGLIA IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS AND ANTI-SLAPP MOTION TO STRIKE; JOINDER IN SUPPLEMENTAL BRIEFS FILED BY ALL GREENPEACE DEFENDANTS

## I. INTRODUCTION

This is a simple defamation lawsuit that is, at its core, a strategic lawsuit against public participation (a SLAPP action) designed to discourage legitimate criticism of Plaintiffs' forestry practice. Defendants STAND (formerly known as FORESTETHICS) and TODD PAGLIA (collectively the "Stand Defendants") make a cameo appearance in Plaintiffs' 124-page Complaint. Only 11 of the purported statements expressing criticism of Plaintiffs' forestry practices that are enumerated in the Complaint are claimed to have been made by the Stand Defendants. 10 of those statements are undisputedly barred by the one-year statute of limitations for defamation claims. O.C.G.A. § 9-3-33; California Code of Civil Procedure § 340(c).[1] All of the alleged statements attributed by Plaintiffs to the Stand Defendants consist of advocacy that is protected by the First Amendment and are facially non-defamatory.

Plaintiffs couple those 11 alleged defamatory statements with their conclusory allegation that the Stand Defendants' have a "close all[iance]" and "long history of collaborating on campaigns" with the Greenpeace Defendants in a meek effort to extend the reach of this case to claims for violations of federal and state RICO laws, tortuous interference with prospective business relations/contractual relations, conspiracy, and trademark dilution. Plaintiffs' Complaint is wholly inadequate to do so.

Accordingly, the Stand Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 55] and an anti-SLAPP Motion to Strike pursuant to the Georgia anti-SLAPP statute (O.C.G.A. § 9-11-11.1) [ECF No. 56]. Original briefing on both Motions is complete. However, based on the transfer of this action by the Southern District of Georgia to the Northern District of California on the grounds of improper venue [ECF No. 104], and pursuant to Stipulation [ECF No. 150] and Court Order [ECF No. 153], the Stand Defendants submit this Supplemental Brief relating to California choice of law principles and pertinent Ninth Circuit and California legal authorities. The Stand Defendants likewise join in the supplemental

---

[1] The one alleged statement in the Complaint made by either of the Stand Defendants that falls within the one-year statute of limitations is a December 18, 2015 "tweet" by Mr. Paglia: "#Forest Products shows collaboration is foreign concept, rejects calls for mediation, go it alone or die?" [ECF No. 1 at 100, Table B]. No explanation is given in the Complaint as to how that "tweet" was false or how it harmed Plaintiffs' reputation.

BRADLEY, CURLEY, BARRABEE & KOWALSKI, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 1 -

SUPPLEMENTAL BRIEF OF DEFENDANTS STAND AND TODD PAGLIA IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS AND ANTI-SLAPP MOTION TO STRIKE;
JOINDER IN SUPPLEMENTAL BRIEFS FILED BY ALL GREENPEACE DEFENDANTS

briefs filed by the Greenpeace Defendants. [ECF Nos. 127 and 145].

## II. PROCEDURAL HISTORY

This action was filed by Plaintiffs on May 31, 2016 in the Southern District of Georgia. [ECF No. 1]. On July 29, 2016, the defendants filed a motion to stay discovery. [ECF No. 35]. On September 8, 2016, the defendants filed dispositive motions attacking the pleadings and requesting the matter be transferred to the Northern District of California based on improper venue grounds. [ECF Nos. 55-57 and 60-62].

By order dated September 22, 2016, the Southern District of Georgia granted defendants' motion to stay discovery pending resolution of their dispositive motions and motions to transfer. [ECF No. 66]. In doing so, the Southern District of Georgia explained:

> Based on a preliminary peek at the defense motions, the Court finds an immediate and clear possibility of rulings that would dismiss some or all of the claims and/or Defendants. It makes little sense to forge ahead with full discovery in this context because of the substantial risk that much time and money could be wasted.

[ECF No. 66 at 2]. Plaintiffs filed a motion to lift the discovery stay. [ECF No. 78]. Their request was denied. [ECF No. 91].

Ultimately, on May 16, 2017, the Southern District of Georgia granted defendants' motion to transfer venue to the Northern District of California pursuant to 28 U.S.C. § 1406(a). The Southern District of Georgia held that venue in its jurisdiction was improper because Plaintiffs had "failed to establish that a substantial part of the events giving rise to their claims occurred in this district." [ECF No. 104 at 8-9]. Comparatively, for the opposite reasons, venue was proper in the Northern District of California. [ECF No. 104 at 8-9]. In granting the venue transfer, the Southern District of Georgia declined to rule on the merits of the defendants' dispositive motions, which remain pending. [ECF No. 104 at 3 n.1].

## III. THE STAND DEFENDANTS' DISPOSITIVE MOTIONS

### A. Motion to Dismiss Pursuant to Rule 12(b)(6)

The Stand Defendants move to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) on the grounds that each of Plaintiffs' claims is not pleaded with the requisite level of specificity and impermissibly fail to inform each specific defendant what it (or he) allegedly did wrong. Instead,

BRADLEY, CURLEY,
BARRABEE &
KOWALSKI, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 2 -
SUPPLEMENTAL BRIEF OF DEFENDANTS STAND AND TODD PAGLIA IN SUPPORT OF RULE 12(b)(6)
MOTION TO DISMISS AND ANTI-SLAPP MOTION TO STRIKE;
JOINDER IN SUPPLEMENTAL BRIEFS FILED BY ALL GREENPEACE DEFENDANTS

Plaintiffs' Complaint is a classic "shotgun" pleading. With respect to the federal and Georgia state law RICO claims, the Stand Defendants assert that Plaintiffs fail to plead the individual statutory elements, including proximate cause, enterprise, and distinctiveness. Similarly, Plaintiffs' defamation claim fails because the limited statements allegedly attributed to the Stand Defendants are not defamatory on their face, are protected free speech, and all but one of them are time-barred. In addition, truthful statements about non-confidential matters do not support a tortious interference claim under Georgia law (or California law) and Plaintiffs failed to allege "actual malice" with particularity. The Complaint also fails to allege the elements of a conspiracy or the underlying torts. Furthermore, the trademark dilution claim fails under Georgia law because Plaintiffs' marks are not registered in Georgia and the use of the Resolute name in connection with the Stand Defendants' advocacy could not create confusion as a matter of law. [ECF Nos. 55 and 94].

**B. Anti-SLAPP Motion to Strike**

The Stand Defendants also move to strike Plaintiffs' Complaint pursuant to Georgia's anti-SLAPP statute (O.C.G.A. § 9-11-11.1)[2] on the grounds that the claims against them arise out of statements they made in furtherance of their constitutionally-protected rights to discuss and criticize Plaintiffs' environmental policies and practices – a matter of public importance – and Plaintiffs cannot establish a probability of prevailing on those claims. [ECF Nos. 56 and 95].

## IV. CALIFORNIA AND NINTH CIRCUIT CHOICE OF LAW PRINCIPLES APPLY TO PLAINTIFFS' CLAIMS

**A. General Principles**

The Southern District of Georgia ordered this case transferred to the Northern District of California based on improper forum grounds under 28 U.S.C. § 1406(a). [ECF No. 104]. When a case is transferred due to improper venue under 28 U.S.C. § 1406(a), the choice of law rules of state in which the transferee court sits will apply. *Nelson v. International Paint Company* (9th Cir. 1983) 716 F.2d 640, 643. Moreover, if an action involves a federal question, such as the federal RICO claims asserted herein, the transferee court will apply its circuit's interpretation of federal

[2] Georgia's anti-SLAPP statute, as revised in July 2016, is virtually identical to California's anti-SLAPP statute. Compare O.C.G.A. § 9-11-11.1 with California Code of Civil Procedure § 425.16.

BRADLEY, CURLEY, BARRABEE & KOWALSKI, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 3 -

SUPPLEMENTAL BRIEF OF DEFENDANTS STAND AND TODD PAGLIA IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS AND ANTI-SLAPP MOTION TO STRIKE;
JOINDER IN SUPPLEMENTAL BRIEFS FILED BY ALL GREENPEACE DEFENDANTS

law, not the interpretation of the transferor court. *Newton v. Thomason* (9th Cir. 1994) 22 F.3d 1455, 1460. As to pendant state law claims, the transferee court likewise uses the choice of law rules of the forum state. *Paracor Finance, Inc. v. General Electric Capital Corporation* (9th Cir. 1996) 96 F.3d 1151, 1164. Thus, California and Ninth Circuit choice of law principles are applicable here.

**B. California's Governmental Interest Approach**

California follows the governmental interest approach to choice of law questions. *Hurtado v. Superior Court* (1974) 11 Cal.3d 574, 579-580. Under that approach, the court analyzes "the respective interests of the states involved . . . the objective of which is 'to determine the law that most appropriately applies to the issue involved." *Id.* at 579-580 (quoting *Reich v. Purcell* (1967) 67 Cal.2d 551, 554). As noted by the Ninth Circuit, "[a]s a default, the law of the forum state will be invoked, and the burden is with the proponent of foreign law to show that the foreign rule of decision will further the interests of that state." *CRS Recovery, Inc. v. Laxton* (9th Cir. 2010) 600 F.3d 1138, 1142. This cannot be accomplished when there is no actual conflict between the laws of the forum state (California) and the foreign state (Georgia). *Washington Mutual bank v. Superior Court* (2001) 24 Cal.4th 906, 919 ["Under the first step of the governmental interest approach, the foreign law proponent must identify the applicable rule of law in each potentially concerned state and must show it materially differs from the law of California."]; *Homedics, Inc. v. Valley Forge Insurance Company* (9th Cir. 2003) 315 F.3d 1135, 1138 ["When neither party identifies a meaningful conflict between California law and the law of another state, California courts apply California law."].

**C. There is No Actual Conflict Between California and Georgia Law**

**1. Plaintiff's State Law Claims**

The substantive law in Georgia and California for Plaintiff's state law claims for (a) RICO violations, (b) defamation, (c) tortuous interference with prospective business relations/contractual relations, (d) conspiracy, and (e) trademark dilution are materially the same.

Georgia and California both have criminal RICO statutes. Compare O.C.G.A. §§ 16-14-1 et seq. with California Penal Code §§ 186 et seq. The elements of RICO claims under the state

BRADLEY, CURLEY, BARRABEE & KOWALSKI, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 4 -
SUPPLEMENTAL BRIEF OF DEFENDANTS STAND AND TODD PAGLIA IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS AND ANTI-SLAPP MOTION TO STRIKE; JOINDER IN SUPPLEMENTAL BRIEFS FILED BY ALL GREENPEACE DEFENDANTS

statutes are substantially the same as their federal counterparts. Compare state statutes with 18 U.S.C. § 1961 et seq.; see also, i.e., *Williams General Corporation v. Stone* (2005) 279 Ga. 428, 430 ["Because the Georgia RICO Act was modeled after the federal statute, this Court [the Georgia Supreme Court] has found federal authority persuasive in interpreting the Georgia RICO statute and we do so again."].

The elements of a claim for defamation in Georgia and California are likewise substantially similar. *Infinite Energy, Inc. v. Pardue* (2011) 310 Ga.App. 355, 356 ["A cause of action for defamation consists of four elements: '(1) a false or defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the actionability of the statement irrespective of harm [i.e., defamation per se]."] CACI 1700; *Wong v. Jing* (2010) 189 Cal.App.4th 1354, 1369 ["The elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damages."]. Only statements of fact – not opinions or "rhetorical hyperbole" – are actionable. *Collins v. Cox Enterprises, Inc.* (1994) 215 Ga.App. 679, 679-680; *Horsley v. Rivera* (11th Cir. 2002) 292 F.3d 695, 701; CACI 1707; *Felauto v. Hamsher* (1999) 74 Cal.App.4th 1394, 1401. "Actual malice" must be established, and pled with particularity, when the plaintiff is a public figure. *Michel v. NYP Holdings, Inc.* (11th Cir. 2016) 816 F.3d 686, 702 ["To plead actual malice, then, [the plaintiff] must allege facts sufficient to give rise to a reasonable inference that the false statement was made 'with knowledge that it was false or with reckless disregard of whether it was false or not."]; CACI 1700; *Masson v New Yorker Magazine* (1991) 501 U.S. 496, 510 ["The First Amendment limits California's libel law in various respects. When, as here, the plaintiff is a public figure, he cannot recover unless he proves by clear and convincing evidence that the defendant published the defamatory statement with actual malice, i.e., with 'knowledge that it was false or with reckless disregard of whether it was false or not.'"]. The statute of limitations for defamation in both states is 1 year. O.C.G.A. § 9-3-33; California Code of Civil Procedure § 340(c).

The elements of claims for tortious interference with prospective business relations/contractual relations in both states are comparable. *Witty v. McNeal Agency, Inc.* (1999)

BRADLEY, CURLEY, BARRABEE & KOWALSKI, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 5 -
SUPPLEMENTAL BRIEF OF DEFENDANTS STAND AND TODD PAGLIA IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS AND ANTI-SLAPP MOTION TO STRIKE; JOINDER IN SUPPLEMENTAL BRIEFS FILED BY ALL GREENPEACE DEFENDANTS

239 Ga.App. 554, 561 ["The elements of tortious interference with contractual relations, business relations, or potential business relations are: (1) improper action or wrongful conduct by the defendant without privilege; (2) the defendant acted purposely and with malice with the intent to injure; (3) the defendant induced a breach of contractual obligations or caused a party or third parties to discontinue or fail to enter into an anticipated business relationship with the plaintiff; and (4) the defendant's tortious conduct proximately caused damage to the plaintiff."]; CACI 2201; *Pacific Gas & Electric Company v. Bear Stearns & Company* (1990) 50 Cal.3d 1118, 1126 ["The elements which a plaintiff must plead to state a cause of action for intentional interference with contractual relations are (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage."]; CACI 2202; *Youst v. Longo* (1987) 43 Cal.3d 64, 71 n. 6 ["The five elements for intentional interference with prospective economic advantage are: (1) [a]n economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant."].

Georgia and California also have similar requirements for a civil conspiracy claim. *Tyler v. Thompson* (2011) 308 Ga.App. 221, 225 [under Georgia law, "[t]he essential element of [civil] conspiracy is proof of a common design establishing that two or more persons in any manner, either positively or tacitly, arrive at a mutual understanding as to how they will accomplish an unlawful design."]; CACI 3600; *AREI II Cases* (2013) 216 Cal.App.4th 1004, 1022 ["To support a conspiracy claim, a plaintiff must allege the following elements: 'the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct.'"]. A prerequisite to a civil conspiracy claim is the committing of an underlying tort. *Brown Bark II, L.P. v. Dixie Mills, LLC* (N.D. Ga. 2010) 732 F.Supp.2d 1353, 1359 [civil conspiracy claim failed because there was no tort committed]; *Okun v. Superior Court*

BRADLEY, CURLEY,
BARRABEE &
KOWALSKI, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 6 -
SUPPLEMENTAL BRIEF OF DEFENDANTS STAND AND TODD PAGLIA IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS AND ANTI-SLAPP MOTION TO STRIKE; JOINDER IN SUPPLEMENTAL BRIEFS FILED BY ALL GREENPEACE DEFENDANTS

(1981) 29 Cal.3d 442, 454 ["A complaint for civil conspiracy states a cause of action only when it alleges the commission of a civil wrong that causes damages."].

As to trademark dilution, Georgia and California each follow the federal Lantham Act. *ITT Corporation v. Xylem Group, LLC* (N.D. Ga. 2013) 963 F.Supp.2d 1309, 1326 ["Trademark-infringement claims under O.C.G.A. § 10-1-450 adopt the same 'likelihood of confusion' analysis as federal trademark-infringement claims under the Lantham Act."]; *Jada Toys, Inc. v. Mattel, Inc.* (9th Cir. 2008) 518 F.3d 628, 634 [the analysis for trademark dilution claims under "both federal and California state law . . . is the same."].

Where, as here, there is no actual conflict between the laws of the forum state (California) and the laws of the foreign state (Georgia), the former applies.

**2. The Anti-SLAPP Statutes**

The Georgia legislature amended its anti-SLAPP statute in July 2016 so that it now closely tracks California's anti-SLAPP statute, which has been in effect in its present form since January 1, 2015 – well before this action was commenced. Based on the Georgia amendments, there is no conflict between the two state statutes. Both statutes make a claim subject to a special motion to strike if it arises from an act in furtherance of the defendant's right of petition or free speech under the United States Constitution or the state's constitution in connection with a public issue. Moreover, both statutes define such an "act in furtherance of a person's right of petition or free speech" to include, among other things, (1) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest and (2) any other conduct in furtherance of the exercise of the constitutional right of petition or free speech in connection with a public issue or an issue of public concern. Both statutes further require a plaintiff whose claims are subject to the motion to establish a probability of prevailing on his, her, or its claims. And under both statutory schemes, a prevailing defendant is entitled to recover attorney's fees and costs. Compare O.C.G.A. § 9-11-11.1 with California Code of Civil Procedure § 425.16.

In addition, under California choice of law principles (the governmental interest approach), the competing interests of the states is heavily in favor of applying California law. As the Ninth Circuit has declared, "California would appear to object strongly to the absence of a robust anti-

BRADLEY, CURLEY, BARRABEE & KOWALSKI, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 7 -
SUPPLEMENTAL BRIEF OF DEFENDANTS STAND AND TODD PAGLIA IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS AND ANTI-SLAPP MOTION TO STRIKE; JOINDER IN SUPPLEMENTAL BRIEFS FILED BY ALL GREENPEACE DEFENDANTS

SLAPP regime," which would occur if this Court were to apply Georgia's *former* anti-SLAPP statute to this case. *Sarver v. Chartier* (9th Cir. 2016) 813 F.3d 891, 899. Comparatively, Georgia's interests would be minimally effected by the application of California law, particularly given the Georgia legislature's decision in 2016 to amend its anti-SLAPP statute to mirror the California one.

California's anti-SLAPP statute is undisputedly applicable to state law claims brought in federal court. *United States ex rel. Newsham v. Lockheed Missiles & Space Company, Inc.* (9th Cir. 1999) 190 F.3d 963, 972-973; *Choyce v. SF Bay Area Independent Media Center* (N.D. Cal. 2013) 2013 WL 6234628 at *5 (J. Tigar). In fact, the Northern District of California has recently held that there is "no conflict between the Federal Rules and California's anti-SLAPP law" and determined it was "reasonable" to conclude that "California courts would apply the California anti-SLAPP law even where the cause of action is based on another state's substantive law . . . ." *United Tactical Systems, LLC v. Real Action Paintball, Inc.* (N.D. Cal. 2015) 143 F.Supp.3d 982, 999-1000 [denying the non-moving party's request to differ consideration of the anti-SLAPP motion to strike until after discovery was conducted and applying California's statute to mixed claims asserted under both California and Indiana law].[3] Choice of law principles require the use of California's anti-SLAPP statute in this action. California's anti-SLAPP statute, in turn, mandates the striking of each of Plaintiffs' state law claims.

## V. SPECIFIC CALIFORNIA AND NINTH CIRCUIT AUTHORITIES RELATING TO PLAINTIFFS' CLAIMS

### A. RICO

As set forth in *Edwards v. Marin Park, Inc.* (9th Cir. 2004) 356 F.3d 1058, 1066, to plead a civil RICO claim in the Ninth Circuit, Plaintiffs' allegations must satisfy the requirements of

---

[3] It is anticipated that Plaintiffs will argue through citations that predominantly pre-date the Supreme Court's landmark decisions regarding pleading requirements in *Bell-Atlantic Corporation v. Twombly* (2007) 550 U.S. 544 and *Ashcroft v. Iqbal* (2009) 556 U.S. 662 that they should be permitted to conduct discovery before the Court rules on the Stand Defendants' anti-SLAPP Motion to Strike. Such a request is contrary to this Court's 2015 decision in *United Tactical Systems, LLC.* Moreover, the Southern District of Georgia issued a stay on discovery in this action because it found "an immediate and clear possibility of rulings that would dismiss some or all of the claims and/or Defendants," thereby creating a "substantial risk that much time and money could be wasted" on discovery. [ECF No. 66 at 2]. Plaintiffs already requested a lift of the discovery stay, which was denied. [ECF Nos. 78 and 91]. Regardless, discovery is certainly not a prerequisite to a ruling on the Stand Defendants Rule 12(b)(6) Motion to Dismiss.

BRADLEY, CURLEY, BARRABEE & KOWALSKI, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 8 -
SUPPLEMENTAL BRIEF OF DEFENDANTS STAND AND TODD PAGLIA IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS AND ANTI-SLAPP MOTION TO STRIKE;
JOINDER IN SUPPLEMENTAL BRIEFS FILED BY ALL GREENPEACE DEFENDANTS

Federal Rule of Civil Procedure 9(b), which provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." See also, i.e., *Mostowfi v. i2 Telecom International, Inc.* (9th Cir. 2008) 269 Fed.Appx. 621, 623-624 [applying Rule 9(b) to RICO claim, noting that "we have recognized that Rule 9(b) may apply to claims – that although lacking fraud as an element – are 'grounded' or 'sound' in fraud" such as when they allege "a uniform course of fraudulent conduct."] This "requires a pleader of fraud [or RICO] to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Community Hospital v. Antelope Valley Hospital District* (9th Cir. 1991) 940 F.2d 397, 405. In addition, the pleader must "'set forth an explanation as to why the statement or omission complained of was false and misleading.'" *Mostowfi*, 269 Fed.Appx. at 624. "[G]eneral statements about actions committed by the defendants," failure to "specify who committed the violation" that serves the basis of each predicate act, and "lump[ing] together the defendants without identifying the particular acts or omissions that each defendant committed" is squarely insufficient and mandates dismissal. *Id.* As set forth in detail in the Stand Defendants' Motion to Dismiss [ECF Nos. 55 and 94] Plaintiffs' "shotgun" Complaint, which is premised on an alleged uniform course of fraudulent (defamatory) conduct by the defendants, fails to meet these stringent requirements.

Similarly, the Ninth Circuit recognizes that RICO was "intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff." *Oscar v. University Students Co-operative Association* (9th Cir. 1992) 965 F.2d 783, 786 (abrogated on other grounds by *Diaz v. Gates* (9th Cir. 2005) 420 F.3d 897). Yet this is precisely what Plaintiffs have attempted (unsuccessfully) to do here by re-labeling their defunct defamation claims as the affairs of a vague racketeering enterprise.

The additional reasons enumerated in the Stand Defendants' Motion to Dismiss and anti-SLAPP Motion to Strike regarding the deficiencies in Plaintiffs' RICO claims all remain sound under Ninth Circuit precedent.

**B. <u>Actual Malice Standard</u>**

California and Ninth Circuit law expound on the "actual malice" standard for pleading a

BRADLEY, CURLEY, BARRABEE & KOWALSKI, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 9 -
SUPPLEMENTAL BRIEF OF DEFENDANTS STAND AND TODD PAGLIA IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS AND ANTI-SLAPP MOTION TO STRIKE;
JOINDER IN SUPPLEMENTAL BRIEFS FILED BY ALL GREENPEACE DEFENDANTS

cause of action sounding in defamation. When the plaintiff is a public figure and the alleged defamatory material involves an issue of public concern, the plaintiff must establish actual malice as to *each* defendant as to *each* purported defamatory statement. *Dodds v. American Broadcasting Company* (9th Cir. 1998) 145 F.3d 1053, 1059; *Murray v. Bailey* (N.D. Cal. 1985) 613 F.Supp. 1276, 1281. Indeed, the actual malice standard, which is a critical component of First Amendment protections for participation in public discourse (*New York Times Company v. Sullivan* (1964) 376 U.S. 254, 279-280), is "applicable to all injurious falsehood claims and not solely to those labeled 'defamation.'" As such, a plaintiff cannot circumvent the actual malice element by "creative pleading" that "affix[es] labels other than 'defamation' to injurious falsehood claims." *Blatty v. New York Times Company* (1986) 42 Cal.3d 1033, 1043 and 1045. Thus, in *Medical Laboratory Management Consultants v. American Broadcasting Companies, Inc.* (9th Cir. 2002) 306 F.3d 806, 821, the Ninth Circuit applied First Amendment limitations to claims for tortious interference with contractual relations and prospective economic relations that were based upon alleged injurious falsehoods, much like those brought by Plaintiffs herein. Similarly, in *Hoffman v. Capital Cities/ABC, Inc.* (9th Cir. 2001) 255 F.3d 1180, 1187, the Ninth Circuit provided constitutional protections to a defendant being sued for violations of common law and statutory rights of publicity, unfair competition, and the federal Lanham Act (trademark infringement). And in *Unelko Corporation v. Rooney* (9th Cir. 1990) 912 F.2d 1049, 1057-1058, the Ninth Circuit affirmed the dismissal of claims for product disparagement and tortious interference with business relationships because the plaintiff could not meet "the same first amendment requirements that govern actions for defamation."

Here, each of Plaintiffs' claims against the Stand Defendants is based upon threadbare, conclusory allegations that they made false statements about Plaintiffs concerning a matter of public interest. Artful labels to causes of action cannot avoid the actual malice standard.

In order to adequately plead actual malice, as with other factors in general, the "'complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" Furthermore, "'the factual allegations that are taken as true must plausibly suggest an

BRADLEY, CURLEY,
BARRABEE &
KOWALSKI, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 10 -
SUPPLEMENTAL BRIEF OF DEFENDANTS STAND AND TODD PAGLIA IN SUPPORT OF RULE 12(b)(6)
MOTION TO DISMISS AND ANTI-SLAPP MOTION TO STRIKE;
JOINDER IN SUPPLEMENTAL BRIEFS FILED BY ALL GREENPEACE DEFENDANTS

entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.'" *Eclectic Properties East, LLC v. Marcus & Millichap Company* (9th Cir. 2014) 751 F.3d 990, 996.[4] Consistent with this standard, the courts in the Ninth Circuit have carefully scrutinized the sufficiency of allegations in complaints that implicate First Amendment protections. *Franchise Realty Interstate Corporation v. San Francisco Local Joint Executive Board of Culinary Workers* (9th Cir. 1976) 542 F.2d 1076, 1082-1086 [applying heightened pleading standard in recognition of "the sensitivity of First Amendment guarantees to the threat of harassing litigation."]; *Wynn v. Chanos* (N.D. Cal. 2014) 75 F.Supp.3d 1228, 1239 ["The complaint's allegations that [defendant] 'published [the statements] with reckless disregard for the truth' . . . is conclusory, as it merely recites an element of slander and does not present any potential supporting facts. This is insufficient to satisfy the 'demanding burden' for pleading actual malice in defamation actions."]; *Nicosia v. De Rooy* (N.D. Cal. 1999) 72 F.Supp.2d 1093, 1109 [granting motion to dismiss for failure to state a claim and anti-SLAPP motion to strike brought under California law, noting that "conclusory statements [in a pleading] that [the defendant] should have known the truth does not satisfy the heightened pleading standard" and recognizing that "[e]conomic interests of the defendant and animus toward the plaintiff cannot serve as a basis for actual malice."]; *Barry v. Time, Inc.* (N.D. Cal. 1984) 584 F.Supp. 1110, 1121-1122 ["[D]ismissal of the first amended complaint for failure to plead actual malice with sufficient particularity is therefore required."]; *Barger v. Playboy Enterprises, Inc.* (N.D. Cal. 1983) 564 F. Supp. 1151, 1156-1157 [dismissing action based, in part, on inadequate allegations of actual malice, observing that "[t]he danger that suits based on such flimsy allegations would pose to freedom of speech and of the press if allowed to proceed is only too clear."].

Plaintiffs' rote allegation in paragraph 282 of the Complaint that "[t]he false and defamatory statements set forth herein concerning Plaintiffs were made and published with actual malice, as such statements were made by Defendants with knowledge of their falsity or reckless disregard for their truth" [ECF No. 1 at 116] falls well short of the standard required to plead actual

[4] It would appear that the Southern District of Georgia had this standard in mind when it issued its stay on discovery. [ECF No. 66 at 2].

BRADLEY, CURLEY, BARRABEE & KOWALSKI, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 11 -
SUPPLEMENTAL BRIEF OF DEFENDANTS STAND AND TODD PAGLIA IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS AND ANTI-SLAPP MOTION TO STRIKE; JOINDER IN SUPPLEMENTAL BRIEFS FILED BY ALL GREENPEACE DEFENDANTS

malice. This defect is fatal to each of Plaintiffs' claims against the Stand Defendants since they are all founded upon alleged false statements. Furthermore, as to the defamation claim in particular, the only alleged statement in the Complaint made by either of the Stand Defendants that falls within the one-year statute of limitations is a December 18, 2015 "tweet" by Mr. Paglia: "#Forest Products shows collaboration is foreign concept, rejects calls for mediation, go it alone or die?" [ECF No. 1 at 100, Table B]. No explanation is given in the Complaint as to how that "tweet" was false (or capable of being proved false), let alone made with actual malice.

**C. The Failure of a Complaint to Survive a Rule 12(b)(6) Motion to Dismiss Requires the Granting of an Anti-SLAPP Motion to Strike**

This Court has recognized that the sustaining of a Rule 12(b)(6) motion to dismiss necessitates the granting of an anti-SLAPP motion to strike brought under California law. As explained in *Xu v. Yamanaka* (N.D. Cal. 2014) 2014 WL 342271 at *4:

> The standard applied for an anti-SLAPP motion—probability of prevailing on the merits—presents a higher burden than the plausibility standard applied for a motion to dismiss. If Plaintiffs cannot plead a plausible cause of action under the FRCP 12(b)(6) standard, then Plaintiffs as a matter of law cannot meet the probability of success on the merits standard.

See also, i.e., *Wynn v. Chanos* (N.D. Cal. 2015) 2015 WL 971360 at *4 ["Because I GRANT [defendant's] motions to dismiss, [plaintiff] is unable to establish a probability of prevailing on the merits" and "I GRANT [defendant's] motion to strike."].

**VI. JOINDER TO GREENPEACE DEFENDANTS' SUPPLEMENTAL BRIEFS**

The Stand Defendants join in the supplemental briefs filed by the Greenpeace Defendants to the extent the arguments and authorities presented therein apply to them. [ECF Nos. 127 and 145].

**VII. CONCLUSION**

For the foregoing additional reasons, the Stand Defendants respectfully request the Court to issue an order granting their Motion to Dismiss and anti-SLAPP Motion to Strike.

///

///

///

BRADLEY, CURLEY, BARRABEE & KOWALSKI, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 12 -
SUPPLEMENTAL BRIEF OF DEFENDANTS STAND AND TODD PAGLIA IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS AND ANTI-SLAPP MOTION TO STRIKE;
JOINDER IN SUPPLEMENTAL BRIEFS FILED BY ALL GREENPEACE DEFENDANTS

Dated: August 24, 2017

BRADLEY, CURLEY, BARRABEE & KOWALSKI, P.C.

By: ______________________________
ARTHUR W. CURLEY
Attorneys for Defendants
STAND (formerly known as FORESTETHICS);
TODD PAGLIA

H:\Docs\NIAC\10269 Resolute v Greenpeace\P\Supplemental Brief Motion to Dismiss and Anti-SLAPP Motion to Strike REV.wpd

BRADLEY, CURLEY, BARRABEE & KOWALSKI, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 13 -
SUPPLEMENTAL BRIEF OF DEFENDANTS STAND AND TODD PAGLIA IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS AND ANTI-SLAPP MOTION TO STRIKE; JOINDER IN SUPPLEMENTAL BRIEFS FILED BY ALL GREENPEACE DEFENDANTS