KASOWITZ BENSON TORRES LLP
LYN R. AGRE (State Bar No. 178218)
*lagre@kasowitz.com*
101 California Street
Suite 2300
San Francisco, CA 94111
(415) 421-6140 (telephone)
(415) 398-5030 (facsimile)

KASOWITZ BENSON TORRES LLP
Michael J. Bowe (admitted *pro hac vice*)
*mbowe@kasowitz.com*
Lauren Tabaksblat (admitted *pro hac vice*)
*ltabaksblat@kasowitz.com*
1633 Broadway, New York, NY 10019
(212) 506-1700 (telephone)
(212) 506-1800 (facsimile)

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| RESOLUTE FOREST PRODUCTS, INC., *et al*.<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>GREENPEACE INTERNATIONAL, *et al.*<br><br>　　　　　Defendants. | **CASE NO. 3:17-CV-02824-JST**<br><br>**Hon. Jon S. Tigar**<br>**Courtroom 9**<br><br>**PLAINTIFFS' CONSOLIDATED SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO GREENPEACE FUND'S AND THE STAND DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>Action Filed:　May 31, 2016<br>Hearing Date: October 10, 2017<br>Time:　　　　2:00 p.m. |

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................... 1

ARGUMENT ....................................................................................................................................... 2

I. GP-FUND'S AND THE STAND DEFENDANTS' ROLES IN THE RICO ENTERPRISE ARE ADEQUATELY ALLEGED UNDER THE APPLICABLE PLEADING STANDARDS. ........................................................................................... 2

    A. The Complaint Alleges Each Defendant's Direct Participation In The RICO Enterprise ............................................................................................... 2

    B. GP-Fund And The STAND Defendants Are Liable For the Full Conduct Of The RICO Enterprise ................................................................................. 6

II. THE COMPLAINT ADEQUATELY ALLEGES ACTUAL MALICE. ........................... 7

    A. The Complaint Alleges That Defendants' False And Misleading Allegations About Resolute Were Published With Knowledge Of Their Falsity Or Reckless Disregard For Their Truth. ......................................... 7

    B. Dismissal Of The Complaint For Failure To Adequately Plead Actual Malice Is Premature ..................................................................................... 11

CONCLUSION .................................................................................................................................. 11

i

Plaintiffs' Consolidated Supplemental Memorandum in Opposition to Greenpeace Fund's and the STAND Defendants' Rule 12(b)(6) Motion to Dismiss and Motion to Strike, Case No. 3:17-CV-02824-JST

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Antonovich v. Superior Court*,
  234 Cal. App. 3d 1041 (1991) .................................................................................................. 10

*Baas v. Dollar Tree Stores, Inc.*,
  2007 WL 2462150 (N.D. Cal. Aug. 29, 2007) ......................................................................... 2, 3

*Barger v. Playboy Enterprises, Inc.*,
  564 F. Supp. 1151 (N.D. Cal. 1983) ........................................................................................... 8

*Barry v. Time, Inc.*,
  584 F. Supp. 1110 (N.D. Cal. 1984) ........................................................................................... 8

*Blake v. Dierdorff*,
  856 F.2d 1365 (9th Cir. 1988) .................................................................................................... 3

*Carlin v. Dairyamerica, Inc.*,
  2016 WL 1734182 (E.D. Cal. May 2, 2016) ........................................................................... 6, 7

*Coleman v. Sterling*,
  2010 WL 11508571 (S.D. Cal. Mar. 24, 2010) ......................................................................... 11

*Cooper v. Pickett*,
  137 F.3d 616 (9th Cir. 1997) ...................................................................................................... 2

*Eastech Elecs. v. E & S Int'l Enterprises, Inc.*,
  2009 WL 322242 (C.D. Cal. Feb. 9, 2009) ............................................................................... 10

*Garcia v. Enter. Holdings, Inc.*,
  2014 WL 4623007 (N.D. Cal. Sept. 15, 2014) .......................................................................... 12

*Harte-Hanks Commc'ns., Inc. v. Connaughton*,
  491 U.S. 657 (1989) .................................................................................................................... 7

*Hawran v. Hixson*,
  209 Cal. App. 4th 256 (2012) .................................................................................................... 10

*Heller v. NBC Universal, Inc.*,
  2016 WL 6583048 (C.D. Cal. June 29, 2016) .......................................................................... 11

*In re JTS Corp.*,
  305 B.R. 529 (Bankr. N.D. Cal. 2003) ........................................................................................ 6

*Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.*,
  940 F.2d 397 (9th Cir. 1991) ...................................................................................................... 5

ii

Plaintiffs' Consolidated Supplemental Memorandum in Opposition to Greenpeace Fund's and the STAND Defendants' Rule 12(b)(6) Motion to Dismiss and Motion to Strike, Case No. 3:17-CV-02824-JST

*Legal Additions LLC v. Kowalski*,
   2010 WL 1999894 (N.D. Cal. May 18, 2010) ........................................................................ 11

*MacKinnon v. Logitech, Inc.*,
   2016 WL 2897661 (N.D. Cal. May 18, 2016) .......................................................................... 9

*Metabolife Int'l, Inc. v. Wornick*,
   264 F.3d 832 (9th Cir. 2001) .................................................................................................. 11

*Mostowfi v. i2 Telecom Intern.*,
   269 Fed. Appx. 621 (9th Cir. 2008) .......................................................................................... 5

*New York Times Co. v. Sullivan*,
   376 U.S. 254 (1964) .................................................................................................................. 7

*Peskin v. Squires*,
   156 Cal. App. 2d 240 (Cal. Ct. App. 1957) .......................................................................... 6, 7

*Salinas v. United States*,
   522 U.S. 52 (1997) .................................................................................................................... 6

*Schatz v. Republican State Leadership Comm.*,
   669 F. 3d 50 (1st Cir. 2012) ..................................................................................................... 8

*Schlagal v. Learning Tree Int'l.*,
   1998 WL 1144581 (C.D. Cal. Dec. 23, 1998) .......................................................................... 2

*Schwartz v. Pillsbury Inc.*,
   969 F.2d 840 (9th Cir. 1992) .................................................................................................. 11

*Smith v. SEIU United Healthcare Workers W.*,
   2006 WL 2038209 (N.D. Cal. July 19, 2006) .......................................................................... 9

*St. Amant v. Thompson*,
   390 U.S. 727 (1968) ................................................................................................................ 10

*State Comp. Ins. Fund v. Capen*,
   2015 WL 13298073 (C.D. Cal. Dec. 18, 2015) ................................................................ 3, 4, 5

*State Comp. Ins. Fund v. Khan*,
   2013 WL 12132027 (C.D. Cal. July 30, 2013) ........................................................................ 3

*Suzuki Motor Corp. v. Consumers Union of U.S., Inc.*,
   330 F.3d 1110 (9th Cir. 2003) ................................................................................................ 10

*Tatung Co., Ltd. v. Hsu*,
   2015 WL 11072178 (C.D. Cal. Apr. 23, 2015) ........................................................................ 3

iii

Plaintiffs' Consolidated Supplemental Memorandum in Opposition to Greenpeace Fund's and the STAND Defendants' Rule 12(b)(6) Motion to Dismiss and Motion to Strike, Case No. 3:17-CV-02824-JST

*Terra Ins. Co. v. New York Life Inv. Mgmt., LLC*,
  2009 WL 2365883 (N.D. Cal. July 30, 2009) ............................................................................ 3

*In re TFT LCD (Flat Panel) Antitrust Litig.*,
  599 F. Supp. 2d 1179 (N.D. Cal. 2009) .................................................................................... 3

*United States v. Fiander*,
  547 F.3d 1036 (9th Cir. 2008) .................................................................................................. 6

*United Tactical Sys., LLC v. Real Action Paintball, Inc.*,
  143 F. Supp. 3d 982 (N.D. Cal. 2015) .................................................................................... 12

*Valdez v. Maya Pub. Grp., LLC*,
  2011 WL 2413510 (S.D. Cal. June 15, 2011) .......................................................................... 7

*Visant Corp. v. Barrett*,
  2013 WL 3450512 (S.D. Cal. July 9, 2013) ............................................................................. 9

*Waldrup v. Countrywide Fin. Corp.*,
  2015 WL 93363 (C.D. Cal. Jan. 5, 2015) ............................................................................ 2, 3

*Weiner v. Ocwen Fin. Corp.*,
  2015 WL 4599427 (E.D. Cal. July 29, 2015) .......................................................................... 2

*Westport Ins. Corp. v. Vasquez, Estrada & Conway LLP*,
  2016 WL 1394360 (N.D. Cal. Apr. 8, 2016) ............................................................................ 7

*Wynn v. Chanos*,
  2015 WL 971360 (N.D. Cal. Mar. 3, 2015) ............................................................................. 8

*Wynn v. Chanos*,
  75 F. Supp. 3d 1228 (N.D. Cal. 2014) ..................................................................................... 8

**Statutes**

The Racketeer Influenced and Corrupt Organizations Act ("RICO"),
  18 U.S.C. §§ 1961 - 1968 ................................................................................................ *passim*

**Other Authorities**

Fed. R. Civ. P. 9(b) ................................................................................................................ 2, 3, 4, 7

Fed. R. Civ. P. 12(b)(6) ................................................................................................................ 12

Fed. R. Civ. P. 15(a)(2) ................................................................................................................ 12

Plaintiffs' Consolidated Supplemental Memorandum in Opposition to Greenpeace Fund's and the STAND Defendants' Rule 12(b)(6) Motion to Dismiss and Motion to Strike, Case No. 3:17-CV-02824-JST

Plaintiffs Resolute Forest Products, Inc., Resolute FP US, Inc., Resolute FP Augusta, LLC, Fibrek General Partnership, Fibrek US, Inc., Fibrek International, Inc., and Resolute FP Canada, Inc. (collectively, "Resolute" or "Plaintiffs") respectfully submit this memorandum of points and authorities in opposition to the supplemental briefs filed by Defendant Greenpeace Fund, Inc. ("GP-Fund") and Defendants STAND and Todd Paglia ("Paglia," and with STAND, the "STAND Defendants")[1] in further support of their motions to dismiss and strike the Complaint.

## INTRODUCTION

Under the guise of addressing the application of California law -- which has already been extensively addressed in the parties' prior submissions -- the supplemental briefs filed by GP-Fund and the STAND Defendants amount to nothing more than a backdoor effort to regurgitate flawed pleading standards and mischaracterize the detailed factual allegations set forth in Plaintiffs' 124-page Complaint.  Indeed, as the STAND Defendants' supplemental brief explicitly concedes, "there is no actual conflict between California and Georgia law."  Thus, neither the transfer of venue, nor the application of California law, alters the analysis set forth in the parties' prior submissions, including defendants' collective *ten* briefs filed with the United States District Court for the Southern District of Georgia prior to the transfer to this District and supplemental briefs filed with this Court following the transfer to this District.

Accordingly for the reasons set forth below, as well as in Plaintiffs' Consolidated Opposition to Defendants' Motions To Dismiss and Strike ("Plaintiffs' Opposition"), and Plaintiffs' Opposition To The Greenpeace Defendants' Supplemental Brief filed following the transfer ("Opposition to Supplemental Brief"),[2] irrespective of whether this Court applies California or Georgia law, the Complaint adequately alleges GP-Fund's and the STAND

---

[1]   STAND is the predecessor to defendants ForestEthics.  Plaintiffs refer to ForestEthics herein as STAND.

[2]   GP-Fund and the STAND Defendants also joined The Greenpeace Defendants' Supplemental Brief (ECF No. 127-1), which Plaintiffs opposed on August 8, 2017. (ECF No. 148.)

1

Plaintiffs' Consolidated Supplemental Memorandum in Opposition to Greenpeace Fund's and the STAND Defendants' Rule 12(b)(6) Motion to Dismiss and Motion to Strike, Case No. 3:17-CV-02824-JST

Defendants' participation in the RICO enterprise and adequately pleads actual malice, and thus the motions to dismiss and strike should be denied in their entirety.[3]

## ARGUMENT

### I. GP-Fund's And The STAND Defendants' Roles In The RICO Enterprise Are Adequately Alleged Under The Applicable Pleading Standards.

GP-Fund and the STAND Defendants contend that the Complaint fails to meet the heightened pleading requirements under FRCP 9(b) because it fails to allege each defendants' individual wrongdoing but rather "lump[s] together the defendants." (ECF No. 145 at 8-9; ECF No. 161 at 9.)[4] As set forth below, these arguments misstate the law, and ignore the Complaint's well-pleaded allegations.

#### A. The Complaint Alleges Each Defendant's Direct Participation In The RICO Enterprise

The Ninth Circuit has held that while Rule 9(b) imposes a more exacting standard for pleading fraud, it does not require a plaintiff to allege every conceivable detail. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (courts "cannot make Rule 9(b) carry more weight than it was meant to bear"). Rather, Rule 9(b) "must be read in harmony with Federal Rule of Civil Procedures 8's requirement of a 'short and plain' statement of the claim." *Baas v. Dollar Tree Stores, Inc.*, 2007 WL 2462150, at *2 (N.D. Cal. Aug. 29, 2007); *Weiner v. Ocwen Fin. Corp.*, 2015 WL 4599427, at *4, 10 (E.D. Cal. July 29, 2015) (same, sustaining fraud-based RICO claims); *Schlagal v. Learning Tree Int'l.*, 1998 WL 1144581, at *8 (C.D. Cal. Dec. 23,

---

[3] While GP-Fund and the STAND Defendants each filed a supplemental brief, in the interest of judicial economy, Plaintiffs address both defendants' arguments in a single, consolidated brief.

[4] Notwithstanding GP-Funds' and the STAND Defendants' arguments to the contrary, Rule 9(b)'s heightened pleading standard only applies to those RICO predicate acts sounded in fraud. *See Waldrup v. Countrywide Fin. Corp.*, 2015 WL 93363, at *4 (C.D. Cal. Jan. 5, 2015) ("[W]here a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements."). Thus, Rule 9(b)'s heightened pleading standard does not apply to the other predicate acts alleged in the Complaint, including among others, money laundering and extortion.

Plaintiffs' Consolidated Supplemental Memorandum in Opposition to Greenpeace Fund's and the STAND Defendants' Rule 12(b)(6) Motion to Dismiss and Motion to Strike, Case No. 3:17-CV-02824-JST

1998) ("The Court must strike a careful balance between insistence on compliance with demanding pleading standards and ensuring that valid grievances survive.").

Applying the foregoing standard, courts in the Ninth Circuit and this District have consistently held that "group pleading" satisfies Rule 9(b)'s particularity requirements at the pleading stage. *See, e.g.*, *Blake v. Dierdorff*, 856 F.2d 1365 (9th Cir. 1988) (Civil RICO complaint against corporate director defendants satisfied Rule 9(b), even though no individual defendant was alleged to have devised the fraudulent scheme, since it alleged corporate scheme to defraud, and it was reasonable to assume corporate scheme was collectively devised by director defendants); *State Comp. Ins. Fund v. Capen*, 2015 WL 13298073, at *11 (C.D. Cal. Dec. 18, 2015) (sustaining RICO complaint that referred to defendants collectively, noting that "the Complaint doesn't 'lump' defendants together where it matters -- in the allegations regarding each Movant's alleged acts of mail and wire fraud"); *State Comp. Ins. Fund v. Khan*, 2013 WL 12132027, at *4 (C.D. Cal. July 30, 2013) (RICO complaint containing "significant group pleading" satisfied Rule 9(b) because -- as here -- the complaint "included enough factual detail to clarify the role and specific claims asserted against each defendant"); *Tatung Co., Ltd. v. Hsu*, 2015 WL 11072178, at *17 (C.D. Cal. Apr. 23, 2015) (similar); *In re TFT LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179, 1184-85 (N.D. Cal. 2009) (rejecting argument that the complaint was insufficiently pled where it "'lump[ed] together' the twenty-six named defendants in general allegations referring to 'defendants'").

In fact, group pleading is particularly appropriate where, as here, the factual information concerning the fraud is "within the opposing party's knowledge." *Waldrup*, 2015 WL 93363, at *4, 7-8 (sustaining RICO fraud claims where "[a]bsent discovery . . . plaintiff [could not] point to the specific fraudulent misrepresentations or omissions allegedly made by the four parent company defendants as part of the alleged scheme"); *Terra Ins. Co. v. New York Life Inv. Mgmt., LLC*, 2009 WL 2365883, at *3 (N.D. Cal. July 30, 2009) ("In cases of corporate fraud . . . the pleading standard is relaxed since the circumstances may make it difficult to attribute particular fraudulent conduct to each defendant as an individual."); *Baas*, 2007 WL 2462150, at *2 ("[T]he

3

requirements of Rule 9(b) may be relaxed with respect to matters within the opposing party's knowledge. In such situations, plaintiffs cannot be expected to have personal knowledge of the relevant facts."). Thus, "there is no absolute requirement that where several defendants are sued in connection with an alleged fraudulent scheme, the complaint must identify *false statements* made by each and every defendant." *State Comp.*, 2015 WL 13298073, at *12 (emphasis in original).

The Complaint easily satisfies these pleading standards with respect to both GP-Fund's and the STAND Defendants' participation in the RICO enterprise. While GP-Fund and the Stand Defendants argue that "plaintiffs' civil RICO allegations consist of little more than conclusory generalities and do almost nothing more but 'lump' Greenpeace Fund, Inc. in with the other defendants" (ECF No. 145 at 9; *see also* ECF No. 161 at 9), in fact the Complaint details both GP-Fund's and the Stand Defendants' individual roles in the conspiracy. Indeed, the Complaint alleges that together with GP-Inc., GP-Fund published and disseminated more than 50 false and misleading reports about Resolute under the collective name "Greenpeace USA," all of which sought to fraudulently induce donations and interfere with Resolute's critical market constituents. (ECF No. 1 at ¶ 41(b).) Each of these fraudulent publications give rise to a separate act of mail and wire fraud. The Complaint, and the accompanying appendices, detail the title of each fraudulent publication, the date of the publication, and the allegedly defamatory statements set forth therein. (*See id.* Table A and Table B; *see also* ECF No. 1-1.) These detailed allegations more than satisfy the pleading requirements under 9(b).

Moreover, the Complaint describes how GP-Fund exercised its operation and control over Greenpeace USA through enterprise member Annie Leonard, who is executive director of both GP-Fund and GP-Inc., and directed and controlled the activities of GP-Inc. and enterprise members Brindis, Moas, and Skar. (ECF No. 1 at ¶ 45.) Specifically, under Leonard's direction, GP-Fund was intimately involved in planning, approving, directing, and funding the activities in furtherance of the "Resolute: Forest Destroyer" campaign, including distributing approximately $5 million of the $14.8 million of the monies it collected in 2014 to GP-Inc. to fund the illegal

4

Plaintiffs' Consolidated Supplemental Memorandum in Opposition to Greenpeace Fund's and the STAND Defendants' Rule 12(b)(6) Motion to Dismiss and Motion to Strike, Case No. 3:17-CV-02824-JST

dissemination campaign.  (*Id.* at ¶ 41(b).)  GP-Fund's motion to dismiss concedes its direct relationship with GP-Inc., acknowledging that it "raises money, shares a name, and donates money to Greenpeace Inc."  (ECF No. 61-1 at 7.)

The Complaint likewise details the STAND Defendants' direct participation in the RICO enterprise, including its aggressive dissemination of sensational lies untethered to facts, to threaten, malign, and isolate large corporate targets and extort public concessions, endorsements, and other benefits, which it then touted to potential donors as success to extort additional financial support.  By way of example only, the Complaint alleges that the STAND Defendants initiated and prosecuted the public campaign to harass and intimidate 3M to stop doing business with Resolute, which ultimately resulted in 3M terminating its business relationship with the Company.  (ECF No. 1 at ¶¶ 165-66.)  Moreover, the Complaint sets forth specific examples of Mr. Paglia's dissemination of the false and misleading allegation that Resolute engages in "active logging and road building . . . in areas originally designated off limits within the CBFA" to critical CBFA stakeholders in an effort to undermine Resolute's business relationship with these critical market constituents.  (*Id.* at ¶ 145.)

These allegations more than satisfy Resolute's obligation to provide defendants with notice of their specific involvement in the scheme to defraud.  *See State Comp.*, 2015 WL 13298073 at *11.  Thus, group pleading with respect to certain allegations is appropriate here because the Complaint, and Appendices annexed thereto, contain detailed allegations concerning each defendants' role in the RICO enterprise sufficient to put each defendant on notice.[5]

---

[5] By contrast, the cases relied on by defendants in support of their assertion that group pleading is insufficient are devoid of *any* allegations of the defendants' individual participation in the RICO enterprise.  *See Mostowfi v. i2 Telecom Intern.*, 269 Fed. Appx. 621, 624-625 (9th Cir. 2008) (finding that fourth amended complaint was devoid of *any* specific allegations to put defendants on notice of their misconduct); *Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (granting summary judgment where complaint failed to plead more than one predicate act of mail and wire fraud and failed to provide date for alleged predicate acts other than a six-year period).

5

Plaintiffs' Consolidated Supplemental Memorandum in Opposition to Greenpeace Fund's and the STAND Defendants' Rule 12(b)(6) Motion to Dismiss and Motion to Strike, Case No. 3:17-CV-02824-JST

### B. GP-Fund And The STAND Defendants Are Liable For the Full Conduct Of The RICO Enterprise.

Moreover, GP-Fund's and the STAND Defendants' attempt to parse themselves out of the detailed RICO scheme alleged in the Complaint ignores the fundamental legal premise that as a member of the Enterprise each party to a conspiracy is liable for all acts done in pursuance thereof and his lack of knowledge of details or an absence of personal commission of overt acts is immaterial. *See Peskin v. Squires*, 156 Cal. App. 2d 240, 246 (Cal. Ct. App. 1957). Thus, each defendant is liable even if it did not commit the substantive acts that could constitute violations of §§ 1962(a), (b), or (c). *See id.* (noting irrelevance of whether fraud was committed by one conspirator or the other because "in either event defendant is liable for the fraud"); *Carlin v. Dairyamerica, Inc.*, 2016 WL 1734182, at *8 (E.D. Cal. May 2, 2016) (RICO conspiracy requires only that the conspirator adopt the goal of furthering the endeavor, rather than requiring the conspirator to commit two predicate acts himself). Thus, under § 1962(d), the extent of participation in the conspiracy or extent of knowledge of details in the conspiracy does not matter if the proof shows the defendant knew the essential objective of the conspiracy. *See Carlin*, 2016 WL 1734182, at *8. As the Supreme Court instructs one who opts into or participates in a conspiracy is liable for the acts of his co-conspirators even if the defendant did not personally agree to do, or to conspire with respect to, any particular RICO element. *See Salinas v. United States*, 522 U.S. 52, 53 (1997) (acknowledging that § 1962(d) "is even more comprehensive" than common law conspiracy); *see also United States v. Fiander*, 547 F.3d 1036, 1042 (9th Cir. 2008) (defendant can be prosecuted for a RICO conspiracy, even where he could not be prosecuted for a substantive violation of RICO); *In re JTS Corp.*, 305 B.R. 529, 557 (Bankr. N.D. Cal. 2003) (same).

As alleged in detail in the Complaint, GP-Fund and the STAND Defendants agreed to engage in a scheme targeting Resolute and its businesses through the commission of numerous overt acts. (ECF No. 1 at ¶ 41.) Under these circumstances each defendant is legally responsible for the acts of its co-conspirators that are reasonably foreseeable within the scope of the

6

conspiracy. *See Peskin*, 156 Cal. App. 2d at 246; *Carlin,* 2016 WL 1734182, at *8. Thus, the failure to parse the specific misconduct of each defendant is immaterial, because each defendant is liable for all of the conduct undertaken by the Greenpeace Enterprise. *See Peskin*, 156 Cal. App. 2d at 246; *Carlin*, 2016 WL 1734182, at *8.

## II.     The Complaint Adequately Alleges Actual Malice.

GP-Fund's and the STAND Defendants' challenges to actual malice likewise distort the applicable legal standards and well-pleaded allegations of the Complaint, and thus should be rejected.

### A.     The Complaint Alleges That Defendants' False And Misleading Allegations About Resolute Were Published With Knowledge Of Their Falsity Or Reckless Disregard For Their Truth.

A complaint pleads actual malice where it alleges that the defendant "made the false publication with a 'high degree of awareness of . . . probable falsity, or [ ] entertained serious doubts as to the truth of his publication.'" *Harte-Hanks Commc'ns., Inc. v. Connaughton*, 491 U.S. 657, 667 (1989) (internal citations omitted); *see also New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964) (defining actual malice as the publication of a statement "with knowledge that it was false or with reckless disregard of whether it was false or not."). As this Court has recently held, defamation "is *not* subject to the heightened pleading standard of Rule 9(b)." *Westport Ins. Corp. v. Vasquez, Estrada & Conway LLP*, 2016 WL 1394360, at *7 (N.D. Cal. Apr. 8, 2016) (Tigar, J.) (emphasis added) (finding malice was adequately alleged where statements were made with the intent to pressure opposing party). Rather, "a plaintiff is entitled to prove a defendant's state of mind through circumstantial evidence. . . . Factors such as failure to investigate, financial motive . . . and reliance on sources known to be unreliable or biased, may constitute circumstantial evidence of malice." *Valdez v. Maya Pub. Grp., LLC*, 2011 WL 2413510, at *6 (S.D. Cal. June 15, 2011).

Here, the Complaint alleges that defendants -- including GP-Fund and the STAND Defendants -- fabricated evidence and intentionally distorted and disregarded known scientific publications and studies that directly contradict their false and misleading allegations about the

7

putative impact of Resolute's harvesting on the environment.  These allegations more than satisfy the standard for actual malice at the pleading stage.[6]

For example, the Complaint alleges that as early as December 2012, the Greenpeace Enterprise, fabricated GPS coordinates to support its false and misleading allegation that Resolute was harvesting in areas prohibited by the Canadian Boreal Forest Agreement ("CBFA"), a historic and unprecedented agreement pursuant to which industry signatories and leading ENGOs, including Enterprise members Greenpeace and STAND, committed to expand protected areas within the Boreal forest where they already held harvesting rights, develop recovery plans for species at risk, take action on climate change, and improve the prosperity of local populations.  (ECF No. 1 at ¶¶ 73-75, 78.)  Notwithstanding the fact the Greenpeace Enterprise was subsequently forced to retract its allegations of noncompliance in March 2013 and concede its falsification of evidence (*id.* at ¶ 78), the Complaint alleges that Greenpeace USA (which as set forth above, includes GP-Fund) subsequently resorted to once again using doctored photos and redrawn maps to falsely accuse Resolute of harvesting in protected areas including in its February 2016 publication "Endangered Forests in the Balance: The Impact Of Logging Reaches New Heights In The Montagnes Blanches Endangered Forest" and in direct communications to Resolute customers.  (*Id.* at ¶¶ 135-42.)  The STAND Defendants likewise disseminated these same falsehoods concerning Resolute's refusal to cooperate in the CBFA in an effort to undermine Resolute's participation in the CBFA and its relationships with its critical stakeholders which were partners in that agreement including in an August 2015 open letter,

---

[6]     None of the cases cited by GP-Fund or the STAND Defendants involve allegations, such as those alleged here, that the defendant knew or recklessly disregarded the falsity of the statement at the time it was made. *See, e.g.*, *Barry v. Time, Inc.*, 584 F. Supp. 1110, 1121-22 (N.D. Cal. 1984) (finding mere failure to investigate is insufficient to constitute actual malice); *Barger v. Playboy Enterprises, Inc.*, 564 F. Supp. 1151, 1156-57 (N.D. Cal. 1983) (same); *Schatz v. Republican State Leadership Comm.*, 669 F. 3d 50 (1st Cir. 2012) (failure to investigate did not amount to actual malice where articles cited by defendants supported allegations in the article); *Wynn v. Chanos*, 75 F. Supp. 3d 1228, 1238-40 (N.D. Cal. 2014) and *Wynn v. Chanos*, 2015 WL 971360, at *3 (N.D. Cal. Mar. 3, 2015) (dismissing defamation claim for failure to allege actual malice where statements were supported by the public record and the statements could not be proved false).

8

Plaintiffs' Consolidated Supplemental Memorandum in Opposition to Greenpeace Fund's and the STAND Defendants' Rule 12(b)(6) Motion to Dismiss and Motion to Strike, Case No. 3:17-CV-02824-JST

notwithstanding its direct knowledge that Greenpeace had previously conceded that the allegations were based on falsified evidence. (*Id.* at ¶ 196.) This calculated intentional publication of information known to be false is the hallmark of actual malice. *See, e.g.*, *MacKinnon v. Logitech, Inc.*, 2016 WL 2897661, at *4 (N.D. Cal. May 18, 2016) (holding actual malice was adequately alleged where defendant was in possession of information that directly contradicted his false and misleading allegations about plaintiff); *Smith v. SEIU United Healthcare Workers W.*, 2006 WL 2038209, at *8 (N.D. Cal. July 19, 2006) (finding actual malice where the plaintiff alleged that defendant knew his statements were false at the time they were made).

Likewise, the Complaint alleges that the Enterprise -- including Greenpeace USA -- distorted and misrepresented scientific studies to support its baseless and inflammatory claims that Resolute's operations have resulted in a "death spiral" of woodland caribou. In fact, as set forth in the Complaint, the studies cited by the Enterprise conclusively establish that the caribou primarily at risk are located in Western Canada, nowhere near Resolute's actual operations in Canada, which are only located in Quebec and Ontario. (ECF No. 1 at ¶¶ 11, 110.) Nevertheless, the Enterprise failed to disclose this salient fact, and instead purported to rely on this inapposite report to support its knowingly false and misleading allegations. (*Id.*) Under these circumstances, actual malice is adequately alleged. *See Visant Corp. v. Barrett*, 2013 WL 3450512, at *8 (S.D. Cal. July 9, 2013) (finding actual malice was adequately alleged where defendants distorted the Moody's report it purported to rely on to support its doomsday predictions of bankruptcy).

In addition, the Complaint adequately alleges that the Enterprise knew or should have known that their statements concerning the impact of Resolute's harvesting on climate change -- including statements in Greenpeace USA's July 2015 blog posts -- were false in that they are directly refuted by the United Nations Intergovernmental Panel on Climate Change -- whose reports and conclusions Greenpeace features and cites prominently -- which declared that sustainable forest harvesting and management is one of the most important mechanisms for

9

Plaintiffs' Consolidated Supplemental Memorandum in Opposition to Greenpeace Fund's and the STAND Defendants' Rule 12(b)(6) Motion to Dismiss and Motion to Strike, Case No. 3:17-CV-02824-JST

removing and sequestering greenhouse gases from the atmosphere. (ECF No. 1 at ¶ 101.) While failure to investigate will not in and of itself give rise to a finding of actual malice, the law is settled that "[i]naction . . . which was a product of a deliberate decision not to acquire knowledge of facts that might confirm the probable falsity of [statements], will support a finding of actual malice." *Antonovich v. Superior Court*, 234 Cal. App. 3d 1041, 1048 (1991); *see also Suzuki Motor Corp. v. Consumers Union of U.S., Inc.*, 330 F.3d 1110, 1136 (9th Cir. 2003); *St. Amant v. Thompson*, 390 U.S. 727, 732 (1968) (a publisher cannot feign ignorance or profess good faith when there are clear indications present which bring into question the truth or falsity of defamatory statements).

Notwithstanding these extensive allegations concerning GP-Fund's role in developing, directing, funding, and disseminating the Enterprise's misinformation through raising and donating funds to GP-Inc. and jointly publishing the Enterprise's calculated falsehoods under the Greenpeace USA name, GP-Fund argues that the claims asserted against it should be dismissed because it did little more than "fund a separate and distinct legal entit[y]." (ECF No. 145 at 7.) Even assuming *arguendo* that GP-Fund did not directly author or publish the knowingly false and misleading falsehoods about Resolute -- which it did as part of Greenpeace USA -- it may still be held liable for defamation because it took a responsible part in the publication through developing, funding and directing the dissemination of the misinformation. *See Eastech Elecs. v. E & S Int'l Enterprises, Inc.*, 2009 WL 322242, at *7 (C.D. Cal. Feb. 9, 2009) (holding individual defendants liable for defamation even though they did not directly author the defamatory letter because the "relevant state of mind is that of any and all taking a responsible part in the publication," "[o]therwise, [a] person dictating a defamatory statement could simply escape liability . . . by employing an innocent agent to write, sign and send the libelous publication.").[7]

---

[7] For this same reason, the STAND Defendants' argument that defendant Paglia cannot be liable for defamation in his individual capacity because the only allegedly defamatory statement authored directly by Paglia was outside the limitations period is likewise without merit. *See Eastech*, 2009 WL 322242, at *7 (recognizing that "[e]veryone who takes a *responsible* part in the publication is liable for the defamation" (emphasis in original)); *see also Hawran v. Hixson*, 209 Cal. App. 4th 256, 275-76 (2012) (anyone who took a responsible part in the publication of

10

### B. Dismissal Of The Complaint For Failure To Adequately Plead Actual Malice Is Premature.

In any event, it has long been held that the actual malice inquiry raises questions of fact that are not properly determined at the pleading stage. Indeed, where, as here, a defendant moves to strike a complaint due to lack of supporting evidence, the Ninth Circuit has recognized the need for discovery before any disposition. *See, e.g.*, *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 848 (9th Cir. 2001) ("[T]he issue of actual malice (or, to put it another way, intent to convey the defamatory impression) cannot properly be disposed of by a motion to dismiss in this case, where there has been no discovery. . . . The defendants may challenge whether the asserted implication was made with 'actual malice' at summary judgment, should the case proceed that far.") (internal citation omitted); *Heller v. NBC Universal, Inc.*, 2016 WL 6583048, at *9 (C.D. Cal. June 29, 2016) (mandating discovery before ruling on actual malice because "it is indeed plausible that Plaintiff could uncover proof of actual malice in discovery"); *Coleman v. Sterling*, 2010 WL 11508571, at *7 (S.D. Cal. Mar. 24, 2010) (requiring discovery before ruling on actual malice). Therefore, at a minimum, Plaintiffs should be afforded the opportunity to conduct discovery before the court rules on actual malice.

### CONCLUSION

For the foregoing reasons and those set forth in Resolute's Opposition as well as its and Opposition to Supplemental Brief, GP-Fund's and the STAND Defendants' motions to dismiss and strike should be denied in their entirety. To the extent the Court is inclined to grant GP-

---

defamatory material may be held liable); *Legal Additions LLC v. Kowalski*, 2010 WL 1999894, at *2 (N.D. Cal. May 18, 2010) (determining that an "individual corporate officer may be personally liable for that negligent acts by direct participation in the wrong"); *Schwartz v. Pillsbury Inc.*, 969 F.2d 840, 843 (9th Cir. 1992) ("Personal liability . . . may rest upon a 'conspiracy' among the officers and directors to injure third parties through the corporation."). Here, the Complaint alleges that Paglia is the Executive Director of STAND, that he managed and directed STAND's role in the Greenpeace Enterprise's misinformation campaign against Resolute (ECF No. 1 at ¶ 41(n)), and that Paglia actively participated in the Greenpeace Enterprise through his false publications concerning the putative impacts of Resolute's harvesting and his threats to Resolute executives (*id.* at ¶¶ 145, 193). These allegations adequately allege Paglia's responsibility for statements made by STAND and the other Enterprise members.

11

Plaintiffs' Consolidated Supplemental Memorandum in Opposition to Greenpeace Fund's and the STAND Defendants' Rule 12(b)(6) Motion to Dismiss and Motion to Strike, Case No. 3:17-CV-02824-JST

Fund's or the STAND Defendants' motions in whole or in part, any dismissal should be without prejudice and with leave to amend.[8]

Dated: September 12, 2017

    KASOWITZ BENSON TORRES LLP

    By: /s/ Lyn R. Agre

        Lyn R. Agre
        Michael J. Bowe
        Lauren Tabaksblat

        *Attorneys for Plaintiffs*

---

[8] The FRCP instruct that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, it is well established in the Ninth Circuit and in California federal district courts that leave to amend a deficient complaint is liberally granted. *See United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 143 F. Supp. 3d 982, 997 (N.D. Cal. 2015) ("If a Rule 12(b)(6) motion is granted, the 'court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'"); *Garcia v. Enter. Holdings, Inc.*, 2014 WL 4623007, at *3 (N.D. Cal. Sept. 15, 2014) (leave to amend should be liberally granted).

12

Plaintiffs' Consolidated Supplemental Memorandum in Opposition to Greenpeace Fund's and the STAND Defendants' Rule 12(b)(6) Motion to Dismiss and Motion to Strike, Case No. 3:17-CV-02824-JST