1   KARL OLSON (SBN 104760)
    AARON R. FIELD (SBN 310648)
2   CANNATA O'TOOLE FICKES & OLSON LLP
    100 Pine Street, Suite 350
3   San Francisco, California 94111
    Telephone:      (415) 409-8900
4   Facsimile:      (415) 409-8904
    Email:          kolson@cofolaw.com
5                   afield@cofolaw.com

6   Attorneys for Defendant
    GREENPEACE FUND, INC.

7

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12

| | |
|---|---|
| 13 RESOLUTE FOREST PRODUCTS, INC., RESOLUTE FP US, INC., RESOLUTE FP AUGUSTA, LLC, FIBREK GENERAL PARTNERSHIP, FIBREK U.S., INC., FIBREK INTERNATIONAL INC., and RESOLUTE FP CANADA, INC., | Case No. 3:17-CV-02824-JST |
| | **DECLARATION OF GAY CROSTHWAIT GRUNFELD IN SUPPORT OF GREENPEACE FUND, INC.'S MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO CAL. CODE CIV. PROC. § 425.16(c)** |
| Plaintiffs, | |
| v. | Date:   April 4, 2019 |
| | Time:   2:00 p.m. |
| GREENPEACE INTERNATIONAL (aka "GREENPEACE STICHTING COUNCIL"), GREENPEACE, INC., GREENPEACE FUND, INC., FORESTHETICS, DANIEL BRINDIS, AMY MOAS, MATTHEW DAGGETT, ROLF SKAR, TODD PAGLIA, and JOHN AND JANE DOES 1-20, | Crtrm.:  9, 19th Floor |
| Defendants. | |

24

25

26

27

28

[3353521.2]

1    I, Gay Crosthwait Grunfeld, declare:

2        1.      I am an attorney duly licensed to practice law in California.  I am a partner in the

3    law firm of Rosen Bien Galvan & Grunfeld LLP.  I have personal knowledge of the facts set forth

4    herein, and if called as a witness, I could competently so testify.  I make this declaration in support

5    of Greenpeace Fund, Inc.'s Motion for Attorney's Fees and Costs Pursuant to Cal. Code Civ. Proc.

6    § 425.16(c) (the "Motion").

7                              **BACKGROUND AND EXPERIENCE**

8        2.      I graduated from Columbia Law School in 1984 as a Harlan Fiske Stone Scholar

9    and Articles Editor of the *Columbia Law Review*, after which I clerked for the Honorable Jack B.

10   Weinstein of the United States District Court for the Eastern District of New York.  A true and

11   correct copy of my current *curriculum vitae* is attached hereto as **Exhibit A**.

12       3.      After two years as an associate, in 2008, I became a partner, in 2012 a named

13   partner, and in 2018 the managing partner of Rosen Bien Galvan & Grunfeld, LLP ("RBGG").

14       4.      RBGG is a 19-lawyer litigation firm in San Francisco with an extensive

15   background and expertise in First Amendment law, as well as commercial and civil rights

16   litigation.  From its formation in 1990, RBGG has been nationally recognized for its various

17   practice areas.  Best Lawyers in America placed the firm in the first tier in Appellate Practice,

18   Commercial Litigation, Employment Law-Individuals, and Civil Rights for 2018.  I have

19   repeatedly been named to the *Daily Journal*'s list of Top 100 Lawyers in California, including for

20   2016.  The firm's partners have been named SuperLawyers repeatedly, and seven of the firm's

21   associates were named Rising Stars by SuperLawyers in 2018.

22       5.      My colleagues and I regularly represent civil litigants in federal and state courts,

23   including in complex civil litigation such as that at issue here.  For example, I represented the

24   plaintiffs in a case titled *Animal Magic Productions Ltd. et al. v. Fat Red Couch, Inc. et al.*, Case

25   Marin Superior Court No. CIV 1601664, dismissed April 19, 2017, involving claims for breach of

26   contract, fraud, intentional interference with contract, violation of the Unfair Competition Law,

27   money had and received, and open book account.  In that case, I successfully obtained dismissal of

28   portions of a defamation cause of action in a cross-complaint using California's anti-SLAPP law,

[3353521.2]

1  California Code of Civil Procedure § 425.16.  I also have been counsel in other anti-SLAPP

2  litigation, including in *City of Morgan Hill v. Tichinin*, review denied January 13, 2010, Cal. Ct.

3  App. No. H031019, and *Walczak v. McCoy*, S.F. Cty. Super. Ct. No. CGC 09 493150.

4        6.   RBGG has represented parties in media and First Amendment law cases, including

5  multiple successful cases on behalf of Prison Legal News, a non-profit news organization that

6  provides information about legal issues relevant to incarcerated persons through a variety of

7  publications distributed to thousands of subscribers at more than two thousand correctional

8  facilities.  We also are well-known for our practice in the area of attorneys' fees litigation,

9  including in the cases discussed in paragraphs 7, 8, and 11, below.

10  <div align="center">**ATTORNEYS' FEES LITIGATION EXPERTISE**</div>

11        7.   From its formation in 1990, RBGG has been responsible for briefing and

12  conducting oral argument in state and federal appellate courts in a number of attorneys' fees cases,

13  including among others, *National Federation of the Blind v. Uber Techs., Inc.*, N.D. Cal. No. 3:14-

14  cv-04086-NC, in which the court approved our request for fees and costs at our 2016 billing rates.

15  True and correct copies of the order approving our request for fees and costs, as well as excerpts

16  of court filings showing the approved billing rates, are attached hereto as **Exhibit B**.  *See also*

17  *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010); *L.H. v.*

18  *Schwarzenegger*, 645 F. Supp. 2d 888 (E.D. Cal. 2009); *Gates v. Shinn*, (9th Cir. Apr. 8, 1996,

19  Nos. 95-15402-15403) [nonpub. opn.]; *Gates v. Gomez*, 60 F.3d 525 (9th Cir. 1995); *Gates v.*

20  *Rowland*, 39 F.3d 1439 (9th Cir. 1994); *Holland v. Roeser*, 37 F.3d 501 (9th Cir. 1994); *Gates v.*

21  *Deukmejian*, 987 F.2d 1392 (9th Cir. 1992); *Greene v. Dillingham Construction, N.A., Inc.*, 101

22  Cal. App. 4th 418 (2002); and *Rebney v. Wells Fargo Bank*, 232 Cal. App. 3d 1344 (1991).

23  RBGG partners have also served as special fees counsel in *Finkelstein v. Bergna*, 804 F. Supp.

24  1235 (N.D. Cal. 1992), and counsel of record on two *amicus curiae* briefs filed in the Supreme

25  Court of the United States in *Perdue v. Kenny A*. 559 U.S. 542 (2010), on behalf of small civil

26  rights law firms, including many in the Bay Area, and *City of Burlington v. Dague*, 505 U.S. 557

27  (1992), on behalf of *pro bono* organizations and private law firms, including most major law firms

28  in San Francisco.

DECLARATION OF GAY CROSTHWAIT GRUNFELD IN SUPPORT OF GREENPEACE FUND, INC.'S
MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO CAL. CODE CIV. PROC. § 425.16(c)

8.    I have litigated several attorneys' fees motions, including in:

(a)    *McCoy v. Walczak*, S.F. Cty. Super. Ct. No. CGC 09 493150, in which the superior court approved our request for attorneys' fees and costs for our successful work on an anti-SLAPP motion, and the First Appellate District of the Court of Appeal of the State of California affirmed the superior court's order.  Both the superior court's order and the Court of Appeal's opinion are attached hereto as **Exhibit C**.

(b)    *L.H. v. Schwarzenegger*, E.D. Cal. No. Civ. S-06-2042 LKK-GGH, in which we obtained in March 2009 an award of over $4.8 million on behalf of our firm and our co-counsel in a complex Due Process and Americans with Disabilities Act class action.

9.    As the managing partner of the firm, I participate in setting my firm's rates at least once per year.  I also engage in frequent discussions with fee playing clients about rates.  To set firm billing rates, I pay special attention to many sources of information regarding the legal marketplace.  The sources on which I rely include, but are not limited to:  (1) my own involvement in attorneys' fees litigation; (2) discussing attorneys' fees, billing, and work practices with other attorneys; (3) representing other attorneys seeking fees and/or providing expert declarations regarding fees to other attorneys; (4) obtaining declarations from other attorneys regarding market rates, attorneys' fees, billing, and work practices; (5) reviewing surveys, legal newspapers, reported decisions, and treatises regarding prevailing attorneys' rates, fees, billing, and work practices; (6) reviewing attorneys' fees applications and awards in other cases, as well as unpublished decisions; and (7) reviewing rates charged by, and billing and work practices of, other firms that my firm has retained or with whom it has associated.

10.    Every year, when my partners and I set rates for the firm, we consider the information we are able to gather regarding other firms' rates, the work we are performing, and the experience of our attorneys and staff, as well as our ongoing communications with our fee-paying clients and potential clients concerning our rates.  We undertake this careful analysis each year by gathering information from numerous law firms and reviewing articles and other public sources of information, such as fee petitions and awards and the information listed in paragraph 9 to

[3353521.2]

1    determine the range of prevailing rates in the San Francisco Bay Area for attorneys with similar

2    levels of experience performing work of similar complexity.

3            11.     I regularly bill clients in civil litigation matters my full hourly rates and the full

4    hourly rates for the associates and paralegals with whom I work, and our firm is paid those rates.

5    RBGG's hourly rates are comparable to those of other attorneys in the San Francisco Bay Area,

6    Los Angeles, and elsewhere in California.  They are also the rates we claim in our fee applications

7    in all our fee-shifting cases, both inside and outside the San Francisco Bay Area.  They have been

8    accepted consistently by courts in California, including in the following:

9            (a)     *Armstrong v. Brown*, N.D. Cal. No. 4:94-cv-02307-CW, in which the

10   Honorable Claudia Wilken signed a Stipulated Order for Attorneys' Fees and Costs for the third

11   quarter of 2018, approving RBGG's 2018 rates.  A true and correct copy of excerpts of Judge

12   Wilken's order is attached hereto as **Exhibit D**.

13           (b)     *Sunner et al. v. Kenneth R. Turnage II General Contractor, Inc. et al.*,

14   Alameda Cty. Super. Ct. No. TG15772244, in which the court approved our request for fees and

15   costs as part of a class action settlement common fund.  A true and correct copy of the order

16   approving our request for fees and costs, as well as excerpts of court filings showing our 2017

17   billing rates, are attached hereto as **Exhibit E**.

18           (c)     *Quinby v. ULTA Salon, Cosmetics & Fragrance, Inc.*, No. CV-15-4099

19   WHO (N.D. Cal.), in which the court approved our request for fees and costs as part of a class

20   action settlement common fund.  A true and correct copy of the order approving our request for

21   fees and costs, as well as excerpts of court filings showing our 2016 billing rates, are attached

22   hereto as **Exhibit F**.

23           (d)     *Hernandez v. Cty. of Monterey*, N.D. Cal. No. 5:13-CV-2354-PSG, in

24   which the Court approved our request for fees and costs in an injunctive relief settlement.  A true

25   and correct copy of the November 9, 2015 Order approving RBGG's requested lodestar based on

26   RBGG's 2015 market rates, including my then rate of $710 per hour, as well as excerpts of court

27   filings showing RBGG's rates, are attached hereto as **Exhibit G**.

28

DECLARATION OF GAY CROSTHWAIT GRUNFELD IN SUPPORT OF GREENPEACE FUND, INC.'S
MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO CAL. CODE CIV. PROC. § 425.16(c)

[3353521.2]

(e)     *Ramirez et al. v. Ghilotti Bros., Inc. et al.*, N.D. Cal. No. C 12-04590 CRB, in which the court approved our request for fees and costs as part of a class action settlement common fund.  A true and correct copy of the order approving our request for fees and costs, as well as excerpts of court filings showing our 2014 billing rates, are attached hereto as **Exhibit H**.

(f)     *Armstrong v. Brown*, 805 F. Supp. 2d 918, 922 (N.D. Cal. 2011) (compelling defendants to pay RBGG's "reasonable 2010 hourly rates").

(g)     *Valdivia v. Brown*, 848 F. Supp. 2d 1141, 1143-44 (E.D. Cal. 2011) (granting motion to compel payment of fees at RBGG's 2010 rates of $275 to $800 per hour, given the finding that these rates "are in line with prevailing rates charged by other San Francisco Bay Area attorneys of comparable experience working on similarly complex cases").

(h)     *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010) (affirming RBGG's requested 2008 rates).

(i)     *L.H. v. Schwarzenegger*, 645 F. Supp. 2d 888, 894-95 (E.D. Cal. 2009) (awarding full requested hourly rates of $295 to $640 for RBGG attorneys "based on consideration of the 2008 market rates and the skill of the individual attorneys").

## THE CLAIMED HOURLY RATES ARE REASONABLE

12.     I understand that Greenpeace Fund, Inc. is seeking compensation for its attorneys at rates of $775 per hour for Cannata O'Toole Fickes & Olson LLP named partner Karl Olson (admitted in 1982) and $350 per hour for Cannata O'Toole Fickes & Olson LLP associate Aaron Field (admitted in 2016).  These rates are consistent with, and in fact substantially lower than, my firm's rates.  RBGG's relevant 2019 billing rates are:  $1,000 per hour for partner Michael W. Bien (1980 graduate); $940 per hour for partner Jeffrey Bornstein (1981 graduate); $860 per hour for my work (1984 graduate), $800 per hour for partner Ernest Galvan (1997 graduate); $440 per hour for associate Hugo Cabrera (2015 graduate); and $400 per hour for associates Cara Trapani and Marc Shinn-Krantz (2016 graduates).

13.     In my opinion, the claimed hourly rates of $775 for Karl Olson and $350 for Aaron Field are modest for lawyers of their background and experience, particularly in a case of this type and level of complexity.  I am familiar with their backgrounds, and both have experience handling

DECLARATION OF GAY CROSTHWAIT GRUNFELD IN SUPPORT OF GREENPEACE FUND, INC.'S MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO CAL. CODE CIV. PROC. § 425.16(c)

1  media and First Amendment cases such as this.  Their rates are at the lower end of or below the

2  rates charged by and regularly awarded to lawyers with comparable backgrounds, experience, and

3  skill in complex anti-SLAPP cases like this one.  Here, as in any bet-the-company case,

4  Greenpeace Fund reasonably selected experienced attorneys.  Mr. Olson has a reputation as one of

5  the very top anti-SLAPP and First Amendment lawyers in California.  Greenpeace Fund, Inc. was

6  justified in retaining Mr. Olson and Mr. Field, and their requested rates are entirely appropriate

7  under the circumstances.

8         14.     In my opinion the claimed hourly rate of $125 for Cannata O'Toole Fickes &

9  Olson LLP paralegal Jessica Toscano is modest for a paralegal with her level of experience, which

10  I understand to exceed seven years.  It is at the lower end of or below the range of rates charged by

11  and awarded for paralegals with comparable backgrounds and experience.

12         I declare under penalty of perjury under the laws of the United States of America that the

13  foregoing is true and correct, and that this declaration is executed at San Francisco, California this

14  20th day of February, 2019.

15

16                    */s/ Gay Crosthwait Grunfeld*

17                    Gay Crosthwait Grunfeld

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF GAY CROSTHWAIT GRUNFELD IN SUPPORT OF GREENPEACE FUND, INC.'S
MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO CAL. CODE CIV. PROC. § 425.16(c)

[3353521.2]

# Exhibit A



**Gay Crosthwait Grunfeld**
(formerly Danforth)

101 Mission Street, Sixth Floor
San Francisco, California  94105-1738

T:  (415) 433-6830
F:  (415) 433-7104
E:  ggrunfeld@rbgg.com

---

## EXPERIENCE

**Rosen Bien Galvan & Grunfeld LLP; San Francisco, California**          **2008 – Present**
**Partner**
General and complex civil litigation, with an emphasis on civil rights, employment, business, and attorneys' fees cases, at the trial court and appellate levels.

**Rosen Bien & Galvan, LLP; San Francisco, California**          **2005 – 2007**
**Associate Attorney**

**Bryant, Clohan & Baruh, LLP; Palo Alto, California**          **2001 – 2005**
**Associate Attorney**
General and complex civil litigation, including jury trial experience, in real estate, business, insurance "bad faith," construction defect, and employment claims and disputes.

**Fenwick & West; Palo Alto, California**          **1996 – 1997**
**Associate Attorney**
Represented high-tech companies in employment, commercial, and trade secret disputes, and provided employment counseling and advice.

**State of California, Administrative Office of the Courts**          **1993 – 1995**
**San Francisco, California**
**Consultant & Editor**
California Judicial Council report, Achieving Equal Justice for Women and Men in the Courts.

**Dickson & Ross; Oakland, California**          **1989 – 1991**
**Associate Attorney**
Employment and environmental litigation in court and in administrative proceedings.

**Altshuler & Berzon; San Francisco, California**          **1985 – 1989**
**Associate Attorney**
Represented individuals, labor unions, and non-profit organizations in employment, labor, and environmental matters.

[248590.3]



**The Honorable Jack B. Weinstein, Chief Judge**                                    **1984 – 1985**
**United States District Court for the Eastern District of New York**
**Law Clerk**

## PUBLISHED CASES

*Armstrong v. Brown*, 103 F. Supp. 3d 1070 (N.D. Cal. 2015)
*Hernandez v. County of Monterey*, 110 F. Supp. 3d 929 (N.D. Cal. 2015)
*Hernandez v. County of Monterey*, 305 F.R.D. 132 (N.D. Cal. 2015)
*Sassman v. Brown*, 99 F.Supp.3d 1223 (E.D. Cal 2015)
*Sassman v. Brown*, 73 F.Supp.3d 1241 (E.D. Cal. 2014)
*Hernandez v. County of Monterey*, 70 F. Supp. 3d 963 (N.D. Cal. 2014)
*Armstrong v. Brown*, 732 F.3d 955 (9th Cir. 2013), *cert denied*, 134 S. Ct. 2725 (2014)
*Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197 (N.D. Cal. 2013)
*Armstrong v. Brown*, 939 F. Supp. 2d 1012 (N.D. Cal. 2013)
*Armstrong v. Brown*, 857 F. Supp. 2d 919 (N.D. Cal. 2012)
*Armstrong v. Brown*, 805 F. Supp. 2d 918 (N.D. Cal. 2011)
*Armstrong v. Schwarzenegger*, 622 F.3d 1058 (9th Cir. 2010)
*L.H. v. Schwarzenegger*, 645 F. Supp. 2d 888 (E.D. Cal 2009)
*L.H. v. Schwarzenegger*, 519 F. Supp. 2d 1072 (E.D. Cal. 2007)
*Sacramento Old City Assn. v. City Council*, 229 Cal. App. 3d 1011 (1991)
*AFL-CIO v. Deukmejian*, 212 Cal. App. 3d 425 (1989)
*Patel v. Quality Inn South*, 846 F.2d 700 (11th Cir. 1988)
*International Union, United Automobile, Aerospace and Agricultural Implement Workers v.*
    *Brock*, 816 F.2d 761 (D.C. Cir. 1987)
*K & M Glass Co. v. International Brotherhood of Painters*,
    121 L.R.R.M. 3005 (N.D. Cal. 1986)
*County of Los Angeles v. State of California*, 43 Cal. 3d 46 (1987)

## PUBLICATIONS

"Ending Sexual Orientation Discrimination in Employment," *The Recorder* (February 16, 2018) (with Marc J. Shinn-Krantz); "The Consequences of Not Responding to Sexual Harassment Allegations," *The Recorder* (March 28, 2017) (with Krista Stone-Manista); "More women lawyers taking pay equality to court," San Francisco *Daily Journal* (October 13, 2016) (with Jenny Yelin); "Putting parenting on a firm basis," *San Francisco Attorney* (Summer 2015) (with Jenny Yelin); "Privilege when firms advise themselves," San Francisco *Daily Journal* (April 3, 2015) (with Sarah Poppy Alexander); "Construction's Wage and Hour Woes," *The Recorder*, (November 4, 2013) (with Megan Sallomi); "Your First Three Years," *The Recorder* (January 7, 2013); "Enforcing Settlement Agreements," *The Recorder* (November 5, 2012) (with Benjamin Bien-Kahn); "Challenges to an at-large election system," *The Recorder* (September 24, 2012) (with Blake Thompson); "Expanding Partnership Liability," *The Recorder* (July 16, 2012) (with Elizabeth Avery); "Navigating Expert Witness Disclosure in Federal Courts," *The Recorder* (February 20, 2012) (with Blake Thompson); "Know What Not to Ask," *The Recorder* (November 10, 2011) (with Alyce Perry); "How Businesses Can Protect Their Valuable Trade Secrets," San Francisco *Daily Journal* (September 26, 2011) (with Aaron J. Fischer); "Get the



Most Out of Your Expert," *The Recorder* (April 27, 2011) (with Blake Thompson); "A Picture is Worth a Thousand Words," San Francisco *Daily Journal* (March 23, 2011) (with Leslie Thornton); "No Time To Waste," *The Recorder* (November 16, 2009) (with Amy Whelan); "Cases of Two Women Illustrate Harm of Mandatory Arbitration Clauses," San Francisco *Daily Journal* (August 7, 2009) (with Nura Maznavi); "Without Reform, California's Juvenile Justice System Will Condemn Youth To Bleak Future," San Francisco *Daily Journal* (October 8, 2007) (with Michael W. Bien); "Some Reflections on Conflicts Between Government Attorneys and Clients" 1 Touro L. Rev. 1 (1985) (with Jack B. Weinstein); "Article III Problems in Enforcing the Balanced Budget Amendment," 83 Colum. L. Rev. 1065 (1983).

## PRESENTATIONS

- Moderator, "Women in the Courtroom," *Daily Journal* Women Leadership in Law Conference, November 15, 2018, San Francisco, California

- Moderator, "Women and Diverse Lawyers and Business Development," *Daily Journal* Women Leadership in Law Conference, November 15, 2018, San Francisco, California

- Moderator, "The Opioid Crisis:  Its Genesis, National Implications, and Potential Solutions," Ninth Circuit Judicial Conference, July 25, 2018, Anaheim, California

- Panelist, Labor & Employment Roundtable, *California Lawyer*, November 2017

- Moderator, "Best Practices for Promoting Fair Pay," Association of Corporate Counsel Diversity and Inclusion Committee Event Featuring Equal Rights Advocates, September 8, 2016

- Panelist, Labor & Employment Roundtable, *California Lawyer*, May 2016

- "Rule 23(b)(2) Revisited:  Institutional Reform Cases," Panel at the Impact Fund's 12th Annual Class Action Conference Agenda, February 28, 2014

- "How to Litigate a Wage and Hour Case:  Challenges with Representing Foreign Language FLSA Clients," American Association of Justice Annual Conference, July 26, 2013, San Francisco, California

- "Let's Get Real:  From 'Win – Win' to 'Can Live With – Can Live With,'" ABA Section of Dispute Resolution Spring Conference, April 5, 2013, Chicago Illinois

- "Representing Classes with Special Challenges," Impact Fund, 11th Annual Class Action Conference, March 1, 2013, Berkeley, California

- "ADA in Jails & Prisons," Workshop at the 2010 Training & Advocacy Support Center of the National Disability Rights Network, P & A/CAP Annual Conference, June 10, 2010, Los Angeles, California



- "Due Process for Juvenile Parolees:  What Comes Next After *L.H. v. Schwarzenegger*?," Administrative Office of the Courts' Beyond the Bench XIX:  Communicating and Collaborating Conference, December 11-12, 2008, San Francisco, California

## EDUCATION

**Columbia Law School, New York, New York**            **J.D., 1984**

Articles Editor, Columbia Law Review
Harlan Fiske Stone Scholar, 1982, 1983, 1984
Charles Bathgate Beck Prize in Property
Parker School Recognition in Foreign and; International Law, with Honors
Public Interest Law Foundation
Teaching Fellow in Property

**Wellesley College, Wellesley, Massachusetts**        **B.A. (Philosophy), 1981**

Phi Beta Kappa
Graduated Durant Scholar (highest honors)

## BAR ADMISSIONS

State Bar of California, No. 121944 (1985)

## PROFESSIONAL AWARDS AND HONORS

*Daily Journal* Top 100 Lawyers in California (2014, 2015, 2016)
*Daily Journal* Top Women Lawyers (2011-2018)
Equal Rights Advocates Gender Justice Honoree (2016)
*Best Lawyers in America*, Employment Law (2016, 2017)
Northern California "Super Lawyer" in General Litigation (Top 100) (2012, 2016) (Top 50 Women) (2012, 2013, 2014, 2015, 2016, 2017)
*California Lawyer* Attorneys of the Year Award ("CLAY") (2013, 2016)
*The Recorder*, Attorney of the Year (2012)
California Women Lawyers' Fay Stender Award (1995)
Martindale Hubbell AV Peer Review Rated

## PROFESSIONAL AFFILIATIONS AND ACTIVITIES

Member, Circuit Executive Committee, Ninth Circuit Court of Appeals (2017 – present)
Representative, Lawyers Representative Committee, N.D. Cal. (2014 – 2017)
Trustee, San Francisco Law Library (2016 – Present)
Co-chair, Rights of Women, ABA Section of Individual Rights and Responsibilities (IR &R) (2014 – 2015)
Board of Directors, Equal Rights Advocates (2011 – 2017); Vice Chair (2013 – 2017)
Member, Committee on Gender Equity, California Women Lawyers (2012 – 2014)
Judge *Pro Tempore*, San Francisco Superior Court (2004 – 2007, 2012)
Judicial Arbitrator, Santa Clara Superior Court (2004 – 2005)
Judge *Pro Tempore*, Santa Clara Superior Court (2004 – 2005)
Pro Bono Counsel, Adolescent Counseling Services (2003 – 2004)



Member, Santa Clara County Bar Association (2001 – 2005)
Member, Palo Alto Bar Association (2001 – 2005)
Member, San Mateo County Bar Association (2001 – 2005)
Member, Bar Association of San Francisco (1985 – 1997; 2005 – Present)
Member, Equal Rights Advocates Development Committee (1998 – 2001)
Member, San Francisco Chronicle Community Advisory Board (1995)
President, San Francisco Women Lawyers Alliance (1992 – 1993)
President, SFWLA Foundation (1990 – 1993)
Director, SFWLA (1988 – 1993)
Member, Coalition to Prevent Lead Poisoning (1992)
Director, Northern California Service League (1988 – 1990)

[248590.3]

# Exhibit B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, et al., | Case No.14-cv-04086-NC |
| Plaintiffs, | **ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS** |
| v. | |
| UBER TECHNOLOGIES, INC., | |
| Defendant. | |

The Court previously found that plaintiffs were entitled to their attorneys' fees and costs as requested, with a multiplier of 1.5. Dkt. No. 139. Having considered plaintiffs' proposed order and Uber's objections (dkt. nos. 142, 143), the Court awards the following to be paid within thirty days:

| Category | Amount |
|---|---|
| Attorneys' Fees (not related to fee request) | $1,589,124.00 |
| 1.5 Multiplier Enhancement | $794,562.00 |
| Costs | $13,447.14 |
| Attorneys' Fees (related to fee request through September 9, 2016) | $87,938.00 |
| **Total** | **$2,485,071.14** |

Case No.14-cv-04086-NC

1

2    **IT IS SO ORDERED.**

3    Dated:  December 15, 2016

     _____

4                                                NATHANAEL M. COUSINS
                                                 United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MARY-LEE SMITH – Cal. Bar No. 239086
JULIA MARKS – Cal. Bar No. 300544
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Fourth Floor
Berkeley, California 94704-1204
Telephone:     (510) 665-8644
Facsimile:      (510) 665-8511
TTY:            (510) 665-8716
Email:          msmith@dralegal.org

TIMOTHY ELDER – Cal. Bar No. 277152
TRE LEGAL PRACTICE
4226 Castanos Street
Fremont, California 94536
Telephone:     (410) 415-3493
Facsimile:      (888) 718-0617
Email:          telder@trelegal.com

MICHAEL W. BIEN – Cal. Bar No. 096891
ERNEST GALVAN – Cal. Bar. No. 196065
MICHAEL S. NUNEZ – Cal. Bar No. 280535
ROSEN BIEN GALVAN & GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, California 94105-2235
Telephone:     (415) 433-6830
Facsimile:      (415) 433-7104
Email:          mbien@rbgg.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, MICHAEL KELLY, MICHAEL HINGSON, and MICHAEL PEDERSON, <br><br> Plaintiffs, <br><br> v. <br><br> UBER TECHNOLOGIES, INC. <br><br> Defendant. | Case No. 3:14-cv-04086-NC <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FEES AND COSTS** <br><br> Judge:   Hon. Magistrate Nathanael Cousins <br> Date:    December 1, 2016 <br> Time:    1:00 p.m. <br> Crtrm.:  D, 450 Golden Gate Avenue, San Francisco, CA 94102 |

for this complex and novel litigation venued in the San Francisco Bay Area.  (Dkt. Nos. 129-4 ¶¶ 11-14; 133-5 ¶¶ 9-13.)  The rates referenced in the Pearl declaration are more in line with the relevant market.  (Dkt. No. 119-4.)  The Court has considered the proffered distinction between large and small firm rates.  Plaintiffs have presented sufficient evidence to show that attorneys in small firms charge and are awarded rates comparable to those in large firms.  *See Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1120-1121 (C.D. Cal. 2012); *Building a Better Redondo, Inc. v. City of Redondo Beach*, 203 Cal. App. 4th 852, 873 (2012).  The Laffey Matrix is not a benchmark generally used in the Ninth Circuit.  *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010). To the extent that the Laffey Matrix is relevant, Plaintiffs have presented evidence that the rates sought here are in line with a version of the Laffey Matrix that has been adjusted to more closely reflect market rates.  (Pearl Reply Decl. Dkt No. 129-4 ¶¶ 18-19.)  The Court has considered all arguments regarding the rates, including that the rates for the more experienced billers, Mr. Bien and Mr. Paradis, are high.  The Court finds that Mr. Bien and Mr. Paradis are exceptional attorneys who have done exceptional work, and that their rates are reasonable based on their experience and accomplishments.    The rates awarded are as follows:

| Class | Name | Graduation Year | Rate |
|---|---|---|---|
| Partner/Director | Michael Bien | 1980 | $900 |
| | Laurence Paradis | 1985 | $895 |
| | Ernest Galvan | 1997 | $740 |
| | Mary-Lee Smith | 2005 | $645 |
| Attorney | Timothy Elder | 2010 | $475 |
| | Michael Nunez | 2011 | $460 |
| | Julia Marks | 2014 | $355 |
| Law Student | Erik Monek Anderson | | $280 |
| | Da Hae Kim | | $280 |
| Paralegal | Karen Stilber | N/A | $300 |
| | Greg Gonzalez | N/A | $275 |
| | Layla Oghabian | N/A | $275 |
| | Kyle Ruiz | N/A | $275 |
| | Rachel Smith | | $275 |

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FEES AND COSTS

[3076522-4]

1    2016 was unnecessary because on that date the parties notified the Court of a possible

2    settlement. The parties moved to vacate trial deadlines in January 2016 (Dkt No. 70). The

3    Court partially granted the motion, postponing commencement of trial from April 18, 2016

4    to June 13, 2016, and vacating pre-trial deadlines. (Dkt. No. 71.) The Court made clear

5    for the following four months that pre-trial deadlines would be reinstated if a settlement

6    was not promptly entered. Under those circumstances, the Court finds it reasonable that

7    plaintiffs' counsel continued to prepare for trial after January and even until April when a

8    final settlement was entered on the docket. Considering all arguments, the Court

9    concludes that plaintiffs' request for fees and costs are reasonable and GRANTS the

10    motion.

11         12.      The hours awarded on the merits, exclusive of fees work, are summarized by

12    timekeeper below:

| Class | Name | Hours Awarded | Rate | Amount |
|---|---|---|---|---|
| Partner/Director | Michael Bien | 139 | $900 | $125,100.00 |
| | Laurence Paradis | 508.9 | $895 | $455,465.50 |
| Attorney | Timothy Elder | 598.3 | $475 | $284,192.50 |
| | Michael Nunez (DRA) | 368.4 | $460 | $169,464.00 |
| | Michael Nunez (RBGG) | 516.4 | $460 | $237,544.00 |
| | Julia Marks | 685.9 | $355 | $243,494.50 |
| Law Student | Erik Monek Anderson | 18.6 | $275 | $5,115.00 |
| | Da Hae Kim | 3.7 | $280 | $1,036.00 |
| Paralegal | Karen Stilber | 9.1 | $300 | $2,730.00 |
| | Greg Gonzalez | 58.3 | $275 | $16,032.50 |
| Paralegal | Layla Oghabian | 26.6 | $275 | $7,315.00 |
| | Kyle Ruiz | 32.8 | $275 | $9,020.00 |

| Class | Name | Hours Awarded | Rate | Amount |
|---|---|---|---|---|
| | Rachel Smith | 118.6 | $275 | $32,615.00 |
| TOTAL | | 3084.6 | | $1,589,124.00[1] |

13.     In addition to reasonable attorneys' fees, Plaintiffs request a multiplier of 2.0 under California law.  A multiplier is permitted under California law to allow plaintiffs to be compensated for the real market value of their work, which includes a certain amount of risk absorbed by counsel when working on contingency.  *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1136 (2001) ("The experience of the marketplace indicates that lawyers generally will not provide legal representation on a contingent basis unless they receive a premium for taking that risk.")  The parties agree that this Court has the discretion to award a multiplier in this case under applicable California law.

14.     The Court considers the most analogous case cited by the parties: *Nat'l Fed'n of the Blind v. Target Corp.*, No. 06-cv-01802 MHP, 2009 WL 2390261 (N.D. Cal. Aug. 3, 2009).  In *Target*, plaintiffs sought to make Target's online platform accessible to blind web users.  *Id.* at *1.  There, Judge Patel found that a 1.65 multiplier was appropriate in a case with significant motion practice, including contested motions to dismiss, for preliminary injunction, class certification, and summary judgment.  *Id.* at *9.

15.     In this case, the Court finds that Plaintiffs sought to enhance Uber's policies to protect blind riders, which can provide a model for other businesses in the sharing economy.  Additionally, Plaintiffs faced a significant hurdle in overcoming the motion to dismiss, and took on the risk associated with raising novel legal issues in complex areas of jurisdictional, employment, and discrimination law.  Thus, the Court finds that here, a multiplier of 1.5 is appropriate to fully award plaintiffs for the fair market value of their

---

[1] This amount was shown as $1,589,574 in Exhibit A to the Elder Declaration, Dkt. No. 116-2.  Plaintiffs filed an erratum the next day, correcting this sum to $1,589,124.  (Galvan Decl. Dkt. No. 123-2, Exhibit 1.)

[3076522-4]

1   work in taking on this case.

2         16.    Plaintiffs' counsel are entitled to recover the expenses advanced to prosecute

3   this litigation on behalf of the class. Plaintiffs have incurred costs and expenses of

4   $13,447.14. These financial outlays include but are not limited to expenses related to

5   copying, legal research, an expert consultant, telephone calls, postage, service of process,

6   and travel. The costs and expenses submitted by Plaintiffs' counsel are reasonable,

7   appropriate, and fully compensable.

8         17.    Plaintiffs' counsel seeks fees and costs for work on this fees application

9   through September 9, 2016. During the oral argument the Court asked Plaintiffs' counsel

10   whether this motion for fees and costs would be updated to include time after the

11   September 9, 2016 cut-off. Plaintiffs' counsel suggested that rather than updating the

12   instant motion, any such time be included with the first annual fees and costs submission

13   as set forth in the Settlement Agreement at § 11-C-2, Dkt. No. 85-1. Counsel for

14   Defendant reserves the right to object to the reasonableness of such fees and costs. With

15   this application, however, Plaintiffs have documented 242.4 hours of work on the fees

16   application, of which they have voluntarily written down 58.7 hours, or 24.2% of the hours

17   worked, leaving a claim of 183.7 hours, in the amount of $87,938. (Elder Declaration,

18   Exhibit B, Dkt. No. 119-2.) The Court has considered the Defendant's arguments and

19   declarations in opposition to this amount, and finds that the amount sought is reasonable

20   for the work performed through September 9, 2016, and awards the following amounts for

21   the fees application work through that date, with no enhancer:

| Class | Name | Hours Awarded | Rate | Amount |
|---|---|---|---|---|
| Partner/Director | Ernest Galvan | 17.6 | $740 | $13,024.00 |
| | Mary-Lee Smith | 7.3 | $645 | $4,708.50 |
| Attorney | Timothy Elder | 89.8 | $475 | $42,655.00 |
| | Michael Nunez | 29.1 | $460 | $13,386.00 |
| | Julia Marks | 39.9 | $355 | $14,164.50 |
| TOTAL | | 183.7 | | $87,938.00 |

# Exhibit C

COPY

1  PETER DIXON, SBN 39063
   ALEX GRAFT, SBN 239647
2  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
   One Sansome Street, Suite 1400
3  San Francisco, California 94104
   Telephone: (415) 362-2580
4  Facsimile: (415) 434-0882

5  GAY GRUNFELD, SBN 121944
   LISA ELLS, SBN 243657
6  **ROSEN, BIEN & GALVAN, LLP**
   315 Montgomery Street, 10th Floor
7  San Francisco, California 94104
   Telephone: (415) 433-6830
8  Facsimile: (415) 433-7104

9  Attorneys for Defendant KENNETH WALCZAK

ENDORSED
F I L E D
San Francisco County Superior Court

FEB 0 2 2010

GORDON PARK-LI, Clerk
BY: _____ JOCELYN C. ROQUE _____
Deputy Clerk

10         SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                    COUNTY OF SAN FRANCISCO

12

13  WAUKEEN McCOY                    )  CASE NO. CGC 09 493150
    dba LAW OFFICES OF WAUKEEN McCOY, )
14                                   )  [PROPOSED] ORDER GRANTING
                      Plaintiff,     )  DEFENDANT KENNETH WALCZAK'S
15                                   )  MOTION TO STRIKE PLAINTIFF'S
         v.                          )  COMPLAINT PURSUANT TO CODE OF
16                                   )  CIVIL PROCEDURE §425.16
    KENNETH WALZAK, as an individual and )
17  DOES 1 through 10,               )  **Date:**     February 2, 2010
                                     )  **Time:**     9:30 a.m.
18                    Defendant.     )  **Dept.:**    301
                                     )
19                                   )  **Hon. Peter Busch**
                                     )
20                                   )
                                     )
21  _____)

22

23        The Special Motion to Strike Plaintiff WAUKEEN McCOY dba  LAW OFFICES OF

24  WAUKEEN McCOY's ("McCoy") Complaint for defamation pursuant to California Code of Civil

25  Procedure §425.16, by defendant KENNETH WALCZAK ("Walczak") came on regularly for

26  hearing on February 2, 2010, at 9:30 a.m. in Department 301 of the above-mentioned Court.  All

27  appearances are as noted in the record.  The preceding day the Court issued its tentative ruling as

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

follows:

    "Defendant Kenneth Walczak's Motion to Strike Complaint is Granted; Plaintiff's Complaint arised in material part from protected conduct and Plaintiff has not presented admissible evidence showing a prima facie case of success on the merits given that the statement in a pleading is privilege[d] and no evidence is offered of any other statement."

    After full consideration of the evidence and full briefing on the Motion and all supporting documents, together with oral argument of counsel and all papers and records on file herein, and good cause appearing therefor, the Court's tentative ruling shall be adopted.

    **IT IS HEREBY ORDERED** that Walczak's Special Motion to Strike McCoy's Complaint for defamation pursuant to Code of Civil Procedure § 425.16 is GRANTED.

    The statements alleged in the Complaint are protected under Code of Civil Procedure §425.16 because they constitute free speech in connection with a public issue and are subject to the litigation privilege. Furthermore, McCoy cannot establish a probability of prevailing ~~not only~~ because ~~any~~ the alleged statement̲s̲ attributed to Walczak ~~are~~ in a pleading is protected by the litigation privilege, ~~but~~ and McCoy has presented no evidence of any other ~~also because there is significant evidence that McCoy has in fact repeatedly lied on the record and~~ statements. ~~under oath in the federal court action, and because McCoy cannot show by clear and convincing evidence that Walczak's statements were made with actual malice as he is required to do as a limited-purpose public figure. McCoy is denied leave to amend his Complaint as leave to amend is not permitted following an order granting a special motion to strike.~~

    **IT IS FURTHER ORDERED** that Walczak be deemed the prevailing party as to the hearing on his Special Motion to Strike McCoy's Complaint pursuant to Code of Civil Procedure §425.16.

    **IT IS SO ORDERED.**

DATED: 2/2/10                       _____
                                         Hon. Peter Busch

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

Filed 10/21/11 McCoy v. Walczak CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

WAUKEEN MCCOY,

Plaintiff and Appellant,

v.

KENNETH WALCZAK,

Defendant and Respondent.

A129671

(San Francisco County
Super. Ct. No. CGC09493150)

Plaintiff Waukeen McCoy appeals an order granting defendant Kenneth Walczak's[1] motion for attorney fees, which was made after the trial court granted Walczak's special motion to strike pursuant to Code of Civil Procedure[2] section 425.16 (the anti-SLAPP motion). He contends the motion for attorney fees was untimely, and that the award was excessive. We shall affirm the order.

[1] Kenneth Walczak's name is misspelled as "Walzak" in parts of the record, including the case caption below.

[2] All statutory references are to the Code of Civil Procedure. All rule references are to the California Rules of Court.

## I.  BACKGROUND

Walczak filed a special motion to strike McCoy's action against him for defamation, and on February 2, 2010, the trial court granted the motion and found Walczak to be the prevailing party.[3]

Walczak filed a motion for attorney fees on April 2, 2010.  His counsel on the motion were the law firms of Lewis Brisbois Bisgaard & Smith LLP (Lewis Brisbois), and Rosen, Bien & Galvan, LLP (Rosen Bien).  At the May 18, 2010, hearing on the motion, the trial court ruled that Walczak was entitled to fees for the work of both firms, but said the record was inadequate for it to determine the proper amount of fees, and that it was "inclined to deny this without prejudice to its being renewed."

On July 21, 2010, the trial court issued a written order denying the motion for attorney fees without prejudice to renewing the motion, stating in its order that it could not evaluate the request because the motion did not provide any breakdown on how the time was spent, "especially given the relatively high amount of award sought, and the sequential involvement of 2 firms."  The court denied the motion "without prejudice to renewing on an adequate factual record."  The court expressly found, however, that Walczak was entitled to recover his reasonable attorney fees, and ordered that the issue in the renewed motion would be limited to the reasonableness of the fees Walczak sought. The court concluded, "Mr. Walczak shall be permitted to renew his Motion for Reasonable Attorneys' Fees and Costs Following Successful Anti-SLAPP Motion."

Walczak filed his renewed motion for attorney fees on July 23, 2010.  The renewed motion included detailed billing records from both law firms.  The trial court awarded Walczak $92,898 in attorney fees.

---

[3] The "Factual and Procedural Background" section of McCoy's opening brief contains two pages of factual assertions unsupported by any citations to the record.  We remind the parties of their duty to provide adequate record citations.  (See *Bernard v. Hartford Fire Ins. Co.* (1991) 226 Cal.App.3d 1203, 1205.)

## II.  DISCUSSION

### A.  Timeliness of Renewed Motion For Attorney Fees

McCoy contends Walczak's renewed motion for attorney fees was untimely.  Rule 3.1702, subdivision (b)(1) provides that a motion for attorney fees must be served and filed within the time for filing a notice of appeal—in this case, within 60 days of February 4, 2010, the date the notice of entry of order granting the anti-SLAPP motion was served.  (Rule 8.104, subd. (a)(2); see also *American Humane Assn. v. Los Angeles Times Communications* (2001) 92 Cal.App.4th 1095, 1104 [prevailing party on anti-SLAPP motion may seek fees as permitted by predecessor to rule 8.104].)  However, "[f]or good cause, the trial judge may extend the time for filing a motion for attorney's fees in the absence of a stipulation . . . ."  (Rule 3.1702, subd. (d).)  " '[I]t [is] settled that the time limitation set out in [the predecessor to rule 3.1702] is . . . not jurisdictional in character and that a trial court has broad discretion in allowing relief from a late filing where . . . there is an absence of a showing of prejudice to the opposing party.' [Citation.]"  (*Gunlock Corp. v. Walk on Water, Inc.* (1993) 15 Cal.App.4th 1301, 1304.)

The initial motion for attorney fees was filed within this 60-day window.  After the trial court denied the motion without prejudice to filing a renewed motion, Walczak filed a renewed motion, outside the 60-day window.

The subject of the timing of the renewed motion was discussed at the May 18, 2010, hearing on the initial motion.  After the trial court stated it was inclined to deny the motion without prejudice to its being renewed, counsel for Walczak said, "I'm not here to contest the tentative, but I did want to clear with the Court a proposed timeline for renewing the motion so that we can give the Court an adequate factual record on which to base an award."  The court replied, "I think you'd be free to just file it on regular notice, unless there's something I'm missing that would prevent that."  Counsel for Walczak continued, "And I don't know that there is anything, Your Honor.  I just wanted it to be clear that we may renew the motion in, say, 30 days from notice of entry of order or something along those lines, and I wanted to make sure that that was acceptable to the Court."  The court asked counsel for McCoy to respond, and he said, "Your Honor, we're

not too concerned about the timeline the Court sets out.  We just—again, if the motion is renewed, we would like to bring our arguments again regarding the entitlement to fees." After further argument, the court ruled that Walczak was entitled to fees.  The trial court later issued its order denying the motion without prejudice and permitting Walczak to renew his motion to argue the limited issue of the reasonable amount of fees.

In his opposition to the renewed motion for attorney fees, McCoy argued the fee request was untimely because it did not fall within the time limits of rule 3.1702.  The trial court rejected this argument, ruling, "Defendant timely filed a notice of motion claiming fees, which preserved jurisdiction to determine the amount of an award."

McCoy argues on appeal that the trial court did not extend the time for Walczak to file his renewed motion for attorney fees, and that the renewed motion was therefore untimely.  We reject this contention.  Although the trial court did not state expressly that it was extending the time to file a renewed motion pursuant to rule 3.1702, it is clear that both the court and the parties understood that Walczak would be permitted to file a renewed motion to complete the task of demonstrating the amount of fees to which the court had ruled he was entitled.  It is also clear that McCoy suffered no prejudice.  The order denying the initial motion was signed on July 20, 2010, and filed on July 21, 2010. Two days later, on July 23, 2010, Walczak filed his renewed motion.

In the circumstances, we conclude the trial court properly exercised its discretion to allow Walczak to file his renewed motion after the 60-day period contemplated by rule 3.1702 had passed.

## B.  Reasonableness of Fees

McCoy also contends the fees the trial court awarded were excessive.  "Section 425.16, subdivision (c) makes an award of attorney fees to a defendant, who prevails on an anti-SLAPP motion, mandatory.  [Citation.]  We review the amount of attorney fees awarded for abuse of discretion.  [Citation.]  A trial court's attorney fee award will not be set aside 'absent a showing that it is manifestly excessive in the circumstances.' [Citation.]"  (*Raining Data Corp. v. Barrenechea* (2009) 175 Cal.App.4th 1363, 1375.)

McCoy's first contention is that Lisa Ells, an associate at Rosen Bien who graduated from law school in 2005, billed an excessive number of hours (34.3) in drafting the special motion to strike given that she was not the lead attorney.[4]  He also argues that "[t]he number of hours billed for certain tasks does not reflect their alleged level of expertise," but he does not tell us which tasks he has in mind or to whom he is referring.

The amount of attorney fees following a successful anti-SLAPP motion is calculated in accordance with the "lodestar" method.  (*Cabral v. Martins* (2009) 177 Cal.App.4th 471, 491.)  Under that method, " 'a court assessing attorney fees begins with a touchstone or lodestar figure, based on the "careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case." [Citation.]' " (*Graham v. DaimlerChrysler Corp.* (2004) 34 Cal.4th 553, 579.) This lodestar " 'is the basic fee for comparable legal services in the community; it may be adjusted by the court based on factors including . . . (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award.  [Citation.]  The purpose of such adjustment is to fix a fee at the fair market value for the particular action.' " (*Ibid.*)  "In challenging attorney fees as excessive because too many hours of work are claimed, it is the burden of the challenging party to point to the specific items challenged, with a sufficient argument and citations to the evidence.  General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564 (*Premier Medical*).)

Walczak presented evidence that the billing rates for the attorneys who represented him, including Ells, were well within the reasonable range for attorneys in the San Francisco Bay Area with comparable skills, reputation, and experience.  McCoy

---

[4] In his reply brief, McCoy argues the fees were so excessive as to shock the conscience, citing as an example Ells's billing of "$34,419.00 for 34.3 hours of work, or $1003.47 per hour for a third year junior associate's work."  McCoy is mistaken.  Ms. Ells logged 104.3 total hours of work.

draws our attention to nothing in the record suggesting otherwise.  We therefore reject his challenge to the billing rates.

McCoy also asserts that the fees awarded were duplicative.  Walczak was an associate at Rosen Bien.  It appears that McCoy brought the defamation action against him based on events in two underlying lawsuits in federal court.   Walczak was initially represented in the defamation action by Rosen Bien.  Rosen Bien's insurance carrier later retained Lewis Brisbois to defend Walczak.  Walczak presented evidence that Peter Dixon, the partner at Lewis Brisbois assigned to the case, was in trial at the time of the tender, and the record in the case underlying the defamation action was extensive and complex.  Because the 60-day period for filing an anti-SLAPP motion was running (see § 425.16, subd. (f)), Rosen Bien began working on the motion, and collaborated with Lewis Brisbois on strategic matters.  After counsel at Lewis Brisbois became "fully engaged," Rosen Bien principally "provid[ed] factual support, strategic insight and background information relevant to the finalizing of the anti-SLAPP motion, with the exception of limited research and drafting assistance" provided by Ells.

McCoy contends the involvement of the two firms led to duplication of effort and fees.  He argues that Lewis Brisbois attorneys claimed over 32 hours of work during the period the Lewis Brisbois partner was involved in the unrelated trial; that Rosen Bien claimed more than 36 hours of work during the same period; that in total Lewis Brisbois claimed 33.1 hours and Rosen Bien claimed 57.7 hours to draft the anti-SLAPP motion and accompanying documents; and that more than 12 hours of that time was spent in conference calls and correspondence " 'strategizing' " the motion.

As noted in *Premier Medical*, "[c]ollaboration does not necessarily amount to duplication that is not compensable under section 425.16, subdivision (c)."  (*Premier Medical*, *supra*, 163 Cal.App.4th 550 at p. 562.)  Rather, it is the duty of the party challenging the fee award to present evidence that the award is based on unnecessary or duplicative work.  (*Ibid*.; see also *Braun v. Chronicle Publishing Co.* (1997) 52 Cal.App.4th 1036, 1052-1053; *Tuchscher Development Enterprises, Inc. v. San Diego*

*Unified Port Dist.* (2003) 106 Cal.App.4th 1219, 1248.)  McCoy's conclusory complaints about the amount of time the attorneys spent come nowhere near meeting this burden.

Moreover, in awarding $92,898 in attorney fees, the trial court deducted nearly $16,000 from the amount sought by Walczak, stating as it did so:  "In arriving at this fee award, the Court has carefully reviewed the time records submitted by Mr. Walczak, and has eliminated any duplicative, inefficient and/or otherwise inappropriately claimed hours."  McCoy makes no attempt to show that any duplicative hours exceeded this reduction in the fee award.

### III.   DISPOSITION

The order appealed from is affirmed.

_____

RIVERA, J.

We concur:

_____

RUVOLO, P.J.

_____

SEPULVEDA, J.

# Exhibit D

DONALD SPECTER – 083925
CORENE KENDRICK – 226642
RITA K. LOMIO – 254501
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California  94710-1916
Telephone:    (510) 280-2621
Facsimile:    (510) 280-2704

MICHAEL W. BIEN – 096891
GAY C. GRUNFELD – 121944
PENNY GODBOLD – 226925
MICHAEL FREEDMAN – 262850
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, 6th Floor
San Francisco, California  94105
Telephone:    (415) 433-6830
Facsimile:    (415) 433-7104

LINDA D. KILB – 136101
DISABILITY RIGHTS EDUCATION &
DEFENSE FUND, INC.
3075 Adeline Street, Suite 201
Berkeley, California  94703
Telephone:    (510) 644-2555
Facsimile:    (510) 841-8645

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ARMSTRONG, et al., | Case No. C94 2307 CW |
| Plaintiffs, | **[PROPOSED] STIPULATED ORDER CONFIRMING UNDISPUTED ATTORNEYS' FEES AND COSTS FOR THE THIRD QUARTER OF 2018** |
| v. | |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | Judge:   Hon. Claudia Wilken |

1    On March 26, 1997, the District Court established procedures by which Plaintiffs
2  are to collect periodic attorneys' fees and costs in this case in connection with their work
3  monitoring Defendants' compliance with the Court's Orders and collecting fees.

4    Pursuant to these procedures, on October 30, 2018, Plaintiffs served on Defendants
5  their Third Quarterly Statement for 2018 by overnight delivery.  The parties completed
6  their meet-and-confer process on December 20, 2018 as to the fees and costs incurred on
7  all matters.

8    As a result of the December 20, 2018 agreement, the parties agree to the following:

9    The parties agree to the payment of $1,276,269.95  to resolve all fees and costs
10  incurred during the Third Quarter of 2018, for monitoring and/or litigation activities in the
11  California Department of Corrections of Rehabilitation Division of Adult Operations and
12  Adult Programs (CDCR AOAP) portion of the case.  Attached hereto as **Exhibit A** are
13  charts setting forth the fees and costs claimed by Plaintiffs and the amounts agreed to by
14  the parties to settle these claims.

15    The parties agree to the payment of $101,394.75 to resolve all fees and costs
16  incurred during the Third Quarter of 2018, for monitoring and/or litigation activities in the
17  Board of Parole Hearings (BPH) portion of the case.  Attached hereto as **Exhibit B** are
18  charts setting forth the fees and costs claimed by Plaintiffs and the amounts agreed to by
19  the parties to settle these claims.

20    The parties agree to the payment of $175,080.54 to resolve all fees and costs
21  incurred during the Third Quarter of 2018, for monitoring and/or litigation activities in the
22  Division of Adult Parole Operations (DAPO) portion of the case.  Attached hereto as
23  **Exhibit C** are charts setting forth the fees and costs claimed by Plaintiffs and the amounts
24  agreed to by the parties to settle these claims.

25    The parties agree to the payment of $12,346.62 to resolve all fees and costs incurred
26  during the Third Quarter of 2018, for fees work.  Attached hereto as **Exhibit D** are charts
27  setting forth the fees and costs claimed by Plaintiffs and the amounts agreed to by the
28  parties to settle these claims.

[PROPOSED] STIPULATED ORDER CONFIRMING UNDISPUTED ATTORNEYS' FEES AND COSTS FOR THE
THIRD QUARTER OF 2018

[3331462.1]

1      IT IS HEREBY ORDERED that the amounts set forth above are due and

2   collectable as of forty-five days from the date of entry of this Order.  Interest on these fees

3   and costs will run from November 29, 2018, accruing at the rate provided by 28 U.S.C.

4   § 1961.

5

6   DATED:   January 2, 2019

7                                              Claudia W
                                               United States District Judge

8

9   APPROVED AS TO FORM:

10

11  DATED: December 20, 2018            /s/ Sharon Garske
                                        Sharon Garske
12                                      Deputy Attorney General
                                        Attorney for Defendants
13

14  DATED:  December 20, 2018           /s/Gay Crosthwait Grunfeld
                                        Gay Crosthwait Grunfeld
15                                      Rosen Bien Galvan & Grunfeld LLP
                                        Attorney for Plaintiffs
16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED ORDER CONFIRMING UNDISPUTED ATTORNEYS' FEES AND COSTS FOR THE
THIRD QUARTER OF 2018

[3331462.1]

# EXHIBIT A

## Armstrong v. Brown
**Third Quarterly Statement of 2018**
**July 1, 2018 through September 30, 2018**

### CDCR/AOAP SUMMARY OF UNDISPUTED FEES AND COSTS

| MATTER | UNDISPUTED FEES | UNDISPUTED COSTS |
|---|---|---|
| CDCR/AOAP MONITORING | $1,239,090.72 | $37,179.23 |
| | **TOTAL UNDISPUTED:** | **$1,276,269.95** |

**Armstrong v. Brown**
Third Quarterly Statement of 2018
July 1, 2018 through September 30, 2018
*Matter:  CDCR/AOAP Monitoring/Merits*

| _Monitoring (581-3)_ | Actual | Claimed | 2018 | | Fees Now Owing |
|---|---|---|---|---|---|
| | | | | | Per Negotiated |
| | Hours | Hours | Rates | Total | Compromise |
| **ROSEN, BIEN, GALVAN & GRUNFELD** | | | | | |
| Michael W. Bien (MWB) | 1.60 | 1.60 | $965 | $1,544.00 | $1,482.24 |
| Gay C. Grunfeld (GCG) | 20.80 | 20.70 | $835 | $17,284.50 | $16,593.12 |
| Penny Godbold (PG) | 241.60 | 241.40 | $675 | $162,945.00 | $156,427.20 |
| Thomas Nolan (TN) | 119.80 | 119.80 | $700 | $83,860.00 | $80,505.60 |
| Michael L. Freedman (MLF) | 78.20 | 75.90 | $585 | $44,401.50 | $42,625.44 |
| Ben Bien-Kahn (BBK) | 67.20 | 65.50 | $535 | $35,042.50 | $33,640.80 |
| Krista Stone-Manista (KSM) | 8.50 | 8.50 | $535 | $4,547.50 | $4,365.60 |
| Jenny Yelin (JY) | 8.50 | 8.50 | $525 | $4,462.50 | $4,284.00 |
| Kara J. Janssen (KJJ) | 1.20 | 0.00 | $525 | $0.00 | $0.00 |
| Karen Stilber (KES) | 192.50 | 189.70 | $340 | $64,498.00 | $61,918.08 |
| Linda Woo (LHW) | 0.40 | 0.00 | $340 | $0.00 | $0.00 |
| F. Gail LaPurja (FGL) | 0.30 | 0.00 | $275 | $0.00 | $0.00 |
| Greg Gonzalez (GZG) | 23.30 | 23.30 | $275 | $6,407.50 | $6,151.20 |
| Dylan Verner-Crist (DVC) | 11.90 | 11.90 | $240 | $2,856.00 | $2,741.76 |
| Maisy H. Sylvan (MHS) | 57.50 | 51.90 | $225 | $11,677.50 | $11,210.40 |
| Nathalie Welch (NW) | 27.30 | 14.80 | $240 | $3,552.00 | $3,409.92 |
| Hanna Wallace (HW) | 317.30 | 312.10 | $225 | $70,222.50 | $67,413.60 |
| **Total Hours:** | **1,177.90** | **1,145.60** | | | |
| **RBGG FEES:** | | | | **$513,301.00** | **$492,768.96** |
| **PRISON LAW OFFICE** | | | | | |
| Donald Specter (DS) | 22.60 | 22.60 | $965 | $21,809.00 | $20,936.64 |
| Sara Norman (SN) | 74.30 | 74.30 | $790 | $58,697.00 | $56,349.12 |
| Rita Lomio (RL) | 238.40 | 238.40 | $615 | $146,616.00 | $140,751.36 |
| Thomas Nosewicz (TMN) | 178.20 | 178.20 | $585 | $104,247.00 | $100,077.12 |
| Margot Mendelson (MM) | 101.30 | 101.30 | $535 | $54,195.50 | $52,027.68 |
| Camille Woods (CW) | 82.40 | 82.40 | $350 | $28,840.00 | $27,686.40 |
| Amber Norris (AN) | 202.20 | 202.20 | $335 | $67,737.00 | $65,027.52 |
| Megan Lynch (ML) | 262.30 | 262.30 | $335 | $87,870.50 | $84,355.68 |
| Sarah Hopkins (SH) | 222.10 | 222.10 | $300 | $66,630.00 | $63,964.80 |
| Annalise Finney (AF) | 44.70 | 44.70 | $300 | $13,410.00 | $12,873.60 |
| Alayna O'Bryan | 33.10 | 33.10 | $275 | $9,102.50 | $8,738.40 |
| Tania Amarillas (TA) | 95.10 | 95.10 | $275 | $26,152.50 | $25,106.40 |
| Noah Breslau (NB) | 28.50 | 28.50 | $275 | $7,837.50 | $7,524.00 |
| Alexis Hoffman (AH) | 79.90 | 79.90 | $275 | $21,972.50 | $21,093.60 |
| Gabby Sergi (GS) | 94.70 | 94.70 | $275 | $26,042.50 | $25,000.80 |
| Stacy Amador (SA) | 4.50 | 4.50 | $275 | $1,237.50 | $1,188.00 |
| Gabriela Pelsinger (GP) | 50.40 | 50.40 | $275 | $13,860.00 | $13,305.60 |
| Juliette Mueller (JM) | 75.90 | 75.90 | $275 | $20,872.50 | $20,037.60 |
| **Total Hours:** | **1,890.60** | **1,890.60** | | | |
| **PLO FEES:** | | | | **$777,129.50** | **$746,044.32** |
| **DISABILITY RIGHTS EDUCATION AND DEFENSE FUND** | | | | | |
| Case Clerk | 1.70 | 1.70 | $170 | $289.00 | $277.44 |
| **Total Hours:** | **1.70** | **1.70** | | | |
| **DREDF FEES:** | | | | **$289.00** | **$277.44** |
| **TOTAL CDCR/AOAP MONITORING FEES:** | | | | **$1,290,719.50** | **$1,239,090.72** |

**Armstrong v. Brown**
Third Quarterly Statement of 2018
July 1, 2018 through September 30, 2018
<u>Costs</u>

*Matter:  CDCR/AOAP Merits/Monitoring*

| <u>Rosen, Bien, Galvan & Grunfeld (581-3)</u> | | <u>Costs</u> | Costs Now Owing<br><u>Per Negotiated<br>Compromise</u> |
|---|---|---|---|
| Photocopying (In house) | | $1,771.60 | $1,700.74 |
| Photocopying/printing (Outside) | | $1,419.46 | $1,362.68 |
| Translation/Interpreter Services | | $2,680.00 | $2,572.80 |
| Online Research - PACER, Westlaw | | $2.05 | $1.97 |
| Postage & Delivery | | $149.58 | $143.60 |
| Telephone | | $18.90 | $18.14 |
| Travel - Mileage, Tolls, Food | | $9,842.70 | $9,448.99 |
| | **Total RBGG Costs:** | **$15,884.29** | **$15,248.92** |
| | | | |
| <u>Prison Law Office</u> | | | |
| Photocopying (In house) | | $539.00 | $517.44 |
| Interpreting/Translation services | | $4,641.00 | $4,455.36 |
| Travel - Mileage, Tolls, Food | | $15,763.03 | $15,132.51 |
| Postage & Delivery | | $1,693.88 | $1,626.12 |
| | **Total PLO Costs:** | **$22,636.91** | **$21,731.43** |
| | | | |
| <u>Disability Rights Education & Defense Fund, Inc.</u> | | | |
| Photocopying (in-house) | | $168.20 | $161.47 |
| Pacer | | $3.00 | $2.88 |
| Postage & Delivery | | $35.96 | $34.52 |
| | **Total DREDF Costs:** | **$207.16** | **$198.87** |
| | | | |
| | **TOTAL CDCR/AOAP MERITS/MONITORING COSTS:** | **$38,728.36** | **$37,179.23** |

# EXHIBIT B

### Armstrong v. Brown
**Third Quarterly Statement of 2018**
**July 1, 2018 through September 30, 2018**

## BPH SUMMARY OF UNDISPUTED FEES AND COSTS

| MATTER | UNDISPUTED FEES | UNDISPUTED COSTS |
|---|---|---|
| BPH | $99,847.20 | $1,547.55 |
| **TOTAL UNDISPUTED:** | | **$101,394.75** |

### Armstrong v. Brown
Third Quarterly Statement of 2018
July 1, 2018 through September 30, 2018
*Matter: BPH*

| BPH (581-4) | | Actual | Claimed | 2018 | | Fees Now Owing |
|---|---|---|---|---|---|---|
| | | | | | | Per Negotiated |
| | | Hours | Hours | Rates | Total | Compromise |
| **BPH MONITORING (581-4)** | | | | | | |
| | | | | | | |
| **ROSEN, BIEN, GALVAN & GRUNFELD** | | | | | | |
| Ernest Galvan (EG) | | 0.5 | 0 | $780 | $0.00 | $0.00 |
| Gay C. Grunfeld (GCG) | | 7.60 | 7.60 | $835 | $6,346.00 | $6,092.16 |
| Thomas Nolan (TN) | | 43.20 | 43.00 | $700 | $30,100.00 | $28,896.00 |
| Penny Godbold (PG) | | 0.50 | 0.00 | $675 | $0.00 | $0.00 |
| Karen Stilber (KES) | | 2.10 | 2.10 | $340 | $714.00 | $685.44 |
| Hanna N. Wallace (HW) | | 2.50 | 2.50 | $225 | $562.50 | $540.00 |
| | Total Hours: | 56.40 | 55.20 | | | |
| **RBGG FEES:** | | | | | **$37,722.50** | **$36,213.60** |
| | | | | | | |
| **PRISON LAW OFFICE** | | | | | | |
| Sara Norman (SN) | | 4.10 | 4.10 | $790 | $3,239.00 | $3,109.44 |
| Rita Lomio (RL) | | 47.10 | 47.10 | $615 | $28,966.50 | $27,807.84 |
| Rana Anabtawi (RA) | | 63.70 | 63.70 | $535 | $34,079.50 | $32,716.32 |
| | Total Hours: | 114.90 | 114.90 | | | |
| **PLO FEES:** | | | | | **$66,285.00** | **$63,633.60** |
| | | | | | | |
| **TOTAL FEES FOR BPH WORK:** | | | | | **$104,007.50** | **$99,847.20** |

**Armstrong v. Brown**
Third Quarterly Statement of 2018
July 1, 2018 through September 30, 2018
Costs

## Matter: BPH

|  | | Costs Now Owing |
|---|---|---|
| **Rosen, Bien, Galvan & Grunfeld (581-4)** | **Costs** | **Per Negotiated Compromise** |
| Photocopying (In house) | $134.60 | $129.22 |
| Interpreter/SLI | $198.00 | $190.08 |
| Telephone | $1.15 | $1.10 |
| Travel - Mileage, Tolls, Food | $152.44 | $146.34 |
| **Total RBGG Costs:** | **$486.19** | **$466.74** |
| | | |
| **Prison Law Office** | | |
| Travel - Mileage, Tolls, Food | $1,125.84 | $1,080.81 |
| **Total PLO Costs:** | **$1,125.84** | **$1,080.81** |
| | | |
| **TOTAL BPH COSTS:** | **$1,612.03** | **$1,547.55** |

# EXHIBIT C

## Armstrong v. Brown
**Third Quarterly Statement of 2018**
**July 1, 2018 through September 30, 2018**

## DAPO SUMMARY OF UNDISPUTED FEES AND COSTS

| MATTER | UNDISPUTED FEES | UNDISPUTED COST |
|---|---|---|
| DAPO MONITORING | $171,723.84 | $3,356.70 |
| | **TOTAL UNDISPUTED:** | **$175,080.54** |

**Armstrong v. Brown**
Third Quarterly Statement of 2018
July 1, 2018 through September 30, 2018
*Matter: DAPO Monitoring*

| _DAPO Monitoring (581-9)_ | Actual Hours | Claimed Hours | 2018 Rates | Total | Fees Now Owing Per Negotiated Compromise |
|---|---|---|---|---|---|
| **ROSEN, BIEN, GALVAN & GRUNFELD** | | | | | |
| Sanford Jay Rosen (SJR) | 0.30 | 0.00 | $1,000 | $0.00 | $0.00 |
| Gay C. Grunfeld (GCG) | 12.40 | 12.40 | $835 | $10,354.00 | $9,939.84 |
| Penny Godbold (PG) | 33.90 | 33.90 | $675 | $22,882.50 | $21,967.20 |
| Thomas Nolan (TN) | 19.20 | 18.60 | $700 | $13,020.00 | $12,499.20 |
| Michael L. Freedman (MLF) | 29.90 | 28.10 | $585 | $16,438.50 | $15,780.96 |
| Benjamin Bien-Kahn (BBK) | 92.10 | 88.80 | $535 | $47,508.00 | $45,607.68 |
| Kara J. Janssen (KJJ) | 0.80 | 0.00 | $525 | $0.00 | $0.00 |
| Krista Stone-Manista (KSM) | 26.60 | 24.40 | $535 | $13,054.00 | $12,531.84 |
| Jenny S. Yelin (JSY) | 26.10 | 26.10 | $525 | $13,702.50 | $13,154.40 |
| Karen Stilber (KES) | 2.80 | 2.80 | $340 | $952.00 | $913.92 |
| F. Gail LaPurja (FGL) | 8.90 | 8.90 | $275 | $2,447.50 | $2,349.60 |
| Marcus V. Levy (MVL) | 0.20 | 0.00 | $275 | $0.00 | $0.00 |
| Nathalie Welch (NCW) | 197.70 | 160.50 | $240 | $38,520.00 | $36,979.20 |
| Maisy Sylvan (MHS) | 0.80 | 0.00 | $225 | $0.00 | $0.00 |
| Hanna Wallace (HW) | 0.60 | 0.00 | $225 | $0.00 | $0.00 |
| Total Hours: | 452.30 | 404.50 | | | |
| **RBGG FEES:** | | | | **$178,879.00** | **$171,723.84** |
| **TOTAL DAPO MONITORING WORK FEES:** | | | | **$178,879.00** | **$171,723.84** |

**Armstrong v. Brown**
Third Quarterly Statement of 2018
July 1, 2018 through September 30, 2018
<u>Costs</u>

*Matter: DAPO Monitoring*

|  |  | Costs Now Owing Per Negotiated Compromise |
|---|---|---|
| **<u>Rosen, Bien, Galvan & Grunfeld (581-9)</u>** | **<u>Costs</u>** |  |
| Photocopying (in-house) | $703.80 | $675.65 |
| Photocopying (outside) | $219.04 | $210.28 |
| Interpreting/translation | $392.50 | $376.80 |
| Westlaw | $30.81 | $29.58 |
| Outside Postage & Delivery | $28.00 | $26.88 |
| Inhouse Postage | $235.74 | $226.31 |
| Long distance telephone charges | $0.60 | $0.58 |
| Travel - Mileage, Tolls, Food | $1,886.07 | $1,810.63 |
| **Total RBGG Costs:** | **$3,496.56** | **$3,356.70** |
| **TOTAL DAPO MONITORING COSTS:** | **$3,496.56** | **$3,356.70** |

# EXHIBIT D

## <u>Armstrong v. Brown</u>
**Third Quarterly Statement of 2018**
**July 1, 2018 through September 30, 2018**

## SUMMARY OF UNDISPUTED FEES WORK AND COSTS

|  | <u>UNDISPUTED FEES</u> | <u>UNDISPUTED COSTS</u> |
|---|---|---|
| FEES WORK (ALL MATTERS) | $12,162.72 | $183.90 |
|  | **TOTAL UNDISPUTED:** | **$12,346.62** |

**Armstrong v. Brown**
Third Quarterly Statement of 2018
July 1, 2018 through September 30, 2018
*Matter: All Matters Fees Work*

| Fees (581-2) | | Actual Hours | Claimed Hours | 2018 Rates | Total | Fees Now Owing Per Negotiated Compromise |
|---|---|---|---|---|---|---|
| **ROSEN, BIEN, GALVAN & GRUNFELD** | | | | | | |
| Gay C. Grunfeld (GCG) | | 5.70 | 5.50 | $835 | $4,592.50 | $4,408.80 |
| Ernest Galvan (EG) | | 0.20 | 0.00 | $780 | $0.00 | $0.00 |
| Karen E. Stilber (KES) | | 10.50 | 10.10 | $340 | $3,434.00 | $3,296.64 |
| | Total Hours: | 16.40 | 15.60 | | | |
| **RBGG FEES:** | | | | | **$8,026.50** | **$7,705.44** |
| | | | | | | |
| **PRISON LAW OFFICE** | | | | | | |
| Rita Lomio | | 2.40 | 2.40 | $615 | $1,476.00 | $1,416.96 |
| Margot Mendelson (MKM) | | 2.50 | 2.50 | $535 | $1,337.50 | $1,284.00 |
| Ashley Kirby (AK) | | 6.70 | 6.70 | $210 | $1,407.00 | $1,350.72 |
| | Total Hours: | 11.60 | 11.60 | | | |
| **PLO FEES:** | | | | | **$4,220.50** | **$4,051.68** |
| | | | | | | |
| **DISABILITY RIGHTS EDUCATION AND DEFENSE FUND** | | | | | | |
| Linda Kilb (LDK) | | 0.50 | 0.50 | $845 | $422.50 | $405.60 |
| | Total Hours: | 0.50 | 0.50 | | | |
| **DREDF FEES:** | | | | | **$422.50** | **$405.60** |
| | | | | | | |
| **TOTAL ARMSTRONG FEES WORK:** | | | | | **$12,669.50** | **$12,162.72** |

**Armstrong v. Brown**
Third Quarterly Statement of 2018
July 1, 2018 through September 30, 2018
<u>Costs</u>

*Matter: Fees Work in All Matters*

|  |  | Costs Now Owing |
|---|---|---|
| **Rosen, Bien, Galvan & Grunfeld (581-2)** | **Costs** | **Per Negotiated Compromise** |
| Photocopying and Printing (in-house) | $139.60 | $134.02 |
| Long distance telephone | $0.05 | $0.05 |
| Postage & Delivery | $48.91 | $46.95 |
| **Total RBGG Costs:** | **$188.56** | **$181.02** |
|  |  |  |
| **Disability Rights Education & Defense Fund, Inc.** |  |  |
| Photocopying (in-house) | $3.00 | $2.88 |
| **Total DREDF Costs:** | **$3.00** | **$2.88** |
|  |  |  |
| **TOTAL FEES WORK COSTS :** | **$191.56** | **$183.90** |

# Exhibit E

*14861364*

1    GAY CROSTHWAIT GRUNFELD – 121944
     JENNY S. YELIN – 273601
2    ROSEN BIEN GALVAN & GRUNFELD LLP
     50 Fremont Street, 19th Floor
3    San Francisco, California  94105-2235
     Telephone:    (415) 433-6830
4    Facsimile:    (415) 433-7104
     Email:        ggrunfeld@rbgg.com
5                  jyelin@rbgg.com

6    JENNIFER LIU – 279370
     ASHLEY PELLOUCHOUD – 286049
7    THE LIU LAW FIRM, P.C.
     1390 Market Street, Suite 200
8    San Francisco, California  94102
     Telephone:    (415) 896-4260
9    Facsimile:    (415) 231-0011
     Email:        jliu@liulawpc.com
10                 ap@liulawpc.com

11   Attorneys for Plaintiff and the Settlement Class

12

13            SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                        COUNTY OF ALAMEDA

15

16   MATTHEW SUNNER, on behalf of        Case No. RG15772244
     himself and others similarly situated,
17                                        ASSIGNED FOR ALL PURPOSES TO:
                   Plaintiff,             JUDGE GEORGE HERNANDEZ
18                                        DEPARTMENT 17
             v.
19                                        COMPLEX CASE; CLASS ACTION
     KENNETH R. TURNAGE II GENERAL
20   CONTRACTOR, INC., d/b/a K2GC, INC.;  [PROPOSED] ORDER GRANTING
     KENNETH R. TURNAGE II; and DOES      MOTION FOR CLASS
21   1-10,                                REPRESENTATIVE SERVICE
                                          AWARD AND ATTORNEY'S FEES
22                 Defendants.            AND COSTS

23                                        Judge:  Hon. George Hernandez
                                          Date:   February 15, 2017
24                                        Time:   2:30 p.m.
                                          Dept.:  17
25                                        Reservation No.: 1792476 1822643
                                          Action Filed:  May 29, 2015
26                                        Trial Date:    None Set

27

28

[3085476-2]                                                    RG15772244

     [PROPOSED] ORDER GRANTING MOTION FOR CLASS REPRESENTATIVE SERVICE AWARD AND
                          ATTORNEY'S FEES AND COSTS

FILED
ALAMEDA COUNTY
FEB 1 5 2017
CLERK OF THE SUPERIOR COURT
By _____
                          Deputy

Received
FEB 0 1 2017

1      Plaintiff's Motion for Class Representative Service Award and Attorney's Fees and

2 Costs came on for hearing before this Court on February 15, 2017.  The Court having

3 considered the pleadings on the motion, the Joint Stipulation of Settlement and Release

4 ("Settlement Agreement"), attached as Exhibit A to the Declaration of Gay Crosthwait

5 Grunfeld in Support of Motion for Final Approval of Class Action Settlement and Motion

6 for Class Representative Service Award and Attorney's Fees and Costs, oral argument at

7 the hearing, and the record in this case, and good cause appearing, hereby ORDERS as

8 follows:

9     1.    A service award is justified in this case in light of the efforts of Class

10 Representative Matthew Sunner to advance the litigation and the interests of the Class.

11 Mr. Sunner has fairly and adequately represented and protected the interests of the Class.

12     2.    Attorney's Fees equal to one-third of the settlement fund ($99,000) are

13 reasonable and justified in this case, due to the risks inherent in the case, the contingent

14 nature of the fee arrangement, the skill of Class Counsel, and the efforts of Class Counsel

15 to litigate the case effectively and pursue a settlement for the Class.

16     3.    The costs advanced by Class Counsel were reasonably incurred in pursuit of

17 the litigation.

18     4.    The Court ORDERS that the following award, fees and costs are reasonable

19 and should be paid pursuant to the schedule set forth in the Order Granting Motion for

20 Final Approval of Class Action Settlement and the Settlement Agreement:

21        a.    $10,000 to Class Representative Matthew Sunner as a service award;

22        b.    $99,000 to The Liu Law Firm, P.C. and Rosen Bien Galvan &

23 Grunfeld LLP for attorney's fees; and

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

2

RG15772244

[PROPOSED] ORDER GRANTING MOTION FOR CLASS REPRESENTATIVE SERVICE AWARD AND
ATTORNEY'S FEES AND COSTS

1     c.     $13,283.87 jointly to Class Counsel for litigation costs.

2     IT IS SO ORDERED.

3

4     DATED: _2/15___, 2017

George Hernandez
Judge of the Superior Court

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING MOTION FOR CLASS REPRESENTATIVE SERVICE AWARD AND
ATTORNEY'S FEES AND COSTS

GAY CROSTHWAIT GRUNFELD – 121944
JENNY S. YELIN – 273601
ROSEN BIEN GALVAN & GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, California 94105-2235
Telephone:    (415) 433-6830
Facsimile:     (415) 433-7104
Email:          ggrunfeld@rbgg.com
                    jyelin@rbgg.com

JENNIFER LIU – 279370
ASHLEY PELLOUCHOUD – 286049
THE LIU LAW FIRM, P.C.
1390 Market Street, Suite 200
San Francisco, California 94102
Telephone:    (415) 896-4260
Facsimile:     (415) 231-0011
Email:          jliu@liulawpc.com
                    ap@liulawpc.com

Attorneys for Plaintiff and the Settlement Class

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| MATTHEW SUNNER, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH R. TURNAGE II GENERAL CONTRACTOR, INC., d/b/a K2GC, INC.; KENNETH R. TURNAGE II; and DOES 1-10,<br><br>Defendants. | Case No. RG15772244<br><br>ASSIGNED FOR ALL PURPOSES TO: JUDGE GEORGE HERNANDEZ DEPARTMENT 17<br><br>**COMPLEX CASE; CLASS ACTION**<br><br>**DECLARATION OF GAY CROSTHWAIT GRUNFELD IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR CLASS REPRESENTATIVE SERVICE AWARD AND ATTORNEY'S FEES AND COSTS**<br><br>Judge:  Hon. George Hernandez<br>Date:    February 15, 2017<br>Time:    2:30 p.m.<br>Dept.:   17<br>Reservation No.: 1792476<br>Action Filed:    May 29, 2015<br>Trial Date:       None Set |

ENDORSED
FILED
ALAMEDA COUNTY

JAN 3 1 2017

CLERK OF THE SUPERIOR COURT
By: ERICA BAKER, Deputy

[3085498-1]

RG15772244

DECL. OF GAY CROSTHWAIT GRUNFELD ISO MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND MOTION FOR CLASS REP. SERVICE AWARD & ATTORNEY'S FEES & COSTS

| Timekeeper | Position | Class | Hours | 2017 Rate/Hour | Total |
|---|---|---|---|---|---|
| Gay C. Grunfeld | Partner | 1984 | 100.4 | $825 | $82,830.00 |
| Aaron Fischer | Former Associate | 2006 | 49.2 | $625 | $30,750.00 |
| Blake Thompson | Former Associate | 2007 | 106.8 | $600 | $64,080.00 |
| Margot Mendelson | Former Associate | 2009 | 2.8 | $515 | $1,442.00 |
| Jenny Yelin | Associate | 2010 | 273.3 | $500 | $136,650.00 |
| Christopher Hu | Associate | 2013 | 3.4 | 425 | $1,445.00 |
| Linda Woo | Paralegal | N/A | 103 | $325 | $33,475.00 |
| F. Gail LaPuria | Paralegal | N/A | 18.7 | $275 | $5,142.50 |
| **Total** | | | **657.6** | | **$355,814.50** |

27.    The amount sought in fees, 33 1/3% of the common fund, or $99,000, is only 28% of our firm's lodestar.  With LLF's fees included, it is a much smaller percentage.

28.    Our firm has been actively involved in every stage of the case since we joined as co-counsel shortly after the complaint was filed in June 2015.  The 657.6 hours claimed includes the work we did on some of the most significant, time-intensive portions of this case: drafting discovery requests, including discovery directed to Defendants as well as third-parties; reviewing documents  produced in response to those discovery requests; meeting and conferring repeatedly with Defendants regarding their inadequate discovery responses; researching and drafting the mediation statement, preparing for mediation, and conducting a nearly-full day mediation with Michael Loeb in December 2015; preparing for and taking the deposition of K2GC's Person Most Qualified, Kenneth R. Turnage; interviewing witnesses and obtaining declarations in support of the class certification motion; drafting the class certification motion, which we filed in February 2016, just nine months after the case was filed; negotiating the settlement in the case; preparing the Motion for Preliminary Approval of the settlement; overseeing the Class Notice process; and drafting the instant Motions for Final Approval and for a Class Representative Service Award and Attorney's Fees and Costs.

29.    We expect to spend significant time continuing our work on this case after the filing of this motion, including preparing for the Final Fairness Hearing on February

DECL. OF GAY CROSTHWAIT GRUNFELD ISO MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND MOTION FOR CLASS REP. SERVICE AWARD & ATTORNEY'S FEES & COSTS

# Exhibit F

1  GAY CROSTHWAIT GRUNFELD – 121944
   JENNY S. YELIN – 273601
2  ROSEN BIEN GALVAN & GRUNFELD LLP
   50 Fremont Street, 19th Floor
3  San Francisco, California  94105-2235
   Telephone:   (415) 433-6830
4  Facsimile:   (415) 433-7104
   Email:        ggrunfeld@rbgg.com
5                jyelin@rbgg.com

6  JENNIFER LIU – 279370
   THE LIU LAW FIRM, P.C.
7  1170 Market Street, Suite 700
   San Francisco, California  94102-4991
8  Telephone:   (415) 896-4260
   Facsimile:   (415) 231-0011
9  Email:        jliu@liulawpc.com

10  Attorneys for Plaintiffs and the Proposed Class

11

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14                       SAN FRANCISCO DIVISION

15

16  JAIMIE QUINBY, LINDA GOMES, and          Case No. CV-15-4099 WHO
    ERIC FONTES, on behalf of themselves
17  and all others similarly situated,        **ORDER GRANTING MOTION FOR
                                              FINAL APPROVAL OF CLASS
18              Plaintiffs,                    ACTION SETTLEMENT**

19        v.                                  Judge:  Hon. William H. Orrick
                                              Date:    January 18, 2017
20  ULTA SALON, COSMETICS &                   Time:    2:00 p.m.
    FRAGRANCE, INC.,                          Crtrm.:  2, 17th Floor
21
                Defendant.                    Trial Date:      None Set
22

23

24

25

26

27

28

1    Upon consideration of Plaintiffs' Motion for Final Approval of Class Action

2  Settlement, related declarations, all pleadings on file in the case, and argument presented at

3  the hearing, and upon the Court's review of the Joint Stipulation of Settlement and Release

4  ("Settlement Agreement") attached as Exhibit A to the Declaration of Gay Crosthwait

5  Grunfeld in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement

6  and the exhibits thereto, IT IS HEREBY ORDERED AS FOLLOWS:

7    1.    "Although Rule 23 imposes strict procedural requirements on the approval of

8  a class settlement, a district court's only role in reviewing the substance of that settlement

9  is to ensure that it is 'fair, adequate, and free from collusion.'" *Lane v. Facebook, Inc.*,

10  696 F.3d 811, 819 (9th Cir. 2012), *cert. denied*, 134 S. Ct. 8 (2013) (quoting *Hanlon v.*

11  *Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998)).  When class counsel is experienced

12  and supports the settlement, and the agreement was reached after arm's length

13  negotiations, courts should give a presumption of fairness to the settlement.  *See Larsen v.*

14  *Trader Joe's Co.*, No. 11-CV-05188-WHO, 2014 WL 3404531, at *5, *8 (N.D. Cal. July

15  11, 2014), appeal dismissed (Nov. 17, 2014); *Ellis v. Naval Air Rework Facility*, 87 F.R.D.

16  15, 18 (N.D. Cal. 1980) *aff'd*, 661 F.2d 939 (9th Cir. 1981).

17    2.    The Court finds that the settlement in this case is fair, adequate, and free

18  from collusion, and that all of the relevant *Hanlon* factors weigh in favor of granting final

19  approval in this case.  *See Hanlon*, 150 F.3d 1011 at 1026.  The Court thus grants final

20  approval of the settlement.  As set forth in the Settlement Agreement, the total amount that

21  defendant ULTA Salon, Cosmetics & Fragrance, Inc. ("ULTA" or "Defendant") shall be

22  required to pay under this settlement shall not exceed $3,650,000, plus employer taxes.

23    3.    The Court finds that distribution of notice to the class has been completed in

24  conformance with the Court's Order Provisionally Certifying Settlement Class and

25  Preliminarily Approving Class Settlement, Dkt. No. 46 ("Preliminary Approval Order").

26  The notice to the class was adequate, satisfied due process requirements, and was the best

27  notice practicable under the circumstances.

28    4.    The Court certifies for settlement purposes the following class under Federal

Rule of Civil Procedure 23(e):

> All current and former General Managers employed by Defendant in its California retail store locations at any time from September 9, 2011 to September 19, 2016 or the date of this Order, whichever occurs first (the "Class" or "Class Members").

5.      The Court finds that the Parties' settlement was entered into in good faith pursuant to non-collusive, arms-length negotiations, and that the Settlement Agreement is fair, reasonable, and adequate.

6.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlement Agreement, and declares the Settlement Agreement binding on all Class Members who have not timely opted out.

7.      The Court hereby directs the parties to effectuate the terms of the settlement as set forth in the Settlement Agreement.

8.      Within 14 days of the date of this Order, ULTA will deposit the Gross Settlement Amount, $3,650,000 into an interest-bearing escrow account established by the Settlement Administrator, Simpluris.

9.      The Effective Date of the Settlement shall be the last of either: (a) the day after the deadline for taking an appeal of this Order, if no appeal is filed; or (b) the day after all appeals are resolved in favor of final approval, if there is an appeal of this Final Approval Order.

10.      Simpluris is hereby directed to distribute the Gross Settlement Amount, plus any interest earned, within three (3) days after the Effective Date, as follows:

a.      $10,000 to each of the Class Representatives Jaimie Quinby, Linda Gomes, and Eric Fontes;

b.      $923,884.67 to Class Counsel as attorney's fees and costs;

c.      $75,000 to the California Labor and Workforce Development Agency ("LWDA"); and

d.      the remainder, less $130,000 as a reserve fund to cover errors and omissions ("Reserve Fund") and $8,500 as settlement administrator costs, to the Class, pursuant to the formula set forth in Section 3.4 of the Settlement Agreement.

11.     Simpluris shall use the Reserve Fund to cover any correctable errors or omissions and satisfy any claim for relief pursuant to Federal Rules of Civil Procedure 60(b)(1) or 60(D), as set forth in Section 3.1(D) of the Settlement Agreement.

12.     Any unclaimed settlement funds after each distribution shall be redistributed as specified in Section 3.1(D)-(E) of the Settlement Agreement; if the amount after each redistribution is equal to or greater than $5,000, the remaining funds will be redistributed to Class Members who have timely cashed their Settlement Checks, with the cost of the redistribution to be paid from the Fund; and if the amount remaining is less than $5,000, the remaining funds will be donated to the Justice & Diversity Center of the Bar Association of San Francisco under the *cy pres* doctrine.

13.     The Parties shall abide by all terms of the Settlement Agreement, as modified by this Court's orders.

14.     The Court hereby enters judgment in accordance with the Settlement Agreement.

DATED:  January 18, 2017

_____
William H. Orrick
United States District Judge

1  GAY CROSTHWAIT GRUNFELD – 121944
   JENNY S. YELIN – 273601
2  ROSEN BIEN GALVAN & GRUNFELD LLP
   50 Fremont Street, 19th Floor
3  San Francisco, California 94105-2235
   Telephone:  (415) 433-6830
4  Facsimile:  (415) 433-7104
   Email:      ggrunfeld@rbgg.com
5              jyelin@rbgg.com

6  JENNIFER LIU – 279370
   THE LIU LAW FIRM, P.C.
7  1170 Market Street, Suite 700
   San Francisco, California 94102-4991
8  Telephone:  (415) 896-4260
   Facsimile:  (415) 231-0011
9  Email:      jliu@liulawpc.com

10 Attorneys for Plaintiffs and the Proposed Class

11

12                  UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14                     SAN FRANCISCO DIVISION

15

16 JAIMIE QUINBY, LINDA GOMES, and      Case No. CV-15-4099 WHO
   ERIC FONTES, on behalf of themselves
17 and all others similarly situated,    **DECLARATION OF GAY
                                         CROSTHWAIT GRUNFELD IN
18              Plaintiffs,              SUPPORT OF MOTION FOR CLASS
                                         REPRESENTATIVE SERVICE
19         v.                            AWARDS AND ATTORNEY'S FEES
                                         AND COSTS**
20 ULTA SALON, COSMETICS &
   FRAGRANCE, INC.,                      Judge:  Hon. William H. Orrick
21                                       Date:   January 18, 2017
                Defendant.               Time:   2:00 p.m.
22                                       Crtrm.: 2, 17th Floor

23                                       Trial Date:     None Set

24

25

26

27

[3061082-4]
28                                                          CV-15-4099 WHO

   DECLARATION OF GAY CROSTHWAIT GRUNFELD IN SUPPORT OF MOTION FOR CLASS
   REPRESENTATIVE SERVICE AWARDS AND ATTORNEY'S FEES AND COSTS

| Timekeeper | Position | Class | Hours | 2016 Rate/Hour | Total |
|---|---|---|---|---|---|
| Gay C. Grunfeld | Partner | 1984 | 110.6 | $790 | $87,374.00 |
| Jenny S. Yelin | Associate | 2010 | 178.3 | $475 | $84,692.50 |
| Andrew Spore | Associate | 2015 | 21.2 | $380 | $8,056.00 |
| Other Attorneys | N/A | N/A | 20.8 | N/A | $11,889.00 |
| Linda Woo | Paralegal | N/A | 38.9 | $300 | $11,670.00 |
| Other Paralegals | Paralegal | N/A | 4.5 | N/A | $1,224.00 |
| Total | | | 374.3 | | $204,905.50 |

26.     Our current lodestar amount of $204,905.50, combined with LLF's lodestar of $296,915.00, results in a total lodestar amount of $501,821.00 for Plaintiffs' counsel. The amount sought in fees, 25% of the common fund, or $912,500, would result in a multiplier of 1.82 based on work through November 11, 2016.  I believe that the excellent results achieved in this case, coupled with the efficiency with which we reached a settlement with the Defendants, justify this modest multiplier.

27.     We expect to spend significant time continuing our work on this case after the filing of this motion, including preparing and filing the Motion for Final Approval, preparing for the Final Fairness Hearing on January 18, 2017, communicating with class members and the Settlement Administrator, and negotiating with Defendants regarding the timing and details of the final distribution of funds.  As discussed in more detail below, we will likely spend at least 55 additional hours on this case in the future, so our total amount of fees is likely to be at least $233,603.17.

28.     A summary of the key work done and hours incurred by RBGG at each stage of the litigation is set forth below.  Upon request, I could submit RBGG's individual, itemized billing records for the Court's review.

DECLARATION OF GAY CROSTHWAIT GRUNFELD IN SUPPORT OF MOTION FOR CLASS
REPRESENTATIVE SERVICE AWARDS AND ATTORNEY'S FEES AND COSTS

# Exhibit G

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JESSE HERNANDEZ, et al.,

                Plaintiffs,

       v.

COUNTY OF MONTEREY, et al.,

                Defendants.

Case No. 5:13-cv-02354-PSG

**ORDER GRANTING ATTORNEY'S FEES AND EXPENSES**

**(Re:  Docket No. 500)**

        Counsel for Plaintiffs Jesse Hernandez and all others similarly situated moves for an award of $4.8 million for their reasonable attorney's fees and expenses,[1] as agreed by the parties in the Settlement Agreement.[2]  Defendants do not oppose: while Defendants initially objected to Plaintiffs' request for interest,[3] the parties successfully met, conferred and resolved the issue without the court's intervention.[4]

        The court GRANTS as unopposed Plaintiffs' motion for $4.8 million for reasonable attorney's fees and expenses.  The question of interest is resolved according to the parties' stipulation.[5]

---

[1] *See* Docket No. 500.

[2] *See* Docket No. 494 at ¶¶ 60-65.

[3] *See* Docket Nos. 501, 502.

[4] *See* Docket No. 508.

[5] *See id.*

1

Case No. 5:13-cv-02354-PSG
ORDER GRANTING ATTORNEY'S FEES AND EXPENSES

1    **SO ORDERED.**

2    Dated: November 9, 2015

3    _____
     PAUL S. GREWAL
4    United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
MICHAEL FREEDMAN – 262850
KRISTA STONE-MANISTA – 269083
SARAH P. ALEXANDER – 291080
ROSEN BIEN
GALVAN & GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, California 94105
Telephone:    (415) 433-6830
Facsimile:    (415) 433-7104
Email:        mbien@rbgg.com
              egalvan@rbgg.com
              ggrunfeld@rbgg.com
              vswearingen@rbgg.com
              mfreedman@rbgg.com
              kstone-manista@rbgg.com
              spalexander@rbgg.com

ALAN SCHLOSSER – 049957
MICAELA DAVIS – 282195
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone:    (415) 621-2493
Facsimile:    (415) 255-8437
Email:        aschlosser@aclunc.org
              mdavis@aclunc.org

JAMES EGAR – 065702
Public Defender
DONALD E. LANDIS, JR. – 149006
Assistant Public Defender
OFFICE OF THE PUBLIC DEFENDER
COUNTY OF MONTEREY
111 West Alisal Street
Salinas, California 93901-2644
Telephone:    (831) 755-5806
Facsimile:    (831) 755-5873
Email:        EgarJS@co.monterey.ca.us
              LandisDE@co.monterey.ca.us

ERIC BALABAN (*admitted pro hac vice*)
CARL TAKEI – 256229
NATIONAL PRISON PROJECT of the
AMERICAN CIVIL LIBERTIES UNION
915 15th Street N.W., 7th Floor
Washington, D.C. 20005-2302
Telephone:    (202) 393-4930
Facsimile:    (202) 393-4931
Email:        ebalaban@npp-aclu.org
              ctakei@npp-aclu.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. CV 13 2354 PSG<br><br>**DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES**<br><br>Judge:  Hon. Paul S. Grewal<br>Date:   November 10, 2015<br>Time:   10:00 a.m.<br>Crtrm.: 5, 4th Floor |

[2846280-1]

Area and elsewhere in California. My firm's billing rates are charged to and paid by our many clients who pay by the hour on a monthly billing basis, in matters arising both inside and outside the State of California. They are also the rates we claim in our fee applications in all our fee-shifting cases, both inside and outside the San Francisco Bay Area. These contain no contingency, delay or preclusion components. They have been accepted consistently by courts in California and elsewhere. The 2015 hourly rate for each timekeeper included in RBGG's lodestar calculation is set forth in the Table 7:

**Table 7, RBGG Rates**

| Classification | Name | Law Grad Date | Rate |
|---|---|---|---|
| Partner | Bien, Michael W. | 1980 | $840 |
| | Grunfeld, Gay C. | 1984 | $710 |
| | Galvan, Ernest | 1997 | $690 |
| Associate | Boysen-Aragon, Laura | 2006 | $490 |
| | Fischer, Aaron J. | 2006 | $490 |
| | Hollar, Sidney S. | 1984 | $490 |
| | Freedman, Michael L. | 2008 | $470 |
| | Swearingen, Van | 2008 | $470 |
| | Stone-Manista, Krista | 2009 | $440 |
| | Wolf, Sumana Cooppan | 2009 | $440 |
| | Alexander, Sarah Poppy | 2012 | $380 |
| Paralegal | Hamilton, Abigail M. | | $250 |
| | Luttrell, Eric L. | | $295 |
| | Roudebush, Haruka | | $250 |
| | Tauben, Rolayn L. | | $295 |
| | Tseng, Doris | | $250 |
| | Woo, Linda H. | | $290 |
| Paralegal Clerk | Landes, Charlotte J. | | $220 |
| | Morrison, Kevin J. | | $200 |

DECLARATION OF MICHAEL W. BIEN

[2846280-1]

# Exhibit H

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSE RAMIREZ ET AL.,

      Plaintiffs,

  v.

GHILOTTI BROS. INC. ET AL.,

      Defendants.

_____/

No. C 12-04590 CRB

**ORDER GRANTING MOTION FOR FINAL APPROVAL, ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE INCENTIVE AWARDS, AND ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**

Upon consideration of the Plaintiffs' Motion for Final Approval of Class Action Settlement and Injunctive Relief and Motion for Attorneys' Fees and Costs and Class Representative Incentive Awards, the Memorandum in Support of Objections Filed by Improperly Removed Class Members to Final Settlement Agreement and Notice of Intent to Appear ("Objections"), Plaintiffs' Response to Objections to Final Settlement Filed by Excluded Supervisors, and Plaintiffs' Evidentiary Objections to Objections Filed by Excluded Supervisors ("Evidentiary Objections"); and upon the Court's review of the Stipulation to Class Action Settlement ("Settlement Agreement") attached as Exhibit A to the Declaration of Gay Crosthwait Grunfeld in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Injunctive Relief and Motion for Attorneys' Fees and Costs and Class Representative Incentive Awards, filed herewith, and the exhibits thereto, IT IS HEREBY ORDERED AS FOLLOWS:

    1. "Although Rule 23 imposes strict procedural requirements on the approval of

a class settlement, a district court's only role in reviewing the substance of that settlement is to ensure that it is 'fair, adequate, and free from collusion.'" Lane v. Facebook, Inc., 696 F.3d 811, 819 (9th Cir. 2012), cert. denied, 134 S. Ct. 8 (2013) (quoting Hanlon v. Chrysler Corp., 150 F.3d 1011, 1027 (9th Cir. 1998)). When class counsel is experienced and supports the settlement, and the agreement was reached after arm's length negotiations, courts should give a presumption of fairness to the settlement. See Nobles v. MBNA Corp., No. C 06-3725 CRB, 2009 WL 1854965, at * 2 (N.D. Cal. June 29, 2009); Ellis v. Naval Air Rework Facility, 87 F.R.D. 15, 18 (N.D. Cal. 1980) aff'd, 661 F.2d 939 (9th Cir. 1981). The Court finds that the settlement in this case is fair, adequate, and free from collusion, and that all of the relevant Hanlon factors weigh in favor of granting final approval in this case. See Hanlon, 150 F.3d 1011 at 1026. The Court thus grants final approval of the settlement. As set forth in the Settlement Agreement, the total amount that Ghilotti Bros., Inc. ("GBI") shall be required to pay under this settlement shall not exceed $950,000, plus interest as described therein.

     2. In approving this settlement, the Court has considered the Objections and declarations attached thereto filed by nine GBI Supervisors ("Excluded Supervisors"), as well as Plaintiffs Evidentiary Objections to the Excluded Supervisors' declarations. The Court overrules the Objectors' contentions that the settlement is not fair, reasonable, and adequate. Objections (dkt. 106) at 2. The Objectors argue that they were improperly excluded from the class and that class counsel failed to represent them as true members of the class. Id. at 1. However, the Court, in its Order granting preliminary settlement approval, directed the parties to abide by the terms of the Stipulation Settlement Agreement. Prelim Order at 5. The Stipulated Settlement included a dispute resolution procedure in which parties would submit to Judge Cahill (ret.) disputes, including disputes about whether a person was a properly included class member, for a final, binding, and nonappealable resolution. Settlement Agreement (dkt. 110, Exh. A) at 23. Judge Cahill determined that the Objectors are not class members. Objections at 1. Thus, this issue was already definitively

United States District Court
For the Northern District of California

2

United States District Court
For the Northern District of California

1  resolved in Plaintiffs' favor. The Court, therefore, overrules the Excluded Supervisors'

2  Objections.

3       3. The Court finds that distribution of notice to the class has been completed in

4  conformance with the Court's Order Granting Unopposed Motion for Preliminary

5  Approval of Class Action Settlement and Injunctive Relief, Dkt. No. 97 ("Preliminary

6  Approval Order"). The notice to the class was adequate, satisfied due process

7  requirements, and was the best notice practicable under the circumstances.

8       4. Incentive award payments are justified where the class representatives

9  expend extraordinary effort, bear personal hardship, and risk their current and future

10  livelihood to remedy unfair practices for the benefit of the class. See Van Vranken v.

11  Atlantic Richfield Co., 901 F. Supp. 294, 299 (N.D. Cal. 1995). The Court finds that the

12  incentive awards are justified here in light of the efforts of Jose Ramirez, Luis Gomez and

13  Marck Mena Ortega (the "Class Representatives") to advance the litigation and the

14  interests of the class.

15       5. "[A] litigant or a lawyer who recovers a common fund for the benefit of

16  persons other than himself or his client is entitled to a reasonable attorney's fee from the

17  fund as a whole." Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980). Courts are

18  directed to "take into account all of the circumstances of the case" when determining what

19  fees to approve (Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048 (9th Cir. 2002)), with

20  "[r]easonableness [being] the goal." Fischel v. Equitable Life Assurance Soc'y of the U.S.,

21  307 F.3d 997, 1007 (9th Cir. 2002). The Court find that the factors courts consider in

22  assessing reasonableness—primary among them, the value of the monetary and nonmonetary

23  benefits secured for the class—support the requested fee award of $285,000,

24  equal to 30% of the settlement amount of $950,000. See In re Nuvelo, Inc. Sec. Litig.,

25  No. C 07-04056 CRB, 2011 WL 2650592, at *1 (N.D. Cal. July 6, 2011). The Court

26  further finds that the costs advanced by Class Counsel were reasonably incurred in pursuit

27  of the litigation.

28       6. The Class Representatives and Class Counsel have fairly and adequately

represented and protected the interests of the Class in the Action. In light of their efforts, the Court hereby awards class representative incentive awards, attorney's fees, and costs, as follows:

        a. $15,000 each to Jose Ramirez, Luis Gomez, and Marck Mena Ortega (the "Class Representatives");

        b. $285,000 jointly to Rosen Bien Galvan & Grunfeld LLP and Stewart & Musell LLP ("Class Counsel") for reasonable attorneys' fees; and

        c. $60,000 jointly to Class Counsel for litigation costs. These amounts are to be paid according to the schedule set forth infra.

7. The twenty-six individuals who filed valid and timely Requests for Exclusion are hereby excluded from the Settlement Class certified by the Court's Preliminary Approval Order.

8. The Court finds that the parties' settlement was entered into in good faith pursuant to non-collusive, arms-length negotiations, and that the Settlement Agreement is fair, reasonable, and adequate.

9. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlement Agreement.

10. The Court hereby directs the parties to effectuate the terms of the settlement as set forth in the Settlement Agreement.

11. Within 5 calendar days of the date of this Order, GBI is directed to pay $118,500.00, directly as follows, and to issue 1099s for each of the following recipients upon receipt of a W9:

        a. $15,000 to each of the Class Representatives;

        b. $10,000 to Simpluris, the Settlement Administrator;

        c. $60,000 to Class Counsel for out-of-pocket expenses; and

        d. $3,500 to the California Labor and Workforce Development Agency as a PAGA penalty.

12. Within 30 calendar days of the date of this Order, GBI is directed to pay

United States District Court
For the Northern District of California

1    $140,000.00 to Simpluris for distribution to the Class, and one-third of the amount

2    awarded in attorneys' fees ($95,000) to Class Counsel ("Initial Disbursement").

3        13. The Court orders Simpluris to distribute the $140,000.00 initial class

4    payment to the 245 members of the class pursuant to the formula set forth in Section 3 of

5    the Settlement Agreement within 10 calendar days of receipt from GBI.

6        14. The settlement funds allocated for the class, which remain after the Initial

7    Disbursement ("Remaining Settlement Funds") will accrue simple interest at 5% per

8    annum beginning on January 15, 2014.

9        15. GBI is directed to pay the following amounts, for distribution as follows:

10        a. to Simpluris to distribute to the Class, with the Class receiving the

11    interest that accrues: (1) One-half of the balance of the Remaining Settlement Funds, to be

12    paid on or before July 1, 2015; and (2) the remaining amount of the Remaining Settlement

13    Funds to be paid in a final payment on or before December 15, 2016;

14        b. to Simpluris for additional settlement administration costs in amounts

15    not to exceed $5,723.50 on July 1, 2015 and of $5,723.50 on December 15, 2016; and

16        c. to Class Counsel for attorney's fees: $95,000 on July 1, 2015 and

17    $95,000 on December 15, 2016.

18        16. The Court finally orders GBI to comply with the injunctive relief

19    requirements of paragraph 13 of the Settlement Agreement and the Preliminary Approval

20    Order, by: (1) Setting up and utilizing "a procedure pursuant to which each laborer can

21    make a record of the time he or she starts and ends work (e.g., picking up a truck or

22    arriving on site, etc.)," which employs "any method whereby the laborers, and not the

23    managers or supervisors, record their own start and ending times, . . . subject to

24    verification for accuracy by GBI; and (2) complying with IWC Order 16-2001 for all

25    purposes and in all respects, except to the extent GBI's obligations may be modified by the

26    parties' Master Labor Agreement pursuant to the California Labor Code. Any injunction

27    shall be considered fully discharged on the date of the last payment by GBI under the

28    Settlement Agreement.

1       17. The Court will retain exclusive and continuing jurisdiction over the present

2  action and the settling parties, including all class members, for purposes of enforcing and

3  interpreting the Settlement Agreement, the Final Approval Order, and the claims and

4  payment process and the injunctive relief established therein, until the date of the last

5  payment by GBI.

6       18. The Court GRANTS Plaintiffs' administrative motions to file under seal.

9      **IT IS SO ORDERED**.

13  Dated: April 21, 2014                 CHARLES  R. BREYER

14                                      UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

6

GAY CROSTHWAIT GRUNFELD – 121944
KATHRYN G. MANTOAN – 239649
BLAKE THOMPSON – 255600
JENNY S. YELIN – 273601
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone:    (415) 433-6830
Facsimile:    (415) 433-7104
Email:          ggrunfeld@rbgg.com
                    kmantoan@rbgg.com
                    bthompson@rbgg.com
                    jyelin@rbgg.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RAMIREZ, LUIS GOMEZ, and MARCK MENA ORTEGA on behalf of themselves and all persons similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>GHILOTTI BROS., INC., a corporation; and DOES 1 to 50, inclusive,<br><br>        Defendants. | Case No. C-12-4590-CRB<br><br>**DECLARATION OF GAY CROSTHWAIT GRUNFELD IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND INJUNCTIVE RELIEF AND MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE INCENTIVE AWARDS**<br><br>Judge:  Hon. Charles R. Breyer<br>Date:    April 18, 2014<br>Time:   10:00 a.m.<br>Crtrm.: 6, 17th Floor |

[1118550-2]

C-12-4590-CRB

GRUNFELD DECL. IN SUPP. OF PLS.' MOT. FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
AND INJ. RELIEF AND MOT. FOR ATTY'S FEES AND COSTS AND CLASS REP. INCENTIVE AWARDS

## ROSEN BIEN GALVAN and GRUNFELD LLP

**PARTNERS**                                    **2014 Rates**

Sanford Jay Rosen                                  $900
Michael W. Bien                                    $800
Gay C. Grunfeld                                    $675
Ernest Galvan                                      $650

**OF COUNSEL**

Jane Kahn                                          $580

**ASSOCIATES**

Thomas Nolan                                       $550
Kenneth Walczak                                    $490
Lisa Ells                                          $470
Kathryn Mantoan                                    $460
Aaron Fischer                                      $460
Blake Thompson                                     $450
Michael Freedman                                   $440
Van Swearingen                                     $440
Benjamin Bien-Kahn                                 $410
Krista Stone-Manista                               $410
Margot K. Mendelson                                $410
Jennifer Stark                                     $410
Jenny Yelin                                        $390
Sarah Poppy Alexander                              $350

**PARALEGALS**

Kevin Jones                                        $290
Rolayn Tauben                                      $290
Eric Luttrell                                      $290
Karen Stilber                                      $270
Kristen Vanzetti                                   $250
Fely Villadelgado                                  $240
Glenn Baldwin                                      $230
Abigail Hamilton                                   $230
Haruka Roudebush                                   $230
Doris Tseng                                        $230
Diana Gama                                         $230
Lucy Taylor                                        $230

**LITIGATION SUPPORT/PARALEGAL CLERKS**

Paralegal Clerks                                   $180

**OTHER**

Law Students                                       $260
Word Processing                                    $80