KASOWITZ BENSON TORRES LLP
LYN R. AGRE (State Bar No. 178218)
101 California Street, Suite 2300
San Francisco, CA 94111
Telephone:  (415) 421-6140
Facsimile:  (415) 398-5030
Email:  lagre@kasowitz.com

Michael J. Bowe (admitted *pro hac vice*)
*mbowe@kasowitz.com*
Lauren Tabaksblat (admitted *pro hac vice*)
*ltabaksblat@kasowitz.com*
1633 Broadway, New York, NY 10019
(212) 506-1700 (telephone)
(212) 506-1800 (facsimile)

Counsel for Plaintiffs

DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE (State Bar No. 141930)
505 Montgomery Street, Suite 800
San Francisco, CA 94111
Telephone:  (415) 276-6500
Facsimile:  (212) 276-6599
Email:  thomasburke@dwt.com

LAURA HANDMAN (appearing *pro hac vice*)
LISA ZYCHERMAN (appearing *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave. NW, Suite 800
Washington, DC 20006
Telephone:     (202) 973-4200
Facsimile:     (202) 973-4499
Email: laurahandman@dwt.com
       lisazycherman@dwt.com

LACY H. KOONCE, III (appearing *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone:     (212) 489-8230
Facsimile:     (212) 489-8340
Email: lancekoonce@dwt.com

Counsel for Defendants

i

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RESOLUTE FOREST PRODUCTS, INC., *et al.*, | )<br>)<br>) |
| | ) Case Number: 3:17-CV-02824-JST (KAW) |
| Plaintiffs, | )<br>) **JOINT DISCOVERY LETTER** |
| vs. | )<br>) |
| GREENPEACE INTERNATIONAL, *et al.*, | )<br>) |
| Defendants. | )<br>) |

Pursuant to Magistrate Judge Westmore's Standing Order, Plaintiffs Resolute Forest Products, Inc., Resolute FP US, Inc., Resolute FP Augusta, LLC, Fibrek General Partnership, Fibrek U.S., Inc., Fibrek International, Inc., and Resolute FP Canada, Inc. (collectively "Resolute" or "Plaintiffs"), and Defendants Greenpeace International, Greenpeace, Inc., Daniel Brindis, Amy Moas, and Rolf Skar (collectively the "Greenpeace Defendants"), by and through their respective counsel, hereby submit the attached joint letter regarding a discovery dispute.  The parties attest that they have complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery prior to filing this letter, and that, as required by ¶ 12 of this Court's Standing Order, counsel for Plaintiffs and for the Greenpeace Defendants met and conferred telephonically regarding the dispute on June 5, 2019 and, subsequently, exchanged letters and emails before reaching impasse.

ii

1

2   By:

3   Date:   July 9, 2019

Signed:  /s/ *Michael Bowe*
Michael Bowe (admitted *pro hac vice*)
KASOWITZ BENSON TORRES LLP
Attorney for Plaintiffs

4

5

6   Date:   July 9, 2019

Signed:  /s/ *Lacy H. Koonce, III*
Lacy H. Koonce, III (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
Attorney for Defendants Greenpeace
International, Greenpeace, Inc., Daniel
Brindis, Amy Moas and Rolf Skar

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

iii

**Factual Background.**  By Order dated January 22, 2019 (ECF No. 246), the Court dismissed Plaintiffs' RICO claims and certain state law claims, and allowed the defamation and UCL claims asserted by Resolute predicated on the Greenpeace Defendants' assertions that Resolute was harvesting in the Montagnes Blanches region of the Canadian Boreal Forest to proceed. Pursuant to the Joint Case Management Schedule & Order (ECF No. 263), fact discovery closes November 22, 2019.  On March 28, 2019, Resolute served an Amended First Set of Requests for Production of Documents ("RFPs") followed by a First Set of Interrogatories ("ROGs") (collectively the "Requests") on the Greenpeace Defendants.  On an April 4, 2019 phone call with Resolute's counsel, the Greenpeace Defendants objected generally to the scope of Resolute's Requests, and related definitions.  Thereafter, the parties met and conferred on several occasions, and Plaintiffs agreed to stay Defendants' obligation to respond and object in writing to the Requests pending resolution of the parties' dispute.  On May 24, 2019, the parties jointly submitted to the Court their dispute concerning the Greenpeace Defendants' objection to the scope of the Requests.  The Court then referred all discovery disputes to Your Honor and terminated the pending discovery motion.  ECF No. 265.  On May 30, 2019, Your Honor ordered the parties to meet and confer again before resubmitting their discovery dispute.  ECF No. 266. The parties conferred telephonically on June 5, 2019 and re-filed their letter brief on June 6, 2019 (the "Joint Letter").  ECF No. 267.

During the June 5 meet and confer, in light of the delay in obtaining a judicial resolution of the dispute over the scope of discovery, Resolute requested that the Greenpeace Defendants begin collecting and producing documents concerning the Greenpeace Defendants' assertion that Resolute was harvesting in the Montagnes Blanches over which Resolute believed there was no objection.  Defendants denied this assertion and reiterated that their objection to the scope of the Requests applied to each of the pending Requests, and asserted that it would be burdensome and duplicative to collect documents prior to the resolution of the discovery dispute.  In a June 18, 2019 letter, Plaintiffs again asked the Greenpeace Defendants to immediately (1) begin the production of responsive documents which were not subject to the parties' discovery dispute; and (2) serve written responses and objections to the Requests notwithstanding the parties' prior agreement because of the time that had elapsed since the dispute was raised and the approaching November 22 fact-discovery deadline. The Greenpeace Defendants responded by email dated June 19 rejecting both requests and instead noted that the parties could jointly seek to adjust the Joint Case Management Schedule, as necessary, once the Court had ruled on the parties' pending discovery dispute.  Plaintiffs replied on the same day and the Greenpeace Defendant confirmed that the parties are at impasse on June 20, 2019.

**Plaintiffs' Position.**  The federal and local rules mandate that the Greenpeace Defendants timely collect and produce responsive documents and serve written responses to document requests and interrogatories which are not the subject of a pending discovery dispute.  The law is well-settled that the Greenpeace Defendants cannot use a discovery dispute to delay the production of documents which are not subject to that dispute. *See Montgomery v. Wal-Mart Stores, Inc.*, 2015 WL 11233390, at *2 (S.D. Cal. Sept. 4, 2015) (requiring Home Depot to produce documents pending resolution of another discovery dispute "in order to facilitate the production of discoverable documents that had been unnecessarily delayed by Home Depo"); *Kohler v.*

1

*Chelsea San Diego Fin., LLC*, 2010 WL 4929073, at *2 (S.D. Cal. Nov. 30, 2010) (granting motion to compel supplemental responses to discovery requests notwithstanding pendency of summary judgment motion that might moot such responses).

The Greenpeace Defendants have admitted that they have no objection to certain discovery requests. During a meet and confer teleconference on April 4, and in the Joint Letter, Defendants confirmed that they are "more than willing to produce all [] materials and information" that were "considered and relied upon by the speaker when authoring the allegedly defamatory statements regarding the Montagnes Blanches forest region in 2016 and 2017." ECF No. 267 at 2. In the Joint Letter, the Greenpeace Defendants also conceded that Resolute's RFP Nos. 2-6 and 12-13 and ROG Nos. 2-3 are "nominally tailored to the issues remaining before this Court." *Id.* at 1. In addition to these explicit representations, it is also evident that categories of requested documents exist that fall within the scope of discovery that Defendants believe is proper, and thus those documents should be produced now.

The Greenpeace Defendants do not dispute that the law requires a party to promptly produce documents it agreed to produce, without delay. Nor do the Greenpeace Defendants dispute that the documents at issue will be produced regardless of the outcome of the pending discovery dispute.[1] Nearly three months have passed since Resolute served its requests and yet Defendants have failed to produce a single document or respond to a single interrogatory. The Greenpeace Defendants are also refusing to produce any documents until they serve written objections. Although requested by Resolute, the Greenpeace Defendants fail to provide any authority for their untenable position that a party may withhold documents it does not object to producing until it sets forth in writing its objections to producing other documents. Moreover, the Greenpeace Defendants' refusal to produce documents until they choose to serve written responses is all the more reason why Defendants should be ordered to serve their written responses immediately.

As expressed in their meet and confer correspondence, the Greenpeace Defendants would prefer not to engage in discovery and then have the parties jointly seek an adjournment of the existing deadlines. Defendants' suggested approach is contrary to well-settled law and unacceptable to Plaintiffs. As set forth herein, the law requires that Defendants produce those documents to which they have no objection, notwithstanding the existence of a pending discovery dispute. Further, Plaintiffs maintain that if the Greenpeace Defendants are ordered to begin the immediate production of documents for which no objection has been asserted, the parties would still be in a position to complete all fact discovery by the current November 22 deadline, regardless of how

---

[1] The Greenpeace Defendants are refusing to engage in a "piecemeal" collection and production of documents because they will have to "begin spending money on document production." That is an ordinary expense of litigation. It does not come close to demonstrating an undue burden that would warrant further delay of their production of **documents they concede fall within the scope of discovery and will be produced regardless of the outcome of the pending discovery dispute.** As the Court is aware, basic e-discovery tools allow the Greenpeace Defendants to identify and produce such documents with little additional costs, if any, and the Greenpeace Defendants have not established otherwise. With an impending discovery deadline, the rolling document production that Plaintiffs seek is not only reasonable, it is necessary to ensure that the parties meet the discovery cut-off date.

2

the Court rules on the pending dispute.  Indeed, given the nature of the defamation and UCL claims, most, if not all, of the relevant fact discovery will be obtained from Defendants.[2]

While Plaintiffs' agreed to an earlier extension of the Greenpeace Defendants' time to serve written responses,[3] Plaintiffs did not enter into a "tolling agreement" with Defendants, as the Greenpeace Defendants assert.  Neither party anticipated that this much time would lapse before obtaining a ruling on the discovery dispute first raised by the parties on April 4, 2019, and the change of circumstances prompted Plaintiffs' requests.  More troubling, at the time Plaintiffs agreed to the courtesy extension the Greenpeace Defendants failed to advise — and Resolute did not understand — that Defendants would refuse to produce any documents until they served written responses.  During recent meet and confers, Plaintiffs demanded that the Greenpeace Defendants immediately produce documents responsive to the Requests which were not subject to the dispute.  Defendants declined to do so on the basis that they had not yet served written responses.  Accordingly, Plaintiffs requested that the Greenpeace Defendants immediately provide written responses to the outstanding Requests.  Defendants refused to do so.

Under these circumstances, the Greenpeace Defendants' refusal to provide written responses and responsive documents amounts to nothing more than a clear and transparent delay tactic.  Faced with the specter of being exposed for engaging in a coordinated disinformation campaign against Resolute, the Greenpeace Defendants have refused to engage in any discovery whatsoever with the hope that *either* the Court will extend the discovery schedule and further delay Resolute's right to have its day in Court *or* the clock will run out on Plaintiffs' attempts to obtain discovery.  Defendants' gamesmanship should not be sanctioned by the Court and Plaintiffs respectfully request that the Defendants be ordered to immediately serve written responses to the Requests and produce documents responsive to those Requests which are not subject to the pending discovery dispute.

**Defendants' Position.**  The instant "dispute" over document production has been manufactured by Plaintiffs in order to yet again cause the Greenpeace Defendants to needlessly expend time and financial resources on a matter that need never have been before this Court.  On April 29, 2019, **the Parties confirmed in writing their prior oral agreement that Defendants would not be required to respond to Plaintiffs' written discovery requests until the pending discovery dispute regarding the scope of proper discovery in this case was resolved by the Court**.[4]  Specifically, counsel for the Greenpeace Defendants wrote to counsel for Plaintiffs and

---

[2] To date, Defendants have not served any discovery requests.  Their strategic decision not to pursue discovery diligently is no basis to excuse their failure to comply with their own discovery obligations or warrant an extension of the current Court-ordered discovery deadlines.

[3] During an April 27, 2019 meet and confer teleconference, Defendants sought Plaintiffs consent to adjourn their time to serve written objections on the grounds that they had previously addressed each Request orally on the April 4 teleconference.  While Plaintiffs reiterated their Request that they were entitled to the objections in writing, Plaintiffs agreed that they would not challenge objections and responses served after the discovery dispute was resolved on the grounds they were untimely.

[4] In reliance on this agreement, the Greenpeace Defendants have delayed serving their own discovery requests on Plaintiffs. This was not a "strategic" decision, as Plaintiffs would have it, but a logical one: It makes little sense for the Greenpeace Defendants to formulate requests until the Court has addressed the scope of discovery generally.

3

asked counsel "to confirm by email that you've agreed to an extension of our time to provide written responses to Plaintiffs' document requests and interrogatories; we will serve those shortly after the Court makes a ruling on the dispute being raised in the letter." Plaintiffs' counsel confirmed this agreement in writing.

The Parties then submitted a joint letter presenting that dispute over the scope of discovery to the Court, which remains pending before Your Honor at present. Yet now Plaintiffs seek to renege on this agreement, and force the Greenpeace Defendants to begin producing documents in a piecemeal fashion before the Court has clarified the scope of discovery and before the Greenpeace Defendants have served written objections.

Even if Plaintiffs did not anticipate a delay in resolution of the pending dispute over the scope of discovery, this does not permit Plaintiffs to ignore the Parties' tolling agreement. Indeed, the reason the Parties entered into that agreement persists, and is apparent from the face of the Parties' prior joint letter: Plaintiffs' discovery requests completely disregard this Court's Order dismissing the bulk of Plaintiffs' claims,[5] and improperly seek to expand the scope of discovery to a near-boundless extent. This has been one of Plaintiffs' goals all along in this SLAPP suit: To bludgeon the Greenpeace Defendants with invasive, sprawling discovery requests in order to drive up costs, just as Plaintiffs tried to do on more than one occasion earlier in the case when they sought to pursue discovery while dispositive (and to date overwhelmingly successful) motions were pending. The instant "dispute" is yet one more effort to try to force the Greenpeace Defendants to begin spending money on document production while the scope of discovery remains up in the air.

Plaintiffs' answer is to say that document production should commence with respect to those categories which the Greenpeace Defendants have generally indicated they would be willing to produce, once discovery is properly delineated. As has become all too common in this case, Plaintiffs use quotes out of context to argue that the Greenpeace Defendants have conceded something they have not conceded. Here, they quote the Parties' earlier joint letter to argue that production must begin immediately because the Greenpeace Defendants agreed in that letter that they were "more than willing to produce all [] materials and information" considered and relied upon by the speakers of the purportedly defamatory statements about the Montagnes Blanches in 2016 and 2017. But the language they quote contains a key qualifying phrase that Plaintiffs have deliberately omitted: "*in response to appropriately framed requests*." On its face, this language indicates that the Greenpeace Defendants believed (and still believe) that Plaintiffs must reframe their requests to stay within the proper scope of discovery, something Plaintiffs have been unwilling to do, despite being on notice of Defendants objections since April 4, 2019.

---

[5] Plaintiffs' amended complaint asserted nine separate claims against eight defendants; Plaintiffs' defamation claim and corresponding UCL claim encompassed 296 allegedly defamatory statements. This Court's prior Order dismissed seven of those claims, four of those defendants, and the defamation and UCL claims based on 294 of the 296 statements. The Court allowed the defamation claim and the corresponding UCL claim to proceed with respect to only two statements made in 2016 and 2017 concerning the Montagnes Blanches region.

4

Further, the Greenpeace Defendants did not "admit[] that they have no objection to certain discovery requests" as Plaintiffs contend; rather, counsel for the Greenpeace Defendants merely indicated during the Parties' meet-and-confer the types of discovery that likely were within the scope of the case, but did not suggest in any way that the Greenpeace Defendants were prepared to immediately begin producing documents. Indeed, counsel for the Greenpeace Defendants has made clear that the Greenpeace Defendants indeed have objections to both the definitions Plaintiffs has attempted to apply to all of its requests, as well as specific objections to individual requests, including those few that are more nominally tailored to scope of the case. As noted, however, the Parties explicitly agreed that Defendants would not even serve written responses to Plaintiffs' discovery requests until the Court ruled on the scope issue, since so many of the requests could be held beyond the scope. The Greenpeace Defendants should not be forced to produce documents before they file objections.

Perhaps more importantly, Plaintiffs should not able to force the Greenpeace Defendants unnecessarily to expend both time and money in a myriad ways by manipulating the discovery process. As noted, this entire saga began when Plaintiffs served outrageously overbroad requests that thumb their nose at this Court's prior decision, resulting in an entirely avoidable dispute being brought before the Court concerning the scope of discovery. Plaintiffs have now added to the Greenpeace Defendants' litigation costs (not to mention yet again burdening the Court) by insisting on this joint discovery letter. And if Plaintiffs were to be successful in causing the Greenpeace Defendants to begin collecting and producing documents in a piecemeal fashion, this too will drive up the Greenpeace Defendants' costs unnecessarily.[6]

The Greenpeace Defendants thus take the position that given the Parties' tolling agreement, and given that the Court's resolution of the pending dispute over scope goes to the very heart of what documents must be produced, they are not required to begin producing documents.[7] Once the Court rules on the scope of discovery, the Greenpeace Defendants will be able to provide objections to any remaining requests that are within the scope of discovery; undertake a reasonable, comprehensive review of their documents and produce responsive material; and serve their own requests. Should the Parties need more time for discovery in light of the delay ultimately caused by Plaintiffs' service of unreasonably broad requests, the Parties should ask to extend the discovery schedule at that time.

---

[6] While Plaintiffs argue that "basic e-discovery tools" allow production of documents "with little additional costs," this assumes the Greenpeace Defendants will first collect documents consistent with Plaintiffs' improperly broad requests, and then use automated tools to cull that data in order to produce smaller sets of documents. But it is the first step of collecting a massive set of documents that the Greenpeace Defendants believe are not relevant to the remaining claims that will impose significant additional costs, both in terms of the collection and identification process itself as well as in connection with storage of significantly larger data sets. Further, the identification and production process is not nearly as streamlined and inexpensive as Plaintiffs suggest, as in addition to automated processes, substantial human involvement is needed to ensure the correct documents are ultimately produced.

[7] This case differs significantly from *Montgomery v. Wal-Mart Stores, Inc.*, cited by Plaintiffs, which does not say what Plaintiffs argue it says. In that case, the Court had already reviewed plaintiff's initial discovery requests and found them "overbroad and [to] extend well beyond the scope of discoverable information, particularly in light of the temporal remoteness of many of the requested documents," and simply <u>ordered</u> Home Depot to produce a more limited set of documents, while the parties attempted to work out other disputes.

5

1

2    Respectfully submitted,

3

4    /s/ *Michael J. Bowe*                          /s/ *Lacy H. Koonce, III*
     Michael J. Bowe                                Lacy H. Koonce, III
5    KASOWITZ BENSON TORRES LLP                     DAVIS WRIGHT TREMAINE LLP
     1633 Broadway                                  1251 Avenue of the Americas, 21st Floor
6    New York, NY 10019                             New York, NY 10020
     Telephone: (212) 506-1700                      Telephone: (212) 489-8230
7    Email: mbowe@kasowitz.com                      Email: lancekoonce@dwt.com

8
     *Attorneys for Plaintiffs*                     *Attorneys for Defendants Greenpeace*
9                                                   *International, Greenpeace, Inc., Daniel*
                                                    *Brindis, Amy Moas, and Rolf Skar*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                        6
28