KASOWITZ BENSON TORRES LLP
Lyn R. Agre (State Bar No. 178218)
*lagre@kasowitz.com*
101 California Street
Suite 2300
San Francisco, CA 94111
(415) 421-6140 (telephone)
(415) 398-5030 (facsimile)

KASOWITZ BENSON TORRES LLP
Michael J. Bowe (admitted *pro hac vice*)
*mbowe@kasowitz.com*
Lauren Tabaksblat (admitted *pro hac vice*)
*ltabaksblat@kasowitz.com*
1633 Broadway, New York, NY 10019
(212) 506-1700 (telephone)
(212) 506-1800 (facsimile)

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

RESOLUTE FOREST PRODUCTS, INC., *et al.*

Plaintiffs,

v.

GREENPEACE INTERNATIONAL, *et al.*

Defendants.

**CASE NO. 3:17-CV-02824-JST**

**Hon. Jon S. Tigar**
**Courtroom 9**

**PLAINTIFFS' OBJECTION TO THE ORDER REGARDING DISCOVERY LETTER NO. 1 OF THE MAGISTRATE JUDGE**

**Action Filed: May 31, 2016**

# TABLE OF CONTENTS

**Page(s)**

**PRELIMINARY STATEMENT** ..........1

**ARGUMENT** ..........2

**I. The Magistrate Judge Erroneously Held That The UCL Claim Can Only Be Predicated Upon Statements Regarding The Montagnes Blanches Within The One Year Statute of Limitations For Defamation Under California Law** ..........2

**II. The Magistrate Judge Erroneously Held That The Totality Of The Evidence Concerning Defendants' State Of Mind Is Not Discoverable** ..........3

**CONCLUSION** ..........5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Antonovich v. Superior Court*,
234 Cal. App. 3d 1041 (Ct. App. 1991) ............................................................................4

*Azzam v. Rightway Dev. Inc.*,
789 F. Supp. 2d 110 (D.D.C. 2011) ..................................................................................3

*Curtis Pub. Co. v. Butts*,
388 U.S. 130 (1967) ..........................................................................................................3

*Fiber Sys. Intl, Inc. v. Roehrs*,
470 F.3d 1150 (5th Cir. 2006)............................................................................................3

*Harte-Hanks Communications, Inc. v. Connaughton*,
491 U.S. 657 (1989) ..........................................................................................................4

*Herbert v. Lando*,
441 U.S. 153 (1979) ..................................................................................................3, 4, 5

*Linares v. CitiMortgage, Inc.*,
2015 WL 2088705 (N.D. Cal. May 5, 2015) ....................................................................3

*Mireskandari v. Daily Mail & Gen. Tr. PLC*,
2013 WL 12114762 (C.D. Cal. Oct. 8, 2013) ...................................................................3

*Overstock.com Inc. v. Gradient Analytics, Inc.*,
151 Cal. App. 4th at 710-12 (Ct. App. 2007).....................................................................4

*Pacquiao v. Mayweather*,
803 F. Supp. 2d 1208 (D. Nev. 2011) ...............................................................................4

*People v. Overstock.com, Inc.*,
12 Cal. App. 5th 1064 (Ct. App. 2017)..............................................................................3

*Pisani v. Staten Island Univ. Hosp.*,
2008 WL 1771922 ..............................................................................................................4

*Reader's Digest Assn. v. Superior Court*,
37 Cal. 3d 244 (1984) .........................................................................................................4

*Tavoulareas v. Piro*,
817 F.2d 762 (D.C. Cir. 1987) ...........................................................................................4

*Welsh v. City & Cty. of San Francisco*,
1995 WL 714350 (N.D. Cal. Nov. 27, 1995).....................................................................4

Plaintiffs (or "Resolute") respectfully submit this memorandum of points and authorities pursuant to Federal Rule of Civil Procedure 72 and Local Rule 72-2 objecting, in part, to the Honorable Magistrate Judge Kandis Westmore's ("Magistrate Judge") Order Regarding Discovery Letter No. 1, dated July 10, 2019 (the "Discovery Order").

**PRELIMINARY STATEMENT**

The Magistrate Judge committed two legal errors regarding the scope of permissible discovery in this defamation and UCL case, precluding Resolute from discovery of critical facts that are relevant to proving Defendants' actual malice. As set forth below, these erroneous rulings are based on a misreading of this Court's January 22, 2019 Order (ECF No. 246), granting in part and denying in part Defendants' motion to dismiss (the "MTD Order"), as well as a misapplication of settled law.

First, the Magistrate Judge erroneously concluded that, Resolute cannot take discovery concerning statements that falsely accuse Resolute of harvesting in other off-limits areas (other than the Montagnes Blanches) made within the four-year statute of limitations applicable to Resolute's UCL claim. This finding was predicated on the erroneous conclusion that the MTD Order found that those statements were not actionable *under the UCL*. But this Court found that those statements were not actionable *in defamation* because they were barred by the one-year statute of limitations. They are actionable under the longer four-year statute of limitations applicable to Resolute's UCL claim, and Resolute should be entitled to pursue discovery concerning those statements.

Second, the Magistrate Judge erroneously held that Defendants' ill-will and prior defamatory statements about Resolute are not discoverable unless "connected" to the Montagnes Blanches. While *proof* of ill-will alone is insufficient to prove actual malice *at trial*, the Supreme Court has long held that that the entire textual and circumstantial context of statements -- including evidence of ill-will -- is relevant to determine whether the evidence ***as a whole*** supports an inference of actual malice. Pursuant to this controlling law, Resolute is entitled to discovery relevant to Defendants' state of mind.

Accordingly, the Discovery Order should be reversed with respect to these two erroneous

findings.

## ARGUMENT

### I. The Magistrate Judge Erroneously Held That The UCL Claim Can Only Be Predicated Upon Statements Regarding The Montagnes Blanches Within The One Year Statute of Limitations For Defamation Under California Law.

Although correctly recognizing that the statute of limitations for the UCL claim is four years (Discovery Order at 7), the Magistrate Judge erroneously concluded that Resolute cannot take discovery of other false statements made within the four-year statute of limitations applicable to Resolute's UCL claim because the UCL claim is limited to statements concerning the Montagnes Blanches made within the one-year statute of limitations for defamation under California law. The Magistrate's holding is inconsistent with this Court's MTD Order and controlling case-law.

Defendants' alleged liability arises from statements beyond those about the Montagnes Blanches and beyond the one-year limitation for defamation. Defendants' false claims that Resolute was harvesting in the Montagnes Blanches in 2016 and 2017 were, as the Magistrate Judge correctly found (Discovery Order at 6), part of a broader campaign to falsely accuse Resolute of harvesting in off-limits areas, including in violation of the CBFA. (*Id.* at 7.) As detailed in the Amended Complaint, the campaign dates back to at least December 2012 when Defendants knowingly and falsely accused Resolute of violating the CBFA based on fabricated GPS coordinates and doctored photos. (AC ¶¶ 74, 108, 231–234, 238, 240, 322, 352–356.) Immediately after those claims were retracted, Defendants redrew maps and rewrote long-standing geographical delineations to again make the false and misleading assertions that Resolute was improperly harvesting in protected areas, including not just the Montagnes Blanches, but also the Broadback Valley and Trout Lake (the "CBFA Statements"). (AC ¶¶ 197-218; *see also* MTD Order at 13.) Although the Magistrate Judge erroneously concluded that statements that Resolute violated the CBFA were made exclusively by non-parties (Discovery Order at 4), this Court correctly recognized that defendant Daniel Brindis had actual knowledge or recklessly disregarded the truth in his January 2013 false statement that Resolute violated the

CBFA. (MTD Order at 13.)

This Court did not hold that any of the CBFA Statements were insufficiently plead but only that they were made outside the one-year statute of limitation for defamation claims. (MTD Order at 16-17.) The CBFA statements, however, were made within the UCL's four-year statute of limitations and are therefore independently actionable and discoverable. *See, e.g.*, *Azzam v. Rightway Dev. Inc.*, 789 F. Supp. 2d 110, 118 (D.D.C. 2011) (because plaintiff adequately alleged negligence claim, the "Court's ruling [] does not foreclose [the] possibility" that "the facts alleged in the Amended Complaint or revealed in discovery might establish other bases for a negligence claim"); *see also People v. Overstock.com, Inc.*, 12 Cal. App. 5th 1064, 1077 (2017) ("Any action on any UCL cause of action is subject to the four-year period of limitations"); *Mireskandari v. Daily Mail & Gen. Tr. PLC*, 2013 WL 12114762, at *10 (C.D. Cal. Oct. 8, 2013) (UCL SOL applies even when claims are based on publication of defamatory content); *Linares v. CitiMortgage, Inc.*, 2015 WL 2088705, at *7 n.5 (N.D. Cal. May 5, 2015) (same).

Accordingly, the Magistrate Judge erred in precluding discovery of Defendants' false accusations that Resolute was harvesting in off-limits areas, other than the Montagnes Blanches.

## II. The Magistrate Judge Erroneously Held That The Totality Of The Evidence Concerning Defendants' State Of Mind Is Not Discoverable

The Magistrate Judge reasoned that "the focus of discovery should be on whether the Greenpeace Defendants were aware of the falsity of the statements made, or if they had entertained serious doubts about the truth of the statements, rather than merely their motivation in making such statements." (Discovery Order at 6.) Consequently, the Magistrate Judge held that "Defendants' motive, without any connection to the Montagnes Blanches," is not discoverable, including but not limited to, the Operational Memorandum, which Resolute alleges memorialized Defendants' agreement with others to make Resolute a target of a smear campaign. (*See* AC ¶¶ 76, 286, 322, 309, 401.) The Magistrate Judge erroneously imposed precisely the type of "special limits" to proving Defendants' malice that the United State Supreme Court rejected four decades ago. *See Herbert v. Lando*, 441 U.S. 153, 165 n.15 (1979) (finding that there are no "special limits" to proving malice). "[A]ll relevant circumstances surrounding the

transaction may be shown, provided they are not too remote, including threats, prior or subsequent defamations, subsequent statements of the defendant, circumstances indicating . . . ill will, or hostility between the parties, facts tending to show a reckless disregard of the plaintiffs rights . . . ." *Id*.. at 164 n.12; *see also Reader's Digest Assn. v. Superior Court*, 37 Cal. 3d 244, 258 (1984) ("anger and hostility toward the plaintiff . . . may . . . indicate that the publisher himself had serious doubts regarding the truth of his publication") (collecting cases). While proof of ill-will alone cannot prove actual malice *at trial*, the Supreme Court and other courts have uniformly held that evidence of ill-will can "support a finding of actual malice [] when combined with other evidence" and is thus discoverable. *See. e.g., Tavoulareas v. Piro*, 817 F.2d 762 (D.C. Cir. 1987).

Consistent with these principles, even if they are not actionable -- which they are -- statements that Resolute was harvesting in off-limits areas are discoverable because they are probative of Defendants' malicious intent in publishing statements that Resolute was logging in the Montagnes Blanches. Those statements were part of the broader campaign falsely accusing Resolute of improperly harvesting in protected areas. *See Fiber Sys. Intl, Inc. v. Roehrs*, 470 F.3d 1150, 1170 (5th Cir. 2006) (smear campaign evidence of malice); *Overstock.com Inc. v. Gradient Analytics, Inc.*, 151 Cal. App. 4th at 710-12 (2007) (business model to defame was evidence of malice); *Pacquiao v. Mayweather*, 803 F. Supp. 2d 1208, 1214 (D. Nev. 2011) ("a course [of conduct] designed" to injure plaintiff was evidence of malice); *Curtis Pub. Co. v. Butts*, 388 U.S. 130, 158 (1967) (a "policy" of defamation was evidence of malice).

Moreover, courts have repeatedly held that evidence of past defamation – even if time-barred – are relevant to the actual malice inquiry and discoverable. *See Welsh v. City & Cty. of San Francisco*, 1995 WL 714350, at *6 (N.D. Cal. Nov. 27, 1995) (time-barred statements relevant to whether actionable statements were made with actual malice); *Antonovich v. Superior Court*, 234 Cal. App. 3d 1041, 1052-53 (1991) (considering events in 1980 to determine if statement made in 1988 was made with malice); *Herbert*, 441 U.S. at 168 n.17 ("actions prior to the publication" bears on "culpability").

The Magistrate Judge's finding that Resolute cannot engage in any discovery concerning

the Operational Memorandum was likewise flawed because it is not merely evidence of Defendants' ill-will; the memo establishes that Defendants were aware of the falsity of the statements that Resolute was logging in the Montagnes Blanches. As the Magistrate Judge correctly held, statements that Resolute violated the CBFA are discoverable because they were "part of a campaign" regarding the Montagnes Blanches "going back to December 2012." (Discovery Order at 7.) The Operational Memorandum was, as alleged, the genesis of that campaign. (AC ¶ 77 (the "memorandum stated that unless Resolute agreed to unspecified terms dictated by the Enterprise, the Enterprise would aggressively disseminate the intentional misrepresentations that Resolute violated the CBFA").)

The Magistrate Judge's ruling that discovery concerning the Operational Memorandum is not discoverable was predicated on the erroneous conclusion that this Court ruled that the Operational Memo is not evidence of malice as a matter of law, and therefore not discoverable. (Discovery Order at 6.) Rather, this Court held that Resolute alleged "few details" regarding the memo, "including who wrote it, when it was written or how it was disseminated," to support a finding *on the pleadings* that the Operational Memorandum was evidence of Defendants' malice. (MTD Order at 16.) Whether the Operational Memorandum is *discoverable* to show malice is a different analysis entirely. Discovery is broad and is particularly liberal in the defamation context to demonstrate a defendant's state of mind because direct evidence is rarely available and, thus, requires that the entire textual and circumstantial context of statements be considered. *See Herbert*, 441 U.S. at 170 (recognizing plaintiff will "rarely be successful in proving awareness of falsehood from the mouth of the defendant"); *Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 668 (1989) (plaintiff may prove actual malice with circumstantial evidence). Accordingly, the Operational Memorandum is discoverable both as to Defendants' ill-will towards Resolute and their malicious intent concerning the false statement that Resolute was logging in the Montagnes Blanches, and other off-limits areas.

**CONCLUSION**

For the foregoing reasons, it is respectfully submitted that the Discovery Order be reversed to the extent it prohibits discovery concerning (1) statements that Resolute was logging

in off-limit areas, (2) the Operational Memorandum, and (3) Defendants' ill-will towards Resolute.

Dated: July 24, 2019

KASOWITZ BENSON TORRES LLP

By: /s/ Lyn R. Agre

Lyn R. Agre
Michael J. Bowe
Lauren Tabaksblat

*Attorneys for Plaintiffs*