UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESOLUTE FOREST PRODUCTS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GREENPEACE INTERNATIONAL, et al.,<br><br>Defendants. | Case No. 17-cv-02824-JST<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Re: ECF No. 270 |

Before the Court is Plaintiffs' motion for relief from a non-dispositive pretrial order of a magistrate judge. ECF No. 270. Plaintiffs ask the Court to reverse portions of Judge Westmore's Order Regarding Discovery Letter Nos. 1 and 2 ("Discovery Order"). ECF No. 269.

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quoting Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Ingram v. Pac. Gas & Elec. Co.*, Case No. 12-cv-02777-JST, 2013 WL 6174487, at *2 (N.D. Cal. Nov. 25, 2013) (citation omitted). "The 'clearly erroneous' standard applies to the magistrate judge's findings of fact; legal conclusions are freely reviewable de novo to determine whether they are contrary to law." *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999). The district court "may not simply substitute its judgment" for that of the magistrate judge. *Grimes*, 951 F.2d at 241. Rather, "the district court may only set aside [a magistrate judge's] factual determinations if it is left with a definite and firm conviction that a mistake has been committed." *EEOC v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (internal quotation marks and citation omitted). This "deferential standard . . . indicates that decisions by the magistrate judge on nondispositive matters are essentially final

1   decisions of the district court which may be appealed in due course with other issues." *United States*
2   *v. Abonce-Barrera*, 257 F.3d 959, 968-69 (9th Cir. 2001) (internal quotation marks and citation
3   omitted).
4         Plaintiffs are corporate entities which harvest wood for the manufacture and sale of paper
5   products. ECF No. 185 ¶¶ 24-30. Defendants are Greenpeace environmental advocacy organizations
6   and several of their employees ("Greenpeace"). *Id.* ¶¶ 31-33, 36-39. Plaintiffs allege that Greenpeace
7   engaged in a campaign called "Resolute: Forest Destroyer," in which it targeted Plaintiffs with
8   misrepresentations regarding their sustainability practices in Canada. *Id.* ¶¶ 5-7. In particular,
9   Plaintiffs alleged misrepresentations related to (1) the Canadian Boreal Forest Agreement, *Id.* ¶¶ 69-
10  70, 106-107, 115, 224; (2) an Operational Memorandum memorializing an agreement to target
11  Plaintiffs, *Id.* ¶ 76; (3) logging activities in the Montagnes Blanches, *Id.* ¶ 212, 217-18, 306-09. 311;
12  and (4) Plaintiffs' loss of four Forest Stewardship Council certifications, *Id.* ¶ 186-88.
13        On January 22, 2019, this Court issued an order dismissing all claims except for Plaintiffs'
14  claim for defamation based on Greenpeace's alleged statements about Plaintiffs' logging activities
15  in the Montagnes Blanches, and the corresponding Unfair Competition Law ("UCL") claim. ECF
16  No. 246 at 34. Plaintiffs then sought discovery of: (1) "[a]ll documents, data, and communications
17  concerning Resolute;" (2) all documents concerning "the impacts of the forest product industry on
18  the population of woodland caribou in Canada" and on "intact forest landscapes in the Canadian
19  Boreal Forest;" and (3) information on the alleged Operational Memorandum, hacking, and cyber
20  activity directed at Plaintiffs. ECF No. 267 at 4. Judge Westmore found that "the scope and time
21  period of many discovery requests [were] too broad, particularly in light of [this Court's] dismissal
22  order." ECF No. 269 at 5.
23        In its motion for relief, Plaintiffs argue that Judge Westmore's order erred in finding that
24  (1) liability in this case is limited to the Montagnes Blanches statements contained in a 2016 letter
25  and a 2017 Clearcutting report and (2) "many of the discovery requests that are limited to
26  [Greenpeace's] motive, without any connection to the Montagnes Blanches" are too remote and
27  are outside the scope of this case. ECF No. 269 at 8; ECF No. 270 at 5-6. Plaintiffs ask that the
28  "Discovery Order be reversed to the extent it prohibits discovery concerning (1) statements that

United States District Court
Northern District of California

Resolute was logging in off-limits areas, (2) the Operational Memorandum, and (3) Defendants' ill-will towards Resolute." *Id.* at 8-9.

The Court has reviewed Plaintiffs' objections to Judge Westmore's order. ECF Nos. 270, 273. After careful consideration, the Court finds that Plaintiffs have not demonstrated that Judge Westmore's order is clearly erroneous or contrary to law. As Judge Westmore noted, this Court's January 2019 order limited the UCL claim to the two Montagnes Blanches statements. Moreover, as Judge Westmore properly found, many of Plaintiffs' discovery requests are too broad because they have no connection with Plaintiffs' remaining Montagnes Blanches causes of action. Accordingly, Plaintiffs' motion for relief from a non-dispositive pretrial order of a magistrate judge is denied.

**IT IS SO ORDERED.**

Dated: October 16, 2019



JON S. TIGAR
United States District Judge