UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESOLUTE FOREST PRODUCTS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GREENPEACE INTERNATIONAL, et al.,<br><br>Defendants. | Case No. 17-cv-02824-JST (KAW)<br><br>**ORDER REGARDING JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 297 |

Plaintiffs are corporate entities who harvest wood for the manufacture and sale of paper products. (First Amended Compl. ("FAC") ¶¶ 24-30, Dkt. No. 185.) Defendants are non-profit environmental advocacy organizations and several of their employees. (FAC ¶¶ 31-33, 36-39.) Following a motion to dismiss, Plaintiffs' surviving claims are for defamation (and the corresponding Unfair Competition Law claim) based on Defendants' December 2016 and May 2017 statements that Plaintiffs were operating in the Montagnes Blanches. (FAC ¶¶ 304-09; *see also* Dismissal Ord. at 34, Dkt. No. 246.) These statements were made after the Quebec Minister of Forests, Wildlife, and Parks issued a statement explaining that a map featured in a 2010 Greenpeace Canada report, to show that Plaintiffs logged in the Montagnes Blanches, was misleading. (FAC ¶ 217; Dismissal Ord. at 5.)

Pending before the Court is the parties' January 9, 2020 joint discovery letter. (Discovery Letter, Dkt. No. 297.) Plaintiffs seek discovery related to the Montagnes Blanches starting from June 1, 2012, "two months prior to [the] earliest known effort by Greenpeace to accuse Resolute of operating in the Montagnes Blanches . . . ." (*Id.* at 2.) Defendants assert that discovery should start from January 1, 2013, citing to the Court's prior discovery order. (*Id.* at 1-2.)

In its prior order, the Court explained that when alleging defamation against a public

figure, a plaintiff must demonstrate "'actual malice'; that is, 'with knowledge of their falsity or with reckless disregard for the truth.'" *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 265 (9th Cir. 2013) (internal quotation omitted). Reckless disregard, in turn, exists where "the defendant . . . made the false publication with a high degree of awareness of probable falsity, or must have entertained serious doubts as to the truth of his publication." *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 667 (1989) (internal quotations omitted). Applying these principles, the Court found that "information about how Greenpeace Defendants defined Montagnes Blanches is directly relevant to actual malice . . . ." (Discovery Ord. at 7, Dkt. No. 269.) Thus:

> The Court . . . disagrees with Greenpeace Defendants that the discovery should primarily consist "of the materials and information considered and relied upon by the speaker when authoring the allegedly defamatory statements regarding the Montagnes Blanches forest region in 2016 and 2017." As Plaintiffs argue, the statements regarding the Montagnes Blanches appear to be part of a campaign against [Plaintiffs], going back to December 2012. For example, a 2013 report by Greenpeace Canada accusing Plaintiffs of violating the CBFA -- and later distributed by Defendant Brindis -- contained claims that Plaintiffs were logging in the Montagnes Blanches. Thus, information about the Montagnes Blanches preceding the 2016 and 2017 statements, even as far back as 2013, may be relevant to actual malice, as it goes to Defendants' motivation and knowledge base when making the challenged statements.

(*Id.* (citations omitted).)

In so finding, the Court did not conclude that information prior to 2013 was necessarily not discoverable. Indeed, Plaintiffs point to a December 2012 article published by non-party Greenpeace Canada, which asserted that Plaintiffs built logging roads in the Montagnes Blanches. (Discovery Letter at 1.) The December 2012 article included photographs and video, which the article stated had been taken by Greenpeace employees in August 2012. (*Id.*) The December 2012 article was then disseminated by Defendants in early 2013. (*Id.* at 2; FAC ¶ 113.) Thus, information related to the December 2012 article, including the photographs and video taken in August 2012, is discoverable because it may lead to relevant information as to Defendants' definition of the Montagnes Blanches and their knowledge about its borders when they made the actionable 2016 and 2017 statements.

Defendants' arguments to the contrary are unpersuasive. First, Defendants argue that such

information is not discoverable because the presiding judge dismissed claims based on statements made prior to the Quebec Minister's May 2016 statement. (Discovery Letter at 4.) That, however, does not mean all prior information is irrelevant. This is particularly the case where Defendants have argued that their definition of the Montagnes Blanches may differ from the Quebec government's. (*See* Discovery Ord. at 7.) Thus, how Defendants define Montagnes Blanches is discoverable, even if it predates the May 2016 statement.

Second, Defendants deny Plaintiffs' allegation that Defendants were engaged in a longstanding "campaign" to accuse Plaintiffs of logging in the Montagnes Blanches. (Discovery Letter at 4.) Plaintiffs, however, are not required to rely on Defendants' assertions.

Third, Defendants contend that the December 2012 article was "of a wholly different character" than the actionable 2016 and 2017 statements. (Discovery Letter at 4.) Defendants argue that the December 2012 article concerned logging in a zone prohibited under the Canadian Boreal Forest Agreement ("CBFA") while the 2016 and 2017 statements concern logging in the Montagnes Blanches Endangered Forest, a region that has been identified since 2010. (*Id.*) Plaintiffs dispute this characterization, and further point out that the actionable 2016 and 2017 statements do not refer to the "Montagnes Blanches Endangered Forest." (*Id.* at 3.) This appears to be a factual dispute, and not a basis for withholding discovery.

Finally, Defendants generally argue that the presiding judge already dismissed claims based on other statements, such as those related to the CBFA. (Discovery Letter at 5.) While accurate, the discovery at issue concerns Defendants' knowledge about the Montagnes Blanches. Even if such information was obtained when making non-actionable statements, it still goes to what Defendants knew when they made the actionable statements.

Accordingly, Defendants are allowed to seek documents related to the Montagnes Blanches beginning in June 1, 2012.

IT IS SO ORDERED.

Dated: January 21, 2020

_____
KANDIS A. WESTMORE
United States Magistrate Judge

3