UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESOLUTE FOREST PRODUCTS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GREENPEACE INTERNATIONAL, et al.,<br><br>Defendants. | Case No. 17-cv-02824-JST<br><br>**ORDER GRANTING MOTIONS FOR ATTORNEY'S FEES**<br><br>Re: ECF Nos. 284, 285 |

Now before the Court are the renewed motions of Defendants Greenpeace International ("GPI"), Greenpeace, Inc. ("GP Inc."), Daniel Brindis, Amy Moas, and Rolf Skar (collectively "Greenpeace Defendants"), and Greenpeace Fund, Inc. ("GP Fund") for attorney's fees and costs. ECF Nos. 284, 285. The Court will grant the Greenpeace Defendants' motion and grant GP Fund's motion in part.

**I.    BACKGROUND**

The Court described the background of this case in detail in its prior attorney's fees order, ECF No. 279, and so provides only an abbreviated overview here. Plaintiffs Resolute Forest Products, Inc.; Resolute FP US, Inc.; Resolute FP Augusta, LLC; Fibrek General Partnership; Fibrek U.S., Inc.; Fibrek International, Inc.; and Resolute FP Canada, Inc. (collectively, "Resolute") brought this case against the Greenpeace Defendants, GP Fund, Defendants Stand and Todd Paglia (collectively, "Stand Defendants"), and other defendants for alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 *et seq.*, and various state laws, including defamation and tortious interference with prospective and contractual business relations. ECF No. 185.

The present motions are renewed motions for attorney's fees and costs incurred by

Defendants in bringing a successful anti-SLAPP motion against Plaintiffs' First Amended Complaint. The Court dismissed with prejudice all claims except for Resolute's claim for defamation, and its corresponding UCL claim, against the Greenpeace Defendants based on statements regarding an area known as the Montagnes Blanches. ECF No. 246 at 34. The Court also concluded that Resolute's suit "arises from an act by the defendant made in connection with a public issue in furtherance of the defendant's right to free speech" and granted Defendants' anti-SLAPP motions as to all dismissed claims. *Id.* at 31 (citation omitted).

Because prevailing defendants on an anti-SLAPP motion are entitled to recover attorney's fees and costs, *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001), Defendants then brought motions for attorney's fees. ECF Nos. 251, 252.[1] The Greenpeace Defendants sought $669,205.50 in attorney's fees and $20,687.18 in costs. ECF No. 251 at 28. GP Fund sought $261,365.94 in fees and $368.95 in costs. ECF No. 252 at 24-26.

The Court denied the motions without prejudice. ECF No. 279. The Court started by noting that Defendants were not entitled to fees in connection with the litigation of Plaintiffs' federal claims, because those claims did "not overlap or [were] not inextricably intertwined" with the state claims subject to the anti-SLAPP motion. *Id.* at 6-7 (quoting *Kearney v. Foley & Lardner*, 553 F. Supp. 2d 1178, 1184 (S.D. Cal. 2008); *see also Fallay v. San Francisco City & Cty.*, No. 08-cv-2261-CRB, 2016 WL 879632, at *3 (N.D. Cal. Mar. 8, 2016) ("Work that is inextricably intertwined with an anti-SLAPP motion is compensable," but "work performed on federal claims is not compensable."). The Court then found that Defendants had neither adequately excluded non-compensable time from their requests nor provided a methodology by which the Court could do so. ECF No. 279. The Court therefore denied Defendants' motions without prejudice to a "renewed motion in which they exclude non-compensable time and explain their method for doing so." *Id.* at 7-8 (Greenpeace Defendants), 13 (GP Fund).

The Court also made two additional orders with regard to the Greenpeace Defendants.

---

[1] Defendants Stand and Todd Paglia also filed a motion for attorney's fees, ECF No. 247, which the Court granted in large part, ECF No. 279 at 5. That motion is no longer before the Court.

2

First, the Court found that they had staffed the case using an unnecessary amount of senior attorney time. *Id.* at 9-10. Accordingly, the Court ordered that "any renewed motion should reduce [attorney Lance] Koonce's time of by an additional 20 percent beyond the reduction applied for non-compensable work generally." *Id.* at 10. Second, the Court ordered the Greenpeace Defendants to reduce the billing rate of paralegal Susan Casey to $240 per hour. *Id.* at 11. The Court overruled Plaintiffs' remaining objections.

These motions then followed. The Greenpeace Defendants now seek $545,572.36 in attorneys' fees and $20,687.18 in costs. ECF No. 284 at 10. GP Fund seeks $262,171.26 in fees and $368.95 in costs.[2] ECF No. 285 at 11.

The Greenpeace Defendants have now reduced attorney Lance Koonce's time, and paralegal Susan Casey's billing rate, in the amounts ordered by the Court. ECF No. 284 at 6. They also have segregated their billing entries. They identify 479.70 hours in time entries related entirely to compensable state law claims; 111.40 hours in time entries related entirely to non-compensable RICO claims; and 1,536.50 hours in time entries relate to work performed on the two SLAPP Motions "without a clear indication in the time entry narrative whether the work related specifically to state law or RICO claims." ECF No. 284 at 5-6.

As to this last category, the Greenpeace Defendants "suggest that the Court adjust the fees accrued for this work downward by forty percent to account for time spent on non-compensable claims." *Id.* at 7. They base this proposal on the number and percentage of claims at issue in the motions. "In particular," they state, "at three of eleven counts on the initial Complaint and three of nine counts on the Amended Complaint, Plaintiff's RICO claims represented twenty-seven percent and thirty-three percent, respectively, of the claims addressed in the Greenpeace Defendants' two relevant SLAPP Motions." *Id.* at 8. Thus, in their view, a reduction of forty percent should be more than sufficient to limit the fees appropriately. The Greenpeace Defendants also argue that their request for sixty percent of their attorneys' fees related to the two SLAPP Motions "reflect[s] . . . the percentage of their briefing in this case on Plaintiff's state law claims." *Id.* They note that

---

[2] Resolute has not objected to the requests for costs.

77 percent of the pages of their first motion to dismiss, and 65 percent of their second motion to dismiss, were devoted to Plaintiffs' state law claims. *Id.* at 8-9. Thus, they conclude, "the percentage of briefing provided on the Greenpeace Defendants' two successful SLAPP Motions confirms that an award of sixty percent of their attorneys' fees on those motions is reasonable." *Id.* at 9.

In its renewed motion, GP Fund identified and excluded all time that was unrelated to its anti-SLAPP motions. It identified all time entries that it removed in the exercise of billing judgment or redacted in full, for a reduction of $16,713.50. ECF No. 285 at 8. It also identified the time that its counsel spent on matters unrelated to its anti-SLAPP motions such as case management, for an additional reduction of $25,110.50. *Id.* It also removed "all *extricable* time that its counsel spent responding to plaintiffs' federal RICO claims," meaning "all time entries related to its work on its motion to dismiss and to strike plaintiffs' amended complaint that explicitly reference RICO, or that relate to its supplemental briefs that exclusively related to RICO." *Id.* at 8. It then reduced the remaining time entries related to its motions to dismiss and strike by 20 percent. *Id.* at 8-9. It chose that figure "because approximately ten of [GP] Fund's fifty pages of briefing on its motion to dismiss and to strike the amended complaint . . . or 20% of that briefing, presents arguments about RICO." *Id.* at 9. Even with these reductions, its total request of $262,171.26 is higher than its prior request because (a) GP Fund includes its actual fees incurred in connection the prior motion for fees ($47,731.75) instead of the estimate it previously used ($26,000) and (b) it now asks for the estimated fees it will incur in bringing this renewed motion, i.e., "fees on fees" ($12,875). *Id.* at 3 n.1.

Plaintiffs oppose these renewed motions. ECF No. 290. They argue that Defendants cite no authority in support of using either the percentage of claims or the percentage of briefing pages as a proxy for an appropriate reduction in the claimed fees. *Id.* at 4-5. They complain that using the page ratio would be unfair given Defendants' counsel's expertise in first amendment law and anti-SLAPP, which should have resulted in fewer total hours being billed on those subjects. *Id.* at 4-5.

4

## II. ANALYSIS

"[U]nder [California] Code of Civil Procedure section 425.16, subdivision (c), any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." *Ketchum*, 24 Cal. 4th at 1131. Anti-SLAPP Fee awards include services for all proceedings "directly related" to the special motion to strike, as well as fees "addressing matters with factual or legal issues that are 'inextricably intertwined' with those issues raised in an anti-SLAPP motion." *Henry v. Bank of Am. Corp.*, No. C 09-0628 RS, 2010 WL 3324890, at *4 (N.D. Cal. Aug. 23, 2010) (citation omitted). "Claims are related if they involve a common core of facts or are based on related legal theories." *Dubose v. Cty. of Los Angeles*, No. CV 09-7832 CAS AJWX, 2012 WL 2135293, at *4 (C.D. Cal. June 11, 2012). "Claims are unrelated and therefore excluded from the lodestar calculation where they are 'distinct and separate' from the claims on which the party prevailed." *Id.* (citation omitted). "Work that is inextricably intertwined with an anti-SLAPP motion is compensable," but "work performed on federal claims is not compensable." *Fallay*, 2016 WL 879632, at *3. In situations like the one here, "when the briefing involves overlapping issues of law and fact and [there is] a substantial anti-SLAPP fee request, courts reduce the total fee award." *Open Source Sec., Inc. v. Perens*, No. 17-CV-04002-LB, 2018 WL 2762637, at *6 (N.D. Cal. June 9, 2018), *aff'd,* No. 18-15189, 2020 WL 589649 (9th Cir. Feb. 6, 2020). "[T]he California anti-SLAPP statute applies to pendant state law claims, but not to federal question claims." *Coulter v. Murrell,* 2010 WL 2775627, at *4 (S.D. Cal. July 13, 2010).

The parties no longer dispute whether Defendants are entitled to fees for their work on Plaintiffs' state claims, but not on their federal RICO claims. ECF Nos. 284 at 5; 285 at 3; 290 at 5. The question is whether Defendants' proposed reductions in their fees are sufficient to account for this distinction. The Court concludes that they are.

First, the Court finds that Defendants' estimates of the percentage of effort expended on compensable claims, based on the percentages of the total claims at issue or the briefing pages devoted to those claims, fairly approximate the effort of the parties vis-à-vis those claims. After all, the Court is not considering that information in a vacuum – it read the complaint and the briefs and considered the parties' various arguments, and Defendants' estimates correlate with the

1  Court's own experience.

2  Next, the Court finds unpersuasive Plaintiffs' complaint that "Defendants do not cite any
3  authority holding that this is a proper measure for ascertaining percentage reductions." ECF No.
4  290 at 4. Many courts – including some cited by Plaintiffs – have used either a percentage-of-
5  claims or percentage-of-pages metric to reduce attorney time where billing entries are too vague to
6  support a determination of which time is recoverable. In *Fallay v. San Francisco City & County*,
7  for example, the court reduced counsel's time by 3/7 where "three of the seven claims addressed"
8  in defendants' motion to dismiss were federal claims not "inextricably intertwined with the anti-
9  SLAPP motion." *Fallay,* No. C 08-2261 CRB, 2016 WL 879632, at *5 (N.D. Cal. Mar. 8, 2016).
10 In *Dubose*, the court estimated that only one-third of plaintiff's attorney's time spent on trial,
11 discovery, and pretrial motions related to plaintiff's claims against the defendant against whom the
12 fee motion was filed, and so reduced the attorney's time by 67 percent. 2012 WL 2135293, at *4.
13 The court then noted that plaintiff was successful on only one of four claims at trial, and reduced
14 the fees by an additional 75 percent. *Id.* In *Thornbrough v. W. Placer Unified School District*, the
15 court reduced a fee request by 50 percent where "three of the seven claims were based on federal
16 law." No. 2:09-CV-02613-GEB, 2010 WL 3069321, at *3 (E.D. Cal. Aug. 3, 2010). And in *Lee-*
17 *Tzu Lin v. Dignity Health-Methodist Hospital of Sacramento*, No. CIV. S-14-0666 KJM, 2014 WL
18 5698448, at *5 (E.D. Cal. Nov. 4, 2014), the court found that "defendants' invoice entries for time
19 spent on the motion to dismiss [were] too vague to support [a] determination of which time is
20 recoverable." *Id.* at *5. Reviewing the briefs, however, "the court [found that] up to fifty percent
21 of the arguments presented in support of defendants' motion to dismiss overlapped and were
22 inextricably intertwined with arguments presented in support of their anti-SLAPP motion." *Id.*
23 Allocating half the attorney time to the anti-SLAPP motion, and concluding that half of the
24 remaining time was "inextricably intertwined," the court deducted twenty-five percent of the
25 billed hours. *Id.* In short, Plaintiffs' proposed methodology is well-supported in the case law.

26 Resolute raises two additional objections to the GP Fund application. First, it argues that
27 "GP-Fund's fee award should be further reduced because GP-Fund failed to appropriately remove
28 all non-compensable case management time from its fee application." ECF No. 290 at 10. It

argues that GP Fund's counsel's estimate of the amount of block-billed time is too subjective and asks the Court to disregard all block-billed time entirely. The Court finds that GP Fund has adequately accounted for its case management time and overrules this objection.

Resolute also objects to GP Fund's request for fees in connection with its renewed motion for attorney's fees, arguing that "[a]lthough California's anti-SLAPP statute provides for recovery of the reasonable time spent seeking an award of attorney's fees and costs, GP-Fund should not be entitled to recover for duplicative motion practice necessitated by its own failure to meet its burden of proof on its initial motion, including by, inter alia, failing to maintain appropriate time entries in the first instance and appropriately reduce its requested award for non-compensable work related to defense of Plaintiffs' federal claims and general case management work." ECF No. 290 at 11 (emphasis omitted).

Resolute cites no authority for this objection, but the Court has located two helpful cases. In *Hirsch v. Compton Unified Sch. Dist.*, No. 12-CV-01269-RSWL(MRW), 2013 WL 1898553 (C.D. Cal. May 3, 2013), the plaintiff prevailed in an action under the Individuals with Disabilities Education Act. She then sought her attorney's fees, which the Court awarded. The same attorney then filed a motion seeking fees in connection with her earlier, successful attorney's fees motion. The court denied the second motion, holding that "receiving fees on fees on fees is too attenuated from the adjudication of the due process complaint to be reimbursable." *Id.* at *6 (quoting *Wright v. District of Columbia*, 883 F. Supp. 2d 132, 134 (D.D.C. 2012)). And in *Ford Motor Credit Co. LLC v. Gilbert*, No. 6:15-CV-01610-JR, 2017 WL 2766168, at *4 (D. Or. June 26, 2017), the court declined to award fees for a successive fee application, finding that the attorney's "hours arose only because plaintiff's first attempt to obtain attorney fees was rejected due to defects in counsel's billing statements." 2017 WL 2766168, at *4. Similarly here, GP Fund's renewed motion for fees was necessary only because the Court denied its first motion. The Court will reduce GP Fund's request by $12,875. *See* ECF No. 285 at 3 n.1 (attributing $12,875 to the renewed fees motion).

## CONCLUSION

For the foregoing reasons, the Greenpeace Defendants' motion for attorney's fees and

7

costs is GRANTED and GP Fund's motion is GRANTED IN PART.  Resolute shall reimburse the Greenpeace Defendants $545,572.36 in attorneys' fees and $20,687.18 in costs.  Resolute shall reimburse GP Fund $249,296.26 in fees and $368.95 in costs.

**IT IS SO ORDERED.**

Dated:  April 22, 2020



JON S. TIGAR
United States District Judge