UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESOLUTE FOREST PRODUCTS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GREENPEACE INTERNATIONAL, et al.,<br><br>Defendants. | Case No. 17-cv-02824-JST (KAW)<br><br>**ORDER TERMINATING JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 316 |

Plaintiffs are corporate entities who harvest wood for the manufacture and sale of paper products. (First Amended Compl. ("FAC") ¶¶ 24-30, Dkt. No. 185.) Defendants are non-profit environmental advocacy organizations and several of their employees. (FAC ¶¶ 31-33, 36-39.) Plaintiffs bring claims for defamation (and a corresponding Unfair Competition Law claim) based on Defendants' December 2016 and May 2017 statements that Plaintiffs were operating in the Montagnes Blanches forest. (*See* Dismissal Order at 34, Dkt. No. 246.) In a prior order, the Court found that "information about how Greenpeace Defendants defined Montagnes Blanches is directly relevant to actual malice," which is required in alleging defamation against a public figure. (Dkt. No. 269 at 7.) Thus, the Court permitted Plaintiffs to seek documents related to the Montagnes Blanches beginning in June 1, 2012. (Dkt. No. 299 at 3.)

On June 8, 2020, the parties filed a joint discovery letter regarding Plaintiffs' request for the issuance of letters rogatory requesting international judicial assistance in obtaining evidence from third-party Greenpeace Canada ("GPC") and GPC's current and former employees Joanna Kerr, Shane Moffatt, Nicholas Manville, and Richard Brooks. (Discovery Letter at 1, Dkt. No. 316.) While Defendants do not challenge the requests in their entirety, they contend that the scope of evidence is not reasonable and necessary. (*Id.*)

Per the undersigned's standing order, "[a]fter meeting and conferring . . . the parties shall draft and file a jointly signed letter **within five (5) business days** of the lead trial counsels' meet and confer session . . . ." (Westmore Standing Order ¶ 14 (emphasis added).) Here, the parties met and conferred on January 14, 2020. (Discovery Letter at ii.) As nearly five months have passed since the meet and confer, the Court TERMINATES the discovery letter. The Court ORDERS the parties to meet and confer again and offers the following guidance.

First, Defendants contend that the discovery sought from GPC is an attempt to circumvent discovery obligations in separate litigation. (Discovery Letter at 3.) Specifically, Plaintiffs have brought a similar suit against GPC in Canada. (*Id.*) Defendants argue that in Canada, non-parties are not subject to fact discovery. (*Id.* at 4.) The discovery sought in this litigation does not appear to circumvent such a discovery limit. In the Canadian litigation, GPC is not a non-party, so the prohibition on fact discovery as to non-parties would not have applied to GPC.

Second, Plaintiffs seek documents "concerning harvesting by any forestry company, including [Plaintiffs], within the Montagnes Blanches and Montagnes Blanches Endangered Forest." Plaintiffs also seek all documents concerning the impact of forestry on these areas. The requests for documents concerning harvesting by forestry companies other than Plaintiffs appear overbroad; this case concerns Plaintiffs' operations, not operations by other parties.

Plaintiffs suggest that such information is discoverable because Defendants had claimed that Plaintiffs adversely impacted endangered caribou. (Discovery Letter at 3.) Thus, Plaintiffs seek information that shows the alleged impact was caused by Plaintiffs, rather than other companies harvesting at that region. In support, Plaintiffs point to the dismissal order, which noted that Defendants had argued "that their statements regarding [Plaintiffs'] harvesting in the Montagnes Blanches are not actionable because whether they are true or not does not affect the gist of the statements, which go to [Plaintiffs'] effect on caribou herds." (Dismissal Order at 18; *see also* Discovery Letter at 3.) The presiding judge, however, appeared to *reject* Defendants' argument, explaining that "the statement is materially false in alleging that [Plaintiffs were] logging in the Montagnes Blanches when it was not." (*Id.*) Thus, at issue is not the impacts of Plaintiffs' operations *vis-à-vis* other forestry companies, but whether or not Plaintiffs were logging

2

in the Montagnes Blanches to begin with.

Third, Plaintiffs seek documents concerning any contract, memorandum of understanding, joint plan, or other agreement between Defendants and GPC concerning Plaintiffs. This request also appears overbroad because the instant case concerns specific statements regarding Plaintiffs' alleged harvesting in the Montagnes Blanches. Agreements between Defendants and GPC regarding Plaintiffs' other operations have no apparent bearing on the instant case.[1]

Finally, Plaintiffs request all documents and communications regarding Plaintiffs' logging in the Montagnes Blanches. Defendants respond that Plaintiffs cannot seek any "discovery of GPC prior to 2016 to the extent it has no bearing on the state of mind of Defendants. By definition, any documents that could have bearing on state of mind *had to be provided to or seen by Defendants*," and that "any such documents provided to Defendants also would be, by definition, within their possession . . . ." (Discovery Letter at 4.) Plaintiffs respond – and Defendants do not dispute – that information was also exchanged between GPC and Defendants through telephonic, in-person, and video conferences. (*Id.* at 2.) Such information would be discoverable, even if not in Defendants' possession.

This does not, however, mean that all information in GPC's possession is discoverable; if such information was never communicated to Defendants, it would have no bearing on Defendants' knowledge base or state of mind. Further, while Plaintiffs argue that they are entitled to discover GPC's state of mind, GPC is not a party in this case. (Discovery Letter at 3.) Their state of mind does not affect whether Defendants are liable. Similarly, requests for all documents and communications regarding certain statements made by GPC or the third-party individuals does not appear to be discoverable if *Defendants* were not involved in the publication of those statements.

Again, the Court ORDERS the parties to meet and confer. If the parties are unable to resolve their dispute, they shall file a joint discovery letter within five days of the meet and confer.

---

[1] The request instead appears to go to Plaintiffs' allegations that there was an "operational memorandum," memorializing a plan between Defendants and other non-party environmental organizations to target Plaintiffs. (FAC ¶¶ 76-88.) The presiding judge, however, already found that such allegations "add nothing to the Court's actual malice analysis." (Dismissal Order at 16.)

The joint discovery letter shall also include the proposed letters rogatory with all exhibits, as the Court will not issue letters rogatory without reviewing them in their entirety.  (*See* Discovery Letter at ii n.1. (stating that "Plaintiffs have not attached certain exhibits to the proposed letters rogatory").)  The parties need not request leave of court to include the complete proposed letters rogatory at issue in this letter.[2]

IT IS SO ORDERED.

Dated: July 9, 2020

KANDIS A. WESTMORE
United States Magistrate Judge

---

[2] As the Court has previously noted, the parties may move for page extensions if needed.  This would be preferable to providing incomplete information.

4