UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESOLUTE FOREST PRODUCTS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GREENPEACE INTERNATIONAL, et al.,<br><br>Defendants. | Case No. 17-cv-02824-JST   (KAW)<br><br>**ORDER REGARDING DISCOVERY LETTER**<br><br>Re: Dkt. No. 329 |

Plaintiffs are corporate entities who harvest wood for the manufacture and sale of paper products. (First Amended Compl. ("FAC") ¶¶ 24-30, Dkt. No. 185.) Defendants are non-profit environmental advocacy organizations and several of their employees. (FAC ¶¶ 31-33, 36-39.) Plaintiffs bring claims for defamation (and a corresponding Unfair Competition Law claim) based on Defendants' December 2016 and May 2017 statements that Plaintiffs were operating in the Montagnes Blanches forest. (*See* Dismissal Order at 34, Dkt. No. 246.) In a prior order, the Court found that "information about how Greenpeace Defendants defined Montagnes Blanches is directly relevant to actual malice," which is required in alleging defamation against a public figure. (Dkt. No. 269 at 7.) Thus, the Court permitted Plaintiffs to seek documents related to the Montagnes Blanches beginning in June 1, 2012. (Dkt. No. 299 at 3.)

On June 8, 2020, the parties filed a joint discovery letter regarding Plaintiffs' request for the issuance of letters rogatory requesting international judicial assistance in obtaining evidence from third-party Greenpeace Canada ("GPC") and GPC's current and former employees Joanna Kerr, Shane Moffatt, Nicholas Manville, and Richard Brooks. (Discovery Letter at 1, Dkt. No. 316.) On July 9, 2020, the Court terminated the parties' discovery letter for failure to comply with meet and confer requirements. (Order at 2, Dkt. No. 324.) The Court, however, offered four areas

of guidance for the parties' meet and confer.  (*Id.* at 2-3.)

On August 14, 2020, the parties filed a joint discovery letter regarding the issuance of letters rogatory.  (Discovery Letter, Dkt. No. 329.)  The disputes are largely the same as those raised in the June 8, 2020 letter, on which the Court already offered guidance.

## I. DISCUSSION

### A. Letters Rogatory Request Nos. 1(a) and 2

First, Defendants request that Request Nos. 1(a) and 2 "be limited to documents contemporaneous with the publication of the Challenged Statements in 2016-17 unless they concern mapping of, or Resolute's logging in, the MBs and actually were transmitted to Defendants."  (Discovery Letter at 5.)  Request 1(a) seeks documents and communications concerning "Resolute logging in the Montagnes Blanches or the Montagnes Blanches Endangered Forests," while Request 2 seeks documents, communications, and maps "concerning the borders and delineation of the Montagnes Blanches and Montagnes Blanches Endangered Forests, including any research, analysis, fact-finding, studies, investigation, publication, news, press, or any other information concerning harvesting by any forestry company, including Resolute, within the Montagnes Blanches and Montagnes Blanches Endangered Forest."  (Discovery Letter, Ex. A ("Letters Rogatory"), Schedule A at 1.)

The Court finds that Request Nos. 1(a) and (2) must be limited to information that was transmitted to Defendants.  This includes documents that were only communicated orally to Defendants.  This does not, however, include *all* information in GPC's possession; as the Court explained in its July 9, 2020 order, "if such information was never communicated to Defendants, it would have no bearing on Defendants' knowledge base or state of mind."  (Order at 3.)

Plaintiffs' arguments that they are entitled to all of GPC's internal correspondences and analyses are unpersuasive.  First, Plaintiffs argue that "GPC almost certainly transmitted, through non-written communications, information relevant to the statements that Defendants themselves authored, disseminated, and took credit for."  (Discovery Letter at 2.)  The above limitation would cover such documents, as information that was communicated orally to Defendants must be produced.  Second, Plaintiffs contend that if information was not communicated to or considered

2

by Defendants, Plaintiffs are "entitled to probe why Defendants . . . failed to consider relevant information that GPC analyzed in preparing the joint publications." (*Id.*) It is unclear, however, how Defendants' failure to consider evidence that was *never provided to them* would be relevant to their state of mind or knowledge. It is also unclear how *Defendants* would know why GPC decided not to provide certain information. Finally, to the extent Plaintiffs again suggest GPC's state of mind is relevant, the Court again disagrees. (*See* Order at 3 ("Further, while Plaintiffs argue that they are entitled to discover GPC's state of mind, GPC is not a party in this case. Their state of mind does not affect whether Defendants are liable.").)

### B. Letters Rogatory Request Nos. 2 and 3

Next, Defendants request that the Court "strike the portion of Request No. 2 seeking information about 'harvesting by any forestry company.'" (Discovery Letter at 5.) Defendants also request that the Court strike the entirety of Request No. 3, which seeks all information concerning the impact of forestry on the Montagnes Blanches or Montagnes Blanches Endangered Forest. (*Id.*; Letters Rogatory, Schedule A at 1.)

The Court agrees that information about how forestry, in general, impacts the Montagnes Blanches does not go to malice. Plaintiffs previously argued that "such information is discoverable because Defendants had claimed that Plaintiffs adversely impacted endangered caribou." (Order at 2.) In support, Plaintiffs again point to the dismissal order, which had noted that Defendants had argued "that their statements regarding [Plaintiffs'] harvesting in the Montagnes Blanches are not actionable because whether they are true or not does not affect the gist of the statements, which go to [Plaintiffs'] effect on caribou herds." (Dkt. No. 246 at 18.) The undersigned, however, explained that the presiding judge had appeared to reject Defendants' argument when he concluded that Defendants' statement was actionable because "'the statement is materially false in alleging that [Plaintiffs were] logging in the Montagnes Blanches when it was not.' Thus, at issue is not the impacts of Plaintiffs' operations *vis-à-vis* other forestry companies, but whether or not Plaintiffs were logging in the Montagnes Blanches to begin with." (*Id.* at 2 (quoting Dkt. No. 246 at 18).)

While Plaintiffs may disagree with the Court's ruling, the Court does not believe it

3

misconstrued the presiding judge's ruling.  (*See* Discovery Letter at 3.)  And while Plaintiffs suggest they could now show Defendants' statement that Plaintiffs adversely impacted endangered caribou was defamatory, this was not the presiding judge's understanding when he found that Plaintiffs had adequately alleged malice, a necessary element of Plaintiffs' defamation claim. Again, the presiding judge found malice based on the statement that Plaintiffs were logging in the Montagnes Blanches.  (*See* Dkt. No. 246 at 18.)

Notably, Plaintiffs' proposed letters rogatory themselves support the conclusion that Plaintiffs are not concerned with the veracity of Defendants' statement regarding the impact of logging by other companies on caribou.  Plaintiffs' letters rogatory focus solely on whether Defendants' assertion that Plaintiffs logged in the Montagnes Blanches is defamatory; the only mention of caribou is in the context of how the Quebec government defined the Montagnes Blanches.  (*See* Letters Rogatory at 6.)  Likewise, the letters rogatory states that international assistance is being requested "in obtaining evidence relevant to Defendants' definition and identification of the Montagnes Blanches in the Alleged Defamatory Statements." (*Id.* at 7.) Thus, information concerning harvesting by any forestry company and the impact of forestry on the Montagnes Blanches does not impact how the Montagnes Blanches is defined.  Accordingly, the Court strikes these requests.

### C. Letters Rogatory Request No. 4

Defendants request that the Court strike the entirety of Request No. 4, which seeks documents "concerning contracts, memoranda of understanding, joint plan, or any other form of agreement between Defendants and Greenpeace Canada to: (a) accuse Resolute of harvesting in the Montagnes Blanches or Montagnes Blanches Endangered Forest; (b) accuse Resolute of violating the CBFA [(Canadian Boreal Forest Agreement)]; or (iii) withdraw from the CBFA based on these claims."  (Discovery Letter at 5; Letters Rogatory, Schedule A at 1.)

The Court finds (a) is discoverable, as agreements to accuse Plaintiffs of harvesting in the Montagnes Blanches go to motivation and the malice inquiry.  Agreements to accuse Plaintiffs of violating the CBFA or withdrawing from the CBFA, however, have no apparent bearing on this case.  While Plaintiffs argue that this information is relevant because Defendants had accused

4

Plaintiff of violating the CBFA by harvesting in the Montagnes Blanches, Plaintiffs would obtain this information by receiving documents concerning an agreement to accuse Plaintiffs of harvesting in the Montagnes Blanches.  Information about violating or withdrawing from the CBFA generally do not pertain to this case unless related to the Montagnes Blanches.

### D.   Individual Document Requests and Deposition Notices

Finally, Defendants request that the Court strike the document requests directed to the four individuals because they seek discovery outside the actual malice inquiry.  (Discovery Letter at 5.)  Defendants also request that the Court strike deposition notices directed to the four individuals for the same reason, and because depositions would exceed the scope of third-party discovery in Canada.  (*Id.*)

With respect to the document requests directed to the four individuals, Plaintiffs seek documents and communications of certain statements, many of which appear to have **not** been authored by Defendants. (*See* Letters Rogatory, Schedule A at 2-3.)  These documents and communications are only discoverable to the extent they were actually communicated to Defendants, whether by written or non-written communication.  The Court therefore again finds it appropriate to limit these requests to documents and communications that were communicated to Defendants, to the extent they are related to defining the Montagnes Blanches or Plaintiffs' alleged logging in the Montagnes Blanches.

As to the deposition notices, Defendants argue that in Plaintiffs' lawsuit against GPC, which is proceeding in Canada, Plaintiffs would not have been able to obtain the individual depositions.  Therefore, Defendants contend Plaintiffs should not be able to obtain the individual depositions here.  Defendants, however, cite no legal authority that this is grounds for denying relevant discovery in the instant case - a separate lawsuit brought against different Defendants.  Of course, Plaintiffs **cannot** obtain discovery relevant solely to the Canadian lawsuit through discovery in this case.  The Court believes, however, that narrowing the scope of the deposition notices would resolve this matter.

Plaintiffs' deposition notices inquire as to the personal knowledge of each individual, as well as their research and production of documents that were not prepared with Defendants.  The

1   deposition notices are too broad.  Again, each individual's personal knowledge is not relevant to

2   *Defendants'* knowledge base or state of mind.  How or why individuals prepared statements not at

3   issue in this lawsuit are also generally irrelevant to Defendants' state of mind.  Communications to

4   Defendants regarding how the Montagnes Blanches is defined or Plaintiffs' alleged logging in the

5   Montagnes Blanches would, however, be discoverable, as would communications when writing

6   the actionable statements.

## II.   CONCLUSION

For the reasons stated above, the Court:

(1) limits Request 1(a) to documents and communications that were communicated to Defendants, whether by written or non-written means;

(2) limits Request 1(a) to exclude information concerning harvesting by any forestry company within the Montagnes Blanches and Montagnes Blanches Endangered Forest;

(3) strikes Request 3 for all documents and communications concerning the impact of forestry on the Montagnes Blanches and Montagnes Blanches Endangered Forest;

(4) strikes Request 4(b) for agreements to accuse Plaintiffs of violating the CGFA and Request 4(iii) for agreements to accuse Plaintiffs of withdrawing from the CBFA;

(5) limits document requests directed to the individuals to documents and communications regarding how the Montagnes Blanches were defined or Plaintiffs' alleged logging in the Montagnes Blanches that were communicated to Defendants, whether by written or non-written means; and

(6) limits the deposition notices to the subject of communications with Defendants regarding how the Montagnes Blanches were defined or Plaintiffs' alleged logging in the Montagnes Blanches, and communications with Defendants in writing the actionable statements.

Plaintiffs shall meet and confer with Defendants regarding revised letters rogatory, which shall comply with the limits of this order.  The parties shall then submit the revised letters rogatory for the Court to issue.  No further disputes may be raised, unless specifically related to the implementation of this order.  The Court will also not entertain arguments that rehash those made

in this letter or the June 8, 2020 letter.

IT IS SO ORDERED.

Dated: September 16, 2020

_____
KANDIS A. WESTMORE
United States Magistrate Judge

7