UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESOLUTE FOREST PRODUCTS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GREENPEACE INTERNATIONAL, et al.,<br><br>Defendants. | Case No. 17-cv-02824-JST (KAW)<br><br>**ORDER REGARDING DISCOVERY LETTER**<br><br>Re: Dkt. No. 372 |

The instant case concerns Plaintiffs' defamation claims based on Defendants' December 2016 and May 2017 statements that Plaintiffs were operating in the Montagnes Blanches forest. Pending before the Court is the parties' joint discovery letter regarding Plaintiffs' response to Defendants' interrogatories as to damages. (Discovery Letter, Dkt. No. 372.)

## I. DISCUSSION

### A. Interrogatory No. 7

Interrogatory No. 7 requests that Plaintiffs state: (1) all facts supporting Plaintiffs' allegations that their reputation had been damaged, (2) a full description of each item or element of damage,[1] (3) the amount of each element of damage, (4) how each element of damage was calculated, and (5) a description of the source of each calculation of each element of damage. (Discovery Letter at 1.) Plaintiffs objected to the request as overly broad and unduly burdensome and asserted that they would disclose relevant damages information in its expert reports. (*Id.*)

The Court agrees with Defendants that this response is not adequate. As an initial mater, Plaintiffs only state that they "will be relying on an expert to aggregate relevant data points and

---

[1] In response to Interrogatory No. 6, Plaintiffs identified four categories of damages: lost profits, business interruption expenses, reputational injury, and attorney's fees. (Discovery Letter at 1.)

calculate the precise amount of damage Plaintiffs suffered." (Discovery Letter at 3.) This does not address the interrogatory's requests separate from the exact amount of damages, such as describing each item of damages or explaining how the actionable statements damaged Plaintiffs. Plaintiffs cannot defer responding to such inquiries until an expert report; Plaintiffs have alleged that they suffered damages based on the actionable statements. Plaintiffs presumably made such allegations based on facts in their possession. *Eon Corp IP Holding LLC v. Sensus USA Inc.*, Case No. 12-cv-1011-EMC (EDL), 2013 U.S. Dist. LEXIS 32632, at *17 (N.D. Cal. Mar. 8, 2013) ("A plaintiff must, of course, have a basis for its damages when it files suit."). Plaintiffs are now obliged to provide that information pursuant to their duty to respond to discovery.

As to the calculation of damages and how those damages are calculated, the Court disagrees that Plaintiffs are not required to respond until expert discovery. While Plaintiffs may defer providing answers that "can **only** be provided by resort to Plaintiffs' experts," Plaintiffs have not stated that such answers are not possible here. *Roberts v. Heim*, 130 F.R.D. 424, 428 (N.D. Cal. 1989) (emphasis added). Likewise, none of Plaintiffs' cases suggest that information regarding damages in defamation actions may be deferred to expert reports; Plaintiffs' cases only recognize that such calculations may be complex or uncertain. *See N. Am. Recycling, LLC v. Texamet Recycling, LLC*, Civil Action No. 08-cv-579, 2010 WL 4806733, at *3 (S.D. Ohio Nov. 17, 2010) (recognizing that damages calculations were difficult where there were repeated and persistent defamatory statements); *Cantu v. Flanigan*, 705 F. Supp. 2d 220, 227 (E.D.N.Y. 2010) (deferring to jury findings regarding damages due to uncertainties in calculating defamation damages). The fact that damages can, in theory, be difficult to calculate does not mean Plaintiffs are permitted to not identify and explain the information that they do possess. *See Roberts*, 130 F.R.D. at 428 ("[I]f Plaintiffs possess factual information independent of that to be furnished by their experts, it should be provided in Plaintiffs' responses to Defendants' contention interrogatories. This is required even if Plaintiffs have conveyed this information to their experts who may later use it as a portion of their testimony."); *California v. Kinder Morgan Energy Partners, LP*, 613 Fed. Appx. 561, 563 (9th Cir. 2015) ("The City was not free to disobey multiple court orders by repeatedly asserting that it could withhold non-expert, non-privileged factual

information in its possession until the exchange of expert reports."); *Montgomery v. Wal-Mart Stores, Inc.*, Case No. 12cv3057-JLS (DHB), 2015 U.S. Dist. LEXIS 188010, at *11 (S.D. Cal. July 17, 2015) ("Non-privileged facts known to Plaintiff are not immune from discovery simply because they will ultimately become part of an expert's opinion.").

In the alternative, Plaintiffs argue that "respond[ing] to Interrogatory No. 7 at this juncture is premature, unproductive, and would impose an undue burden on Plaintiffs." (Discovery Letter at 4.) Plaintiffs contend that Interrogatory No. 7 is a contention interrogatory and that they will eventually produce the facts underlying their damages claims. (*Id.*) Plaintiffs, however, fail to explain why they cannot provide that information **now** or why such requests are premature when the case has been ongoing for over three years, fact discovery closes in March 2021, and Defendants have completed their document production. (*See* Discovery Letter at 2 n.3.) Moreover, Plaintiffs' authorities do not suggest that there is no obligation to respond simply because Interrogatory No. 7 is a contention interrogatory. In *Gee v. Gallardo*, the plaintiff was not required to respond to a defendant's contention interrogatory regarding damages because it was redundant, as such information had already been sought by a co-defendant. Case No. CV 18-2717 JGB (PVC), 2020 WL 2083018, at *4 (C.D. Cal. Mar. 5, 2020). In *Haggarty v. Wells Fargo Bank, N.A.*, the court found that a contention interrogatory seeking "all facts" underlying a contention was overbroad and limited it to material facts. Case No. 10-cv-2416-CRB (JSC), 2012 WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012). Finally, in *SEC v. Berry*, the court found that the plaintiff did not need to identify each specific document because it referred in narrative form to such documents. Case No. 07-cv-4431-RMW (HRL), 2011 WL 2441706, at *4 (N.D. Cal. June 15, 2011). Plaintiffs have provided no legal basis for refusing to respond at all.

The Court thus orders Plaintiffs to respond to Interrogatory No. 7 in full, except that Plaintiffs need only identify material facts, rather than *all* facts. *See Haggarty*, 2012 WL 4113341, at *2. While specific calculations of damages may require expert reports, Plaintiffs must still identify and provide the underlying information.

**B.     Interrogatory No. 13**

Interrogatory No. 13 asks Plaintiff to identify how Plaintiffs' market share compared to the

3

1  market share of their competitors from January 2015 to the present. (Discovery Letter at 4.)
2  Plaintiffs did not respond on the grounds that Interrogatory No. 13 sought premature expert
3  discovery and that there were no publicly available sources that comprehensively reflect market
4  share data. (*Id.*)

5  It is unclear why such information requires expert analysis. Plaintiffs have alleged that
6  they lost market share because of the actionable statements. (First Am. Compl. ¶ 391, Dkt. No.
7  185.) Thus, Plaintiffs must have had a basis for this allegation separate from expert reports.
8  Further, the fact that there are no publicly available sources is irrelevant; if Plaintiffs have
9  information, they must provide it regardless of whether it is based on publicly available or private
10 information. Plaintiffs brought this litigation and must now respond to discovery that asks them to
11 substantiate their claims.

### C. Interrogatory No. 14

Interrogatory No. 14 asks Plaintiffs to identify every asset whose value has been diminished due to Defendants' conduct. (Discovery Letter at 5.) Plaintiffs again responded that Interrogatory No. 14 sought premature expert discovery, and generally asserted that their alleged loss of market share and profitability adversely affected the value of Plaintiffs' assets by reducing the market's expectation of their cash flow performance. (*Id.*)

Again, the Court finds that Plaintiffs' response is inadequate. It is unclear why Plaintiffs require an expert to identify the assets that were diminished by the actionable statements. The response also fails to distinguish between the seven Plaintiffs, each of whom presumably have specific assets that were allegedly affected by the statements at issue in this case.

The Court, however, does agree with Plaintiffs that to the extent Defendants seek information on how those assets were diminished in value, Interrogatory No. 14 does not request such information. Interrogatory No. 14 asks only that Plaintiffs identify the assets that have been diminished, not how they were diminished. Accordingly, while Plaintiffs must respond to this interrogatory, they need not explain how the assets were diminished in value as to this interrogatory specifically.

## II. CONCLUSION

Plaintiffs are ordered to respond to the interrogatories, consistent with this order, within **21** days of the date of this order.

IT IS SO ORDERED.

Dated: January 20, 2021

_____
KANDIS A. WESTMORE
United States Magistrate Judge