UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| RESOLUTE FOREST PRODUCTS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GREENPEACE INTERNATIONAL, *et al.*,<br><br>Defendants. | CASE NO. 4:17-CV-02824-JST |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**

**(LETTERS ROGATORY)**

THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA (the "Court") presents its compliments to the Superior Court of Quebec, Canada, and requests international judicial assistance to obtain documentary evidence and deposition testimony from the Quebec Ministry of Forests, Wildlife and Parks (the "Ministry") to be used in a civil proceeding before this Court in the above-captioned matter (the "California Proceeding"), as set forth in Appendices A and B hereto. The parties are currently engaged in fact discovery, which is scheduled to close on March 29, 2021.

It has been determined by this Court that discovery from the Ministry is relevant and necessary, and would further the interests of justice and a just resolution of the California Proceeding, if by the proper and usual process of your Court, you issue an order requiring a representative of the Ministry with knowledge of the relevant facts and issues to appear before a person empowered under Quebec law to administer oaths and take testimony forthwith, to give testimony under oath or affirmation by questions and answers upon oral examination in respect of the matters and issues identified in Appendix "B," and permit the parties to create a written transcript and video recording of such testimony. This Court has also determined that it would further the interests of justice if by the proper and usual process of your Court, you issue an order requiring the Ministry to produce copies of the documents in its possession, custody or control that are identified

in Appendix "A." This Court is satisfied that the evidence sought to be obtained cannot be obtained by other methods. Accordingly, because the evidence is relevant, necessary and may only be obtained through the intervention of the Superior Court of Quebec, Canada, this Court is persuaded that such intervention is in the interest of justice.

This request is made pursuant to 28 U.S. Code § 1781 and Federal Rule of Civil Procedure 28(b) allowing for the issuance of letters rogatory, the *Canada Evidence Act,* R.S.C. 1985, c. C-5, and the Quebec *Code of Civil Procedure* (Arts. 504-506). The Court is a competent court of law and equity that has jurisdiction over this proceeding, and has the power to compel the attendance of witnesses and production of documents both within and outside its jurisdiction. On information and belief, the Ministry is located in Quebec and has, or is likely to have, documents specified in Appendix "A" and knowledge of the issues specified in Appendix "B."

The testimony and production of documents are intended for use at trial and in the view of this Court, will be relevant and necessary to claims and defenses in the case. This request is made with the understanding that it will in no way require any person to commit any offense. Because this Court lacks authority to compel participation of these persons and production of these documents, such participation and production being necessary in order that justice be served in the above-captioned proceedings, this Court respectfully requests assistance from the Superior Court of Quebec. While Plaintiffs do not object to this Request, Plaintiffs do not adopt or support any of the characterizations or definitions involving the Montagnes Blanches or Defendants' positions regarding Minister Lessard's statements found herein.

WE, THEREFORE, REQUEST that you will, by the proper and usual process of the Quebec Superior Court, issue an order by your proper and usual process requiring (i) a representative of the Ministry with knowledge of the relevant facts and issues to appear before a person empowered under Quebec law to administer oaths and take testimony forthwith, to give testimony under oath or affirmation by questions and answers upon oral examination in respect of the matters and issues identified in Appendix "B," and permit the parties to create a written transcript and video recording of such testimony; and (ii) the Ministry to produce copies of the documents in its possession, custody or control that are identified in Appendix "A."

The particulars of the Request for International Judicial Assistance (Letters Rogatory) are as follows:

**A.     Requesting Judicial Authority**

Honorable Kandis A. Westmore
United States Magistrate Judge
United States District Court for the Northern District of California, Oakland Division
Ronald V. Dellums Federal Building & United States Courthouse
1301 Clay Street
Oakland, CA 94612
USA
Tel. (510) 637-3530

**B.     Relevant Authority of the Receiving State**

Clerk of the Court
Superior Court of Quebec
1 Notre Dame Street East
Montreal (Quebec) H2Y 1B6
Tel.  +1 (514) 393-2721

**C.     Time For Completion Of Production Of Documents And Testimony**

The Court has set March 29, 2021 as the close of fact discovery in the California Proceeding. The Court therefore requests that the Superior Court of Quebec order the production of documents from the Ministry on or before February 28, 2021 to Defendants in the California Proceeding c/o Mr. Lance Koonce, Davis Wright Tremaine, LLP, 1251 Avenue of the Americas, 21st Floor, New York, NY 10020, USA.  The Court further requests that the Superior Court of Quebec require that a representative of the Ministry with knowledge of the relevant facts and issues and access to the documents in issue give testimony under oath or affirmation on or before March 14, 2021, and at least two weeks after the documents have been produced.

**D.     Nature and Purpose of the Proceedings and Summary of the Case**

Plaintiffs Resolute Forest Products, Inc., Resolute FP US, Inc., Resolute FP Augusta, LLC, Fibrek General Partnership, Fibrek US, Inc., Fibrek International, Inc., and Resolute FP Canada, Inc. (collectively "Resolute") are forest products industry entities.  Resolute alleges that Greenpeace International, Greenpeace Inc., Amy Moas, Daniel Brindis, and Rolf Skar ("Defendants"), environmental advocacy non-profits and three Greenpeace Inc. employees, defamed Resolute by

publishing two statements addressing Resolute's operations in and/or impacting the Montagnes Blanches Forest in a December 2016 letter and a 2017 report titled "Clearcutting Free Speech" (collectively the "Alleged Defamatory Publications"). The challenged statement contained in the December 2016 letter is as follows: "In particular, in the Montagnes Blanches Forest in Quebec, there are three caribou herds, and in the Caribou Forest in Ontario there is an additional herd where habitat disturbance, including some from Resolute's operations, is jeopardizing their survival." The challenged statement contained in the Clearcutting report is as follows: "Resolute has acquired three harvest blocks through auction sales inside the Montagnes Blanches . . . All three sites have been logged."  To support this claim, the Clearcutting report included a map with a region labeled "Montagnes Blanches."

On January 22, 2019, the Court denied the Defendants' motion to dismiss Resolute's defamation claims. In particular, the Court concluded that "[o]n May 31, 2016, Laurent Lessard, Quebec's Minister of Forests, Wildlife, and Parks issued a statement explaining that the map that Greenpeace featured in [a 2013] report to show that Resolute logged in the Montagnes Blanches was misleading." For this reason, the Court concluded that it was plausibly alleged in the California Proceeding that at the time Defendants published the Alleged Defamatory Publications they were aware that statements regarding Resolute's operations in the Montagnes Blanches Forest were false.

The Ministry's May 31, 2016 Statement entitled "Protecting the White Mountains – Secretary Lessard would like to set the record straight about the rigorous management of Quebec's forests," is attached as Exhibit 1 hereto. It is Defendants' position that the region referenced in the Quebec Minister's statement was the wildlife preserve first designated in 2008 by the province of Quebec, which until recently was called "Réserve de biodiversité projectées des Montagnes-Blanches" (hereinafter the "Montagnes Blanches Reserve"). Within this protected area, no timber logging is permitted. It is also Defendants' position that the Montagnes Blanches Reserve was not intended to, and does not, define the Montagnes Blanches region as a whole for any other purpose except the officially designated area for biodiversity protection.

Defendants seek to prove that the Alleged Defamatory Publications were not false and, further, that the May 31, 2016 Statement issued by the Ministry pertained only to the boundaries of

the Montagnes Blanches Reserve and not the Montagnes Blanches as referenced in the Alleged Defamatory Statements. Accordingly, discovery of documents and testimony from the Ministry detailing the Ministry's identification, description and mapping of the Montagnes Blanches Reserve and the geographic region in and around the Montagnes Blanches are highly relevant to the Defendants' defenses that the Alleged Defamatory Publications were true and that the Ministry's May 31, 2016 statement did not put the Defendants on notice that their subsequent statements regarding Resolute's operations in and/or impacts on the Montagnes Blanches were false.

Documents and testimony evidencing the Ministry's understanding of and reactions to a February 2016 Greenpeace Canada publication entitled "Endangered Forests in the Balance: The impact of logging reaches new heights in the Montagnes Blanches Endangered Forest" (attached hereto as Exhibit 2) (hereinafter "Endangered Forest Report") are also highly relevant to establishing the meaning of the Ministry's May 31, 2016 Statement. The May 31, 2016 Ministry Statement explicitly commented on and reacted to the Endangered Forest Report asserting, for example, that a map in the Endangered Forest Report "has serious shortcomings distorting the geographical reality of the area and is capable of misleading readers," because, among other reasons, it "extends well beyond the White Mountains area officially recognized by the Government of Quebec for the protection of woodland caribou." Furthermore, documents and testimony pertaining to the Ministry's decision to publish the May 31, 2016 Statement are also relevant to establishing the meaning of and intent behind the May 31, 2016 Ministry Statement.

Moreover, documents and testimony confirming the extent to which the Ministry addressed any of these relevant topics with Resolute is highly relevant to establishing the Ministry's awareness of Resolute's positions with respect to the Montagnes Blanches region, the Montagnes Blanches Reserve, and Greenpeace Canada's publication of the Endangered Forests Report.

E.   **Evidence To Be Obtained**

It is hereby requested that, in the interest of justice, you cause by your usual and proper process such orders to be entered as Canadian law permits requiring the Ministry to produce documents in its possession, custody or control related to the subject matters listed in Appendix "A" hereto, and requiring a Ministry representative with knowledge of the relevant facts and issues to

appear before a person empowered under Quebec law to administer oaths and take testimony forthwith, to give testimony under oath or affirmation by questions and answers upon oral examination in respect of the matters and issues identified in Appendix "B," and permit the parties to create a written transcript and video recording of such testimony.

The evidence to be obtained consists of testimony and documents for use at trial or in preparation for trial in this matter.  This Court concludes that the Ministry and its representatives have, or are very likely to have, information that is directly relevant to the claims and defenses in this action, and may be either probative or dispositive of material facts relevant to the parties' claims and defenses.

This Court also concludes that the testimony and documents sought are only available from the Ministry and its representatives and cannot be obtained by other methods.  The Defendants attempted to obtain the documents through a public records request to the Ministry, and received a response providing fifty-one pages of documents and indicating that other documents responsive to the access request had been identified but were being withheld pursuant to exceptions under the Act respecting Access to documents held by public bodies, CQLR c. A-2.1.  The Defendants timely sought review of the Ministry's decision to withhold responsive documents.  On January 11, 2021, the Quebec Access to Information Commission informed Defendants that the Commission cannot adjudicate Defendants' request for review in time for the close of fact discovery in the California Proceeding and does not have jurisdiction to grant access to the same documents as civil courts applying the rules of evidence.  Finally, the requests for documents are identified with reasonable specificity and are not unduly burdensome to the Ministry.

**F.      Identity and Address of the Entity to be Examined**

Quebec Ministère des Forêts, de la Faune et des Parcs

5700, 4e Avenue Ouest

Québec (Québec) G1H 6R1

**G.      Subject Matter to be Examined**

The subject matter about which testimony is being sought is appended hereto as Appendix "B."

**H.    Documents and Other Evidence to be Obtained**

It would further the interests of justice if the Ministry were required, by the proper and usual process of your Court, to produce the documents set forth in Appendix "A."

**I.    Requirements that the Evidence be Given on Oath or Affirmation**

It would further the interests of justice if, by the proper and usual process of your Court, a representative of the Ministry with knowledge of the relevant facts and issues were required to appear before a person empowered under Quebec law to administer oaths and take testimony forthwith, to give testimony under oath or affirmation by questions and answers upon oral examination in respect of the matters and issues identified in Appendix "B," and permit the parties to create a written transcript and video recording of such testimony.

**J.    Special Procedures or Method to be Followed**

The examination of the Ministry representative shall be conducted pursuant to the discovery rules as provided for in the Federal Rules of Civil Procedure, except to the extent such procedure is incompatible with the laws of Canada and Quebec. This Court further requests (1) that the examination be taken orally in person or by videoconference as the parties and the witness may agree or your Court may order; (2) the examination be taken before a commercial stenographer and videographer selected by the defendants; (3) that the videographer be permitted to record the examination by audiovisual means; (4) that the stenographer be allowed to record a verbatim transcript of the examination; (5) that the examination be conducted in English, with translation for the witness if required; (6) that Lance Koonce, counsel for the Defendants or such other attorney as Defendant may designate, and Lauren Tabaksblat, counsel for Resolute or such other attorney as Resolute may designate, be permitted to conduct the oral examinations of the Ministry representative and that local Quebec counsel may be present and ask questions if necessary; and (7) that if, during the examination, objections are made based on the laws of the United States, the questions shall be answered and the issue of admissibility reserved for the trial judge in the United States District Court for the Northern District of California, provided that the right of the witness to refuse to answer any questions or provide any documents on any basis authorized by the law of Quebec is not abridged.

In the event that the evidence cannot be taken according to some or all of the procedures described above, this Court requests that it be taken in such manner as provided by the laws of Canada and Quebec for the taking of testimonial evidence.

**K.     Reasonable Fees and Costs Incurred in Responding to This Request**

Defendants have undertaken to bear all reasonable costs incurred in the execution of this request. Please address any charges and expenses incurred to Mr. Lance Koonce, Davis Wright Tremaine, LLP, 1251 Avenue of the Americas, 21st Floor, New York, NY 10020, USA.

**L.     Severability**

To the extent possible, the Court requests that you follow the foregoing procedures and instructions. In the event that you are unable to adopt any or all of the procedures set forth herein, the Court requests that the requested discovery be conducted under procedures you deem appropriate.

**M.     Reciprocity**

The United States District Court for the Northern District of California expresses its appreciation to the Quebec Superior Court of Quebec, Canada for its courtesy and assistance in this matter and states that it shall be ready and willing to assist the courts of Quebec in a similar manner when so requested.

**N.     Signature and Seal of Requesting Authority**

DATED this __11th__ day of __February__, 2021

_____
Honorable _____
United States _____
The United States District Court for the
Northern District of California

*IT IS SO ORDERED*
*Kandis Westmore*
*Judge Kandis Westmore*

# APPENDIX A

## INSTRUCTIONS AND DEFINITIONS

(a)  The Appendix A Requests are continuing in nature and require that you promptly produce additional responsive documents or information whenever they are acquired, discovered or come into existence after the date of the initial production.

(b)  In responding to the Appendix A Request, furnish all responsive documents that are available to you, including documents in the possession of your agents, members, employees, representatives, predecessors and, unless privileged, your attorneys, and all other persons acting or purporting to act on your behalf.

(c)  The pronouns "you" and "your" refer to the Quebec Ministry of Forests, Wildlife and Parks (the "Ministry") to whom the Appendix A Requests are addressed and the persons mentioned in clause "b" hereinabove.

(d)  "Person" means any natural person, corporate entity, partnership, association, governmental entity, sole proprietorship or other legal entity of any kind or nature.

(e)  "Document" means all written or graphic matter of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, and all electronically stored information and tangible things within the scope of Rule 34(a) of the Federal Rules of Civil Procedure, including all nonidentical copies containing notations not contained on the original thereof, that is in the possession, custody or control of the party on whom this request is served or to which the party can obtain access.

(f)  "Communication" means any oral or written statement transmitted by one person to another, including documents.

(g)  Unless otherwise indicated, these Appendix A Requests refer to the time period from January 1, 2013 to the present.

## REQUESTS

REQUEST NO. 1: All documents relating to the May 31, 2016 statement by Minister Laurent Lessard on behalf of the Quebec Ministry of Forests, Wildlife, and Park titled "Protecting

the White Mountains – Secretary Lessard would like to set the record straight about the rigorous management of Quebec's forests," for the time period from January 1, 2016 to the present.

For ease of research, a copy of the statement is attached as Ex. 1.

REQUEST NO. 2:  All documents from January 1, 2012 through June 1, 2017 relating to identifying, defining, describing and mapping:

(a) the wildlife preserve designated in 2008 by the province of Quebec named "Réserve de biodiversité projetée des Montagnes-Blanches" or the "Montagnes Blanches Projected Biodiversity Reserve"; and

(b) the "Montagnes Blanches Region," meaning the geographical area of Manouanis where the Montagnes Blanches (White Mountains) are found.

REQUEST NO. 3:  All documents relating to the February 2016 Greenpeace Canada publication entitled "Endangered Forests in the Balance: The impact of logging reaches new heights in the "Montagnes Blanches Endangered Forest," for the time period from January 1, 2016 to the present.

For ease of research, a copy of the report is attached as Ex. 2.

REQUEST NO. 4:  All communications and documents relating to communications between the Ministère des Forêts, de la Faune et des Parcs and Resolute Forest Products Inc., for the time period from January 1, 2016 to the present, relating to:

(a) any Greenpeace entity, representative, or employee;

(b) the May 31, 2016 Statement by Minister Laurent Lessard on behalf of the Quebec Ministry of Forests, Wildlife, and Parks titled "Protecting the White Mountains – Secretary Lessard would like to set the record straight about the rigorous management of Quebec's forests";

(c) the February 2016 Greenpeace Canada publication entitled "Endangered Forests in the Balance: The impact of logging reaches new heights in the Montagnes Blanches Endangered Forest";

(d) the wildlife preserve designated in 2008 by the province of Quebec named "Réserve de biodiversité projetée des Montagnes-Blanches" or The "Montagnes Blanches Projected Biodiversity Reserve"; and

(e) the "Montagnes Blanches Region," meaning the geographical area of Manouanis where the Montagnes Blanches (White Mountains) are found.

**APPENDIX B**

Defendants seek the deposition of a representative of the Quebec Ministry of Forests, Wildlife and Parks with knowledge of the facts in question and access to the documents in issue. The areas of inquiry that Defendants seek to examine such a representative on are as follows:

1. The 2016 Statement by Minister Laurent Lessard on behalf of the Quebec Ministry of Forests, Wildlife, and Parks titled "Protecting the White Mountains – Secretary Lessard would like to set the record straight about the rigorous management of Quebec's forests."

2. The identification and mapping of (a) the wildlife preserve designated in 2008 by the province of Quebec named "Réserve de biodiversité projetée des Montagnes-Blanches" or the "Montagnes Blanches Projected Biodiversity Reserve"; and (b) the "Montagnes Blanches Region," meaning the geographical area of Manouanis where the Montagnes Blanches (White Mountains) are found.

3. The February 2016 Greenpeace Canada publication entitled "Endangered Forests in the Balance: The impact of logging reaches new heights in the Montagnes Blanches Endangered Forest."

4. Communications with Resolute relating to (a) any Greenpeace entity, representative, or employee; (b) the 2016 Statement by Minister Laurent Lessard on behalf of the Quebec Ministry of Forests, Wildlife, and Parks titled "Protecting the White Mountains – Secretary Lessard would like to set the record straight about the rigorous management of Quebec's forests"; (c) the February 2016 Greenpeace Canada publication entitled "Endangered Forests in the Balance: The impact of logging reaches new heights in the Montagnes Blanches Endangered Forest"; (d) the wildlife preserve designated in 2008 by the province of Quebec named "Réserve de biodiversité projetée des Montagnes-Blanches" or the "Montagnes Blanches Projected Biodiversity Reserve"; and (e) the "Montagnes Blanches Region," meaning the geographical area of Manouanis where the Montagnes Blanches (White Mountains) are found.