UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESOLUTE FOREST PRODUCTS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GREENPEACE INTERNATIONAL, et al.,<br><br>Defendants. | Case No. 17-cv-02824-JST (KAW)<br><br>**ORDER REGARDING DISCOVERY LETTER RE SKYPE MESSAGES**<br><br>Re: Dkt. No. 385 |

On January 28, 2021, the parties filed the instant discovery letter considering the production of Skype messages by five custodians who are not named Defendants in this case. (Discovery Letter, Dkt. No. 385.) Having reviewed the discovery letter and relevant legal authorities, the Court ORDERS Defendant to produce the requested Skype messages, except as to the custodian who allegedly played no role in the publications at issue in this case.

Defendants argue that the Skype messages at issue are not accessible because of undue burden or cost per Rule 26(b)(2)(B). (Discovery Letter at 5.) Rule 26(b)(2)(B) states that "[a] party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." The party resisting discovery has the burden of "show[ing] that the information is not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). If such a showing is made, the court may still order discovery if the requesting party shows good cause, and specify conditions for that discovery. *Id.*

As an initial matter, the Court finds that the discovery sought is, for the most part, discoverable and relevant. *See United States ex rel. Carter v. Bridgepoint Educ., Inc.*, 305 F.R.D. 225, 236 (S.D. Cal. 2015) ("for accessible or inaccessible ESI to be discoverable, the relevance

1  test set in Rule 26(b) must be satisfied."). Specifically, the custodians are Defendant Greenpeace
2  employees who used Skype to communicate about the publications at issue. (*See* Discovery Letter
3  at 3.) Defendants do not dispute that four of the five custodians supported the work of those who
4  authored or distributed the publications. (*Id.* at 5.) Further, while Defendants provided the Skype
5  messages of the individual Defendants, there will be Skype messages that were sent between the
6  custodians only, and thus have not been produced. (*See id.*) Defendants do not suggest that these
7  messages are not relevant or discoverable; indeed, the Skype messages would go directly to what
8  information Defendants had when authoring or distributing the publications, including the
9  boundaries of the Montagnes Blanches. Further, such information also does not appear to be
10 discoverable from other sources.

11 As to the custodian who played no role in the publications, Skype messages from this
12 individual do not appear to be relevant. Plaintiffs do not appear to address this custodian.
13 Accordingly, the Court ORDERS the parties to meet and confer as to this custodian. If Plaintiffs
14 believe discovery from this custodian is warranted, they will need to explain that custodian's
15 precise role as to the publications and why that custodian is likely to have information that could
16 not be obtained through other sources (including, for example, the Skype messages of the
17 remaining custodians or individual Defendants).

18 With respect to the custodians who supported the work of the publication's authors,
19 Defendants argue that production of these Skype messages would pose an undue burden.
20 Defendants point to the costs of producing the Skype messages of the four individual Defendants,
21 which Defendants state cost around $160,000, including $143,000 in attorney review costs.
22 (Discovery Letter at 3, 4.) Defendants, however, cite no authority that attorney review is a cost to
23 be considered per Rule 26(b)(2)(B). Indeed, courts have generally not considered the cost of
24 reviewing ESI in considering undue burden under Rule 26(b)(2)(B). *United States ex rel.*
25 *Guardiola v. Renown Health*, Case No. 12-cv-295-LRH-VPC, 2015 U.S. Dist. LEXIS 112511, at
26 *10 (D. Nev. Aug. 25, 2015) ("Renown cites no authority for the proposition that review costs --
27 ordinarily borne by the producing party -- fall into cost under Rule 26(b)(2)(B)."); *Kang v. Credit*
28 *Bureau Connection, Inc.*, Case No. 18-cv-1359-AWI-SKO, 2020 U.S. Dist. LEXIS 88241, at *16

n.4 (E.D. Cal. May 19, 2020) ("Defendant has not shown that the burden of reviewing data should even be included in the undue burden analysis"); *Zubulake v. UBS Warburg LLC*, 216 F.R.D. 280, 289-90 (S.D.N.Y. 2003) ("the responding party should *always* bear the cost of reviewing and producing electronic data once it has been converted to an accessible form"); *Almont Ambulatory Surgery Ctr. LLC v. UnitedHealth Grp., Inc.*, Case No. 14-cv-3053-MWF (AFMx), 2018 U.S. Dist. LEXIS 228010, at *26 (C.D. Cal. Apr. 25, 2018) (rejecting argument that cost of reviewing available documents for responsiveness and privilege made the documents inaccessible and unreasonable to produce). Such courts have reasoned that "the producing party has the exclusive ability to control the cost of reviewing the documents," including by assigning associates or contract attorneys that bill at lower rates, as well as unilaterally deciding the review protocol. *Zubulake*, 216 F.R.D. at 290.

Removing the cost of attorney review, the remaining costs of collecting, processing, and producing the Skype messages would be $13,000. (*See* Discovery Letter at 4.) Defendants do not argue that this cost alone renders production of the Skype messages unduly burdensome.

Accordingly, Defendants are required to produce the Skype messages as to the four custodians that Defendants admit supported the work of individual Defendants in authoring and/or distributing the publications at issue. As to the fifth custodian, the parties shall meet and confer as to whether that individual will have any discoverable or relevant information in light of Defendants' representations that this custodian had no involvement in the publications at issue.

IT IS SO ORDERED.

Dated: March 1, 2021

KANDIS A. WESTMORE
United States Magistrate Judge