United States District Court
Northern District of California

1

2

3

4                                    UNITED STATES DISTRICT COURT

5                                   NORTHERN DISTRICT OF CALIFORNIA

6

7    RESOLUTE FOREST PRODUCTS, INC.,          Case No.  17-cv-02824-JST   (KAW)
     et al.,
8
                         Plaintiffs,          **ORDER RE DISCOVERY LETTER NO.**
9                                             **12**
             v.
10                                            Re: Dkt. No. 416
     GREENPEACE INTERNATIONAL, et al.,
11
                         Defendants.
12

13          The instant case concerns Plaintiffs' defamation claims based on Defendants' December

14   2016 and May 2017 statements that Plaintiffs were operating in the Montagnes Blanches forest

15   ("Challenged Statements").  Pending before the Court is the parties' discovery letter regarding the

16   topics of Plaintiffs' Notices of Rule 30(b)(6) depositions to Defendants.  (Discovery Letter at 1,

17   Dkt. No. 416.)  Specifically, Plaintiffs seek deposition testimony as to subject matters that the

18   Court previously prohibited.

19          Plaintiffs argue that the Court's prior rulings on the scope of discovery apply only to

20   document discovery, not testimonial discovery.  (Discovery Letter at 3.)  Plaintiffs suggest that

21   "[a] subject matter that is not appropriate to explore through document discovery, which can be

22   exceedingly time consuming and expensive, may nonetheless be appropriate to explore through

23   depositions, which are often a less burdensome discovery tool . . . ."  (*Id.* at 3-4.)  The Court,

24   however, did not prohibit discovery on the grounds of burden.  The Court prohibited much of the

25   discovery because it was simply *not relevant*.  If discovery is not relevant, then the burden of a

26   deponent preparing such topics is itself undue.  Plaintiff cites no authority suggesting that a party

27   is entitled to testimonial discovery regarding irrelevant topics, but instead goes to the

28   uncontroverted principle that depositions impose less burden.

<div style="float:left; writing-mode:vertical">United States District Court<br>Northern District of California</div>

1   Plaintiffs also contend that it has not asked any deposition questions yet, and that the Court

2   can only "speculate as to the relevance and burden of a hypothetical line of questioning based

3   solely on the Topics set forth in Plaintiffs' notices." (Discovery Letter at 3.)  While it is true that

4   the Court cannot predict what Plaintiff will ultimately ask, a review of the deposition topics at

5   issue -- along with the remarkably contentious litigation history of this case, which has involved

6   no fewer than eleven discovery letters[1] and a motion to quash, many of which involve the same

7   deposition topics now at issue -- the Court finds it prudent to rule on Defendants' objections in the

8   hope of staving off further disputes.

9   ### A.   Deposition Topic No. 1

10  Topic No. 1 seeks testimony as to Defendants' knowledge concerning Plaintiffs, including

11  Plaintiffs' operations in the Boreal Forest and the Montagnes Blanches.  To the extent this Topic

12  concerns Plaintiffs' operations about the Boreal Forest only, with no relation to the Montagnes

13  Blanches, this Topic appears overbroad.  At issue in this case is whether Plaintiffs operated in the

14  Montagnes Blanches and how Defendants defined Montagnes Blanches, not Plaintiffs' operations

15  in the Boreal Forest as a whole.

16  ### B.   Deposition Topic No. 2

17  Topic No. 2 seeks testimony as to Defendants' alleged campaign against Plaintiffs.  The

18  Court has previously denied such discovery to the extent it was not about the Montagnes

19  Blanches.  (*See* Dkt. Nos. 269 at 6; 339 at 2.)  The presiding judge has also denied Plaintiffs'

20  appeal of the undersigned's order denying such discovery, including Plaintiffs' request for

21  discovery as to "Defendants' ill-will towards [Plaintiffs]." (Dkt. No. 287 at 3.)

22  ### C.   Deposition Topic No. 3

23  Topic No. 3 concerns Defendants' communications concerning Plaintiff.  This topic

24  appears overbroad to the extent that it is not tethered to the Montagnes Blanches, as it would

25  otherwise cover *every* communication Defendants have ever had about Plaintiffs.

26

27

28  [1] This does not include discovery letters terminated for failure to comply with the Court's standing order.  (*See* Dkt. Nos. 276, 291, 292, 316, 377.)

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### D.      Deposition Topic No. 4

Topic No. 4 concerns Defendants' January 2016 statement that the financial impact of its campaign on Plaintiffs was "over $100 million."  As Defendants point out, this statement was made prior to the Challenged Statements, which were made in December 2016 and May 2017. (Discovery Letter at 2.)  Plaintiffs suggest this testimony goes to their damages, but it is unclear how a statement made by Defendants nearly a year prior to the Challenged Statements demonstrates the harm suffered by Plaintiffs.  (*See id.* at 5.)

### E.      Deposition Topic No. 5

Topic No. 5 concerns every allegation in the amended complaint that Defendants deny.  As Defendants point out, many of the allegations in the amended complaint concern claims that the presiding judge dismissed.  (Discovery Letter at 2.)  This Topic should be narrowed to the allegations that are still at issue in this case.

### F.      Deposition Topic No. 7

Topic No. 7 concerns Defendants' involvement in the research, development, and distribution of publications concerning Plaintiffs' operations and impacts in the Montagnes Blanches, including reports from 2012 and 2013.  Defendants contend that as to the earlier reports, the Topic should be limited to Defendants' knowledge about the Montagnes Blanches.  (Discovery Letter at 1.)  This Topic does not appear to go beyond Defendants' knowledge about the Montagnes Blanches, and thus does not appear overbroad.

### G.      Deposition Topic No. 10

Topic No. 10 concerns Defendants' claim that Plaintiff violated the CBFA by harvesting in the Montagnes Blanches.  Defendants contend the Court has previously denied Plaintiffs' requests for discovery into CBFA statements unless they expressly relate to the Montagnes Blanches, but as Plaintiffs point out, this Topic is by its terms specific to the Montagnes Blanches.  (Discovery Letter at 2, 4.)  Thus, it does not appear overbroad.

### H.      Deposition Topic No. 11

Topic No. 11 concerns Defendants' communications with Best Buy in 2014, admonishing Best Buy for sourcing from Plaintiffs.  Plaintiffs suggest that this testimony goes to its damages

1   because after Defendants attacked Best Buy, Plaintiffs' customers may have reacted to the

2   Challenged Statements by adjusting their relationship to cause Plaintiffs damages while former

3   customers stayed away.  This theory is speculative at best.  It is entirely unclear how the past

4   behavior of a third-party based on non-actionable statements (which do not appear to concern the

5   Montagnes Blanches) made more than three years prior could demonstrate the actual damages to

6   Plaintiffs in this case.

7          **I.**    **Deposition Topic No. 12**

8          Topic No. 12 concerns the operational memorandum about which the Court has

9   **repeatedly** denied discovery.  (*See* Dkt Nos. 269 at 6; 324 at 3.)  This ruling was based on the

10  presiding judge's finding that allegations regarding the operational memorandum "add nothing to

11  the Court's actual malice analysis."  (Dismissal Order at 16, Dkt. No. 246.)  The presiding judge

12  has also upheld the undersigned's order prohibiting discovery concerning the operational

13  memorandum.  (Dkt. No. 287 at 3.)   The Court, once again, finds such discovery too broad.

14         **J.**    **Deposition Topic Nos. 13 and 14**

15         Topic No. 13 concerns the relationship between Defendants and third-parties Greenpeace

16  Fund and Greenpeace Canada, including their coordination as to the campaign against Plaintiffs,

17  how the activities were funded, and the persons who exert operational control of such campaigns.

18  Topic No. 14 concerns Defendants' solicitation of grants and donations in connection with the

19  alleged campaign against Plaintiffs.  Again, the Court has **repeatedly** denied discovery about

20  fundraising.  (*See* Dkt. Nos. 269 at 6; 382 at 7.)  The presiding judge has also upheld the

21  undersigned's orders prohibiting such discovery, as well as the imposition of monetary sanctions

22  based on Plaintiffs' bad faith re-litigation of issues already decided against them (including the

23  fundraising issue).  (Dkt. No. 388 at 2.)  Such discovery is too broad.

24         This order disposes of Dkt. No. 416.

25         IT IS SO ORDERED.

26    Dated: November 12, 2021

27                            KANDIS A. WESTMORE

28                            United States Magistrate Judge

United States District Court
Northern District of California