THOMAS R. BURKE (CA State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA  94111
Telephone:(415) 276-6500
Facsimile: (415) 276-6599
Email:      thomasburke@dwt.com

LAURA HANDMAN (appearing *pro hac vice*)
CHELSEA T. KELLY (appearing *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500 East
Washington, DC 20005
Telephone:(202) 973-4200
Facsimile: (202) 973-4499
Email:      laurahandman@dwt.com
              chelseakelly@dwt.com

LACY H. KOONCE, III (appearing *pro hac vice*)
KLARIS LAW
29 Little West 12th Street
New York, NY 10014
Telephone:   (917) 612-5861
Email:      lance.koonce@klarislaw.com

Attorneys for Defendants
GREENPEACE INTERNATIONAL (aka "GREENPEACE STICHTING
COUNCIL"), GREENPEACE, INC., DANIEL BRINDIS, AMY MOAS, and
ROLF SKAR

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| RESOLUTE FOREST PRODUCTS, INC., RESOLUTE FP US, INC., RESOLUTE FP AUGUSTA, LLC, FIBREK GENERAL PARTNERSHIP, FIBREK U.S., INC., FIBREK INTERNATIONAL INC., and RESOLUTE FP CANADA, INC., <br><br>              Plaintiffs, <br><br>       v. <br><br> GREENPEACE INTERNATIONAL (aka "GREENPEACE STICHTING COUNCIL"), GREENPEACE, INC., GREENPEACE FUND, INC., FORESTETHICS, DANIEL BRINDIS, AMY MOAS, MATTHEW DAGGETT, ROLF SKAR, TODD PAGLIA, and JOHN AND JANE DOES 1 through 20, inclusive, <br><br>              Defendants. | Case No. 4:17-cv-02824-JST <br><br> **JOINT ADMINISTRATIVE MOTION TO CONSIDER WHETHER A NON-PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5** <br><br><br> Complaint Filed:  May 31, 2016 <br> Amended Complaint Filed:  November 8, 2017 |

*(vertical left margin)* DAVIS WRIGHT TREMAINE LLP

Pursuant to Local Rules 79-5 and 7-11 and the Stipulated Protective Order entered by this Court on January 27, 2020 (ECF No. 303), Plaintiffs Resolute Forest Products, Inc., Resolute FP US, Inc., Resolute FP Augusta, LLC, Fibrek General Partnership, Fibrek U.S., Inc., Fibrek International, Inc., and Resolute FP Canada, Inc. (collectively, "Plaintiffs"), and Defendants Greenpeace International, Greenpeace, Inc., Daniel Brindis, Amy Moas, and Rolf Skar (collectively,"Defendants"), hereby submit this Joint Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, pursuant to Civil Local Rules 7-11 and 79-5(f).  In support of this Motion, the parties state as follows:

1.      Under the parties' Protective Order, a non-party may designate material that it produces in discovery as "Highly Confidential" if it in good faith believes that the material warrants such designation due to its "extreme sensitivity, proprietary or personal nature."  ECF No. 303 ¶ 2.7.   Third-party CounterPoint Strategies, Ltd. (hereinafter, "CounterPoint") has produced documents in discovery and designated some as "Highly Confidential."

2.      When Defendants filed the Joint Discovery Letter Brief on January 28, 2022 (ECF No. 423)—and later again on February 4, 2022 (ECF No. 427) after the correction of some procedural issues—they inadvertently attached an exhibit on the public docket that Counterpoint had designated as "Highly Confidential."  *See* ECF Nos. 423-3 & 427-4.  Additionally, a second exhibit submitted by Plaintiffs contained some of the same information as the exhibit that CounterPoint designated as "Highly Confidential," although the exhibit itself was not so designated.  *See* ECF Nos. 423-4 & 427-1.  The text of the joint discovery letter itself also quotes from the document designated as "Highly Confidential."  *See* ECF Nos. 423 (page 2, lines 3-10; page 3, lines 8-11) & 427 (page 1, line 25; page 2, lines 1-5; page 3, lines 5-7).

3.      Local Rule 79-5(f) provides that: "For any document a party ('Filing Party') seeks to seal because that document has been designated as confidential by another party or non-party (the

'Designating Party'), the Filing Party must, instead of filing an Administrative Motion to File Under Seal, file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed . . . ."  The Rule further requires the Filing Party to serve the motion on the Designating Party the same day the motion is filed, so that the Designating Party may, within seven days, file a statement and/or declaration setting forth the grounds for sealing the identified documents.

4.       Accordingly, under Local Rule 79-5(f), the parties respectfully request that the Court remove ECF Nos. 423 and 427 (and their respective exhibits) from the public docket until the Court determines whether the material at issue warrants sealing.  The parties further request that the redacted version of the pending joint discovery letter at issue and its exhibits, filed simultaneously with this Joint Administrative Motion under Local Rule 79-5(d-e), replace ECF No. 427 (and its respective exhibits) on the public docket until the Court determines whether the material at issue warrants sealing.  The parties are also attaching an un-redacted version of these documents to the Joint Administrative Motion, filed under seal.  The un-redacted version of the joint discovery letter highlights the relevant text.

5.       Finally, the parties served CounterPoint with a copy of this Joint Administrative Motion as required by Local Rule 79-5(f).  CounterPoint has requested that the parties attach its declaration as an exhibit to this Joint Administrative Motion because it does not have immediate access to ECF filing credentials in the Northern District of California.  The parties agreed to attach the declaration, with the caveat that they are not serving as local counsel for CounterPoint and do not necessarily endorse the contents of the declaration.  Rather, the parties are filing the declaration as a courtesy to CounterPoint.

JOINT ADMINISTRATIVE MOTION TO CONSIDER WHETHER A NON-PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5
Case No. 4:17-cv-02824-JST

DAVIS WRIGHT TREMAINE LLP

6.      Pursuant to Local Rule 7-12, the parties have agreed and stipulated to the relief sought in this Joint Administrative Motion.


DATED:  March 4, 2022

Respectfully submitted,


/s/ *Lauren Tabaksblat*                    /s/ *Laura Handman*
Lauren Tabaksblat (admitted *pro hac vice*)   Laura Handman (admitted *pro hac vice*)
BROWN RUDNICK LLP                     DAVIS WRIGHT TREMAINE LLP
7 Times Square                            1301 K Street NW, Suite 500
New York, NY 10036                        Washington, DC 20005
Telephone: (212) 209-4800                  Telephone:    (202) 973-4200
Email: ltabaksblat@brownrudnick.com          Facsimile:     (202) 973-4499
                                          Email: laurahandman@dwt.com
*Attorneys for Plaintiffs*

                                          *Attorneys for Defendants Greenpeace*
                                          *International, Greenpeace, Inc., Daniel*
                                          *Brindis, Amy Moas, and Rolf Skar*