THOMAS R. BURKE (CA State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA  94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email:     thomasburke@dwt.com

LAURA HANDMAN (appearing *pro hac vice*)
CHELSEA T. KELLY (appearing *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500 East
Washington, DC 20005
Telephone: (202) 973-4200
Facsimile: (202) 973-4499
Email:     laurahandman@dwt.com
           chelseakelly@dwt.com

LACY H. KOONCE, III (appearing *pro hac vice*)
KLARIS LAW
29 Little West 12th Street
New York, NY 10014
Telephone:   (917) 612-5861
Email:       lance.koonce@klarislaw.com

Attorneys for Defendants
GREENPEACE INTERNATIONAL (aka "GREENPEACE STICHTING COUNCIL"), GREENPEACE, INC., DANIEL BRINDIS, AMY MOAS, and ROLF SKAR

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| RESOLUTE FOREST PRODUCTS, INC., RESOLUTE FP US, INC., RESOLUTE FP AUGUSTA, LLC, FIBREK GENERAL PARTNERSHIP, FIBREK U.S., INC., FIBREK INTERNATIONAL INC., and RESOLUTE FP CANADA, INC., <br><br>  Plaintiffs, <br><br> v. <br><br> GREENPEACE INTERNATIONAL (aka "GREENPEACE STICHTING COUNCIL"), GREENPEACE, INC., GREENPEACE FUND, INC., FORESTETHICS, DANIEL BRINDIS, AMY MOAS, MATTHEW DAGGETT, ROLF SKAR, TODD PAGLIA, and JOHN AND JANE DOES 1 through 20, inclusive, <br><br>  Defendants. | Case No. 4:17-cv-02824-JST <br><br> **DEFENDANTS' ADMINISTRATIVE MOTION FOR CLARIFICATION RE PLAINTIFFS' MOTION FOR SANCTIONS [DKT. NO. 435] PURSUANT TO LOCAL CIVIL RULE 7-11** <br><br> Complaint Filed:  May 31, 2016 <br> Amended Complaint Filed:  November 8, 2017 |

## I. INTRODUCTION

Pursuant to Local Rule 7-11, Defendants Greenpeace International, Greenpeace, Inc., Daniel Brindis, Amy Moas, and Rolf Skar (collectively, "Greenpeace Defendants") move for an order clarifying the applicable moving paper requirements and presiding judge to hear Plaintiffs Resolute Forest Products, Inc., Resolute FP US, Inc., Resolute FP Augusta, LLC, Fibrek General Partnership, Fibrek U.S., Inc., Fibrek International, Inc., and Resolute FP Canada, Inc. (collectively, "Plaintiffs[']") Motion for Sanctions, filed on March 15, 2022, pursuant to Federal Rule of Civil Procedure 37. (Dkt. No. 435, hereinafter, the "Motion for Sanctions").

## II. ARGUMENT

On May 29, 2019, this Court entered an Order referring all discovery disputes to Magistrate Judge Kandis A. Westmore. *See* Dkt. No. 265. This Order provides that: "After a magistrate judge has been assigned, all further discovery matters shall be filed pursuant to that judge's procedures." Dkt. No. 265. On March 15, 2022, Plaintiffs filed a Motion for Sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, which governs ***discovery*** sanctions motions, and thus appears to be subject to the judicial reference of discovery matters to Magistrate Judge Westmore. *See* Dkt. No. 435 at 10 (seeking sanctions under Federal Rule of Civil Procedure 37(e) for alleged failure to preserve electronically stored information in discovery).

Though filed under Federal Rule of Civil Procedure 37, Plaintiffs' Motion for Sanctions is in violation of Magistrate Judge Westmore's Standing Order, which states in relevant part: "No motion for sanctions may be filed until after the moving party has complied with the requirements of paragraphs 13-17 above." Decl. of Chelsea T. Kelly (hereinafter, "Kelly Decl."), Ex. A ¶ 19 (Standing Order for Magistrate Judge Kandis A. Westmore). The preceding paragraphs 13-17 of Magistrate Judge Westmore's Standing Order direct the parties to engage in substantive conferrals and to raise discovery disputes in a joint letter. *Id.* ¶¶ 13–17. Specifically, they provide that:

> Prior to filing any discovery-related motion, lead trial counsel for all parties shall meet and confer in person or by video conference, if an in-person conference is not feasible, regarding the discovery dispute(s) in an effort to resolve these matter(s). . . . After meeting and conferring as set forth in ¶ 13 above, the parties shall draft

1

DEFENDANTS' ADMINISTRATIVE MOTION FOR CLARIFICATION RE PLAINTIFFS' MOTION FOR SANCTIONS [DKT. NO. 435] PURSUANT TO LOCAL CIVIL RULE 7-11
Case No. 4:17-cv-02824-JST

and file a jointly signed letter within five (5) business days of the lead trial counsels' meet and confer session.

*Id.* ¶¶ 13–17.

Plaintiffs filed their Motion for Sanctions without any notice—let alone a good faith attempt to meet and confer with the Greenpeace Defendants or a joint-discovery letter process.[1] Kelly Decl. ¶ 4. While Plaintiffs raised questions about Defendants' Skype production in the past, Defendants answered these questions months ago and believed all Skype-related issues had been resolved. *Id.* In particular, the last time that Plaintiffs raised any questions about Defendants' Skype production was in a November 26, 2021 letter, to which Defendants responded on December 14, 2021. *Id.* ¶ 5. Plaintiffs never responded to this letter, and certainly did not indicate that they intended to move for sanctions based on the issues raised therein. *Id.*

To the contrary, Plaintiffs' Motion for Sanctions raises factually inaccurate issues never brought to Defendants' attention. *Id.* ¶ 6. For example, Plaintiffs claim that "no Skype messages have been produced between May 31, 2016 . . . until December 2016 . . . ." Dkt. No. 435-1 at 3. This is plainly untrue. Defendants produced a plethora of Skype messages from this time period. *See, e.g.*, GPDEFS00036584 (Skype conversation starting on May 12, 2016 and going through April 3, 2017); GPDEFS00036888 (Skype conversation starting on May 4, 2016 and going through July 19, 2018); GPDEFS00041421 (Skype conversation starting on June 2, 2015 and going through February 15, 2018). These are exactly the kind of issues that could have been properly addressed if Plaintiffs had followed the Court's procedure and properly met and conferred before raising any remaining issues via a joint discovery letter. Kelly Decl. ¶ 7.

Accordingly, the Greenpeace Defendants move for clarification as to whether Plaintiffs' Motion for Sanctions will be heard by Magistrate Judge Westmore and governed by her Standing

---

[1] By contrast, Defendants have raised with Plaintiffs significant issues with *their* document productions that suggests the high likelihood of spoliation by Plaintiffs. However, Defendants have followed the procedures for such disputes mandated by the Court; have held multiple meet-and-confer conferences and corresponded extensively; and have drafted a joint discovery letter on these points that is currently being finalized by the parties. Plaintiffs' Motion for Sanctions appears to be nothing more than an attempt to circumvent that process in order to undermine Defendants' forthcoming motion. Kelly Decl. ¶ 8.

2

DEFENDANTS' ADMINISTRATIVE MOTION FOR CLARIFICATION RE PLAINTIFFS' MOTION FOR SANCTIONS [DKT. NO. 435] PURSUANT TO LOCAL CIVIL RULE 7-11
Case No. 4:17-cv-02824-JST

DAVIS WRIGHT TREMAINE LLP

Order, as the Greenpeace Defendants respectfully submit should be the case, given that the sanctions sought arise out of a discovery dispute pursuant to Rule 37(e). Dkt. No. 435 at 10. Because Plaintiffs' motion appears to be premised on multiple factual misunderstandings that likely can be resolved and/or narrowed by the parties during the conferral process, the Greenpeace Defendants further respectfully request that the Motion for Sanctions be either denied without prejudice or taken off calendar, and that the parties be ordered to further confer on the allegations raised in Plaintiffs' Motion for Sanctions, and if necessary submit a joint letter, in accordance with Magistrate Judge Westmore's Standing Order. Kelly Decl. ¶ 7.

### III. CONCLUSION

For the foregoing reasons, the Greenpeace Defendants thus respectfully request that this Court: (1) clarify whether the Motion for Sanctions will be heard by Magistrate Judge Westmore and governed by the procedures set forth in Paragraphs 13-19 of her Standing Order; (2) deny Plaintiffs' motion without prejudice, or in the alternative, take the motion off-calendar; (3) order the parties to meet and confer regarding the issues raised in Plaintiffs' motion; and (4) direct the parties to re-file any outstanding disputes in the form of a joint letter to be heard in the first instance by Magistrate Judge Westmore.

### LOCAL RULE 7-11(A) STATEMENT

As required by Rule 7-11(a) of the Local Rules of the U.S. District Court for the Northern District of California, the Greenpeace Defendants sought the Plaintiffs' position on this Administrative Motion, and Plaintiffs oppose. This Administrative Motion is thus accompanied by the attached declaration explaining why a stipulation could not be obtained.

3

DEFENDANTS' ADMINISTRATIVE MOTION FOR CLARIFICATION RE PLAINTIFFS' MOTION FOR SANCTIONS [DKT. NO. 435] PURSUANT TO LOCAL CIVIL RULE 7-11
Case No. 4:17-cv-02824-JST

Dated:  March 17, 2022

Respectfully submitted,

/s/ *Laura Handman*
Laura Handman (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500
Washington, DC 20005
Telephone:  (202) 973-4200
Facsimile:  (202) 973-4499
Email: laurahandman@dwt.com

*Attorneys for Defendants Greenpeace International, Greenpeace, Inc., Daniel Brindis, Amy Moas, and Rolf Skar*

DEFENDANTS' ADMINISTRATIVE MOTION FOR CLARIFICATION RE PLAINTIFFS' MOTION FOR SANCTIONS [DKT. NO. 435] PURSUANT TO LOCAL CIVIL RULE 7-11
Case No. 4:17-cv-02824-JST