THOMAS R. BURKE (CA State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email:      thomasburke@dwt.com

LAURA HANDMAN (appearing *pro hac vice*)
CHELSEA T. KELLY (appearing *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500 East
Washington, DC 20005
Telephone: (202) 973-4200
Facsimile: (202) 973-4499
Email:      laurahandman@dwt.com
            chelseakelly@dwt.com

LACY H. KOONCE, III (appearing *pro hac vice*)
KLARIS LAW
29 Little West 12th Street
New York, NY 10014
Telephone:   (917) 612-5861
Email:       lance.koonce@klarislaw.com

Attorneys for Defendants
GREENPEACE INTERNATIONAL (aka "GREENPEACE STICHTING COUNCIL"), GREENPEACE, INC., DANIEL BRINDIS, AMY MOAS, and ROLF SKAR

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| RESOLUTE FOREST PRODUCTS, INC., RESOLUTE FP US, INC., RESOLUTE FP AUGUSTA, LLC, FIBREK GENERAL PARTNERSHIP, FIBREK U.S., INC., FIBREK INTERNATIONAL INC., and RESOLUTE FP CANADA, INC., <br><br>Plaintiffs, <br><br>v. <br><br>GREENPEACE INTERNATIONAL (aka "GREENPEACE STICHTING COUNCIL"), GREENPEACE, INC., GREENPEACE FUND, INC., FORESTETHICS, DANIEL BRINDIS, AMY MOAS, MATTHEW DAGGETT, ROLF SKAR, TODD PAGLIA, and JOHN AND JANE DOES 1 through 20, inclusive, <br><br>Defendants. | Case No. 4:17-cv-02824-JST <br><br>**DECLARATION OF CHELSEA T. KELLY IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION FOR CLARIFICATION RE PLAINTIFFS' MOTION FOR SANCTIONS [DKT. NO. 435] PURSUANT TO LOCAL CIVIL RULE 7-11** <br><br>Complaint Filed:  May 31, 2016 <br>Amended Complaint Filed:  November 8, 2017 |

# DECLARATION OF CHELSEA T. KELLY

I, Chelsea T. Kelly, declare as follows:

1. I am an attorney at Davis Wright Tremaine LLP and have been admitted *pro hac vice* to practice before this Court. I am counsel for Defendants Greenpeace International (aka "Greenpeace Stichting Council") ("GPI"), Greenpeace, Inc. ("GP Inc."), Daniel Brindis, Amy Moas, and Rolf Skar (collectively, the "Greenpeace Defendants") in the above-referenced matter. I submit this declaration in support of the Defendants' Administrative Motion for Clarification re Plaintiffs' Motion for Sanctions [Dkt. No. 435] Pursuant to Local Civil Rule 7-11, filed concurrently with this declaration.

2. Attached to this declaration as **Exhibit A** is a true and correct copy of Magistrate Judge Westmore's Standing Order.

3. The Greenpeace Defendants respectfully request that this Court: (1) clarify whether Plaintiffs' Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37(e) (Dkt. No. 435), filed on March 15, 2022, will be heard by Magistrate Judge Westmore and governed by the procedures set forth in Paragraphs 13-19 of her Standing Order; (2) deny Plaintiffs' motion without prejudice, or in the alternative, take the motion off-calendar; (3) order the parties to meet and confer regarding the issues raised in Plaintiffs' motion; and (4) direct the parties to re-file any outstanding disputes in the form of a joint letter to be heard in the first instance by Magistrate Judge Westmore.

4. Plaintiffs filed their Motion for Sanctions without any notice—let alone a good faith attempt to meet and confer with Defendants or a joint-discovery letter process. While Plaintiffs raised questions about Defendants' Skype production in the past, Defendants answered these questions months ago and believed all Skype-related issues had been resolved.

5. In particular, the last time that Plaintiffs raised any question about Defendants' Skype production was in a November 26, 2021 letter, which Defendants responded to on December 14, 2021. Plaintiffs never responded to this letter, and certainly did not indicate that they intended to move for sanctions based on the issues raised therein.

1

DECLARATION OF CHELSEA T. KELLY IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION FOR CLARIFICATION RE PLAINTIFFS' MOT. FOR SANCTIONS [DKT. NO. 435] PURSUANT TO L.R. 7-11
Case No. 4:17-CV-02824-JST

6. To the contrary, Plaintiffs' Motion for Sanctions raises factually inaccurate issues that they never brought to Defendants' attention. For example, Plaintiffs claim that "no Skype messages have been produced between May 31, 2016 . . . until December 2016 . . . ." Dkt. No. 435-1 at 3. This is plainly untrue. Defendants produced a plethora of Skype messages from this time period. *See, e.g.*, GPDEFS00036584 (Skype conversation starting on May 12, 2016 and going through April 3, 2017); GPDEFS00036888 (Skype conversation starting on May 4, 2016 and going through July 19, 2018); GPDEFS00041421 (Skype conversation starting on June 2, 2015 and going through February 15, 2018).

7. These are exactly the kind of issues that could have been properly addressed if Plaintiffs had followed the Court's procedure and properly met and conferred before raising any remaining issues via a joint discovery letter. Because Plaintiffs' motion appears to be premised on multiple factual misunderstandings that likely can be resolved and/or narrowed by the parties during the conferral process, the Greenpeace Defendants further respectfully request that the Motion for Sanctions be either denied without prejudice or taken off calendar, and that the parties be ordered to further confer on the allegations raised in Plaintiffs' Motion for Sanctions, and if necessary submit a joint letter, in accordance with Magistrate Judge Westmore's Standing Order.

8. By contrast, Defendants have raised with Plaintiffs significant issues with *their* document productions that suggests the high likelihood of spoliation by Plaintiffs. However, Defendants have followed the procedures for such disputes mandated by the Court; have held multiple meet-and-confer conferences and corresponded extensively; and have drafted a joint discovery letter on these points that is currently being finalized by the parties. Plaintiffs' Motion for Sanctions appears to be nothing more than an attempt to circumvent that process in order to undermine Defendants' forthcoming motion.

9. On Thursday, March 17, 2022, I reached out to counsel for Plaintiffs by email to confer as to whether Plaintiffs would stipulate to the relief sought in this motion. Plaintiffs' counsel responded to that email on the same day, and did not stipulate to the relief requested, thus necessitating the filing of this motion.

2

DECLARATION OF CHELSEA T. KELLY IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION FOR CLARIFICATION RE PLAINTIFFS' MOT. FOR SANCTIONS [DKT. NO. 435] PURSUANT TO L.R. 7-11
Case No. 4:17-CV-02824-JST

1  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

2  Executed this 17th day of March, 2022 at Washington, District of Columbia.

_____
Chelsea Kelly