UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESOLUTE FOREST PRODUCTS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GREENPEACE INTERNATIONAL, et al.,<br><br>Defendants. | Case No. 17-cv-02824-JST (KAW)<br><br>**ORDER SETTING HEARING ON MOTIONS FOR SANCTIONS; REQUIRING MODIFIED MOTIONS AND COURTESY COPIES**<br><br>Re: Dkt. Nos. 435, 455 |

Pending before the Court are Plaintiffs' motion for sanctions and Defendants' motion for sanctions. (Pls.' Mot. for Sanctions, Dkt. No. 435; Defs.' Mot. for Sanctions, Dkt. No. 455.) Although Defendants' motion for sanctions has yet to be fully briefed, the parties' filings already comprise of at least 775 pages of exhibits and declarations. Many of the parties' citations do not include specific pincites, but instead refer generally to entire exhibits. (*E.g.*, Pls.' Mot. for Sanctions at 4 (citing to Exhs. 3 and 4 generally), Defs.' Mot. for Sanctions at 10 (citing to Exhs. 14 and 15 generally).) Other citations do not identify the specific page being referenced. (*E.g.*, Pls.' Mot. for Sanctions at 7 (citing Exh. 2 (a 44-page exhibit), pg. GPDEFS00034530 for a direct quote, which is not included on that page). Additionally, lengthy exhibits are included when only one or two pages are cited. (*E.g.*, Pls.' Reply at 7 (citing 2 pages of a 17-page document), Dkt. No. 453.)

In short, the exhibits provided are excessive, and the citations to those exhibits are lacking. The Court is not obligated to scour 775 pages of exhibits and declarations to determine what is relevant to the parties' motions. Accordingly, the Court ORDERS the parties to file amended versions of Docket Nos. 435 (Pls.' Mot. for Sanctions), 444 (Defs.' Opp'n), 453 (Pls.' Reply), and 455 (Defs.' Mot. for Sanctions). The amended versions must include accurate pincites in all

citations, and the exhibits must be limited to those pincites.[1]  **No other changes to the briefs are permitted**.[2]  The parties should also judiciously consider which exhibits are actually necessary to the Court's review; for example, it is unclear that the Court needs to review Plaintiffs' 2019 and 2020 interrogatory responses, or the entirety of a 14-page e-mail chain to find that Defendants "promptly raised" an issue with Plaintiffs.  (*See* Defs.' Mot. for Sanctions at 10.)  The remaining briefing on Defendants' motion for sanctions must also comply with these requirements.

The parties' amended briefs are due by **May 31, 2022**.  Additionally, the parties shall provide courtesy copies of these amended briefs and supporting declarations and exhibits by May 31, 2022.  The briefs must be stapled.  The declarations and exhibits shall be provided in binders, with the declarations clearly separated and labeled, and all exhibits tabbed.

The Court SETS the motions for sanctions for in-person hearing on **July 7, 2022** at **1:30 p.m., Courtroom 4, 3rd floor.**

IT IS SO ORDERED.

Dated: May 24, 2022

KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] Of course, exhibits may include necessary additional pages like transcript cover pages, certification pages, etc.

[2] If the addition of pincites results in a brief being overlong, the parties need not ask for additional pages.

2