Michael J. Bowe
(*admitted pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat
(*admitted pro hac vice*)
ltabaksblat@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone:   (212) 209-4800
Facsimile:    (212) 209-4801

Leo J. Presiado (State Bar No. 166721)
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, CA 92612
Telephone:   (949) 752-7100
Facsimile:    (949) 252-1514
Email: lpresiado@brownrudnick.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| RESOLUTE FOREST PRODUCTS, INC., *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>GREENPEACE INTERNATIONAL, *et al.*,<br><br>  Defendants. | CASE NO. 4:17-CV-02824-JST (KAW)<br><br>**PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE PURSUANT TO L.R. 7-11 AND 16-2(D)**<br><br>Complaint Filed: May 31, 2016<br><br>Amended Complaint Filed: November 8, 2017 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that Resoulte Forest Products, Inc., Resolute FP US, Inc., Resolute FP Augusta, LLC, Fibrek General Partnership, Fibrek US, Inc., Fibrek International, Inc., and Resolute FP Canada, Inc. ("Plaintiffs"), by and through their undersigned attorneys, hereby respectfully move the Court for an Order for Relief from Case Management Schedule Pursuant to L.R. 7-11 and 16-2(d).

This motion is made upon this notice, the attached memorandum of points and authorities, all records, papers, and pleadings on file in this action, and all further evidence as may be presented prior to any hearing of the motion.

Dated: September 12, 2022                          Respectfully submitted,

**BROWN RUDNICK LLP**

By: /s/ *Lauren Tabaksblat*
Lauren Tabaksblat
ltabaksblat@brownrudnick.com
7 Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

Attorney for Plaintiffs

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs Resolute Forest Products, Inc., Resolute FP US, Inc., Resolute FP Augusta, LLC, Fibrek General Partnership, Fibrek US, Inc., Fibrek International, Inc., and Resolute FP Canada, Inc. (collectively, "Resolute" or "Plaintiffs") respectfully submit this memorandum of points and authorities in support of their Motion for Administrative Relief From the Case Management Schedule Pursuant to Local Rules 7-11 and 16-2(d), in the above-captioned action pending against Defendants Greenpeace International, Greenpeace, Inc., Daniel Brindis, Amy Moas, and Rolf Skar (collectively, "Defendants" or "Greenpeace").

**INTRODUCTION**

As the Court is aware, after two years of diligent work, following the close of fact discovery, Plaintiffs' damages expert had a sudden medical event which rendered him unable to offer an opinion in this action. (ECF No. 466.) Accordingly, weeks after the completion of fact discovery, Plaintiffs were forced to identify and retain a substitute expert and have worked diligently with that expert to prepare a new damages analysis.

Plaintiffs' substitute damage expert intends to offer opinions concerning damages theories that were previously disclosed to defendants and explored during fact discovery. However, in the course of preparing that analysis, Plaintiffs' substitute expert has requested, reviewed, and relied on several hundred pages of additional documents[1] that were not previously produced in this case. For completeness and accuracy, some additional materials are still being restored from backup tapes.

Accordingly, Plaintiffs respectfully request an adjournment of the deadlines set forth in the Case Management Scheduling Order dated June 15, 2022 (ECF No.

---

[1]  For the Court's reference, the parties have collectively produced more than 41,000 documents, totaling approximately 198,000 pages. Plaintiffs alone have produced more than 25,000 documents consisting of approximately 148,000 pages.

468) so that Plaintiffs have sufficient time to finalize their production and to provide Defendants with the opportunity to review the new documents and ascertain whether they require any additional discovery prior to the exchange of expert reports.

Good cause exists to grant the extension in light of the unforeseen and emergent circumstances which forced Plaintiffs to search for, retain, and integrate a substitute damages expert after the close of fact discovery and after two years of work with a different expert. Ultimately, an additional delay of six weeks in light of these extenuating circumstances will not prejudice defendants in this action that has been ongoing for more than six years, will give Plaintiffs the opportunity to present their case and have it decided on the merits, and give Defendants the opportunity to re-open an existing deposition or notice a new witness, so that the Court can decide this dispute on a full record.

## BACKGROUND

Shortly after the commencement of fact discovery, in March 2020, Plaintiffs retained CRA Vice President, Craig Elson, to offer an opinion and testify to the damages Plaintiffs sustained as a result of Defendants' defamation. On May 27, 2022, the Friday of Memorial Day weekend, and three weeks after the close of the multi-year fact discovery period, Plaintiffs learned that Mr. Elson had a sudden medical event, which rendered him unable to provide an opinion in this matter. On June 15, 2022, this Court approved an extension of the case deadlines to allow Plaintiffs time to retain a substitute expert. (ECF No. 468.)

Plaintiffs have retained a new expert and have worked diligently with that expert to prepare a new damages analysis that is based on theories previously disclosed and explored by Defendants during discovery. However, in the course of preparing that new analysis, Plaintiffs' substitute expert has requested and reviewed several hundred additional documents that were not previously reviewed by CRA or

produced to Defendants. Moreover, for completeness and accuracy, Plaintiffs are also restoring additional data from backup tapes, which process is still ongoing.

Plaintiffs have informed Defendants of their intent to produce additional documents and have agreed to provide Defendants the opportunity to re-open a deposition or call a new witness if Defendants believe it is warranted. (*See* September 12, 2022 Declaration of Lauren Tabaksblat ("Tabaksblat Declaration")). Nevertheless, by e-mail dated September 10, 2022, Defendants informed Plaintiffs that they oppose Plaintiffs' request for an adjournment of the expert disclosure deadlines. (*Id.*, Ex. A.)

## ARGUMENT

Relief from a schedule imposed by a case management order may be granted upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'") (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Under Local Rule 16-2(d), a party may seek relief from an obligation imposed by the case management order by filing a motion pursuant to Civil L.R. 7 that "(1) [d]escribe[s] the circumstances which support the request; (2) [a]ffirm[s] that counsel for the moving party has conferred with all other counsel in an effort to reach agreement about the matter and, for each other party, a report whether that party supports or opposes the request for relief; (3) [is] accompanied by a proposed revised case management schedule; and (4) [i]f applicable, indicate[s] any changes required in the ADR process or schedule in the case." Unforeseen medical emergencies constitute the requisite good cause to warrant relief from an operative scheduling order. *See, e.g., Carter v. Union Pacific Railroad*, No. 20-2093-DDCKGG, 2021 WL 1564595 (D. Kan. Apr. 21, 2021) (extending the parties' respective deadline to serve expert reports by nearly eight months, and extending

pretrial conference by nearly seven months, because plaintiff's expert witness "became uncooperative" and counsel needed to retain a new medical expert). *See also*, *Hernandez v. Superior Ct.,* 115 Cal. App. 4th 1242 (2004) (finding that death of plaintiff's attorney due to terminal illness constitutes good cause for extension of discovery cutoff date and a trial continuance).

The circumstances here arise from an unforeseen medical event that resulted in Plaintiffs losing two-years of work from one expert and being forced to start anew with a substitute expert after the completion of fact discovery. This action should be decided on the merits, and Plaintiffs should not be prejudiced by an unforeseen medical event. A six-week adjournment of the governing deadlines will afford Plaintiffs the opportunity to finalize and produce the new materials its substitute expert has identified as relevant and necessary to the damages analysis and will afford Defendants the opportunity to take any limited additional discovery, if deemed necessary, after review of that additional discovery. This six-week delay will not prejudice either party in this case that has been ongoing since May 2016.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the September 19, 2022 expert disclosure deadline be adjourned, and the following Proposed Case Management Order be entered:

| EVENT | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Expert Disclosures | September 19, 2022 | October 31, 2022 |
| Expert Rebuttal Reports | November 18, 2022 | December 29, 2022 |
| Expert Discovery Cut-Off | December 6, 2022 | January 31, 2023 |
| Dispositive Motions Due | December 19, 2022 | February 13, 2023 |
| Oppositions to Dispositive Motions Due | February 6, 2023 | April 3, 2023 |
| Replies to Dispositive Motions Due | March 6, 2023 | May 1, 2023 |

| Dispositive Motions Hearing | April 20, 2023 | June 8, 2023 |
|---|---|---|
| Pretrial Conference Statement | June 23, 2023 | July 28, 2023 |
| Pretrial Conference | June 30, 2023 | August 4, 2023 |
| Trial | July 31, 2023 | September 5, 2023 |

DATED:  September 12, 2022        Respectfully submitted,

**BROWN RUDNICK LLP**

By:  */s/ Lauren Tabaksblat*
Lauren Tabaksblat (*pro hac vice*)
ltabaksblat@brownrudnick.com
7 Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Attorneys for Plaintiff