THOMAS R. BURKE (CA State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA  94111
Telephone:(415) 276-6500
Facsimile: (415) 276-6599
Email:     thomasburke@dwt.com

LAURA HANDMAN (appearing *pro hac vice*)
CHELSEA T. KELLY (appearing *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500 East
Washington, DC 20005
Telephone:(202) 973-4200
Facsimile: (202) 973-4499
Email:     laurahandman@dwt.com
           chelseakelly@dwt.com

LACY H. KOONCE, III (appearing *pro hac vice*)
KLARIS LAW
29 Little West 12th Street
New York, NY 10014
Telephone:   (917) 612-5861
Email:       lance.koonce@klarislaw.com

Attorneys for Defendants
GREENPEACE INTERNATIONAL (aka "GREENPEACE STICHTING
COUNCIL"), GREENPEACE, INC., DANIEL BRINDIS, AMY MOAS, and
ROLF SKAR

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| RESOLUTE FOREST PRODUCTS, INC., RESOLUTE FP US, INC., RESOLUTE FP AUGUSTA, LLC, FIBREK GENERAL PARTNERSHIP, FIBREK U.S., INC., FIBREK INTERNATIONAL INC., and RESOLUTE FP CANADA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GREENPEACE INTERNATIONAL (aka "GREENPEACE STICHTING COUNCIL"), GREENPEACE, INC., GREENPEACE FUND, INC., FORESTETHICS, DANIEL BRINDIS, AMY MOAS, MATTHEW DAGGETT, ROLF SKAR, TODD PAGLIA, and JOHN AND JANE DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. 4:17-cv-02824-JST <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE** <br><br> Complaint Filed:  May 31, 2016 <br> Amended Complaint Filed:  November 8, 2017 |

DAVIS WRIGHT TREMAINE LLP

# I.  INTRODUCTION

Plaintiffs come before this Court purportedly seeking an additional six weeks to produce their expert report on damages, but more significantly to allow Plaintiffs to produce a significant volume of new documents in support of that report that were not produced during fact discovery – which will require, according to Plaintiffs, the re-opening of fact discovery regarding those documents, including further fact depositions.  In this case that the Court has already held was brought, at least in part, with SLAPP motivations, allowing Plaintiffs to circumvent their discovery obligations and extend the schedule yet again because they failed to produce documents in their own possession, will work severe prejudice on Defendants, who have already defended this case and Plaintiffs' constant efforts to expand the scope of discovery for over six years.

# II.  FACTUAL BACKGROUND

On May 31, 2022, three weeks prior to the date upon which the parties were scheduled to disclose their expert reports, Plaintiffs notified Defendants that the damages expert with whom Plaintiffs purportedly had been working for over two years had experienced a personal medical emergency, and as a result, Plaintiffs would need to retain a new expert.  Initially, Plaintiffs indicated that they would need until the end of the summer to produce their expert report; Plaintiffs then indicated that they needed until September 19.  Defendants objected to any extension of the expert disclosure deadline beyond September 1 (an objection noted by Plaintiffs in their motion papers), but Defendants did not oppose Plaintiffs' motion, in light of the medical emergency.  *See* ECF No. 466 at 4.  The Court subsequently granted Plaintiffs' requested extension until September 19.  *See* ECF No. 468.

On September 9, 2022, Plaintiffs' counsel notified defense counsel during a teleconference that Plaintiffs would now be unable to meet the September 19 deadline, because Plaintiffs' new damages expert had identified materials that Plaintiffs had not produced in fact discovery that the expert needed to support his or her expert report on damages.  *See* ECF No. 475-1 ¶ 5.  Plaintiffs' counsel further stated that some of these materials needed to be recovered from backup tapes, and that Plaintiffs might still be retrieving further materials from other document custodians.  *See id.* ¶

DAVIS WRIGHT TREMAINE LLP

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE
Case No. 4:17-cv-02824-JST

4.   Plaintiffs' counsel also suggested that as a result of this production of new documents, Defendants likely would need to take supplemental fact depositions to ask witnesses about the new materials, thus necessitating the reopening of fact discovery.  *See* ECF No. 475-2 at 2.  Finally, Plaintiffs' counsel indicated in a subsequent email that the new materials would consist of "several hundred" pages of new documents, and that the new documents "all relate to the previously disclosed categories of damages explored in discovery."  *Id.*

### III. RESOLUTE'S MOTION SHOULD BE DENIED.

As this Court knows, this case was filed in May 2016, over six years ago.  The Court dismissed all claims, including defamation claims based on all but two of the 296 statements pled by Plaintiffs.  ECF No. 246.  Much to the dismay of Defendants, the parties then engaged in fact discovery for over three years, with Plaintiffs bringing countless discovery motions and attempting at every turn to expand the scope of discovery (causing this Court to issue stern warnings to Plaintiffs on several occasions).  *See, e.g.*, ECF No. 341 at 2 (noting that "this case is **very** limited" and cautioning Plaintiffs "that if they continue to seek discovery that is outside the bounds of this case, particularly on issues that the Court has already resolved, the Court will seriously consider imposing any requested sanctions.").

Defendants will show, at summary judgment, that all of Plaintiffs' efforts have been for naught with respect to the merits of the case: Discovery has made crystal clear that the two alleged defamatory statements, in context, were not false, not defamatory of Resolute, and not made with actual malice.  Plaintiffs' efforts have *not* been for naught, however, in the context of their SLAPP motives: Defendants have been forced now to expend millions of dollars in legal fees defending their right to make the two statements.  At the same time, as set forth in Defendants' motion for sanctions pending before the Court (ECF No. 459), Plaintiffs' own discovery process did not meet the most basic standards required by the federal rules, including failing to implement a litigation hold and failing to produce many categories of documents.

Now Plaintiffs come before the Court not just asking for another six-week extension, but a six-week extension to allow them to collect and produce more documents that already should have

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE
Case No. 4:17-cv-02824-JST

DAVIS WRIGHT TREMAINE LLP

been produced in fact discovery; to force Defendants to take more fact discovery in order to understand the nature and import of the new material (which will be produced first without an expert report to contextualize how Plaintiffs intend to use them); and to allow Plaintiffs to incorporate the new materials and any new information elicited in this new round of fact discovery into their new expert report.

Defendants strongly oppose the production and use of this new material that Plaintiffs are attempting to exploit more than four months after the close of fact discovery. Defendants served written discovery on Plaintiffs years ago, seeking all documents Plaintiffs intended to use in support of their damages claims, and seeking through interrogatories a delineation of Plaintiffs' damages theories. Notably, Defendants had to seek the Court's intervention first in December 2020 because of Plaintiffs' recalcitrance in providing interrogatory responses on damages. *See* ECF No. 372. Rather than providing substantive responses, Plaintiffs responded that they would disclose relevant damages information in their expert reports. Magistrate Judge Westmore agreed with Defendants, ordering Plaintiffs to provide more detailed interrogatory responses: "Plaintiffs cannot defer responding to such inquiries until an expert report; Plaintiffs have alleged that they suffered damages based on the actionable statements. Plaintiffs presumably made such allegations based on facts in their possession. . . . Plaintiffs are now obliged to provide that information pursuant to their duty to respond to discovery." ECF No. 381 at 2. Specifically with respect to damages calculations, Magistrate Judge Westmore held that "[t]he fact that damages can, in theory, be difficult to calculate does not mean Plaintiffs are permitted to not identify and explain the information that they do possess," and further that "[w]hile specific calculations of damages may require expert reports, Plaintiffs must still identify and provide the underlying information."[1] *Id.* at 2-3.

In her Order, Magistrate Judge Westmore instructed Plaintiffs to identify "all [material] facts supporting Plaintiffs' allegations that their reputation had been damaged," and to provide "the amount of each element of damage" and describe "the source of each calculation of each element of damage, " no later than February 10, 2021. *Id.* at 1, 3, 5. Even after Plaintiffs provided limited

---

[1] Magistrate Judge Westmore further ordered Plaintiffs to provide answers to interrogatories regarding comparative market shares and purported diminishment of assets.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE
Case No. 4:17-cv-02824-JST

DAVIS WRIGHT TREMAINE LLP

supplemental interrogatory responses, Defendants were forced to press Plaintiffs about their failure to produce documents supporting their damages claims, such as their allegations that the Challenged Statements caused a diminution in the value of any business relationship, as Plaintiffs had not produced documents showing their overall sales to specific customers. *See* ECF No. 455-1 ¶¶ 5-12. Plaintiffs were silent for many months, and indeed sought several extensions of time during this period without producing further damages documents or substantively responding to Defendants' inquiries. *Id.* ¶¶ 5-15.

Then, on April 19, 2022—two weeks before the close of fact discovery and one week before Defendants' scheduled deposition of Plaintiffs' 30(b)(6) witness on damages—Plaintiffs violated Magistrate Judge Westmore's prior order by serving new, supplemental responses to Defendants' First Set of Interrogatories that added ***fourteen new damages theories***. *See id.* ¶¶ 16-17; *see also* ECF No. 455-11.  A few days later, Plaintiffs made a new document production of several dozen additional documents that appeared to relate to the new damages claims. *See* ECF No. 455-1 ¶ 18. When questioned about the new damages claims, Plaintiffs' deponent on damages stated again and again that he did not know the facts supporting those claims and that Plaintiffs' damages expert would make Plaintiffs' positions clear in his expert report. *See* ECF No. 455 at 8.  Plaintiffs' failures in responding to written discovery on damages in violation of this Court's prior order are the subject of Defendants' pending motion for sanctions. *See generally id.*  In that motion, Defendants argue that Plaintiffs' disclosure of novel damages theories (and failure to produce  documents supporting those theories) on the eve of key depositions and the fact discovery cut-off severely prejudiced Defendants. *See id.* at 15-18.

Now Plaintiffs seek to further prejudice Defendants by apparently introducing new damages theories—or at least new evidence in support of their damages theories—long after fact discovery has closed.  While Defendants understand that Plaintiffs were forced to switch to a new damages expert, the new documents Plaintiffs seek to produce ***are from their own files***, and should have been produced long ago.  Indeed, the Plaintiffs' failure to produce these materials previously begs the question of what else Plaintiffs have failed to produce in discovery (also the subject of Defendants'

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE
Case No. 4:17-cv-02824-JST

pending sanctions motion). Moreover, if Plaintiffs' counsel are to be taken at their word, and these new materials "all relate to the previously disclosed categories of damages explored in discovery," ECF No. 475-2 at 2, then surely it was Plaintiffs' obligation to identify and produce them when asked in discovery for all documents supporting their damages claims.

The Ninth Circuit and other courts have precluded parties from relying on damages documents that were not timely disclosed to the other side—especially where, as here, the delayed production violated a Court order (here, ECF No. 381) and thus ran afoul of Federal Rule of Civil Procedure 37(b). *See United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1368 (9th Cir. 1980) (affirming sanctions where the "government had willfully disregarded [the trial court's] . . . order requiring the government to produce evidence of its damage," and ordering that "the government would be precluded from introducing any evidence of its damages"); *see also Choudhuri v. Wells Fargo Bank, N.A.*, No. 15-CV-03608-VC (KAW), 2017 WL 5598685, at *9 (N.D. Cal. Nov. 21, 2017) (plaintiff was "not permitted to present information or documents that ha[d] not been previously provided to Defendant in response to discovery requests on . . . damages" where plaintiff failed to comply with court order requiring supplemental discovery responses on damages and other topics).[2]

Even where no Court order is involved, courts have similarly precluded parties from using damages documents produced after the close of discovery. *See Techsavies, LLC v. WDFA Mktg. Inc.*, No. C10-1213 BZ, 2011 WL 723983, at *4 (N.D. Cal. Feb. 23, 2011) (barring defendant from introducing into evidence "any document which it should have produced in response to plaintiff's first set of document requests," where defendant produced 120,000 documents after fact discovery

---

[2] In addition to Rule 37(b), Plaintiffs' failure to comply with Rule 26(a) and Rule 37(c) also warrants denying the relief that Plaintiffs seek in this motion. Rule 26(a) requires a party to include in its initial disclosures "a computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). Likewise, Rule 37(c) provides that a party that fails to provide information required by Rule 26(a) "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." As established herein, Plaintiffs' failure was neither substantially justified, nor harmless; thus, the relief it seeks is not warranted.

DAVIS WRIGHT TREMAINE LLP

was closed—and ruling that defendant's expert witnesses cannot rely on any such document or information contained therein unless defendant could show that the information was timely provided to plaintiff "in some other form of discovery"); *see also Feamster v. Gaco W., LLC*, No. 18-CV-01327-HSG, 2021 WL 5494277, at *2 (N.D. Cal. Nov. 23, 2021) (granting defendant's motion to exclude evidence of lost rental income where plaintiff failed "to produce this information before the close of discovery"); *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-CV-02864-JD, 2016 WL 4182402, at *2 (N.D. Cal. Aug. 8, 2016) (barring defendant from "making a claim for or presenting evidence of any special or actual damages on the second through fifth counterclaims" where it failed to "make timely and appropriate initial disclosures or discovery productions for the counterclaim damages" as required by Federal Rule of Civil Procedure 26), *aff'd*, 773 F. App'x 623 (Fed. Cir. 2019).

This is especially true where, as here, Defendants would be greatly prejudiced from the time and expense of re-opening discovery to review hundreds of pages of documents that Plaintiffs should have disclosed long ago and potentially needing to take depositions based on these documents.  *See Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 554 (N.D. Cal. 2009) (precluding plaintiffs from presenting evidence of damages theories that they failed to timely disclose even where "fact discovery does not close for several more months," because "the expansion in damages discovery that would be necessitated by Plaintiffs' new categories of damages would prejudice Defendants and almost certainly derail the trial schedule").  During the approximately three-year discovery period, the parties took 21 fact depositions; obtained productions from 11 third parties; and—as Plaintiffs themselves note—produced over 41,000 documents totaling almost 200,000 pages.  *See* ECF No. 475 at 1 n.1.  Introducing new damages documents (and potentially new theories) at this point would greatly prejudice Defendants who were not able to ask witnesses about these documents or probe them further in discovery—and should not now be forced to re-open many of these depositions and/or issue even more third-party subpoenas just because Plaintiffs failed to timely disclose the documents.  *See SiteLock LLC v. GoDaddy.com LLC*, No. CV-19-02746-PHX-DWL, 2021 WL 2895503, at *11 (D. Ariz. July 9, 2021) (finding that defendant was prejudiced by

DAVIS WRIGHT TREMAINE LLP

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE
Case No. 4:17-cv-02824-JST

plaintiffs' late disclosure of damages theory where it would have pursued other categories of evidence in discovery "had it been aware of [plaintiff's] intent to pursue [the new] theory of damages").

The timing of Plaintiffs' planned disclosure is also suspect. While Plaintiffs' motion papers do not identify the date upon which they hired their new damages expert, they learned of their original expert's medical condition in late May, and clearly knew they would be seeking to produce new documents well before the date they notified Defendants on September 9—ten days before expert disclosures were due under the already-extended schedule—as at that point they indicated that they had already retrieved the documents from backup tapes using outside vendors. Plaintiffs clearly delayed making this request in an attempt to gain the longest possible extension of time, consistent with their SLAPP approach in this litigation. *Sumitomo Marine & Fire Ins. Co.*, 617 F.2d at 1370 (precluding government from introducing evidence of its damages that it failed to timely disclose, noting that "the prejudice to [Defendants] was unmistakable;" and "[s]evere sanctions were also necessary to . . . generally deter[] flagrant disobedience and callous disregard of court discovery orders.").

## IV.    CONCLUSION

Whatever inconvenience Plaintiffs suffered by losing their original testifying damages expert, they did not lose all of that expert's underlying work for over two years, and it should not have altered the ***factual basis*** for their damages claims. Plaintiffs have had nearly four months to prepare a new damages expert report, and the Court's generosity in providing such a long extension should not be repaid with a request to extend the schedule at least another six weeks.[3] Any inconvenience suffered by Plaintiffs pales next to the prejudice that Defendants will suffer from having to face new damages arguments and supporting evidence, and from having to re-open fact discovery at this late date, all at great expense. Indeed, while Plaintiffs will have had two-and-a-half years to produce an expert report on damages (including over four months since the close of

---

[3] Plaintiffs' counsel has indicated that Defendants may well need to consider whether they might need *more* than six weeks to conduct further fact discovery, once the new documents are produced. *See* ECF No. 475-2 at 2.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE
Case No. 4:17-cv-02824-JST

DAVIS WRIGHT TREMAINE LLP

1  fact discovery), on the current schedule, Defendants will have just two months to prepare a rebuttal
2  report.
3       For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs'
4  motion.
5
6  Dated:  September 13, 2022          Respectfully submitted,
7
8              /s/ *Laura Handman*
9              Laura Handman (admitted *pro hac vice*)
            DAVIS WRIGHT TREMAINE LLP
10              1301 K Street NW, Suite 500
            Washington, DC 20005
11              Telephone:    (202) 973-4200
            Facsimile:    (202) 973-4499
12              Email: laurahandman@dwt.com
13              *Attorneys for Defendants Greenpeace*
14              *International, Greenpeace, Inc., Daniel*
            *Brindis, Amy Moas, and Rolf Skar*
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*(left margin, vertical)* DAVIS WRIGHT TREMAINE LLP

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT
SCHEDULE
Case No. 4:17-cv-02824-JST