UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESOLUTE FOREST PRODUCTS, INC., et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>GREENPEACE INTERNATIONAL, et al.,<br><br>  Defendants. | Case No. 17-cv-02824-JST<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Re: ECF No. 492 |

Before the Court is Plaintiffs ' motion for relief from a non-dispositive pretrial order of a magistrate judge. ECF No. 492. Plaintiffs ask the Court to reverse portions of Judge Westmore's order granting in part and denying in part Plaintiffs and Defendants' motions for sanctions. ECF No. 486. The Court will deny the motion.

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quoting Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Ingram v. Pac. Gas & Elec. Co.*, No. 12-cv-02777-JST, 2013 WL 6174487, at *2 (N.D. Cal. Nov. 25, 2013) (citation omitted). "The 'clearly erroneous' standard applies to the magistrate judge's findings of fact; legal conclusions are freely reviewable de novo to determine whether they are contrary to law." *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999). The district court "may not simply substitute its judgment" for that of the magistrate judge. *Grimes*, 951 F.2d at 241. Rather, "the district court may only set aside [a magistrate judge's] factual determinations if it is left with a definite and firm conviction that a mistake has been committed." *EEOC v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (internal quotation

marks and citation omitted). This "deferential standard . . . indicates that decisions by the magistrate judge on nondispositive matters are essentially final decisions of the district court which may be appealed in due course with other issues." *United States v. Abonce-Barrera*, 257 F.3d 959, 968-69 (9th Cir. 2001) (internal quotation marks and citation omitted).

  Plaintiffs and Defendants filed dueling motions for sanctions regarding each other's conduct in discovery. Plaintiffs sought sanctions under Federal Rule of Civil 37(e). Plaintiffs contended that Defendants "destroyed Skype messages, including those between May 31, 2016 . . . and December 16, 2016 . . . ." ECF No. 486 at 3. Defendants acknowledged that certain Skype messages from before April 20, 2017 were lost, but claimed that the loss was primarily caused by Microsoft changing Skype's operating system in 2016 and 2017. As found by the Magistrate Judge, the change in operating systems "impact[ed] where data was stored" such that messages before April 2017 were no longer available. *Id.* at 4. The Magistrate Judge found no evidence that "Microsoft warned of the loss or provided notice of the loss prior to August 2020." *Id.* In depositions, all but one of Defendants' witnesses "testified that they made sure not to delete any of their Skype chats." *Id.* Defendant Daniel Brindis, however, testified that "he realized 'at a certain moment' after the lawsuit was filed that he had an auto-delete setting on his personal Skype account, resulting in messages being saved for only a few days or weeks." *Id.* Brindis turned off the auto-delete setting "around December 2017" when he realized it was on. *Id.*

  Judge Westmore granted in part and denied in part Plaintiffs' motion. Judge Westmore found that with the exception of Brindis's messages, Plaintiffs could not establish spoliation because Plaintiffs did not demonstrate Defendants "failed to take reasonable steps to preserve the evidence." *Id.* at 16; *see also Porter v. City & Cnty. of San Francisco*, No. 16-cv-03771-CW (DMR), 2018 WL 4215602, at *3 (N.D. Cal. Sep. 5, 2018) ("Rule 37(e) sets forth three criteria to determine whether spoliation of ESI has occurred: (1) the ESI 'should have been preserved in the anticipation or conduct of litigation'; (2) the ESI 'is lost because *a party failed to take reasonable steps to preserve it*'; and (3) '[the ESI] cannot be restored or replaced through additional

2

1     discovery.'" (emphasis added and alterations in original)).[1] Specifically, Judge Westmore noted

2     that Defendants "issued a litigation hold" and "with the exception of Defendant Brindis's failure to

3     turn off the auto-delete setting on his personal Skype account, there is no showing that individual

4     Defendants actively deleted or caused Skype messages to be lost. . . . Instead, in April 2017,

5     Microsoft migrated Skype to a new system, affecting the storage of data." *Id.* at 15. She found

6     that the relevant information had been deleted for reasons outside of Defendants' control and that

7     they had acted reasonably in assuming that the Skype platform would retain the messages. *Id.*

8     Defendants sought sanctions against Plaintiffs pursuant to Federal Rules of Civil Procedure

9     37(b) and 37(e). Defendants claimed that Plaintiffs (1) violated Judge Westmore's January 20,

10     2021 order compelling responses to Defendants' damages interrogatories; (2) "failed to adequately

11     preserve and search for evidence, causing spoliation"; and (3) made belated productions "of over

12     14,000 documents (out of 25,000)." *Id.* at 5. Judge Westmore granted in part and denied in part

13     Defendants' motion.

14     First, Judge Westmore found that Plaintiffs violated the January 20, 2021 order because the

15     supplemental discovery responses served in April 2022 "added significant new information that

16     should have been disclosed before," and acted in bad faith because "the damages concern

17     information in [Plaintiffs'] own possession" since at least 2017. *Id.* at 19-21. Second, Judge

18     Westmore rejected all of Defendants' spoliation arguments, except those related to text messages

19     and Seth Kursman's e-mails and custodial documents.[2] Judge Westmore found that the text

20     messages were spoliated because Plaintiffs' "fail[ed] to take any reasonable steps to produce or

21     preserve the texts," which "deprived [Defendants] of communications between employees and

22     with customers, with no ability to determine if they were, in fact, non-substantive." ECF No. 486

23     at 23. And Kursman's e-mails and custodial were spoliated because "based on [Plaintiffs'] own

24     assertions, it would seem reasonable that Mr. Kursman would have significantly more documents"

---

[1] Judge Westmore did find that Brindis's Skype messages were spoliated, and she imposed monetary sanctions and recommended a "jury instruction of a short factual statement regarding the spoliation of this evidence." ECF No. 486 at 18. Neither party objects to these sanctions.

[2] Defendants do not object to Judge Westmore's finding that no spoliation occurred for the other categories of documents. ECF No. 497 at 2-3.

than had been produced and Plaintiffs failed to provide an "explanation for the loss or failure to produce." *Id.* at 25.  Finally, Judge Westmore found that Plaintiffs abused the discovery process and acted in bad faith because of their "'belated and ad hoc' production, including the production of more than over 14,000 documents between October 2021 and February 2022, nearly a year after [Plaintiffs] 'substantially completed' its production." *Id.* at 28.  To remedy these discovery violations, Judge Westmore ordered Plaintiffs to pay Defendants' attorney's fees "incurred from: (1) contacting [Plaintiffs] to clarify the bases for their alleged damages, (2) addressing the two categories of spoliated documents, . . . and (3) rescheduling depositions and reviewing newly produced documents in preparation for the rescheduled depositions," as well as "80% of the time spent on [Defendants'] motion for sanctions." *Id.* at 30-31.  And Judge Westmore also recommended "evidentiary sanctions, specifically the exclusion of any damages theories first disclosed in the April 2022 interrogatory responses and any supporting evidence," and a "jury instruction of a short factual statement regarding [Plaintiffs'] failure to preserve and produce text messages and Mr. Kursman's e-mails and custodial documents." *Id.* at 30.

In their motion for relief, Plaintiffs argue that Judge Westmore's order rests on four clearly erroneous findings: (1) "that Plaintiffs intentionally delayed discovery and acted in bad faith by 'produc[ing] large tranches of a deponent's custodial documents on the eve of depositions, which required Defendants to last-minute reschedule the depositions or scramble to review new documents, sometimes hours before a deposition'"; (2) that "critical" e-mails and custodial documents from Kursman and text messages were missing from Plaintiffs' production; (3) that "Plaintiffs[] fail[ed] to timely disclose damages associated with the closure of paper mills at Calhoun and Alma"; and (4) "Defendants took reasonable steps to preserve [Skype] messages and that they were only lost due to events outside Defendants' control." ECF No. 492 at 3-6.  Plaintiffs also contend that "preclusion sanctions [are] inappropriate as a matter of law." *Id.* at 6.

After careful consideration, the Court finds that Plaintiffs have not demonstrated that Judge Westmore's order is clearly erroneous or contrary to law.  As Judge Westmore properly found, Defendants took reasonable steps to preserve Skype messages, other than those of Brindis, because they implemented a litigation hold and there is no evidence to dispute that the loss of

4

evidence was a result of Skype's system migration. Therefore, Plaintiffs failed to demonstrate that spoliation occurred. Moreover, Judge Westmore properly found the following: Plaintiffs violated the January 2021 order by disclosing new damages theories in April 2022; text messages and Kursman's e-mails and custodial documents were spoliated because Plaintiffs took no reasonable steps to preserve or produce the text messages and produced significantly fewer documents than Kursman purported to have without an explanation for the disparity; and Plaintiffs' discovery misconduct was in bad faith because of the pattern of late document productions, some of which resulted in rescheduled depositions. As Judge Westmore noted, this conduct warrants imposing factual jury instructions regarding the spoliation and requiring Plaintiffs to pay certain attorney's fees incurred by Defendants. Additionally, Judge Westmore properly recommended evidentiary sanctions against Plaintiffs because the new damages theories were based on information that Plaintiffs have had in their possession since at least 2017. Thus, these theories should have been disclosed in response to the January 2021 order.

Accordingly, Plaintiffs' motion for relief from a non-dispositive pretrial order of a magistrate judge is denied. The Court also adopts Judge Westmore's recommended evidentiary sanctions and jury instructions.

**IT IS SO ORDERED.**

Dated: April 10, 2023



JON S. TIGAR
United States District Judge