BROWN RUDNICK LLP
LEO J. PRESIADO (State Bar No. 166721)
2211 Michelson Drive, 7th Floor
Irvine, CA 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514
Email: lpresiado@brownrudnick.com

Michael J. Bowe (admitted *pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat (admitted *pro hac vice*)
ltabaksblat@brownrudnick.com
7 Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| RESOLUTE FOREST PRODUCTS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GREENPEACE INTERNATIONAL, *et al.*, <br><br> Defendants. | CASE NO. 4:17-CV-02824-JST <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION REGARDING BRIEFING SCHEDULE FOR ATTORNEY FEE MOTIONS** |

Pursuant to Local Rule 7-11(b), Plaintiffs Resolute Forest Products, Inc., Resolute FP US, Inc., Resolute FP Augusta, LLC, Fibrek General Partnership, Fibrek US, Inc., Fibrek International Inc., and Resolute FP Canada, Inc. (collectively, "Plaintiffs") submit this Response to Defendants' Administrative Motion Regarding Briefing Schedule for Attorney Fee Motions (the "Motion") (ECF No. 545).

**INTRODUCTION**

1. Defendants' Motion asks the Court to retain jurisdiction and set a briefing schedule to adjudicate the parties' respective claims for fees pursuant to the Sanctions Order.[1] As set forth herein, the time for defendants to file a fee application has long passed.[2] Accordingly, Plaintiffs respectfully request that the Court deny defendants' Motion. In the event the Court does retain jurisdiction, in the interest of judicial economy, Plaintiffs request that the Court bifurcate briefing on the fee applications and limit the initial briefing to the threshold issue of timeliness before the Court and the parties expend additional resources briefing the amount of the parties' respective awards.

2. Defendants' Motion concedes that Judge Westmore's Sanctions Order set December 1, 2022 as the deadline for the parties to move for attorney's fees, absent a stipulation to extend that deadline. (*See* ECF No. 545, ¶ 6.) The parties never stipulated to extend the deadline.

3. Nevertheless, defendants now claim that Plaintiffs' appeal of the Sanctions Order stayed the parties' obligation to move for attorney's fees. (*Id.* at ¶ 9.) But the law is clear that "[t]he filing of objections to a ruling by a magistrate judge on a nondispositive matter does not automatically stay operation of that order." *Hanni v. Am. Airlines, Inc.*, 2009 WL 1505286, at *3 (N.D. Cal. May 27, 2009) (citing *Keithley v. Homestore.com*, 2008 WL 4298203 (N.D. Cal. Sept.

---

[1] Capitalized terms have the meaning ascribed to them in defendants' Motion. (ECF No. 545.)
[2] In the event the Court determines that defendants' proposed fee applications are timely, Plaintiffs intend to move for those fees awarded to Plaintiffs in the Sanctions Order.

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION REGARDING BRIEFING SCHEDULE FOR ATTORNEY FEE MOTIONS**

18, 2008)). To the contrary, "absent a stay, a party must promptly comply with a court order. . . ." *Advanced Microtherm, Inc. v. Norman Wright Mech. Equip. Corp.*, 2010 WL 10133699, at *1 (N.D. Cal. Sept. 22, 2010) (party's failure to comply with court's order "for over five months was without 'substantial justification'"). *See also Rosen v. Urb. Commons, LLC*, 2021 WL 3264146, at *2 (C.D. Cal. July 23, 2021) ("What Defendants should have done is seek a stay of that order. . . . not act as if my order was of no consequence."); *In re AIR CRASH AT TAIPEI, TAIWAN on Oct. 31, 2000*, 2002 WL 32155477, at *5 (C.D. Cal. Oct. 23, 2002) ("If an objection operates as a stay of the order, not only is the losing litigant given an artificial incentive to object, but the magistrate's decision-making ability is eroded. . . . Indeed, such an interpretation would essentially reduce the magistrate's order to the status of a recommendation where an objection is raised.") (citation omitted); *Garity v. Donahoe*, 2014 WL 4402499, at *2 (D. Nev. Sept. 5, 2014) ("the desire to maintain the 'status quo'" did not warrant a finding in favor of automatic stay).

4. Although defendants attempt to rely on Federal Rule of Civil Procedure 54(d)(2) (*see* ECF No. 545 at ¶ 12), that provision does not apply "to claims for fees and expenses as sanctions for violating these rules. . . ." Fed. R. Civ. Proc. 54(d)(2)(E). Moreover, defendants concede that a motion for attorney's fees pursuant to Rule 54(d) must be filed within 14 days after entry of judgment "unless 'a statute or a court order provides otherwise . . . .'" (ECF No. 545 at ¶ 12). Here, the Sanctions Order specifically provided the deadline for defendants to file a fee application, and thus that Order and not Rule 54 governs.

5. Accordingly, Plaintiffs respectfully request that the Court deny defendants' Motion.

3 CASE NO. 4:17-CV-02824-JST

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION REGARDING BRIEFING SCHEDULE FOR ATTORNEY FEE MOTIONS**

| | |
|---|---|
| DATED: May 8, 2023 | Respectfully submitted,<br><br>BROWN RUDNICK LLP<br><br>By: */s/ Lauren Tabaksblat*<br>LEO J. PRESIADO (State Bar No. 166721)<br>2211 Michaelson Drive, 7th Floor<br>Irvine, CA 92612<br>Telephone: (949) 752-7100<br>Facsimile: (949) 252-1514<br>Email: lpresiado@brownrudnick.com<br><br>Michael J. Bowe (admitted *pro hac vice*)<br>*mbowe@brownrudnick.com*<br>Lauren Tabaksblat (admitted *pro hac vice*)<br>*ltabaksblat@brownrudnick.com*<br>7 Times Square<br>New York, New York 10036<br>Telephone: (212) 209-4800<br>Facsimile: (212) 209-4801<br><br>*Attorneys for Plaintiffs* |