UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESOLUTE FOREST PRODUCTS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GREENPEACE INTERNATIONAL, et al.,<br><br>Defendants. | Case No. 17-cv-02824-JST<br><br>**ORDER DENYING DEFENDANTS' ADMINISTRATIVE MOTION REGARDING BRIEFING SCHEDULE FOR ATTORNEY FEE MOTIONS AND STRIKING DEFENDANTS' MOTION FOR ATTORNEY'S FEES**<br><br>Re: ECF No. 545, 549 |

Defendants Daniel Brindis, Greenpeace International, Greenpeace, Inc., Amy Moas, and Rolf Skar (collectively "Greenpeace") filed an administrative motion regarding a briefing schedule on attorney's fees motions. ECF No. 545. Greenpeace requests that "the Court to maintain jurisdiction over this case for the limited purpose of adjudicating forthcoming attorney fee[s] motions ordered by Magistrate Judge Westmore in her November 2, 2022 Order." *Id.* at 2. Plaintiffs Fibrek General Partnership, Fibrek International, Inc., Fibrek U.S., Inc., Resolute FP Augusta, LLC, Resolute FP Canada, Inc., Resolute FP US, Inc., and Resolute Forest Products, Inc. (collectively "Resolute") oppose the administrative motion and argue that motions for attorney's fees are untimely because Judge Westmore set a December 1, 2022 deadline for such motions. ECF No. 546 at 2-3.

On June 1, 2023, before the Court ruled on its administrative motion, Greenpeace filed a motion for attorney's fees, in which it argued that its motion is timely for two reasons. First, the deadline for its fees motion could not have been December 1, 2022 because the "Court in its order denying the Sanctions Appeal on April 10, 2023 found that Plaintiffs' discovery misconduct identified by Magistrate Judge Westmore 'warrants . . . requiring Plaintiffs to pay certain attorney's fees incurred by Defendants,' and Plaintiffs have yet to pay those fees." ECF No. 549

at 11–12 (quoting ECF No. 537 at 5). Additionally, because the Court's order denying the motion for relief did not set a deadline to move for attorney's fees, Federal Rule of Civil Procedure 54(d) controls. *Id.* at 12. Second, Resolute's "timeliness argument ignores the full scope of" Judge Westmore's order because it "awards fees to both parties" and then "instructs the parties to meet and confer as to the amount of fees, and to file motions if they are unable to agree." *Id.* at 13. The parties' failure to meet and confer or to move forward with fees motions "was wholly reasonable and appropriate" because "undertaking the costly process of briefing the amount of fees owed while the Sanctions Appeal was pending would have been entirely insufficient" for the parties. *Id.*

Greenpeace also argues that Resolute's "citation to cases standing for the general proposition that an appeal does not stay a Magistrate Judge's order . . . are inapposite" because they do not "involve the settling of a fee award, let alone a situation where the District Court after the appeal reaffirmed that the non-appealing party was entitled to fees that party had not yet moved for," *id.* at 12 n.2; Resolute has "not been prejudiced at all by [Greenpeace's] decision to wait to bring this Fee Motion until after the Sanctions Appeal was decided," *id.*; and they "placed significant obligations on the party that filed the objections, which that party sought to avoid by appealing," and here, the "order held that both parties must pay fees, and the meeting of the parties and further motion practice was intended to facilitate the determination of the specific amount," *id.* at 13.

The Court finds that Greenpeace's motion is untimely. The caselaw is clear that "the filing of objections to a magistrate judge's order on a non-dispositive matter does not stay the order's operation." *Oracle Am., Inc. v. Google, Inc.*, No. C-10-03561-WHA DMR, 2011 WL 3794892, at *5 n.7 (N.D. Cal. Aug. 26, 2011); *see also In re Air Crash at Taipei, Taiwan on Oct. 31, 2000*, No. MDL1394-GAF(RCX), 2002 WL 32155477, at *5 (C.D. Cal. Oct. 23, 2002) ("[A]llowing the automatic stay of [a] magistrate [judge]'s orders would not only encourage the filing of frivolous appeals, but would grind the magistrate [judge] system to [a] halt." (quoting *Litton Industs., Inc. v. Lehman Brothers Kuhn Loeb Inc.*, 124 F.R.D. 75, 79 (S.D.N.Y. 1989)). Here, the parties were required to follow the deadlines Judge Westmore's order, i.e., they were required to meet and confer as to the amount of attorney's fees before December 1, 2022, and if they could not reach an

1  agreement as to the amount of fees, they were required to file motions for attorney's fees by
2  December 1, 2022.  As both parties concede, they failed to do so and did not request to extend the
3  deadlines in Judge Westmore's order.  Therefore, Greenpeace's motion for fees is untimely.

4  Greenpeace's arguments to the contrary are unavailing.  First, although Judge Westmore
5  awarded Greenpeace attorney's fees, and the Court concluded that awarding fees was proper in its
6  April 2023 order, to obtain those fees, Greenpeace was required to meet and confer as to the
7  amount of fees, and then file a motion if it could not come to an agreement with Resolute as to the
8  amount of fees by December 1, 2022.  ECF No. 486 at 30–31.  Thus, because Greenpeace failed to
9  comply with those requirements, it is not entitled to the fees it was awarded.  Second, Greenpeace
10 cites to no authority supporting that the type of non-dipositive order, the obligations placed upon
11 by the parties by the order, or the lack of prejudice to one party for the other's non-compliance
12 with the order are relevant considerations in the Court's analysis of the timeliness of Greenpeace's
13 motion.  Instead, the authority the Court has found suggests the opposite.  *See, e.g.*, *Hanni v. Am.*
14 *Airlines, Inc.*, No. C-08-00732 CW(EDL), 2009 WL 1505286, at *3 (N.D. Cal. May 27, 2009)
15 (finding that a magistrate order was not stayed pending resolution of a motion for relief from that
16 order without considering the type of order at issue, the obligations placed upon the parties by the
17 order, or the prejudice of delayed compliance with the order); *accord Oracle Am., Inc.*, 2011 WL
18 3794892, at *5 n.7 ; *In re Air Crash*, 2002 WL 32155477, at *5.

19 Accordingly, the Court denies Greenpeace's administrative motion, ECF No. 545, and
20 strikes its motion for attorney's fees, ECF No. 549.

21 **IT IS SO ORDERED.**

22 Dated: June 6, 2023

_____
JON S. TIGAR
United States District Judge

3